UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KYLE ALEXANDER and
DYLAN SYMINGTON, on
behalf of themselves and all
those similarly situated,

Plaintiffs,

v.  Case No. 14-2159-KHV

BF LABS INC.,
d/b/a Butterfly Labs,

Defendant.

## ORDER

This matter comes before the court on the motion of non-party Netsolus.com, Inc., to quash the subpoena issued to it by plaintiffs Kyle Alexander and Dylan Symington **(ECF doc. 41).** The subpoena was issued by plaintiffs' counsel Noah K. Wood, of the Wood Law Firm, under the caption of this court.[1] The subpoena commands the production of documents at the Wood Law Firm in Kansas City, Missouri.

On December 1, 2013, a new version of Fed. R. Civ. Pro. 45 took effect. Among other changes, the Rule changed the issuing court for a subpoena.[2] Now, a subpoena

---

[1] *See* ECF doc. 42.

[2] *Compare* Fed. R. Civ. P. 45(a)(2) ("a subpoena must issue from the court where the action is pending") *with* Former Fed. R. Civ. P. 45(a)(2)(c) ("A subpoena must issue: … for production or inspection, if separate form a subpoena commanding a person's attendance, from the court for the district where the production or inspection is to be made.").

must issue from the court where the action is pending.  Thus, the subpoena here was properly issued from the District of Kansas.

However, Subdivision (c) was added to Rule 45 to govern the setting of the place of compliance, and Subdivision (d) was then revised to take account of the addition of Subdivision (c).[3]  Rule 45(d)(3)(A) now states: "On timely motion, the court for the district *where compliance is required* must quash or modify a subpoena …"[4]  The new version of Rule 45(g) likewise provides for a finding of contempt for failure to comply with such subpoena in the "court for the district *where compliance is required*" unless a motion is transferred to the issuing court.[5]

The 2013 amendments to Rule 45 allow litigants to have Rule 45 subpoenas issued from a single court—the court where the action is pending.  The amendments also provide for nationwide service, making litigation more convenient for the parties.  However, these conveniences are still balanced with safeguards against undue burden on non-parties subject to subpoenas, including the ability to move the court in the district where compliance is required to quash or modify a subpoena.  This helps ensure that the non-party is not subject to the burden and expense of enforcing its rights and interests in

---

[3] *See* Advisory Committee's notes on the 2013 amendments to Rule 45.

[4] Fed. R. Civ. P. 45(d)(3)(A) (emphasis added).

[5] *See* Fed. R. Civ. P. 45(g) (emphasis added).  A transfer requires consent by the person subject to the subpoena or "exceptional circumstances." Fed. R. Civ. P. 45(f).  The Advisory Committee Notes identify certain circumstances that may give rise to such a finding as well as who bears the burden of showing that such circumstances exist.  This is a finding ultimately made by the compliance district.

every state and federal district because a party to a lawsuit in that state or district wants records in the non-party's possession.  As the Advisory Committee Notes to the 2013 Amendment to Rule 45 explain, "[t]o protect local nonparties, local resolution of disputes about subpoenas is assured by the limitations of Rule 45(c) and the requirements in Rules 45(d) and (e) that motions be made in the court in which compliance is required under Rule 45(c)."  "It should not be assumed that the issuing court is in a superior position to resolve subpoena-related motions."[6]

Because the place of compliance for the subpoena at issue is not in the District of Kansas, the court cannot quash or modify the subpoena or otherwise provide the relief requested by Netsolus.  As such Netsolus's motion to quash or modify subpoena served is denied without prejudice to refiling in the district where compliance is required.

IT IS SO ORDERED.

Dated September 15, 2014 at Kansas City, Kansas.

  s/ James P. O'Hara  
James P. O'Hara  
U. S. Magistrate Judge

---

[6] Advisory Committee's notes on the 2013 amendments to Rule 45.