## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>    Plaintiff,<br><br>    v.<br><br>BF LABS, INC., *et al.,*<br><br>    Defendants. | Case No. 4:14-cv-00815-BCW<br><br><br>**STIPULATED INTERIM ORDER** |

Plaintiff, Federal Trade Commission ("FTC"), has filed a complaint seeking a permanent injunction and other equitable relief, pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b). On motion by the FTC, on September 18, 2014, this Court, having found good cause, entered an *ex parte* temporary restraining order ("TRO") with asset freeze, appointment of a receiver, and other equitable relief against Defendants BF Labs Inc., Darla Drake, Nasser Ghoseiri, and Sonny Vleisides. The FTC, Defendants BF Labs Inc., Darla Drake, and Sonny Vleisides have stipulated and agreed to entry of this Interim Order prior to the Court ruling on the FTC's request for a preliminary injunction. Defendant Nasser Ghoseiri has not entered an appearance in this action.

### DEFINITIONS

A. "**Corporate Defendant**" means BF Labs, Inc., and its successors, assigns, affiliates, or subsidiaries, and each of them by whatever names each might be known.

B. "**Defendants**" means the Individual Defendants and the Corporate Defendants, individually, collectively, or in any combination, and each of them by whatever names each might be known.

48932618.1

**EXHIBIT 6**

C.    **"Document"** and "**Electronically Stored Information**" are synonymous in meaning and equal in scope to the usage of the terms in Rule 34(a) of the Federal Rules of Civil Procedure, and include writings, drawings, graphs, charts, photographs, audio and video recordings, computer and database records, and any other data compilations from which information can be obtained.  A draft or non-identical copy is a separate document within the meaning of the term.

D.    **"Electronic Data Host"** means any person or entity in the business of storing, hosting, or otherwise maintaining electronically stored information.

E.    "**Financial Institution**" means any bank, savings and loan institution, credit union, or any financial depository of any kind, including, but not limited to, any brokerage house, trustee, broker-dealer, escrow agent, title company, commodity trading company, or precious metal dealer.

F.    "**Individual Defendants**" means Darla Drake, Nasser Ghoseiri, and Sonny Vleisides.

G.    "**Person**" means a natural person, an organization or other legal entity, including a corporation, partnership, sole proprietorship, association, cooperative, or any other group or combination acting as an entity.

H.    "**Receivership Defendants**" means the Corporate Defendant, as well as any other business related to the Defendants' bitcoin mining machine business and which the Receiver has reason to believe is owned or controlled in whole or in part by any of the Defendants.

I.    "**Interim Period**" means the time period between (1) the date the Court enters this Order and (2) the date set by the Court for the preliminary injunction hearing.

48932618.1

J.       "**Burn-in testing**" means testing where Receivership Defendant tests equipment on the live bitcoin network.

## ORDER

## I.

## PROHIBITED REPRESENTATIONS AND PRACTICES

**IT IS THEREFORE ORDERED** that Defendants and their successors, assigns, officers, agents, servants, employees, and attorneys, and those persons or entities in active concert or participation with any of them who receive actual notice of this Order, whether acting directly or through any corporation, subsidiary, division, or other device, in connection with the advertising, marketing, proposed sale, or sale of any products or services, are hereby prohibited from:

    A.    Misrepresenting, expressly or by implication, directly or indirectly:

        1.    The amount of Bitcoins or any other virtual currencies Defendants' products or services will generate; or

        2.    When products or services will be delivered to consumers; and

    B.    Soliciting or receiving payment from consumers for merchandise which Defendants do not have currently in stock and available for shipping.

## II.

## ASSET FREEZE

**IT IS FURTHER ORDERED** that Defendants and their successors, assigns, officers, agents, servants, employees, and attorneys, and those persons or entities in active concert or participation with any of them who receive actual notice of this Order, each are hereby temporarily prohibited from directly or indirectly:

48932618.1

A.      Selling, liquidating, assigning, transferring, converting, loaning, hypothecating, disbursing, gifting, conveying, encumbering, pledging, concealing, dissipating, spending, withdrawing, granting a lien or security interest or other interest in, or otherwise disposing of any funds, real or personal property, contracts, consumer lists or other assets or any interest therein, wherever located, including any assets outside the territorial United States that are:

        1.      in the actual or constructive possession of any Defendant;

        2.      owned or controlled by, or held, in whole or in part for the benefit of, or subject to access by, or belonging to, any Defendant; or

        3.      in the actual or constructive possession of, or owned or controlled by, or subject to access by, or belong to, any corporation, partnership, trust or other entity directly or indirectly owned, managed, or under the control of any Defendant;

B.      Opening, or causing to be opened, any safe deposit boxes titled in the name of or subject to access by any Defendant;

C.      Incurring charges on any credit card, stored value card, debit card, or charge card issued in the name, singly or jointly, of any Defendant or any other entity directly or indirectly owned, managed, or controlled by any Defendant;

D.      Obtaining a personal, secured, or unsecured loan on any Defendant's behalf;

E.      Cashing any checks from consumers, clients, or customers of any Defendant;

F.      Failing to disclose to the FTC, to the extent not already done so, information that fully identifies each asset of any Defendant, and each entity holding such asset, including, without limitation, the entity's name, address, and telephone number, the number of the account, and the name under which the account is held.

48932618.1

G.     The funds, property, and assets affected by this Section shall include:  (a) all assets of each Defendant as of the time this Order is entered, and (b) those assets obtained after entry of this Order that are derived from activity prohibited by this Order.  This Section II does not prohibit transfers to the Temporary Receiver, as specifically required in Section XIII (Delivery of Receivership Property), nor does it prohibit the Repatriation of Foreign Assets, as specifically required in Section III of this Order.

