

Noah Wood <noah@woodlaw.com>

# FTC v. BF Labs, 14-00815 (W.D.Mo.) / Alexander et al. v. BF Labs, 14-02159 (D.Ks)

**Noah Wood** <noah@woodlaw.com>　　　　　　　　　　　　　　　　　　　　Mon, Oct 6, 2014 at 2:34 PM
To: "Wong, Helen" <hwong@ftc.gov>
Cc: "Kosmidis, Teresa" <tkosmidis@ftc.gov>, Ari Rodopoulus <ari@woodlaw.com>, "charles.thomas@usdoj.gov" <charles.thomas@usdoj.gov>, "Frazier, Leah" <lfrazier@ftc.gov>, "Lamer, Bryant" <blamer@spencerfane.com>, "Holzhueter, Kersten" <kholzhueter@spencerfane.com>
Bcc: Tammy Reed <tammy@woodlaw.com>

Helen:

I am again e-mailing you regarding the Alexander et al. v. BF Labs, Inc. class action lawsuit filed by the customers of BF Labs, Inc. in the District of Kansas. As you know I've previously contacted you on September 25, September 26, September 27, September 28, and October 1, to try to ascertain the FTC's position regarding the customers' lawsuit to recover their damages from BF Labs.

After Judge Wimes denied the class representatives' motion to intervene consistent with the objection and opposition of the FTC, the court in the Alexander action ordered the class representatives to respond to the receiver's motion to stay in that action by Tuesday, October 7, 2014. As you know earlier today Judge Wimes granted the class representatives' motion for relief from the agreed and stipulated stay order the FTC reached with the defendants on October 2, 2014 to respond to the order issued by the District of Kansas.

As we expressed in our motion to intervene, and I've previously expressed in my e-mail to you, we are concerned the relief the FTC is attempting to obtain will, as a matter of law, deprive the customers of portions of their cause of action in the Alexander action, and the sale or transmutation of property (as permitted by the October 2 stipulated order the FTC agreed to) will preclude, both legally and practically, the customers' ability to recover or obtain relief.

Absent being in a position to protect those interests in the Western District of Missouri action, the class representatives may have no alternative but ask the District of Kansas to attempt to protect and preserve those interests during any stay.

The receiver appears to have an obligation (and appears to have already started) to oppose the relief we might request from the District of Kansas and to request the District of Kansas stay the Alexander action consistent with the order issued by Judge Wimes.

To me it makes no sense for the receivership to have to expend the time and resources dealing with this issue in the District in Kansas. Each dollar or resource the receiver is having to expend regarding this issue ultimately decreases the estate or resources available for redress to the injured consumers.

The class representatives are having to take these actions in the District of Kansas almost entirely because the FTC, for some reason, refuses to address the issue that the relief the FTC is attempting to obtain will, as a matter of law, deprive the customers of portions of their cause of action in the Alexander action, and the sale or transmutation of property (as permitted by the October 2 stipulated order the FTC agreed to) will preclude, both legally and practically, the customers' ability to recover or obtain relief.

Will the FTC agree to either consult with or give the class an opportunity to object prior to obtaining or agreeing to the type of order or relief which we believe would deprive the customers of portions of their cause of action in the Alexander action, or the sale or transmutation of the property which would preclude the customers' ability to recover or obtain relief in the Alexander suit?

If the FTC would agree to this courtesy, I believe the class knowing its interests would be protected, could reach an agreement with the receiver to stay the Alexander action for an interim period of time to permit the receiver to do its job of marshaling and preserving the assets, rather than dealing with litigation in the District of Kansas.

**EXHIBIT 10**

Thank you.

--
Noah K. Wood
Wood Law Firm, LLC
1100 Main Street, Suite 1800
Kansas City, MO  64105-5171
Tel: (816)256-3582
Fax: (816)337-4243
noah@woodlaw.com