UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KYLE ALEXANDER and
DYLAN SYMINGTON, on
behalf of themselves and all
those similarly situated,

                  Plaintiffs,

v.                                              Case No. 14-2159-KHV

BF LABS INC.,
d/b/a Butterfly Labs,

                  Defendant.

## ORDER

      This class-action lawsuit arises from prepaid purchases of Bitcoin mining equipment from the defendant, BF Labs, Inc., a manufacturer of specialized technology equipment for Bitcoin mining.  Before the court is the motion of defendant's temporary receiver, Eric. L. Johnson, to stay the case for sixty days and to schedule a status conference at the end of the sixty-day period **(ECF doc. 53)**.  The plaintiffs, Kyle Alexander and Dylan Symington, oppose the motion.  For the reasons discussed below, the motion is granted.

      Some additional background of plaintiffs' complaint is necessary to fully understand the issues raised by the parties.  A Bitcoin is a unit of intangible currency that exists only on the internet, without direct ties to any single nation's monetary systems.[1]

---

[1] *Meissner v. BF Labs, Inc.*, No. 13-2617-RDR, 2014 WL 2558203, at *2 (D. Kan. June 6, 2014).

Bitcoins are earned, or "mined," by solving a complex mathematical riddle, which requires a large amount of computer processing power.[2]   Plaintiffs seek to recover damages relating to their prepaid purchase of Bitcoin mining equipment because the equipment was never received or not received as promised.  Specifically, plaintiffs allege claims against defendant for unjust enrichment, negligent misrepresentation, conversion, and violations of the Kansas Consumer Protection Act.[3]

On September 15, 2014, the Federal Trade Commission (the "FTC") filed suit against defendant in the United States District Court for the Western District of Missouri, alleging violations of Section 5(a) of the FTC Act[4] and seeking various equitable remedies.[5]   Three days after, the presiding U.S. District Judge in the Western District of Missouri, Brian C. Wimes, appointed attorney Eric L. Johnson as the temporary receiver for defendant and entered a temporary restraining order.  In the appointment order, Judge Wimes directed Mr. Johnson to assume "full control" of defendant and ordered him to "[t]ake exclusive custody, control, and possession of all assets … of, or in the possession, custody, or control of the Receivership [Entity], wherever situated."[6]   In addition, Judge Wimes directed Mr. Johnson to "[c]onserve, hold, and manage all Receivership assets,

---

[2] *Id.* at *1.

[3] ECF doc. 1.

[4] 15 U.S.C. § 45(a).

[5] *Federal Trade Commission v. BF Labs Inc., et al.*, Case No. 4:14-cv-00815-BCW.

[6] ECF doc. 55 at 2; ECF doc. 53-1 at 12.

and perform all acts necessary or advisable to preserve the value of those assets, in order to prevent any irreparable loss, damage, or injury to consumers or to creditors of the Receivership [Entity] …."[7]   On October 2, 2014, Judge Wimes entered a "Stipulated Interim Order," providing that:

> Except by leave of this Court, during pendency of the Receivership ordered herein, Defendants and all other persons and entities be and hereby are stayed from taking any action to establish or enforce any claim, right, or interest for, against, on behalf of, in, or in the name of, the Receivership Defendant, any of its subsidiaries, affiliates, partnerships, assets, documents, or the Temporary Receiver or the Temporary Receiver's duly authorized agents acting in their capacities as such, including, but not limited to … *Commencing, prosecuting, continuing, entering or enforcing any suit or proceeding*, except that such actions may be filed to toll any applicable statute of limitations ….[8]

Pursuant to the above-cited section, Mr. Johnson requests that the undersigned enter a stay in the instant case through the "Interim Period," or at least sixty days.

As part of the inherent power to control its docket, the court has the power to stay proceedings pending before it.[9]  The power will be used within the discretion of the court to provide economy of time and effort for itself, and for counsel and litigants appearing before the court.[10]  The Supreme Court has rejected the argument that a court's authority to stay proceedings before it in favor of proceedings in another court is limited to those

---

[7] ECF doc. 55 at 2; ECF doc. 53-1 at 14.

[8] ECF doc. 55 at 3; ECF doc. 53-3 at 26.

[9] *Landis v. North American Co.*, 299 U.S. 248, 254 (1936).

[10] *Id.*

instances when the parties and issues in the several cases are identical.[11]   Rather, such a stay is appropriate where the requesting party makes a strong showing that the stay is necessary for the movant and the disadvantageous effect on others is clearly outweighed.[12]

Mr. Johnson argues that a short stay is necessary to allow him sufficient time to undertake his responsibilities, including his "sudden and immense responsibility to ascertain the entire scope of the Receivership Entity, its assets, liabilities, and operations, business obligations, and relationships, and staff."[13]   Mr. Johnson asserts that these responsibilities are critical and time consuming.   In addition to the foregoing, Mr. Johnson asserts that he also must preserve the value of defendant's assets to prevent any loss, damage, or injury to consumers or defendant's creditors.   Mr. Johnson explains that "[t]aking time away from these fundamental responsibilities during this critical period to address this lawsuit—at this stage—is a significant diversion of [his] time and resources."[14]   Finally, Mr. Johnson insists that "forcing [him] to use his resources to address this lawsuit contradicts [his] responsibility to conserve and preserve [defendant's]

---

[11] *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484-85 (10th Cir. 1983) (citing *Landis*, 299 U.S. at 254).

[12] *Id.* at 1484.

[13] ECF doc. 55 at 5.

[14] *Id.* at 6.

assets."[15]   Therefore, Mr. Johnson concludes that for purposes of judicial economy and comity, this court should enforce a temporary stay to allow him the necessary time to comply with his responsibilities in the Western District of Missouri.  Given the requested stay's short duration, Mr. Johnson states that it is unlikely that enforcing the stay in this proceeding will disadvantage any party.

