(Rev. 9/16/13)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KYLE ALEXANDER and
DYLAN SYMINGTON, on
behalf of themselves and all
those similarly situated,

       Plaintiffs,

v.               Case No. 14-2159-KHV

BF LABS INC.,
d/b/a Butterfly Labs,

       Defendant.

## AMENDED SCHEDULING ORDER

On December 29, 2014, in accordance with Fed. R. Civ. P. 16, the undersigned U.S. Magistrate Judge, James P. O'Hara, conducted a telephone status and scheduling conference in this putative class action case. The plaintiffs, Kyle Alexander and Dylan Symington, appeared through counsel, Aristotle N. Rodopoulos. The defendant, BF Labs, Inc., appeared through counsel, James M. Humphrey and Michael S. Foster. Attorney Eric L. Johnson, who is the duly appointed receiver for defendant by order of U.S. District Judge Brian C. Wimes in Case No. 4:14-CV-00815-BCW in the United States District Court for the Western District of Missouri, appeared in person and with counsel, Lucinda Housley Luetkemeyer.

On June 25, 2014, the undersigned entered the original scheduling order in this case. *See* ECF doc. 8. On October 22, 2014, over plaintiffs' objection, the undersigned granted

the receiver's motion for a 60-day stay of this case. *See* ECF doc. 59. Based on recent events in the Missouri case, and as agreed by all concerned, the stay is lifted such that the litigation may proceed, with most previously imposed deadlines and settings adjusted by approximately four months..

After consultation with counsel, and Judge Wimes, the court now enters this amended scheduling order, summarized in the table that follows:

| SUMMARY OF DEADLINES AND SETTINGS ||
| --- | --- |
| Event | Deadline/Setting |
| Mediation completed | March 10, 2015 |
| Supplementation of initial disclosures | 40 days before the deadline for completion of discovery |
| Discovery completed | August 3, 2015 |
| Experts disclosed by plaintiff | May 15, 2015 |
| Experts disclosed by defendant | July 2, 2015 |
| Rebuttal experts disclosed | July 16, 2015 |
| Motions to amend | May 22, 2015 |
| Motion for class certification | August 17, 2015 |
| All other potentially dispositive motions (e.g., summary judgment), and any motions challenging admissibility of expert testimony | October 1, 2015 |
| Comparative fault identification | May 8, 2015 |
| Proposed pretrial order due | August 10, 2015 |
| Pretrial conference | August 20, 2015, at 9:00 a.m. |
| Trial | May 2, 2016, at 9:30 a.m. |

**1.     Alternative Dispute Resolution (ADR).**

The parties have agreed to retain Richard McLeod, Esq. to mediate this case. *See* ECF doc. 40. Absent further order of the court, mediation must be held no later than **March 10, 2015**  An ADR report must be filed by defense counsel within 14 days of any scheduled ADR process, using the form located on the court's website:

*http://www.ksd.uscourts.gov/adr-report/*

**2.     Discovery.**

a.     The parties already have served their initial disclosures with regard to witnesses, exhibits, damage computations, and any applicable insurance coverage, as required by Fed. R. Civ. P. 26(a)(1). *See* ECF docs. 10 and 11. Supplementations of those disclosures under Fed. R. Civ. P. 26(e) must be served at such times and under such circumstances as required by that rule.  In addition, such supplemental disclosures must be served in any event 40 days before the deadline for completion of all discovery. The supplemental disclosures served 40 days before the deadline for completion of all discovery must identify all witnesses and exhibits that probably or even might be used at trial. The opposing party and counsel should be placed in a realistic position to make judgments about whether to take a particular deposition or pursue follow-up "written" discovery before the time allowed for discovery expires.  Should anything be included in the final disclosures under Fed. R. Civ. P. 26(a)(3) that has not previously appeared in the initial Rule 26(a)(1) disclosures or a timely Rule 26(e) supplement thereto, the witness or

exhibit probably will be excluded from offering any testimony under Fed. R. Civ. P. 37(c)(1).

      b.      The court previously entered an agreed order approving the parties' protocol for handling discovery of electronically stored information (ESI).  *See* ECF doc. 12.

      c.      Based on plaintiffs' representation that 99% of all discovery needed in this case also would be pertinent to class certification, the court has decided *not* to bifurcate between class and merits discovery.  Discovery must be commenced or served in time to be completed by **August 3, 2015**.  At the pretrial conference that will be held between the discovery cutoff and the deadline for filing dispositive motions, the court will set a deadline for wrapping up any very limited amount of remaining discovery.  Plaintiffs should proceed mindful that any evidence deemed pertinent to opposing anticipated dispositive motions must be completed by the above-stated cutoff date.