## III.

## REPATRIATION OF FOREIGN ASSETS

**IT IS FURTHER ORDERED** that, to the extent not already done so pursuant to the TRO, within five (5) business days following the service of this Order, each Defendant shall:

A.     Provide counsel for Plaintiff and the Temporary Receiver with a full accounting of all assets, accounts, funds, and documents outside of the territory of the United States that are held either:  (1) by them; (2) for their benefit; (3) in trust by or for them, individually or jointly; or (4) under their direct or indirect control, individually or jointly;

B.     Transfer to the territory of the United States all assets, accounts, funds, and documents in foreign countries held either:  (1) by them; (2) for their benefit; (3) in trust by or for them, individually or jointly; or (4) under their direct or indirect control, individually or jointly;

C.     Hold and retain all repatriated assets, accounts, funds, and documents, and prevent any transfer, disposition, or dissipation whatsoever of any such assets, accounts, funds, or documents; and

48932618.1

D.      Provide Plaintiff access to all records of accounts or assets of any Defendant held by financial institutions located outside the territorial United States by signing the Consent to Release of Financial Records attached to the TRO as **Attachment C**.

**IT IS FURTHER ORDERED THAT** all repatriated assets, accounts, funds, and documents are subject to Section II of this Order.

## IV.

## NON-INTERFERENCE WITH REPATRIATION

**IT IS FURTHER ORDERED** that Defendants, and each of their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of this Order, whether acting directly or through any entity, corporation, subsidiary, division, affiliate or other device, are hereby temporarily prohibited from taking any action, directly or indirectly, which may result in the encumbrance or dissipation of foreign assets, or in the hindrance of the repatriation required by Section III of this Order, including but not limited to:

A.      Sending any statement, letter, fax, e-mail or wire transmission, telephoning or engaging in any other act, directly or indirectly, that results in a determination by a foreign trustee or other entity that a "duress" event has occurred under the terms of a foreign trust agreement, until such time that all assets have been fully repatriated pursuant to Section III of this Order; and

B.      Notifying any trustee, protector or other agent of any foreign trust or other related entities of either the existence of this Order, or of the fact that repatriation is required pursuant to a Court Order, until such time that all assets have been fully repatriated pursuant to Section III.

48932618.1

# V.

## RETENTION OF ASSETS AND DOCUMENTS BY THIRD PARTIES

**IT IS FURTHER ORDERED** that, pending entry of a superseding order, any financial

or brokerage institution, business entity, electronic data host, or person who receives actual

notice of this Order that holds, controls, or maintains custody of any account, document,

electronically stored information, or asset of, on behalf of, in the name of, for the benefit of,

subject to withdrawal by, subject to access or use by, or under the signatory power of any

Defendant, or other party subject to Section II above, or has held, controlled, or maintained any

such account, document, electronically stored information, or asset at any time since June, 2012

shall:

A.      Hold, preserve, and retain within such entity's or person's control, and prohibit

the withdrawal, removal, alteration, assignment, transfer, pledge, hypothecation, encumbrance,

disbursement, dissipation, conversion, sale, liquidation, or other disposal of such account,

document, electronically stored information, or asset held by or under such entity's or person's

control, except as directed by further order of the Court or as directed in writing by the

Temporary Receiver regarding accounts, documents, or assets held in the name of or benefit of

any Receivership Defendant;

B.      Provide the Temporary Receiver, the Temporary Receiver's agents, the FTC, and

the FTC's agents immediate access to electronically stored information stored, hosted, or

otherwise maintained on behalf of any Defendant for forensic imaging;

C.      Deny access to any safe deposit boxes that are either titled in the name,

individually or jointly, or subject to access by, any Defendant, or other party subject to Section II

above; and

48932618.1

D.      To the extent not already done so pursuant to the TRO, provide to counsel for the FTC and the Temporary Receiver, within one (1) business day of receipt of this Order, a sworn statement setting forth:

1.      the identification of each account or asset titled in the name, individually or jointly, or held on behalf of or for the benefit of, subject to withdrawal by, subject to access or use by, or under the signatory power of any Defendant or other party subject to Section II above, whether in whole or in part;

2.      the balance of each such account, or a description of the nature  and value of such asset, as of the close of business on the day on  which this Order is served;

3.      the identification of any safe deposit box that is either titled in the name of, individually or jointly, or is otherwise subject to access or control by, any Defendant or other party subject to Section II above, whether in whole or in part; and

4.      if the account, safe deposit box, or other asset has been closed or removed, the date closed or removed, the balance on said date, and the name or the person or entity to whom such account or other asset was remitted;

E.      Provide counsel for the FTC and the Temporary Receiver, within three (3) business days  after being served with a request, copies of all documents pertaining to such account or asset, including but not limited to:  account statements, account applications, signature cards, checks, deposit tickets, transfers to and from the accounts, wire transfers, all other debit and credit instruments or slips, 1099 forms, and safe deposit box logs; and

F.      Cooperate with all reasonable requests of the FTC and the Temporary Receiver relating to this Order's implementation.

48932618.1

**IT IS FURTHER ORDERED** that, in addition to the information and documents required to be produced pursuant to Subsections V(D), V(E), and Section II, the FTC is granted leave, pursuant to Fed. R. Civ. P. 45, to subpoena documents immediately from any financial or brokerage institution, business entity, electronic data host, or person served with a copy of this Order that holds, controls, or maintains custody of any account, document, electronically stored information, or asset of, on behalf of, in the name of, for the benefit of, subject to withdrawal by, subject to access or use by, or under the signatory power of any Defendant or other party subject to Section II above, or has held, controlled, or maintained any such account, document, electronically stored information, or asset at any time since June, 2012, and such financial or brokerage institution, business entity, electronic data host or person shall respond to such subpoena within three (3) business days after service.

## VI.

### FINANCIAL STATEMENTS AND ACCOUNTING

**IT IS FURTHER ORDERED** that each Defendant, to the extent each has not done so pursuant to the TRO, within three (3) business days of service of this Order, shall prepare and deliver to counsel for Plaintiff:

A.      For the Individual Defendants, a completed financial statement accurate as of the date of service of this Order upon such Defendant (unless otherwise agreed upon with FTC counsel) on the form of **Attachment A** to the TRO captioned, "Financial Statement of Individual Defendant."

B.      For the Corporate Defendant, a completed financial statement accurate as of the date of service of this Order upon such Defendant (unless otherwise agreed upon with FTC

48932618.1

counsel) in the form of **Attachment B** to the TRO captioned, "Financial Statement of Corporate Defendant."

       C.      For each Defendant, a completed statement, verified under oath, of all payments, transfers or assignments of funds, assets, or property worth $2,500 or more since June, 2012. Such statement shall include:  (a) the amount transferred or assigned; (b) the name of each transferee or assignee; (c) the date of the transfer or assignment; and (d) the type and amount of consideration paid the Defendant.  Each statement shall specify the name and address of each financial institution and brokerage firm at which the Defendant has accounts or safe deposit boxes.  Said statements shall include assets held in foreign as well as domestic accounts.

       D.      Corporate Defendants shall state their: (1) total gross sales revenues for 2012, 2013, and 2014 to date; (2) their total gross expenses for 2012, 2013, and 2014 to date; (3) their gross operating expenditures on a monthly basis per category for 2012, 2013, and 2014 to date, including but not limited to payroll, advertising, marketing, utilities, and property leases; and (4) their gross capital expenditures for 2012, 2013, and 2014 to date.

## VII.

## CONSUMER CREDIT REPORTS

**IT IS FURTHER ORDERED** that Plaintiff may obtain credit reports concerning any Defendant pursuant to Section 604(a)(1) of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(a)(1), and that, upon written request, any credit reporting agency from which such reports are requested shall provide them to Plaintiff.

## VIII.

## PRESERVATION OF RECORDS AND TANGIBLE THINGS

**IT IS FURTHER ORDERED** that Defendants and their successors, assigns, officers,

48932618.1

agents, servants, employees, and attorneys, and those persons or entities in active concert or

participation with any of them who receive actual notice of this Order, whether acting directly or

through any corporation, subsidiary, division, or other device, are hereby temporarily prohibited

from destroying, erasing, mutilating, concealing, altering, transferring, or otherwise disposing of,

in any manner, directly or indirectly, any documents or records that relate to the business

practices, or business and personal finances, of any Defendant, or an entity directly or indirectly

under the control of any Defendants.

## IX.

## APPOINTMENT OF TEMPORARY RECEIVER

**IT IS FURTHER ORDERED** that Eric L. Johnson of the law firm of Spencer Fane Britt

& Browne LLP is appointed Temporary Receiver for the business activities of the Receivership

Defendant with the full power of an equity receiver.  Temporary Receiver shall be the agent of

this Court and solely the agent of this Court in acting as Receiver under this Order.  Temporary

Receiver shall be accountable directly to this Court.  Temporary Receiver shall comply with the

laws and Local Rules of this Court governing receivers.

## X.

## DUTIES OF TEMPORARY RECEIVER

**IT IS FURTHER ORDERED** that the Temporary Receiver is directed and authorized to

accomplish the following:

A.      Assume full control of the Receivership Defendant by removing, as the

Temporary Receiver deems necessary or advisable, any director, officer, independent contractor,

employee, or agent of the Receivership Defendant, including any named Defendant, from control

of, management of, or participation in, the affairs of the Receivership Defendant;

48932618.1

B.     Take exclusive custody, control, and possession of all assets, documents, and electronically stored information of, or in the possession, custody, or under the control of, the Receivership Defendant, wherever situated.  The Temporary Receiver shall have full power to divert mail and to sue for, collect, receive, take in possession, hold, and manage all assets and documents of the Receivership Defendant and other persons or entities whose interests are now held by or under the direction, possession, custody, or control of the Receivership Defendant; *provided, however,* that the Temporary Receiver shall not attempt to collect or receive any amount from a consumer if the Temporary Receiver believes the consumer was a victim of the unlawful conduct alleged in the complaint in this matter;

C.     Take all steps necessary to secure the business premises of the Receivership Defendant.  Such steps may include, but are not limited to, the following, as the Temporary Receiver deems necessary or advisable:

1.     serving and filing this Order;

2.     completing a written inventory of all Receivership assets;

3.     obtaining pertinent information from all employees and other agents of the Receivership Defendant, including, but not limited to, the name, home address, social security number, job description, method of compensation, and all accrued and unpaid commissions and compensation of each such employee or agent, and all computer hardware and software passwords;

4.     videotaping all portions of the location;

5.     securing the location by changing the locks and disconnecting any computer modems or other means of access to the computer or other records maintained at that location;

48932618.1

6.      requiring any persons present on the premises at the time this Order is served to leave the premises, to provide the Temporary Receiver with proof of identification, or to demonstrate to the satisfaction of the Temporary Receiver that such persons are not removing from the premises documents or assets of the Receivership Defendants; and

7.      requiring all employees, independent contractors, and consultants of the Receivership Defendant to complete a questionnaire submitted by the Temporary Receiver;

D.      Conserve, hold, and manage all Receivership assets, and perform all acts necessary or advisable to preserve the value of those assets, in order to prevent any irreparable loss, damage, or injury to consumers or to creditors of the Receivership Defendant, including, but not limited to, obtaining an accounting of the assets and preventing transfer, withdrawal, or misapplication of assets;

E.      Liquidate any and all assets owned by or for the benefit of the Receivership Defendant that the Temporary Receiver deems to be advisable or necessary;

F.      Enter into contracts, sever contracts, and purchase insurance as the Temporary Receiver deems to be advisable or necessary;

G.      Prevent the inequitable distribution of assets and determine, adjust, and protect the interests of consumers and creditors who have transacted business with the Receivership Defendant;

H.      Manage and administer the business of the Receivership Defendant until further order of this Court by performing all incidental acts that the Temporary Receiver deems to be advisable or necessary, which includes retaining, hiring, or dismissing any employees, independent contractors, or agents;

I.      Choose, engage, and employ, without prior approval of the Court, attorneys,

48932618.1

accountants, appraisers, and other independent contractors and technical specialists as the Temporary Receiver deems advisable or necessary in the performance of duties and responsibilities under the authority granted by this Order.  The Temporary Receiver may engage the services of the law firm of which the Temporary Receiver is a member;

J.     Make payments and disbursements from the Receivership estate that are necessary or advisable for carrying out the directions of, or exercising the authority granted by, this Order.  The Temporary Receiver shall apply to the Court for prior approval of any payment of any debt or obligation incurred by the Receivership Defendant prior to the date of entry of this Order, except payments that the Temporary Receiver deems necessary or advisable to secure assets of the Receivership Defendant, such as rental payments;

K.     Determine and implement the manner in which the Receivership Defendant will comply with, and prevent violations of, this Order and all other applicable laws, including, but not limited to, revising training materials and implementing monitoring procedures;

L.     Institute, compromise, adjust, appear in, intervene in, or become party to such actions or proceedings in state, federal, or foreign courts that the Temporary Receiver deems necessary and advisable to preserve or recover the assets of the Receivership Defendant, or that the Temporary Receiver deems necessary and advisable to carry out the Temporary Receiver's mandate under this Order;

M.     Defend, compromise, adjust, or otherwise dispose of any or all actions or proceedings instituted in the past or in the future against the Temporary Receiver in his role as Temporary Receiver, or against the Receivership Defendant, that the Temporary Receiver deems necessary and advisable to preserve the assets of the Receivership Defendant or that the Temporary Receiver deems necessary and advisable to carry out the Temporary Receiver's

48932618.1

mandate under this Order;

N.     Continue and conduct the business of the Receivership Defendant in such manner, to such extent, and for such duration as the Temporary Receiver may in good faith deem to be necessary or appropriate to operate the business during the Interim Period; *provided, however,* that the continuation and conduct of the business shall be conditioned upon the Temporary Receiver's good faith determination that the businesses can be lawfully operated using the assets of the receivership estate;

O.     Take depositions and issue subpoenas to obtain documents and records pertaining to the receivership estate and compliance with this Order.  Subpoenas may be served by agents or attorneys of the Temporary Receiver and by agents of any process server retained by the Temporary Receiver;

P.     Open one or more bank accounts in the Western District of Missouri or the District of Kansas as designated depositories for funds of the Receivership Defendant.  The Temporary Receiver shall deposit all funds of the Receivership Defendant in such a designated account and shall make all payments and disbursements from the receivership estate from such account(s);

Q.     Maintain accurate records of all receipts and expenditures that the Temporary Receiver makes as Temporary Receiver;

R.     Cooperate with reasonable requests for information or assistance from any state or federal law enforcement agency; and

S.     Be responsible for maintaining the chain of custody of all of Defendants' records in his possession, pursuant to procedures to be established in writing with the approval of Plaintiff.

48932618.1

**XI.**

**ADOPTION OF TEMPORARY RECEIVER'S RECOMMENDATIONS**

**IT IS FURTHER ORDERED** that:

A.      During the Interim Period, Temporary Receiver will manage all employees, consultants and independent contractors chosen by him to continue limited operations of the company as he deems necessary.

B.      During the Interim Period, Individual Defendants may perform work and/or consult for Receivership Defendant at the direction and under the supervision of Temporary Receiver, but they will not be compensated for any work performed during the Interim Period.

C.      During the Interim Period:

1.      Receivership Defendant shall not conduct any "burn-in" testing operations without further approval of the Court;

2.      Receivership Defendant may ship machines already completed, tested, and paid for to customers who desire machines rather than refunds or rebates, under conditions acceptable to Temporary Receiver;

3.      Receivership Defendant shall not issue any refunds, in cash or bitcoin, unless approved by the Court;

4.      Receivership Defendant shall not make any new sales of machines to consumers unless approved by the Court; and

5.      All parties shall cooperate in transferring Receivership Defendant's bitcoins to a Court-controlled bitcoin wallet, under the direction and supervision of Temporary Receiver.  Temporary Receiver may hire independent professionals and/or contractors, as he deems necessary, to ensure safe and secure transfer of bitcoins.

48932618.1

D.      Temporary Receiver shall oversee the retention of MarksNelson LLC ("MarksNelson") and/or other professionals by Receivership Defendant to review the books and records of Receivership Defendant from January 1, 2014 to date, and to take such further actions as directed by Temporary Receiver.

E.      Temporary Receiver shall begin establishing an adequate cash reserve to cover potential refund liability. In this respect and under the supervision of Temporary Receiver, the following actions may occur immediately:

1.      Identification of all assets of Receivership Defendant, including, without limitation, pursuit of any claims;

2.      The securing of any remaining assets of Receivership Defendant not yet under the dominion and control of Temporary Receiver;

3.      Reconciliation of Receivership Defendant's books and records to determine the full extent of its customer refund liability and any other liabilities, and whether Receivership Defendant can cover such liabilities;

4.      Conversion of Receivership Defendant's substantial bitcoin holdings to cash on a systematic and reasoned basis;

5.      Liquidation of obsolete inventory and unnecessary property; and

6.      The audit of Receivership Defendant's bitcoin mining practices and recovery of any bitcoin revenues, if appropriate.

F.      By October 8, 2014, Receivership Defendant shall submit to Temporary Receiver and FTC a list of essential employees, a recommendation as to critical operations during the Interim Period, and an operating budget for the Interim Period (the "Interim Budget"). The parties will attempt to agree in good faith to the Interim Budget, personnel, and operations.

G.      Once the Interim Budget is approved by Temporary Receiver, he shall file a motion seeking the Court's approval of the Interim Budget and to release the total budgeted sum from the asset freeze.  Any funds released from Receiver Defendant's frozen bank accounts will be deposited in an operating account under the sole control of Temporary Receiver.  The parties reserve their right to object to Temporary Receiver's motion and to the Interim Budget.  Such objections shall be made within three (3) business days of Temporary Receiver's motion.

H.      Within 35 calendar days of the entry of this Order, Receivership Defendant shall submit a business plan to Temporary Receiver and FTC (the "**Business Plan**").  The Business Plan shall be supported by reasonable pro formas reflecting both estimated revenues and expenditures.  In addition, the Business Plan must answer the following questions:

1.      Whether "burn-in" testing is necessary and materially more effective than beta testing;

2.      Whether there is a viable testing alternative to "burn-in" testing;

3.      If there is no viable alternative, then what, if any, disclosures will Receivership Defendant provide to potential customers of such practices, including the material facts and implications that will be disclosed; and

4.      What internal controls Receivership Defendant will implement to track and secure revenues generated from "burn-in" testing, to the extent "burn-in" testing is contemplated by the Business Plan.

I.      As part of the PI Hearing, the Court shall address the feasibility of the Business Plan.  In evaluating the feasibility of the Business Plan, the Court will determine whether such Business Plan offers a reasonable assurance of success and financial stability and whether both

48932618.1

consumers and creditors are adequately protected.  In considering whether the Business Plan is feasible, the Court will consider the following factors:

1.      Any proposed refund policy and fairness of the same to customers;

2.      The adequacy of Receivership Defendant's capital structure, including necessary capital requirements to support the Business Plan and sources of such capital and to assure that its customer refund liability is adequately provided for and to assure nothing diverts resources or assets away from coverage of  such liability;

3.      The earning power of the proposed Business Plan;

4.      The proposed management team and the ability of such management to implement the Business Plan and proper corporate governance protocols; and

5.      Any other related matters which determine the prospects of a sufficiently successful operation to enable performance of the provisions of the Business Plan and adequately protect both consumers and creditors alike.

J.      Temporary Receiver, during the pendency of this action, shall have the right to apply to this Court for further instructions or directions.  Further, this Order is without prejudice to (i) the parties or Temporary Receiver, during the pendency of this action, seeking modification of this Order; or (ii) any party opposing such modification.  To the extent that a party seeks to modify this Order, such party must provide reasonable notice to FTC, Defendants and Temporary Receiver.

## XII.

## COOPERATION WITH TEMPORARY RECEIVER

**IT IS FURTHER ORDERED** that:

48932618.1

A.      Defendants and their officers, agents, directors, servants, employees, salespersons, independent contractors, attorneys, corporations, subsidiaries, affiliates, successors, and assigns, all other persons or entities in active concert or participation with them, who receive actual notice of this Order, whether acting directly or through any trust, corporation, subsidiary, division, or other device, or any of them, shall fully cooperate with and assist the Temporary Receiver.  Such cooperation and assistance shall include, but not be limited to:

1.      Providing any information to the Temporary Receiver that the Temporary Receiver deems necessary to exercise the authority and discharge the responsibilities of the Temporary Receiver under this Order, including but not limited to, completing a questionnaire submitted by the Temporary Receiver, allowing the Temporary Receiver to inspect documents and assets, and to partition office space;

2.      Providing any username or password and executing any documents required to access any computer or electronic files in any medium, including but not limited to electronically stored information stored, hosted or otherwise maintained by an electronic data host; and

3.      Advising all persons who owe money to the Receivership Defendant that all debts should be paid directly to the Temporary Receiver.

B.      Except as otherwise provided for in this Order, Defendants and their officers, directors, agents, servants, employees, attorneys, successors, assigns, and all other persons or entities directly or indirectly, in whole or in part, under their control, and all other persons in active concert or participation with them who receive actual notice of this Order, voluntarily agree not to and shall not:

1.      Transact any of the business of the Receivership Defendant;

48932618.1

2.      Destroy, secret, erase, mutilate, deface, conceal, alter, transfer or otherwise dispose of, in any manner, directly or indirectly, any documents, electronically stored information, or equipment of the Receivership Defendant, including but not limited to contracts, agreements, consumer files, consumer lists, consumer addresses and telephone numbers, correspondence, advertisements, brochures, sales material, sales presentations, documents evidencing or referring to Defendants' services or merchandise, training materials, scripts, data, computer tapes, disks, or other computerized records, books, written or printed records, handwritten notes, telephone logs, "verification" or "compliance" tapes or other audio or video tape recordings, receipt books, invoices, postal receipts, ledgers, personal and business canceled checks and check registers, bank statements, appointment books, copies of federal, state or local business or personal income or property tax returns, photographs, mobile devices, electronic storage media, accessories, and any other documents, records or equipment of any kind that relate to the business practices or business or personal finances of the Receivership Defendant or any other entity directly or indirectly under the control of the Receivership Defendant;

3.      Transfer, receive, alter, sell, encumber, pledge, assign, liquidate, or otherwise dispose of any assets owned, controlled, or in the possession or custody of, or in which an interest is held or claimed by, the Receivership Defendant, or the Temporary Receiver;

4.      Excuse debts owed to the Receivership Defendant;

5.      Fail to notify the Temporary Receiver of any asset, including accounts, of the Receivership Defendant held in any name other than the name of the Receivership Defendant, or by any person or entity other than the Receivership Defendant, or fail to provide any assistance or information requested by the Temporary Receiver in connection with obtaining possession, custody, or control of such assets;

48932618.1

6.      Fail to create and maintain books, records, and accounts which, in reasonable detail, accurately, fairly, and completely reflect the incomes, assets, disbursements, transactions and use of monies by the Defendants or any other entity directly or indirectly under the control of the Defendants;

7.      Do any act or refrain from any act whatsoever to interfere with the Temporary Receiver's taking custody, control, possession, or managing of the assets or documents subject to this Receivership; or to harass or to interfere with the Temporary Receiver in any way; or to interfere in any manner with the exclusive jurisdiction of this Court over the assets or documents of the Receivership Defendant; or to refuse to cooperate with the Temporary Receiver or the Temporary Receiver's duly authorized agents in the exercise of their duties or authority under any Order of this Court;

8.      File, or cause to be filed, any petition on behalf of the Receivership Defendants for relief under the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.*, without prior permission from this Court; and

9.      Create, operate, exercise any control over, become employed by or affiliated with, or perform any work for any business entity, including but not limited to any partnership, limited partnership, joint venture, sole proprietorship, or corporation without first providing the FTC with a sworn written statement at least seven (7) calendar days prior to such creation, operation, exercise, employment, affiliation, or performance of work disclosing:

a.      The name, address and telephone number of the business entity;

b.      The names of the business entity's officers, directors, principals, managers, and employees; and

48932618.1

       c.     A detailed description of the business entity's intended activities and the nature of the duties or responsibilities of the Receivership Defendant.

## XIII.

### DELIVERY OF RECEIVERSHIP PROPERTY

**IT IS FURTHER ORDERED** that, to the extent not already done so pursuant to the TRO, immediately upon service of this Order upon them or upon their otherwise obtaining actual knowledge of this Order, or within a period permitted by the Temporary Receiver, Defendants and any other person or entity, including but not limited to financial institutions and electronic data hosts, shall transfer or deliver access to, possession, custody, and control of the following to the Temporary Receiver:

A.     All assets of the Receivership Defendant;

B.     All documents and electronically stored information of the Receivership Defendant, including, but not limited to, books and records of accounts, all financial and accounting records, balance sheets, income statements, bank records (including monthly statements, canceled checks, records of wire transfers, records of ACH transactions, and check registers), client or customer lists, title documents and other papers;

C.     All assets belonging to members of the public now held by the Receivership Defendant;

D.     All keys, computer and other passwords, user names, entry codes, combinations to locks required to open or gain or secure access to any assets or documents of the Receivership Defendant, wherever located, including, but not limited to, access to their business premises, means of communication, accounts, computer systems, or other property; and

48932618.1

E.      Information identifying the accounts, employees, properties, or other assets or obligations of the Receivership Defendant.

**IT IS FURTHER ORDERED** that, in the event any person or entity fails to deliver or transfer immediately any asset or otherwise fails to comply with any provision of this Section XIII, the Temporary Receiver may file *ex parte* with the Court an Affidavit of Non-Compliance regarding the failure.  Upon filing of the affidavit, the Court may authorize, without additional process or demand, Writs of Possession or Sequestration or other equitable writs requested by the Temporary Receiver.  The writs shall authorize and direct the United States Marshal or any sheriff or deputy sheriff of any county to seize the asset, document, or other thing and to deliver it to the Temporary Receiver.

## XIV.

## COMPENSATION FOR TEMPORARY RECEIVER

**IT IS FURTHER ORDERED** that the Temporary Receiver and all personnel hired by the Temporary Receiver as herein authorized, including counsel to the Temporary Receiver and accountants, are entitled to reasonable compensation for the performance of duties pursuant to this Order, and for the cost of actual out-of-pocket expenses incurred by them, from the assets now held by or in the possession or control of, or which may be received by, the Receivership Defendant.  The Temporary Receiver shall file with the Court and serve on the parties periodic requests for the payment of such reasonable compensation, with the first such request filed no more than sixty (60) calendar days after the date of entry of the TRO.  The Temporary Receiver shall not increase the hourly rates used as the bases for such fee applications without prior approval of the Court.

48932618.1

## XV.

## TEMPORARY RECEIVER'S REPORTS

**IT IS FURTHER ORDERED** that, within 45 calendar days of entry of this Order,

Temporary Receiver shall further report to this Court, regarding:  (1) the steps taken by the

Temporary Receiver to implement the terms of this Order; (2) the value of all liquidated and

unliquidated assets of the Receivership Defendant; (3) the sum of all liabilities of the

Receivership Defendant; (4) the steps the Temporary Receiver intends to take in the future to:

(a) prevent any diminution in the value of assets of the Receivership Defendant, (b) pursue

receivership assets from third parties, and (c) adjust the liabilities of the Receivership Defendant,

if appropriate; (5) the Temporary Receiver's assessment of whether the business can be operated

in compliance with this Order, including an assessment of the Business Plan; and (6) any other

matters that Temporary Receiver believes should be brought to the Court's attention.  *Provided,*

*however*, if any of the required information would hinder the Temporary Receiver's ability to

pursue receivership assets, the portions of the Temporary Receiver's report containing such

information may be filed under seal and not served on the parties.

## XVI.

## TEMPORARY RECEIVER'S BOND

**IT IS FURTHER ORDERED** that the Temporary Receiver's bond in the sum of

$15,000.00, conditioned that the Temporary Receiver will well and truly perform the duties of

the office and abide by and perform all acts the Court directs, shall continue.

48932618.1

## XVII.

## STAY OF ACTIONS

A.      Except by leave of this Court, during pendency of the Receivership ordered

herein, Defendants and all other persons and entities be and hereby are stayed from taking any

action to establish or enforce any claim, right, or interest for, against, on behalf of, in, or in the

name of, the Receivership Defendant, any of its subsidiaries, affiliates, partnerships, assets,

documents, or the Temporary Receiver or the Temporary Receiver's duly authorized agents

acting in their capacities as such, including, but not limited to, the following actions:

      1.      Commencing, prosecuting, continuing, entering, or enforcing any suit or

proceeding, except that such actions may be filed to toll any applicable statute of limitations;

      2.      Accelerating the due date of any obligation or claimed obligation; filing or

enforcing any lien; taking or attempting to take possession, custody, or control of any asset;

attempting to foreclose, forfeit, alter, or terminate any interest in any asset, whether such acts are

part of a judicial proceeding, are acts of self-help, or otherwise;

      3.      Executing, issuing, serving, or causing the execution, issuance or service

of, any legal process, including, but not limited to, attachments, garnishments, subpoenas, writs

of replevin, writs of execution, or any other form of process whether specified in this Order or

not; or

      4.      Doing any act or thing whatsoever to interfere with the Temporary

Receiver taking custody, control, possession, or management of the assets or documents subject

to this Receivership, or to harass or interfere with the Temporary Receiver in any way, or to

interfere in any manner with the exclusive jurisdiction of this Court over the assets or documents

of the Receivership Defendants;

B.      This Section XVII does not stay:

       1.      The commencement or continuation of a criminal action or proceeding;

       2.      The commencement or continuation of an action or proceeding by the State Bar of any state to enforce its police or regulatory power;

       3.      The commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power;

       4.      The enforcement of a judgment, other than a money judgment, obtained in an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power; or

       5.      The issuance to the Receivership Defendant of a notice of tax deficiency; and

C.      Except as otherwise provided in this Order, all persons and entities in need of documentation from the Temporary Receiver shall in all instances first attempt to secure such information by submitting a formal written request to the Temporary Receiver, and, if such request has not been responded to within thirty (30) days of receipt by the Temporary Receiver, any such person or entity may thereafter seek an Order of this Court with regard to the relief requested.

## XVIII.

## LIMITED EXPEDITED DISCOVERY

**IT IS FURTHER ORDERED** that, until issuance of a scheduling order pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, the FTC is granted leave to conduct certain expedited discovery, and that, commencing with the time and date of this Order, in lieu of the

48932618.1

time periods, notice provisions, and other requirements of Rules 26, 30, 34, and 45 of the Federal

Rules of Civil Procedure, and applicable Local Rules, the FTC is granted leave to:

      A.     Take the deposition, on three (3) calendar days' notice, of any person or entity,

whether or not a party, for the purpose of discovering:  (1) the nature, location, status, and extent

of assets of any Defendant or its affiliates or subsidiaries; (2) the nature and location of

documents and business records of any Defendant or their affiliates or subsidiaries; and (3)

compliance with this Order.  The limitations and conditions set forth in Fed. R. Civ. P.

30(a)(2)(B) and 31(a)(2)(B) regarding subsequent depositions shall not apply to depositions

taken pursuant to this Section.  In addition, any such depositions taken pursuant to this Section

shall not be counted toward the ten (10) deposition limit set forth in Fed. R. Civ. P.

30(a)(2)(A)(i) and 31(a)(2)(A)(i) and shall not preclude the FTC from subsequently deposing the

same person or entity in accordance with the Federal Rules of Civil Procedure.  Any deposition

taken pursuant to this sub-section that has not been reviewed and signed by the deponent may be

used by any party for purposes of the preliminary injunction hearing;

      B.     Serve interrogatories for the purpose of discovering:  (1) the nature, location,

status, and extent of assets of any Defendant or its affiliates or subsidiaries; (2) the nature and

location of documents and business records of any Defendant or their affiliates or subsidiaries;

and (3) compliance with this Order.   Defendants shall respond within five (5) calendar days after

Plaintiff serve such interrogatories.  *Provided that,* notwithstanding Federal Rule of Civil

Procedure 33(a)(1), this sub-section shall not preclude any future interrogatories by Plaintiff.

      C.     Serve upon parties requests for production of documents or inspection that require

production or inspection within three (3) calendar days of service, and may serve subpoenas

upon non-parties that direct production or inspection within five (5) calendar days of service, for

48932618.1

the purpose of discovering:  (1) the nature, location, status, and extent of assets of any Defendant or its affiliates or subsidiaries; (2) the nature and location of documents and business records of any Defendant or its affiliates or subsidiaries; and (3) compliance with this Order, *provided that* twenty-four (24) hours' notice shall be deemed sufficient for the production of any such documents that are maintained or stored only as electronic data;

D.      Serve deposition notices and other discovery requests upon the parties to this action by facsimile, email or overnight courier, and take depositions by telephone or other remote electronic means; and

E.      Seek to prohibit any Defendant who fails to appear for a properly noticed deposition or fails to comply with a request for production or inspection, from introducing the evidence sought by the FTC at any subsequent hearing.

## XIX.

## DISCOVERY REGARDING BUSINESS PLAN AND BUDGET

Receivership Defendant agrees to provide all information requested by the FTC and Temporary Receiver concerning the Business Plan and the Interim Budget. Receivership Defendant agrees to depositions and document discovery for the limited purpose of questions concerning the Business Plan and Interim budget and, in lieu of the time periods, notice provisions, and other requirements of Rules 26, 30, 34, and 45 of the Federal Rules of Civil Procedure, and applicable Local Rules, the FTC and Temporary Receiver may do the following:

A.      Take the deposition, on three (3) calendar days' notice, of any person or entity, whether or not a party, for the purpose of discovering:  (1) the nature, location, status, and extent of assets of any Defendant or its affiliates or subsidiaries; (2) the nature and location of documents and business records of any Defendant or their affiliates or subsidiaries; and (3) compliance with this Order.  The limitations and conditions set forth in Fed. R. Civ. P.

48932618.1

30(a)(2)(B) and 31(a)(2)(B) regarding subsequent depositions shall not apply to depositions taken pursuant to this Section.  In addition, any such depositions taken pursuant to this Section shall not be counted toward the ten (10) deposition limit set forth in Fed. R. Civ. P. 30(a)(2)(A)(i) and 31(a)(2)(A)(i) and shall not preclude the FTC from subsequently deposing the same person or entity in accordance with the Federal Rules of Civil Procedure.  Any deposition taken pursuant to this sub-section that has not been reviewed and signed by the deponent may be used by any party for purposes of the preliminary injunction hearing;

B.     Serve upon parties requests for production of documents or inspection that require production or inspection within three (3) calendar days of service, and may serve subpoenas upon non-parties that direct production or inspection within five (5) calendar days of service, for the purpose of discovering:  (1) the nature, location, status, and extent of assets of any Defendant or its affiliates or subsidiaries; (2) the nature and location of documents and business records of any Defendant or its affiliates or subsidiaries; and (3) compliance with this Order, provided that twenty-four (24) hours' notice shall be deemed sufficient for the production of any such documents that are maintained or stored only as electronic data;

C.     Serve deposition notices and other discovery requests upon the parties to this action by facsimile, email or overnight courier, and take depositions by telephone or other remote electronic means; and

D.     Seek to prohibit any Defendant who fails to appear for a properly noticed deposition or fails to comply with a request for production or inspection, from introducing the evidence sought by the FTC at any subsequent hearing.

48932618.1

## XX.

### SERVICE OF THIS ORDER

**IT IS FURTHER ORDERED** that copies of this Order as well as the motion for the temporary restraining order and all other pleadings, documents, and exhibits filed contemporaneously with that motion (other than the complaint and summons), may be served by facsimile, email, personal or overnight delivery, or U.S. Mail and/or FedEx, by agents and employees of the FTC or any state or federal law enforcement agency or by private process server, upon any financial institution or other entity or person that may have possession, custody, or control of any documents or assets of any Defendant or Relief Defendant, or that may otherwise be subject to any provision of this Order.  Service upon any branch or office of any financial institution shall effect service upon the entire financial institution.

## XXI.

### DISTRIBUTION OF ORDER BY DEFENDANTS

**IT IS FURTHER ORDERED** that Defendants shall immediately provide a copy of this Order to each affiliate, subsidiary, division, sales entity, successor, assign, officer, director, employee, independent contractor, client company, electronic data host, agent, attorney, spouse, and representative of any Defendant and shall, within three (3) calendar days from the date of entry of this Order, provide counsel for the FTC with a sworn statement that:  (a) confirms that Defendants have provided copies of the Order as required by this Section and (b) lists the names and addresses of each entity or person to whom Defendants provided a copy of the Order. Furthermore, Defendants shall not take any action that would encourage officers, agents, directors, employees, salespersons, independent contractors, attorneys, subsidiaries, affiliates, successors, assigns, or other persons or entities in active concert or participation with Defendants

48932618.1

to disregard this Order or believe that they are not bound by its provisions.

## XXII.

## CORRESPONDENCE WITH PLAINTIFF

**IT IS FURTHER ORDERED** that, for the purposes of this Order, because mail addressed to the FTC is subject to delay due to heightened security screening, all correspondence and service of pleadings on Plaintiff Federal Trade Commission shall be sent either via electronic transmission to Helen Wong at hwong@ftc.gov or via Federal Express to:  Helen Wong,  Federal Trade Commission, 600 Pennsylvania Avenue, NW, Mail Drop CC-10232, Washington, DC 20580.

## XXIII.

## ORDER TO SHOW CAUSE AND PRELIMINARY INJUNCTION HEARING

**IT IS FURTHER ORDERED** that, pursuant to Federal Rule of Civil Procedure 65(b) and consent of the parties, the parties shall appear before this Court for a hearing to be held not more than 50 calendar days from the date of this Order, to show cause, if there is any, why this Court should not enter a preliminary injunction (the "**PI Hearing**").

## XXIV.

## SERVICE OF PLEADINGS, EVIDENCE, WITNESS LISTS

**IT IS FURTHER ORDERED** that:

A.      Within 35 calendar days of entry of this Order, Defendants may submit additional factual evidence to the Court and serve the same on counsel for Plaintiff and Temporary Receiver.  Within 45 calendar days of entry of this Order, Plaintiff may file objections to the Business Plan and supplement any additional factual evidence to the Court and serve the same on counsel for Defendants and Temporary Receiver.  Service of any supplemental evidence and

48932618.1

objections to the Business Plan shall be performed by personal or overnight delivery, facsimile, or e-mail, and documents shall be delivered so that they shall be received by the other parties no later than 4 p.m. (CST) on the appropriate dates listed in this sub-section;

B.     The question of whether this Court should enter a preliminary injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure enjoining the Defendants during the pendency of this action shall be resolved on the pleadings, declarations, exhibits, and memoranda filed by, and, if necessary, oral argument of, the parties.[1]  Live testimony shall be heard only on further order of this Court on motion filed with the Court and served on counsel for the other parties at least ten (10) business days prior to the PI Hearing.  Such motion shall set forth the name, address, and telephone number of each proposed witness, a detailed summary or affidavit disclosing the substance of each proposed witness' expected testimony, and an explanation of why the taking of live testimony would be helpful to this Court.  Any papers opposing a timely motion to present live testimony or to present live testimony in response to live testimony presented by another party, shall be filed with this Court and served on the other parties at least five (5) business days prior to the preliminary injunction hearing in this matter,  *provided that* service shall be performed by personal or overnight delivery or by facsimile or e-mail, and documents shall be delivered so that they shall be received by the other parties no later than 4 p.m. (CST) on the appropriate dates listed in this sub-section.

---

[1] Nothing in this Order shall prejudice Defendants' rights (1) to challenge on any ground Plaintiff's motion for a preliminary injunction or (2) to appeal from any grant of preliminary or permanent injunctive relief that the Court might order.

Page 33 of 34

48932618.1

## XXV.

## PROHIBITION ON RELEASE OF CONSUMER INFORMATION

**IT IS FURTHER ORDERED** that, except as required by a law enforcement agency, law, regulation or court order, Defendants, and their officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, are temporarily restrained and enjoined from disclosing, using, or benefitting from consumer information, including the name, address, telephone number, email address, social security number, other identifying information, or any data that enables access to a consumer's account (including a credit card, bank account, or other financial account), of any person which any Defendant obtained prior to entry of this Order in connection with the sale of any merchandise or contract.

## XXVI.

## EXPIRATION OF ORDER

**IT IS FURTHER ORDERED** that this Order shall expire upon further order of the Court.

## XXVII.

## RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for all purposes.

**IT IS SO ORDERED**, this 2nd day of October, 2014, at 3:40 p.m.

/s/Brian C. Wimes
JUDGE BRIAN C. WIMES
UNITED STATES DISTRICT COURT

48932618.1