Plaintiffs respond by arguing that Mr. Johnson has failed to meet his burden to show that the requested stay is necessary.  Further, plaintiffs assert that Mr. Johnson has failed to establish the need for the requested stay clearly outweighs the disadvantageous effects on others.  For example, plaintiffs assert that possible negative consequences of the stay on the consumer class include threatened deprivation of property without due process and denial of the right to a trial by jury.

Plaintiffs recognize that Mr. Johnson is attempting to perform his duties and is not responsible for creating the alleged "conflict of jurisdiction and authority between this Court and the Missouri court."[16]   Plaintiffs even admit that they were willing to agree to an interim stay of this action to minimize conflict and to allow the temporary receiver to get up to speed; however, only so long as "the FTC and [defendant] would agree during the pendency of the stay not to obtain orders or enter into agreements which would deprive the class of their remedies or nullify this action during the proposed interim stay,

---

[15] *Id.*

[16] ECF doc. 56 at 19.

without at least giving sufficient notice to the class so [they could] attempt to petition either this Court or the Missouri court to address the issue."[17]  Because the FTC refused this request, plaintiffs did not agree to the interim stay, which according to plaintiffs, would have "permitted the Temporary Receiver to achieve every one of the objectives he seeks to meet with the proposed stay."[18]

In his reply, Mr. Johnson asserts that the Western District recently entered a procedural order providing plaintiffs "precisely the process they seek."[19]  Specifically, the Western District ordered that "[a]ny proposed consent judgment that would resolve the pending action must be submitted to the Court by motion and in accordance with Local Rule 7.0."[20]  Mr. Johnson explains that the procedural order will allow plaintiffs' counsel an opportunity to petition the Western District to address any issue with a consent judgment that may be negotiated and reached between the FTC and defendant. Mr. Johnson asserts that with the foregoing in place, plaintiffs should agree to "stand-down" for at least sixty days and join him in his request for a temporary stay of this action.  Plaintiffs did not seek leave to file a surreply to address this new development.

Regardless of whether plaintiffs "follow through in their assent to the proposed stay," Mr. Johnson argues that he has met his burden to justify the scope and breadth of

---

[17] *Id.*

[18] *Id.* at 20.

[19] ECF doc. 57 at 2.

[20] *Id.*

the stay requested.  In support, Mr. Johnson provides a general list of court-ordered responsibilities, which he must accomplish over the next fifty days.[21]  In comparison, Mr. Johnson asserts that plaintiffs have not identified any *actual* disadvantage they will suffer should the stay be enforced.  In addition, Mr. Johnson emphasizes that the only anticipated activities in this case in the next sixty days are a mediation setting and the return of discovery issued by plaintiffs to third parties.  Mr. Johnson asserts that the next sixty days is not a time period during which a dispositive motion would be decided and trial is not set in this matter until January 2016.

The court agrees with Mr. Johnson.  A stay of this action for sixty days is necessary for Mr. Johnson to achieve the purposes of the receivership and to prevent interference with his responsibilities to handle the administration of the receivership estate.  It serves both judicial economy and efficiency to briefly stay this matter while Mr. Johnson complies with his duties.  This is especially true because no pressing matters are scheduled to occur in the next sixty days of this case.  As previously noted, the November 10, 2014 mediation deadline is the only anticipated activity in this matter other than the return of discovery issued by plaintiffs to third parties.[22]  The dispositive motion deadline is more than seven months away and trial is not scheduled until January 4, 2016.

---

[21] *See Id.* at 3-4.

[22] *See* ECF doc. 8.

Further, the need for the stay is clearly outweighed by the disadvantageous effects on others. The procedural order entered by the Western District appears to alleviate much of plaintiffs' concerns. Plaintiffs now have the opportunity they seek to have notice of any agreement between the FTC and defendant that may impact their "remedies or nullify this action."[23] With the foregoing in place, the court is not convinced that plaintiffs will suffer any disadvantageous effects if a stay is entered in this matter for the next sixty days. Therefore, Mr. Johnson's motion for a temporary sixty-day stay is granted. A status hearing is scheduled for **Monday, December 29, 2014, at 10:00 a.m.**

Plaintiffs have requested oral argument on the motion to stay. The issues have been fully briefed, including a twenty-six page response from plaintiffs. These briefs adequately address the issues for the court's consideration. In consideration of the foregoing, plaintiffs' request for oral argument on the motion to stay is denied. In the event the court grants the motion to stay, plaintiffs also have requested that the court order the parties to brief what injunctive relief is appropriate pursuant to the All Writs Act.[24] Plaintiffs' request is denied. Following the stay, if plaintiffs still think it necessary to move for an injunction, then they may petition the court at that time. However, the presiding U.S. District Judge, Kathryn H. Vratil, would decide any dispositive issues brought before the court.

---

[23] ECF doc. 56 at 19.

[24] 28 U.S.C. § 1651.

IT IS THEREFORE ORDERED:

1. Temporary receiver Eric Johnson's motion to stay the case for sixty days **(ECF doc. 53)** is granted.  A telephone status conference is scheduled for **December 29, 2014, at 10:00 a.m.**

2. Plaintiffs' request for oral argument is denied.

3. Plaintiffs' request for the court to order briefing on what injunctive relief is appropriate prior to ruling on the motion to stay is denied.

4.   The parties shall bear their own expenses and attorney fees incurred in connection with this motion.

IT IS SO ORDERED.

Dated October 22, 2014, at Kansas City, Kansas.


  s/ James P. O'Hara
James P. O'Hara
U. S. Magistrate Judge

O:\ORDERS\14-2159-KHV-53.docx