      d.      If expert testimony is used in this case, disclosures required by Fed. R. Civ. P. 26(a)(2), including reports from retained experts, must be served by plaintiffs by **May 15, 2015**, and by defendant by **July 2, 2015**; disclosures and reports by any rebuttal experts must be served by **July 16, 2015**.  The parties must serve any objections to such disclosures (other than objections pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law), within 14 days after service of the disclosures.  These objections should be confined to technical objections related to the sufficiency of the written expert disclosures (e.g., whether all of the information required by Rule

26(a)(2)(B) has been provided) and need not extend to the admissibility of the expert's proposed testimony. If such technical objections are served, counsel must confer or make a reasonable effort to confer consistent with D. Kan. Rule 37.2 before filing any motion based on those objections.

    e.    The parties agree that physical or mental examinations pursuant Fed. R. Civ. P. 35 are not appropriate in this case.

    f.    The parties do not anticipate any discovery issues for the court to resolve at this time.

    g.    Consistent with the parties' agreements as set forth in their planning conference report, claims of privilege or of protection as trial-preparation material asserted after production will be handled as follows:

> The parties agree that if privileged information is inadvertently disclosed in discovery, whether in electronic form or not, they will follow the procedures set forth in Rule 26(b)(5)(B). The parties further agree that, so long as the disclosing party notifies the receiving party of the inadvertent disclosure within a reasonable time after the discovery of the inadvertent production, the receiving party shall not argue that the inadvertent production waived any privilege.

    h.    No party may serve more than 30 interrogatories, including all discrete subparts, on any other party.

    i.    No party may serve more than 25 requests for admissions, including all discrete subparts, on any other party. This numerical limit does <u>not</u> apply to requests to admit the genuineness of any described document.

j. No more than 25 depositions may be taken by plaintiff, and no more than 25 depositions may be taken by defendant; this limitation does *not* include records depositions. Each deposition must be limited to 7 hours. All depositions must be governed by the written guidelines that are available on the court's website:

*http://www.ksd.uscourts.gov/deposition-guidelines/*

k. Discovery in this case is governed by an agreed protective order. *See* ECF doc. 13.

l. The parties consent to electronic service of disclosures and discovery requests and responses. See Fed. R. Civ. P. 5(b) and D. Kan. Rules 5.4.2 and 26.3.

m. The expense and delay often associated with civil litigation can be dramatically reduced if the parties and counsel conduct discovery in the "just, speedy, and inexpensive" manner mandated by Fed. R. Civ. P. 1. Accordingly, the parties are respectfully reminded that this court plans to strictly enforce the certification requirements of Fed. R. Civ. P. 26(g). Among other things, Rule 26(g)(1) provides that, by signing a discovery request, response, or objection, it's certified as (i) consistent with the applicable rules and warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law; (ii) not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and (iii) neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action. If a certification violates these

restrictions without substantial justification, under Rule 26(g)(3), the court *must* impose an appropriate sanction on the responsible attorney or party, or both; the sanction *may* include an order to pay the reasonable expenses, including attorney fees, caused by the violation. Therefore, *before* the parties and counsel serve any discovery requests, responses, or objections in this case, lest they incur sanctions later, the court *strongly* suggests that they carefully review the excellent discussion of Rule 26(g) found in *Mancia v. Mayflower Textile Servs. Co.*, 253 F.R.D. 354 (D. Md. 2008).

**3.     Motions.**

a.     Any motion for leave to join additional parties or to otherwise amend the pleadings must be filed by **May 22, 2015**.

b.     Any motion for class certification must be filed by **August 17, 2015**.

c.     All other potentially dispositive motions (e.g., motions for summary judgment), must be filed by **October 1, 2015**. The court plans to decide dispositive motions, to the extent they are timely filed and briefed without any extensions, approximately 60 days before trial.

d.     Compliance with Fed. R. Civ. P. 56 and D. Kan. Rule 56.1 is mandatory, i.e., summary-judgment briefs that fail to comply with these rules may be rejected, resulting in summary denial of a motion or consideration of a properly supported motion as uncontested. Further, the court strongly encourages the parties to explore submission of motions on stipulated facts and agreement resolving legal issues that are not subject to a

good faith dispute. The parties should follow the summary-judgment guidelines available on the court's website:

*http://www.ksd.uscourts.gov/summary-judgment/*

e. All motions to exclude testimony of expert witnesses pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law, must be filed by **October 1, 2015**.

f. If issues remain unresolved after the parties have complied with the "meet and confer" requirements applicable to discovery-related motions under Fed. R. Civ. P. 37(a)(1) and D. Kan. Rule 37.2, the parties and counsel are strongly encouraged to consider arranging a telephone conference with the undersigned magistrate judge *before* filing such a motion. But such a conference is not mandatory.

g. Any motion to compel discovery in compliance with D. Kan. Rules 7.1 and 37.2 must be filed and served within 30 days of the default or service of the response, answer, or objection that is the subject of the motion, unless the time for filing such a motion is extended for good cause shown. Otherwise, the objection to the default, response, answer, or objection is waived. *See* D. Kan. Rule 37.1(b).

h. To avoid the filing of unnecessary motions, the court encourages the parties to utilize stipulations regarding discovery procedures. However, this does not apply to extensions of time that interfere with the deadlines to complete all discovery, for the briefing or hearing of a motion, or for trial. *See* Fed. R. Civ. P. 29; D. Kan. Rule 6.1(a).

Nor does this apply to modifying the requirements of Fed. R. Civ. P. 26(a)(2) concerning experts' reports. *See* D. Kan. Rule 26.4(c).

      i.      The arguments and authorities section of briefs or memoranda submitted must not exceed 30 pages, absent an order of the court.

**4.**      **Pretrial Conference, Trial, and Other Matters.**

      a.      The parties disagree whether comparative fault applies. In any event, by **May 8, 2015**, any party asserting comparative fault must identify all persons or entities whose fault is to be compared for purposes of Kan. Stat. Ann. § 60-258a (or any other similar comparative-fault statute that might be applicable). If another person or entity is so identified, then the party asserting comparative fault also must specify the nature of the fault which is claimed.

      b.      Pursuant to Fed. R. Civ. P. 16(e), a pretrial conference is scheduled for **August 20, 2015, at 9:00 a.m.**, in the U.S. Courthouse, Room 223, Kansas City, Kansas; this pretrial conference may be conducted by telephone if the judge determines that the proposed pretrial order is in the appropriate format and that there are no other problems requiring counsel to appear in person. Unless otherwise notified, the undersigned U.S. Magistrate Judge will conduct the conference. No later than **August 10, 2015**, defense counsel must submit the parties' proposed pretrial order (formatted in Word or WordPerfect) as an attachment to an e-mail sent to *ksd_ohara_chambers@ksd.uscourts.gov*. The proposed pretrial order must not be filed with the Clerk's Office. It must be in the form available on the court's website:

10

*http://www.ksd.uscourts.gov/flex/?fc=9&term=5062*

The parties must affix their signatures to the proposed pretrial order according to the procedures governing multiple signatures set forth in paragraphs II(C) of the *Administrative Procedures for Filing, Signing, and Verifying Pleadings and Papers by Electronic Means in Civil Cases*.

    c.    The parties expect the jury trial of this case to take approximately 2 weeks. This case is set for trial on the court's docket beginning on **May 2, 2016, at 9:30 a.m.** Unless otherwise ordered, this is not a "special" or "No. 1" trial setting.   Therefore, during the month preceding the trial docket setting, counsel should stay in contact with the trial judge's courtroom deputy to determine the day of the docket on which trial of the case actually will begin. The trial setting may be changed only by order of the judge presiding over the trial.

    d.    The parties are not prepared to consent to trial by a U.S. Magistrate Judge at this time.

    e.    This court, like the Kansas Supreme Court, has formally adopted the Kansas Bar Association's *Pillars of Professionalism* (2012) as aspirational goals to guide lawyers in their pursuit of civility, professionalism, and service to the public.   Counsel are expected to familiarize themselves with the *Pillars of Professionalism* and conduct themselves accordingly when litigating cases in this court.   The *Pillars of Professionalism* are available on this court's website:

*http://www.ksd.uscourts.gov/pillars-of-professionalism/*

f. Except to the extent specifically mentioned in this amended scheduling order, all deadlines in the court's original scheduling order (see ECF doc. 8) remain in effect.

This amended scheduling order will not be modified except by leave of court upon a showing of good cause.

IT IS SO ORDERED.

Dated December 30, 2014, at Kansas City, Kansas.

s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge
