## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

KYLE ALEXANDER, and )
DYLAN SYMINGTON, )
on behalf of themselves and all those )
similarly situated, )
  )
                Plaintiffs, )
  )   Case No. 14-CV-2159-KHV-JPO
v. )
  )
BF LABS INC., a Wyoming corporation, )
doing business as BUTTERFLY LABS, )
  )
              Defendant. )

## <u>AFFIDAVIT</u>

I, Ari Rodopoulos, being duly sworn, do hereby testify as follows:

1.     I am over the age of eighteen years.  The facts set forth in this affidavit are based on my personal knowledge.  If called as a witness, I could and would competently testify to all of these facts.

2.     I am counsel for Plaintiffs in this action.

3.     This affidavit is being offered pursuant to Federal Rules of Civil Procedure 37(a)(1) and Local Rule 37.2 and in support of Plaintiff's Motion to Compel.

4.     I have communicated in writing and over the phone with defense counsel Michael Foster and James Humphrey on multiple occasions in a sincere attempt to resolve the differences relating to Plaintiff's Motion to Compel, but without reaching an agreement.

5.     The written communications are attached to this affidavit collectively as <u>**Exhibit A**</u> and are also attached as individual exhibits to Plaintiffs' Memorandum in Support of Motion to Compel.



6.      Telephone discussions occurred on January 22, 2015, February 20, 2015, and March 13, 2015.

7.      Defendant sent emails, a letter, and supplemental interrogatory answers and objections on March 20, 2015 while Plaintiffs' counsel was finalizing the Motion to Compel, Memorandum in Support, Exhibits, and Index of Exhibits.  As such, Plaintiffs have not yet fully reviewed the additional materials provided by Defendant and Plaintiffs' counsel will notify the court and withdraw any issues in Plaintiffs' Motion to Compel that have become moot.

AFFIANT FUTHER SAYETH NOT.

_____

Ari Rodopoulos

Sworn and subscribed before me this 20th day of March, 2015.

_____

Notary Public

My commission expires:

TAMMY REED
Notary Public, State of Missouri
Platte County
Commission # 13461186
My Commission Expires June 04, 2017



**Tammy Reed <tammy@woodlaw.com>**

---

## Fwd: BFL discovery responses

**Ari Rodopoulos** <ari@woodlaw.com>                                    Fri, Mar 20, 2015 at 4:09 PM
To: Tammy Reed <tammy@woodlaw.com>

Thank you,

Ari N. Rodopoulos
Wood Law Firm, LLC
1100 Main Street, Suite 1800
Kansas City, MO  64105-5171
Tel: (816)256-3582
Fax: (816)337-4243
ari@woodlaw.com

Begin forwarded message:

**From:** Ari Rodopoulos <ari@woodlaw.com>
**Subject: BFL discovery responses**
**Date:** February 2, 2015 at 10:13:07 AM CST
**Cc:** Noah Wood <noah@woodlaw.com>
**To:** mfoster@polsinelli.com

Michael:

We spoke last week about the status of BFL's discovery responses.  You mentioned you would let me know the date BFL expects to be able to serve responses.  Can you please provide this date?

Thank you,

Ari N. Rodopoulos
Wood Law Firm, LLC
1100 Main Street, Suite 1800
Kansas City, MO  64105-5171
Tel: (816)256-3582
Fax: (816)337-4243
ari@woodlaw.com





**Tammy Reed <tammy@woodlaw.com>**

---

## Fwd: BFL discovery responses

**Ari Rodopoulos** <ari@woodlaw.com>                                   Fri, Mar 20, 2015 at 4:09 PM
To: Tammy Reed <tammy@woodlaw.com>

Thank you,

Ari N. Rodopoulos
Wood Law Firm, LLC
1100 Main Street, Suite 1800
Kansas City, MO  64105-5171
Tel: (816)256-3582
Fax: (816)337-4243
ari@woodlaw.com

> Begin forwarded message:
>
> **From:** Michael Foster <MFoster@Polsinelli.com>
> **To:** 'Ari Rodopoulos' <ari@woodlaw.com>
> **Cc:** Noah Wood <noah@woodlaw.com>
> **Subject: RE: BFL discovery responses**
> **Date:** February 2, 2015 at 1:49:50 PM CST
>
> Ari,
>
> Our clients are working hard on getting you answers to your interrogatories now. I will email them now and then follow up so I can give you a better idea and realize you need a drop dead date. Many of our responses needed to be revised because of the FTC action. I believe we can get you documents and responses to everything this month. We answered Mr. Meissner's first requests this last Friday because he only asked for a few things and little to none ESI (which Modus is still processing - so the documents have not been produced). I will follow up here shortly. Thanks.
>
> Michael
>
> -----Original Message-----
> From: Ari Rodopoulos [mailto:ari@woodlaw.com]
> Sent: Monday, February 02, 2015 10:13 AM
> To: Michael Foster
> Cc: Noah Wood
> Subject: BFL discovery responses
>
> Michael:
>
> We spoke last week about the status of BFL's discovery responses. You mentioned you would let me know the date BFL expects to be able to serve responses. Can you please provide this date?
>
> Thank you,
>
> Ari N. Rodopoulos
> Wood Law Firm, LLC
> 1100 Main Street, Suite 1800
> Kansas City, MO  64105-5171
> Tel: (816)256-3582

Fax: (816)337-4243
ari@woodlaw.com

---

This electronic mail message contains CONFIDENTIAL information which is (a) ATTORNEY - CLIENT PRIVILEGED COMMUNICATION, WORK PRODUCT, PROPRIETARY IN NATURE, OR OTHERWISE PROTECTED BY LAW FROM DISCLOSURE, and (b) intended only for the use of the Addressee(s) named herein. If you are not an Addressee, or the person responsible for delivering this to an Addressee, you are hereby notified that reading, copying, or distributing this message is prohibited. If you have received this electronic mail message in error, please reply to the sender and take the steps necessary to delete the message completely from your computer system.

---



**Tammy Reed <tammy@woodlaw.com>**

---

## Fwd: BFL discovery responses

**Ari Rodopoulos** <ari@woodlaw.com>                                    Fri, Mar 20, 2015 at 4:09 PM
To: Tammy Reed <tammy@woodlaw.com>

Thank you,

Ari N. Rodopoulos
Wood Law Firm, LLC
1100 Main Street, Suite 1800
Kansas City, MO  64105-5171
Tel: (816)256-3582
Fax: (816)337-4243
ari@woodlaw.com

Begin forwarded message:

**Subject: Re: BFL discovery responses**
**From:** Ari Rodopoulos <ari@woodlaw.com>
**Date:** February 10, 2015 at 10:37:40 AM CST
**Cc:** Noah Wood <noah@woodlaw.com>
**To:** Michael Foster <MFoster@Polsinelli.com>

Michael,

Any update on this?  Mediation is set for 2/26 and we'll need discovery responses prior to that.
Otherwise, I don't know how productive mediation will be.

Thank you,

Ari N. Rodopoulos
Wood Law Firm, LLC
1100 Main Street, Suite 1800
Kansas City, MO  64105-5171
Tel: (816)256-3582
Fax: (816)337-4243
ari@woodlaw.com

On Feb 2, 2015, at 1:49 PM, Michael Foster <MFoster@Polsinelli.com> wrote:

Ari,

Our clients are working hard on getting you answers to your interrogatories now. I will
email them now and then follow up so I can give you a better idea and realize you
need a drop dead date. Many of our responses needed to be revised because of the
FTC action. I believe we can get you documents and responses to everything this
month. We answered Mr. Meissner's first requests this last Friday because he only
asked for a few things and little to none ESI (which Modus is still processing - so the
documents have not been produced). I will follow up here shortly. Thanks.

Michael

-----Original Message-----
From: Ari Rodopoulos [mailto:ari@woodlaw.com]
Sent: Monday, February 02, 2015 10:13 AM
To: Michael Foster
Cc: Noah Wood
Subject: BFL discovery responses

Michael:

We spoke last week about the status of BFL's discovery responses. You mentioned you would let me know the date BFL expects to be able to serve responses. Can you please provide this date?

Thank you,

Ari N. Rodopoulos
Wood Law Firm, LLC
1100 Main Street, Suite 1800
Kansas City, MO 64105-5171
Tel: (816)256-3582
Fax: (816)337-4243
ari@woodlaw.com

---

This electronic mail message contains CONFIDENTIAL information which is (a) ATTORNEY - CLIENT PRIVILEGED COMMUNICATION, WORK PRODUCT, PROPRIETARY IN NATURE, OR OTHERWISE PROTECTED BY LAW FROM DISCLOSURE, and (b) intended only for the use of the Addressee(s) named herein. If you are not an Addressee, or the person responsible for delivering this to an Addressee, you are hereby notified that reading, copying, or distributing this message is prohibited. If you have received this electronic mail message in error, please reply to the sender and take the steps necessary to delete the message completely from your computer system.

---



**Tammy Reed <tammy@woodlaw.com>**

## Fwd: BFL discovery responses

**Ari Rodopoulos** <ari@woodlaw.com>                              Fri, Mar 20, 2015 at 4:09 PM
To: Tammy Reed <tammy@woodlaw.com>

Thank you,

Ari N. Rodopoulos
Wood Law Firm, LLC
1100 Main Street, Suite 1800
Kansas City, MO  64105-5171
Tel: (816)256-3582
Fax: (816)337-4243
ari@woodlaw.com

Begin forwarded message:

**From:** Michael Foster <MFoster@Polsinelli.com>
**To:** 'Ari Rodopoulos' <ari@woodlaw.com>
**Cc:** Noah Wood <noah@woodlaw.com>
**Subject: RE: BFL discovery responses**
**Date:** February 10, 2015 at 10:42:05 AM CST

Ari,

I'm working on getting you discovery responses to your interrogatories now. Some are complex and require a lot of work from the client. Still working hard and even over the weekend with Modus to get everything that was collected processed. I should have responses to you soon. I will be back in touch (and be on the phone here in 20 minutes) very soon. Thanks, Michael

**From:** Ari Rodopoulos [mailto:ari@woodlaw.com]
**Sent:** Tuesday, February 10, 2015 10:38 AM
**To:** Michael Foster
**Cc:** Noah Wood
**Subject:** Re: BFL discovery responses

Michael,

Any update on this?  Mediation is set for 2/26 and we'll need discovery responses prior to that.  Otherwise, I don't know how productive mediation will be.

Thank you,

Ari N. Rodopoulos
Wood Law Firm, LLC
1100 Main Street, Suite 1800
Kansas City, MO  64105-5171

Tel: (816)256-3582
Fax: (816)337-4243
ari@woodlaw.com

On Feb 2, 2015, at 1:49 PM, Michael Foster <MFoster@Polsinelli.com>
wrote:

Ari,

Our clients are working hard on getting you answers to your interrogatories
now. I will email them now and then follow up so I can give you a better
idea and realize you need a drop dead date. Many of our responses needed to
be revised because of the FTC action. I believe we can get you documents
and responses to everything this month. We answered Mr. Meissner's first
requests this last Friday because he only asked for a few things and little to
none ESI (which Modus is still processing - so the documents have not been
produced). I will follow up here shortly. Thanks.

Michael

-----Original Message-----
From: Ari Rodopoulos [mailto:ari@woodlaw.com]
Sent: Monday, February 02, 2015 10:13 AM
To: Michael Foster
Cc: Noah Wood
Subject: BFL discovery responses

Michael:

We spoke last week about the status of BFL's discovery responses. You
mentioned you would let me know the date BFL expects to be able to serve
responses. Can you please provide this date?

Thank you,

Ari N. Rodopoulos
Wood Law Firm, LLC
1100 Main Street, Suite 1800
Kansas City, MO 64105-5171
Tel: (816)256-3582
Fax: (816)337-4243
ari@woodlaw.com

---

This electronic mail message contains CONFIDENTIAL information which is (a)
ATTORNEY - CLIENT PRIVILEGED COMMUNICATION, WORK PRODUCT,
PROPRIETARY IN NATURE, OR OTHERWISE PROTECTED BY LAW FROM
DISCLOSURE, and (b) intended only for the use of the Addressee(s) named herein.
If you are not an Addressee, or the person responsible for delivering this to an
Addressee, you are hereby notified that reading, copying, or distributing this

message is prohibited. If you have received this electronic mail message in error, please reply to the sender and take the steps necessary to delete the message completely from your computer system.

This electronic mail message contains CONFIDENTIAL information which is (a) ATTORNEY - CLIENT PRIVILEGED COMMUNICATION, WORK PRODUCT, PROPRIETARY IN NATURE, OR OTHERWISE PROTECTED BY LAW FROM DISCLOSURE, and (b) intended only for the use of the Addressee(s) named herein. If you are not an Addressee, or the person responsible for delivering this to an Addressee, you are hereby notified that reading, copying, or distributing this message is prohibited. If you have received this electronic mail message in error, please reply to the sender and take the steps necessary to delete the message completely from your computer system.



WOOD
LAW FIRM

Tuesday, February 17, 2015

James M. Humphrey, Esq. (*via* E-Mail: *jhumphrey@polsinelli.com*)
Michael S. Foster, Esq. (*via* E-Mail: *mfoster@polsinelli.com*)
Polsinelli PC
900 W. 48th Place, Suite 900
Kansas City, Missouri 64112

                Re:    **Golden Rule Letter – Alexander et. al v. BF Labs, Inc.,**
                       **D. Kan. Case No. 2:14-CV-02159**

Gentlemen:

        Plaintiffs' First Interrogatories and First Requests for Production of Documents were served on Defendant BF Labs, Inc. ("BFL") on August 18, 2014. BFL's responses were due no later than September 22, 2014. Although on September 18, 2014 the U.S. District Court for the Western District of Missouri stayed all actions against BFL, such stay was lifted on December 23, 2014.

        We understand that BFL was not able to immediately provide discovery responses after the stay was lifted for various reasons, including that the Temporary Receiver was still in the process of returning possession of discovery materials to BFL. Given these unusual circumstances, we also understand that BFL's deadline to provide discovery responses was not clear.

        Nevertheless, we have already had several email exchanges and phone calls regarding the circumstances and BFL's discovery responses, including the importance of Plaintiffs receiving BFL's discovery responses prior to the mediation scheduled on February 26, 2015. Although BFL has promised that discovery responses would be forthcoming for several weeks now, to date, we have not received any discovery responses from BFL.

        Although we have attempted to be patient and work with you in order to avoid court involvement, we are required by local rules (and the amended scheduling order) to file a motion to compel no later than 30 days after BFL defaulted on its discovery responses. Given the circumstances, we think it would be reasonable for the court to conclude BFL's discovery responses were due on January 22, 2015—*i.e.*, 30 days after the stay was lifted. As such, pursuant to local rules (and the amended scheduling order), we are required to file a motion to compel no later than February 21, 2015.

James M. Humphrey, Esq.
Michael S. Foster, Esq.
Tuesday, February 17, 2015
Page 2


Please provide BFL's discovery responses no later than February 20, 2015.  If discovery responses are not received by then, we will file a motion to compel on February 21, 2015.

Should you have any questions or concerns, please do not hesitate to contact me.

Very truly yours,

Ari N. Rodopoulos
Attorney at Law


ANR:tr



**Tammy Reed <tammy@woodlaw.com>**

---

## 2:14-cv-02159-KHV-JPO Alexander et al v. BF Labs Inc.

---

**Ari Rodopoulos** <ari@woodlaw.com>                                            Fri, Feb 20, 2015 at 1:40 PM
To: Megan_Miller@ksd.uscourts.gov
Cc: blamer@spencerfane.com, jhumphrey@polsinelli.com, kholzhueter@spencerfane.com,
lluetkemeyer@spencerfane.com, mfoster@polsinelli.com, noah@woodlaw.com, scott@aswlawfirm.com,
slovettbowman@spencerfane.com, Tammy Reed <tammy@woodlaw.com>

The dispute is between Plaintiffs and BFL regarding BFL's discovery responses.  Since the stay in the FTC action
was lifted, the parties have been discussing a date by which BFL would provide discovery responses, but an
agreement couldn't be reached in January or February thus far.  Plaintiffs demanded BFL to provide responses by
2/20 and planned to file a motion to compel on 2/21 if necessary.  The parties again discussed the issue today
prior to providing a joint summary of the dispute to the court.  BFL advised they will provide discovery responses
today.  As it stands, a teleconference is no longer necessary at this time.

Thank you,

Ari N. Rodopoulos
Wood Law Firm, LLC
1100 Main Street, Suite 1800
Kansas City, MO  64105-5171
Tel: (816)256-3582
Fax: (816)337-4243
ari@woodlaw.com

[Quoted text hidden]

**EXHIBIT**
**9**



**Tammy Reed <tammy@woodlaw.com>**

# Fwd: Alexander et al. v. BF Labs Inc. - Discovery Responses

**Ari Rodopoulos** <ari@woodlaw.com>                                    Mon, Feb 23, 2015 at 9:56 AM
To: "Tammy Reed (tammy@woodlaw.com)" <tammy@woodlaw.com>

Begin forwarded message:

**From:** Michael Foster <MFoster@Polsinelli.com>
**To:** "noah@woodlaw.com" <noah@woodlaw.com>, "ari@woodlaw.com" <ari@woodlaw.com>
**Cc:** Jim Humphrey <JHumphrey@Polsinelli.com>, Kim Murray <KMurray@Polsinelli.com>
**Subject: Alexander et al. v. BF Labs Inc. - Discovery Responses**
**Date:** February 20, 2015 at 10:32:20 PM CST

Noah and Ari,

Please find responses to your discovery requests attached. Exhibits will follow on Monday. You
will note that the interrogatories are not yet signed by Mr. McClain as he currently doesn't have
a notary near him at the moment. I will send you a signed version Monday.

If there is something you have a question about or need some information regarding before the
mediation on the 26th, please let us know.

Thanks,

**MICHAEL S. FOSTER | Polsinelli | ASSOCIATE**
900 W. 48th Place, Suite 900, Kansas City, MO 64112-1895 | 816.395.0650 direct

This electronic mail message contains CONFIDENTIAL information which is (a) ATTORNEY -
CLIENT PRIVILEGED COMMUNICATION, WORK PRODUCT, PROPRIETARY IN NATURE, OR
OTHERWISE PROTECTED BY LAW FROM DISCLOSURE, and (b) intended only for the use of
the Addressee(s) named herein. If you are not an Addressee, or the person responsible for
delivering this to an Addressee, you are hereby notified that reading, copying, or distributing this
message is prohibited. If you have received this electronic mail message in error, please reply to
the sender and take the steps necessary to delete the message completely from your computer
system.

**2 attachments**

**Alexander - Responses to RFP-c-c.pdf**

Wood Law Firm, LLC Mail - Fwd: Alexander et al. v. BF Labs Inc. - Discovery Responses

 31K

 **Alexander - Responses to ROGS-c-c.pdf**
51K



**Tammy Reed <tammy@woodlaw.com>**

---

# Fwd: Alexander, et al., v. BF Labs Inc.

**Ari Rodopoulos** <ari@woodlaw.com>                              Mon, Feb 23, 2015 at 5:51 PM
To: Tammy Reed <tammy@woodlaw.com>
Cc: Noah Wood <noah@woodlaw.com>

Below is the link to download BFL's document production.

Thank you,

Ari N. Rodopoulos
Wood Law Firm, LLC
1100 Main Street, Suite 1800
Kansas City, MO  64105-5171
Tel: (816)256-3582
Fax: (816)337-4243
ari@woodlaw.com

Begin forwarded message:

**Date:** February 23, 2015 at 4:18:57 PM CST
**From:** files@sendthisfile.com
**Reply-To:** "kmurray@polsinelli.com" <kmurray@polsinelli.com>
**To:** ari@woodlaw.com
**Subject: Alexander, et al., v. BF Labs Inc.**



**Sender:** kmurray@polsinelli.com
**Recipient:** ari@woodlaw.com; noah@woodlaw.com; jhumphrey@polsinelli.com; mfoster@polsinelli.com;
**Upload Date:** 2015-02-23 16:17:07.0

**From:**
**Subject:** Alexander, et al., v. BF Labs Inc.
**Message:** Dear Counsel,

Per Michael's email, the link provided below provides access to Exhibits A, B, E and F to Defendant's Answers to
First Interrogatories. The documents are bates-numbered BFLABS-KA 00000032 to BFLABS-KA 00002723 and
are designated confidential pursuant to the Protective Order. This link expires in 6 days.
Please let me know if you experience any difficulties accessing these files.

Sincerely,
Kim Murray
Paralegal
Polsinelli PC
816-374-0596
kmurray@polsinelli.com

Use the following links to download your file(s).

Case 2:14-cv-02159-KHV-JPO   Document 73-1   Filed 03/20/15   Page 17 of 49

Click to Retrieve File(s)

Exhibit A.pdf
Exhibit B.pdf
Exhibit E.pdf
Exhibit F.pdf


Note: These files will expire in 6 days from the time this email was generated.

Powered
by **www.SendThisFile.com**

**Tammy Reed <tammy@woodlaw.com>**

## Fwd: Alexander et al. v. BF Labs Inc. - Discovery Responses

**Ari Rodopoulos** <ari@woodlaw.com>                    Mon, Feb 23, 2015 at 6:02 PM
To: Tammy Reed <tammy@woodlaw.com>

Fyi...

Thank you,

Ari N. Rodopoulos
Wood Law Firm, LLC
1100 Main Street, Suite 1800
Kansas City, MO  64105-5171
Tel: (816)256-3582
Fax: (816)337-4243
ari@woodlaw.com

> Begin forwarded message:
>
> **From:** Michael Foster <MFoster@Polsinelli.com>
> **To:** 'Ari Rodopoulos' <ari@woodlaw.com>
> **Cc:** "noah@woodlaw.com" <noah@woodlaw.com>, Jim Humphrey <JHumphrey@Polsinelli.com>,
> Kim Murray <KMurray@Polsinelli.com>
> **Subject: RE: Alexander et al. v. BF Labs Inc. - Discovery Responses**
> **Date:** February 23, 2015 at 3:57:51 PM CST
>
> Ari,
>
> Thanks for the time just a minute ago on the phone. Kim Murray will be sending you the Exhibits
> that go with the Interrogatory Answers. To reiterate, you will not be receiving an Exhibit C or D.
> As we discussed, BF Labs' Answer to Interrogatory 18 can be answered by Exhibits A and B.
> Therefore, there is no Exhibit C nor D.
>
> Second, we have not produced any merit discovery to the FTC.
>
> I will send you our 2012 to the present financials before the mediation (hopefully tomorrow).
>
> Thanks,
> Michael
>
> _____
>
> **From:** Ari Rodopoulos [mailto:ari@woodlaw.com]
> **Sent:** Monday, February 23, 2015 1:03 PM
> **To:** Michael Foster
> **Cc:** noah@woodlaw.com; Jim Humphrey; Kim Murray
> **Subject:** Re: Alexander et al. v. BF Labs Inc. - Discovery Responses
>
> Michael:
>
> We've started to review BFL's discovery responses in preparation of the mediation.  I

anticipate we will need to discuss BFL's responses in more detail, but there are a few items that would be helpful if addressed prior to mediation.

Has BFL produced any documents or provided any discovery responses to the FTC that are not included in the responses (and the documents we're supposed to receive today) BFL provided to us?  Will you provide us what you have provided to the FTC prior to the mediation?

Also, will you provide us:

1) the total amount of pre-orders;
2) the total amount BFL has refunded since this suit was filed;
3) an estimate of bitcoins BFL has mined on hardware; and
4) BFL's current bitcoin and cash holdings?

I understand the documents we're supposed to receive today may provide some of this information and we'll review it when received.  Without this information, however, we think it might be difficult (if not impossible) to convince the class and/or the court we have sufficient information to reach a deal at this point in time.

Thanks,



ARI RODOPOULOS

ATTORNEY AT LAW

P: (816) 256.3582
F: (816) 337.4243
ARI@WOODLAW.COM

1100 MAIN STREET, STE 1800

KANSAS CITY, MO 64105   |   WOODLAW.COM

OFFICES IN KANSAS CITY AND SPRINGFIELD

On Feb 20, 2015, at 10:32 PM, Michael Foster <MFoster@Polsinelli.com> wrote:

Noah and Ari,

Please find responses to your discovery requests attached. Exhibits will follow on Monday. You will note that the interrogatories are not yet signed by Mr. McClain as he currently doesn't have a notary near him at the moment. I will send you a signed version Monday.

If there is something you have a question about or need some information regarding before the mediation on the 26th, please let us know.

2/24/2015                         Wood Law Firm, LLC Mail - Fwd: Alexander et al. v. BF Labs Inc. - Discovery Responses

Thanks,

**MICHAEL S. FOSTER | Polsinelli | ASSOCIATE**

900 W. 48th Place, Suite 900, Kansas City, MO 64112-1895 | 816.395.0650 direct

---

This electronic mail message contains CONFIDENTIAL information which is (a)
ATTORNEY - CLIENT PRIVILEGED COMMUNICATION, WORK PRODUCT,
PROPRIETARY IN NATURE, OR OTHERWISE PROTECTED BY LAW FROM
DISCLOSURE, and (b) intended only for the use of the Addressee(s) named herein.
If you are not an Addressee, or the person responsible for delivering this to an
Addressee, you are hereby notified that reading, copying, or distributing this
message is prohibited. If you have received this electronic mail message in error,
please reply to the sender and take the steps necessary to delete the message
completely from your computer system.

---

<Alexander - Responses to RFP-c-c.pdf><Alexander - Responses to ROGS-
c-c.pdf>

---

This electronic mail message contains CONFIDENTIAL information which is (a) ATTORNEY -
CLIENT PRIVILEGED COMMUNICATION, WORK PRODUCT, PROPRIETARY IN NATURE, OR
OTHERWISE PROTECTED BY LAW FROM DISCLOSURE, and (b) intended only for the use of
the Addressee(s) named herein. If you are not an Addressee, or the person responsible for
delivering this to an Addressee, you are hereby notified that reading, copying, or distributing this
message is prohibited. If you have received this electronic mail message in error, please reply to
the sender and take the steps necessary to delete the message completely from your computer
system.



**Tammy Reed <tammy@woodlaw.com>**

## Fwd: Alexander v. BF Labs

**Ari Rodopoulos** <ari@woodlaw.com>                          Tue, Feb 24, 2015 at 5:16 PM
To: Tammy Reed <tammy@woodlaw.com>
Cc: Noah Wood <noah@woodlaw.com>

> Begin forwarded message:
>
> **From:** Michael Foster <MFoster@Polsinelli.com>
> **Date:** February 24, 2015 at 5:04:12 PM CST
> **To:** "ari@woodlaw.com" <ari@woodlaw.com>
> **Subject: Alexander v. BF Labs**
>
> Ari,
>
> Attached is the notarized signature to the Interrogatory responses as promised. I have some of the answers you needed (not all but many). We can discuss tomorrow if that works. I should have financials for you as well. Thanks.
>
> **MICHAEL S. FOSTER | Polsinelli | ASSOCIATE**
> 900 W. 48th Place, Suite 900, Kansas City, MO 64112-1895 | 816.395.0650 direct
>
> This electronic mail message contains CONFIDENTIAL information which is (a) ATTORNEY -
> CLIENT PRIVILEGED COMMUNICATION, WORK PRODUCT, PROPRIETARY IN NATURE, OR
> OTHERWISE PROTECTED BY LAW FROM DISCLOSURE, and (b) intended only for the use of
> the Addressee(s) named herein. If you are not an Addressee, or the person responsible for
> delivering this to an Addressee, you are hereby notified that reading, copying, or distributing this
> message is prohibited. If you have received this electronic mail message in error, please reply to
> the sender and take the steps necessary to delete the message completely from your computer
> system.

📄 **2015.02.23.McClain Signature-c.pdf**
135K





Tuesday, March 3, 2015

James M. Humphrey, Esq. (*via E-Mail:* *jhumphrey@polsinelli.com*)
Michael S. Foster, Esq. (*via E-Mail:* *mfoster@polsinelli.com*)
Polsinelli PC
900 W. 48th Place, Suite 900
Kansas City, Missouri 64112

> **Re:   2nd Golden Rule Letter – Alexander et. al v. BF Labs, Inc.**
> **D. Kan. Case No. 2:14-CV-02159**

Gentlemen:

Plaintiffs' First Interrogatories and First Requests for Production of Documents were served on Defendant BF Labs, Inc. ("BFL") on August 18, 2014.  BFL's responses were due no later than September 22, 2014.  Although on September 18, 2014 the U.S. District Court for the Western District of Missouri stayed all actions against BFL, such stay was lifted on December 23, 2014.

On February 17, 2015, Plaintiffs sent a golden rule letter requesting BFL to provide discovery responses by February 20, 2015.  Although BFL provided discovery responses on February 20, 2015, we believe the responses provided are insufficient, incomplete, and do not comply with Rule 26(g)(1).

To be frank, BFL's discovery responses are the most egregious I've encountered in my career.  This is the first time in my career where a defendant has produced zero documents in response to requests for production of documents.  This is also the first time in my career where a defendant has refused to produce the documents it disclosed in its initial disclosures.

## I.   **Interrogatories**

### A.   **IROG No. 5.**

BFL states it did not track by product the number of units it has manufactured to consumers by month and year.  This responsive is evasive.  This interrogatory does not ask for the method by which information was tracked; rather, it asks for the number of units manufactured by month and year regardless of the manner BFL tracks information.  BFL does not deny the requested information is available.  BFL does not deny that with reasonable efforts, BFL could have provided answers to this interrogatory.

James M. Humphrey, Esq.
Michael S. Foster, Esq.
Tuesday, March 3, 2015
Page 2

For example, BFL had a queue (*i.e.*, a list of customers waiting for units to be manufactured and/or shipped), BFL made representations about how many units it had available for shipping at various times, BFL has access to its own component parts purchase records, BFL has knowledge of how many parts and components it ordered and received, BFL has knowledge of how many parts and components go into each unit, BFL has knowledge of how many parts and components were not used to manufacture units, BFL has knowledge of how many units it manufactured and when they were ready for shipment, BFL claims it conducted quality assurance testing on each unit it manufactured, and BFL kept records of the number of units it manufactured and used for self-mining, claiming such units were not conveyable to customers waiting in the queue.

Further, on April 4, 2014, Plaintiffs sent a spoliation letter requesting, among other things, that BFL preserve "records of the number of mining units available for shipping, or in the process of being manufactured during any time Defendant BFL accepted payments from customers." A copy of the April 4, 2014 spoliation letter to BFL is enclosed. Finally, Interrogatory No. 5 was served on BFL on August 18, 2014. As such, BFL's answer that it did not track this information in the manner requested prior to February 20, 2015 is evasive and unacceptable.

BFL also states that BFL's Exhibits A and B provide the information requested in Interrogatory No. 5. Exhibit A, which pertains to FPGA, does not show the number of units manufactured or when such units were manufactured. Exhibit B, which pertains to 65 and 28 NM, also does not show the number of units manufactured or when such units were manufactured. Further, Exhibit B does not show the date units were shipped to customers.

**B.    IROG No. 6.**

BFL's answer to Interrogatory No. 6 is evasive and unacceptable for the same reasons stated in Section I-A, above.

**C.    IROG No. 7.**

BFL's answer to Interrogatory No. 7 is evasive and unacceptable for the same reasons stated in Section I-A, above. Additionally, the April 4, 2014 spoliation letter specifically requested BFL to preserve, among other things, "[i]nventory and supply records for parts or materials," "[c]orrespondence with any component manufacturer or supplier," and "[r]ecords of purchases or orders from component manufacturers or suppliers."

**D.    IROG No. 8.**

James M. Humphrey, Esq.
Michael S. Foster, Esq.
Tuesday, March 3, 2015
Page 3

In its answer, BFL does not identify the date or content of any public representation regarding shipping dates or revised shipping dates. Further, although BFL summarizes the general nature of information it claims it relied on in making all such representations, BFL does not provide the substance and content of the information relied on and BFL does not provide the factual basis for any specific representation made on any specific date.

### E.   IROG No. 9.

In its answer, BFL provides no meaningful answer whatsoever. BFL objects on the grounds this interrogatory is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. This interrogatory simply seeks to find out the rate at which BFL satisfied or failed to satisfy its own shipping representations with regard to the products at issue during the class period at issue. BFL's objections are vague, conclusory, and BFL provided no explanation, argument, or authorities supporting such objections. These objections are improper and are not supported by law or fact.

BFL also states it does not have the records to be able to provide the information requested in Interrogatory No. 9. See Section I-A and I-D, above. See also the April 4, 2014 spoliation letter.

### F.   IROG No. 12.

BFL promises to produce, but has not yet produced, the letter denying coverage.

### G.   IROG No. 13.

BFL has not provided the addresses for Alexa Fuller, Chris Vleisides, or A.D. Douma.

### H.   IROG No. 14.

BFL refuses to answer Interrogatory No. 14 with respect to bitcoin mining accounts or operations operated, owned, utilized, or otherwise controlled by BFL's agents or employees. BFL does not deny it possesses responsive information with respect to such agents and employees. Although BFL claims it "objects," BFL did not state any legally recognizable objection and BFL did not provide any explanation, argument, or authorities supporting its objection. This objection is improper and is not supported by law or fact.

With respect to BFL itself, BFL provides no account numbers, locations, dates

James M. Humphrey, Esq.
Michael S. Foster, Esq.
Tuesday, March 3, 2015
Page 4

bitcoins were mined under each account or at each location, or the product name, version, or serial numbers for any mining equipment used on any date or at any location.  BFL failed to identify its mining machines or mining results in its Eclipse Mining Consortium.  Although BFL claims Eclipse Mining Consortium is operated on multiple servers in multiple locations, no such servers or server locations were identified.

### I.      IROG No. 15.

BFL refuses to answer Interrogatory No. 15 with respect to bitcoin addresses operated, owned, utilized, or otherwise controlled by BFL's agents or employees.  BFL does not deny it possesses responsive information with respect to such agents and employees.  Although BFL claims it "objects," BFL did not state any legally recognizable objection and BFL did not provide any explanation, argument, or authorities supporting its objection.  This objection is improper and is not supported by law or fact.

### J.      IROG No. 18.

For FPGA sales, BFL refers to Exhibit C.  For the 28 and 65 NM sales, BFL refers to Exhibit D.  No Exhibit C or D was produced.  Michael Foster has explained that Exhibits C and D were ultimately not produced because the information requested by this interrogatory was already contained in Exhibits A and B.  Exhibit A, however, does not provide the sale price for most sales.  Further, Exhibits A and B do not show the customers who paid in bitcoins or the number of bitcoins each customer paid to BFL.

### K.      IROG No. 19.

BFL refers to Exhibit E and states it "may be supplemented as it may not be completely comprehensive." Please supplement.  Further, Exhibit E does not identify all customers who requested refunds, the date each refund was requested, or the type and amount of each refund (*i.e.*, whether in cash, bitcoins, or some other consideration).

### L.      IROG No. 20

BFL answer is limited to BFL's forums.  BFL did not object to IP's and account names for other sites and locations on the Internet, yet BFL did not provide such information.

### M.      IROG No. 23

BFL states it did not maintain records that would allow it to answer Interrogatory No. 23. BFL does not deny it tracked such information; rather, BFL claims it did not maintain records of such information.  This answer is unacceptable.  BFL has knowledge

James M. Humphrey, Esq.
Michael S. Foster, Esq.
Tuesday, March 3, 2015
Page 5

of the number of units it manufactured, the number of units it tested, and the number of bitcoins obtained via testing.  BFL states bitcoins resulting from "by-product" mining has historically been directed to a single wallet address, but BFL failed to identify that wallet address and failed to state the number of bitcoins directed to that wallet address.

Further, the April 4, 2014 spoliation letter specifically requested, among other things, that BFL preserve all "[r]ecords of any mining, purchase, or sale of bitcoins."  If BFL obtained any bitcoins through testing of equipment, BFL should have preserved records of such bitcoins.  If the bitcoins were sold, BFL should have preserved records of such sales.  Why didn't BFL preserve records of bitcoins mined from testing after April 4, 2014?  Interrogatory No. 23 was served on August 18, 2014.  Why didn't BFL preserve records of bitcoins mined from testing after August 18, 2014?

### N.    Exhibits attached to Interrogatories

BFL's interrogatory answers state Exhibits A, B, C, D, E, and F are attached. Exhibits C and D were not attached.  The exhibits produced were provided only in PDF. Please produce each exhibit identified in BFL's answers in its original electronic format.

## II.    Requests for Production

### A.    RFPD No. 2

BFL produced zero documents responsive to this request.  BFL objects and states it will meet and confer with Plaintiffs. Plaintiffs believe BFL, in order to comply with Rule 26(g)(1), should have produced documents that are obviously responsive and then meet and confer only about documents that might or might not be responsive. Obviously responsive documents would include non-privileged statements possessed by BFL it thinks is relevant or intends to use at trial.  Using the meet and confer process to withhold clearly relevant and clearly non-objectionable documents does not comply with Rule 26(g)(1) and serves no purpose but to delay and frustrate Plaintiffs' discovery of facts and documents in this action.

### B.    RFPD No. 3

BFL produced zero documents responsive to this request.  BFL objects and states this request seeks information protected by attorney-client privilege and work-product doctrine. Such objections have not been properly raised because BFL has not "describe[d] the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim."  *See* Fed. R. Civ. P. 26(b)(5)(A)(ii).

James M. Humphrey, Esq.
Michael S. Foster, Esq.
Tuesday, March 3, 2015
Page 6

BFL also states it will conduct a reasonable search and produce responsive non-privileged documents after reaching an agreement with Plaintiffs on search terms and custodians. This request is not limited to documents that only exist in electronic format. BFL has produced no policies, manuals, documents, communications, or guidelines relating or referring to procedures for publishing, marketing, or selling BFL's merchandise.

Even if all such responsive documents exist only in electronic format, it is unlikely that all such documents are privileged. Plaintiffs believe BFL, in order to comply with Rule 26(g)(1), should have produced paper documents that are obviously responsive and non-privileged, and should have produced electronic documents that are obviously responsive and non-privileged based on search terms acceptable to BFL—and then meet and confer only about documents or search terms that might or might not be responsive or acceptable to BFL. Using the meet and confer process to forego conducting a reasonable search and to withhold clearly relevant and clearly non-objectionable documents does not comply with Rule 26(g)(1) and serves no purpose but to delay and frustrate Plaintiffs' discovery of facts and documents in this action.

**C.     RFPD No. 4**

BFL produced zero documents responsive to this request. BFL states it will conduct a reasonable search and produce responsive non-privileged documents after reaching an agreement with Plaintiffs on search terms and custodians. Plaintiffs believe this discovery tactic violates Rule 26(g)(1). See Section II-A and II-B, above.

BFL also states, after reaching an agreement on search terms, it will search for non-privileged documents. BFL should have already determined which documents are privileged and asserted privilege in compliance with Rule 26(b)(5)(A)(ii). The meet and confer process cannot be used to excuse BFL's obligation to make a reasonable search for privileged documents and/or to timely assert privilege.

**D.     RFPD No. 5**

BFL produced zero documents responsive to this request. BFL states it will conduct a reasonable search and produce responsive non-privileged documents after reaching an agreement with Plaintiffs on search terms and custodians. Plaintiffs believe this discovery tactic violates Rule 26(g)(1). See above.

**E.     RFPD No. 6**

BFL produced zero documents responsive to this request. BFL referred Plaintiffs to the docket sheet in the FTC action. The docket sheet in the FTC action does not contain—and there is no reasonable basis to believe it would contain—the requested

James M. Humphrey, Esq.
Michael S. Foster, Esq.
Tuesday, March 3, 2015
Page 7

documents, *i.e.*, "documents and/or communications between [BFL] and any State Attorney General, the Federal Trade Commission, the United States Government, or the Better Business Bureau relating or referring to [BFL's] business practices, sales, pre-order sales, and/or shipping of merchandise."

Without any objection or explanation, BFL limits the request to any State Attorney General and the Better Business Bureau and states it will conduct a reasonable search and produce responsive non-privileged documents after reaching an agreement with Plaintiffs on search terms and custodians.  Plaintiffs believe this discovery tactic violates Rule 26(g)(1).  See above.

## F.   RFPD No. 7

BFL produced zero documents responsive to this request.  Without any objection or explanation, BFL states it will conduct a reasonable search and produce responsive non-privileged documents after reaching an agreement with Plaintiffs on search terms and custodians.  Plaintiffs believe this discovery tactic violates Rule 26(g)(1).  See above.

## G.   RFPD No. 8

BFL produced zero documents responsive to this request other than referring Plaintiffs to Exhibit F to BFL interrogatory answers.  BFL objects and states this request seeks information protected by attorney-client privilege and work-product doctrine.  Such objections have not been properly raised because BFL has not "describe[d] the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim."  *See* Fed. R. Civ. P. 26(b)(5)(A)(ii).

BFL also states it will conduct a reasonable search and produce responsive non-privileged documents after reaching an agreement with Plaintiffs on search terms and custodians.  Plaintiffs believe this discovery tactic violates Rule 26(g)(1).  See above.

## H.   RFPD No. 9

BFL produced zero documents responsive to this request.  BFL objects and states this request seeks information protected by attorney-client privilege, work-product doctrine, and "any other applicable privileges." Such objections have not been properly raised because BFL has not "describe[d] the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." *See* Fed. R. Civ. P. 26(b)(5)(A)(ii).

James M. Humphrey, Esq.
Michael S. Foster, Esq.
Tuesday, March 3, 2015
Page 8

BFL also states it will conduct a reasonable search and produce responsive non-privileged documents after reaching an agreement with Plaintiffs on search terms and custodians.  Plaintiffs believe this discovery tactic violates Rule 26(g)(1).  See above.

### I.     RFPD No. 10

BFL produced zero documents responsive to this request other than referring Plaintiffs to Exhibits C and D to BFL interrogatory answers, which have not been produced to date. BFL states it will conduct a reasonable search and produce responsive non-privileged documents after reaching an agreement with Plaintiffs on search terms and custodians.  Plaintiffs believe this discovery tactic violates Rule 26(g)(1).  See above.

### J.     RFPD No. 11

BFL produced zero documents responsive to this request.   BFL refuses to answer RFPD. No 11 with respect to bitcoin mining by BFL's agents or employees in their individual capacity.  BFL does not deny it possesses responsive documents with respect to such agents and employees in their individual capacity.  Although BFL claims such documents are irrelevant, BFL does not deny this request seeks information reasonably calculated to lead to the discovery of admissible evidence.  BFL's relevancy objection is improper and is not supported by law or fact.

With respect to BFL itself, BFL states it will conduct a reasonable search and produce responsive non-privileged documents after reaching an agreement with Plaintiffs on search terms and custodians.  Plaintiffs believe this discovery tactic violates Rule 26(g)(1).  See above.

### K.     RFPD No. 12

BFL produced zero documents responsive to this request.  BFL objects and states this request seeks information protected by attorney-client privilege and work-product doctrine. Such objections have not been properly raised because BFL has not "describe[d] the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim."  *See* Fed. R. Civ. P. 26(b)(5)(A)(ii).

### L.     RFPD No. 13

BFL produced zero documents responsive to this request.    BFL merely incorporates its objections and responses to RFPD Nos. 4, 7, and 9.

James M. Humphrey, Esq.
Michael S. Foster, Esq.
Tuesday, March 3, 2015
Page 9

## M.    RFPD No. 14

BFL produced zero documents responsive to this request.  BFL objects that BFL's websites, including previous versions of such websites, are publically available and the burden of compiling such documents from publically available sources is the same for BFL as it is for Plaintiffs.  What is BFL's factual basis for making this statement, *i.e.*, that BFL's websites and previous versions of such websites are publically available to Plaintiffs?  And that BFL would be required to compile the requested documents from publically available sources rather than just copying and sending its website data to Plaintiffs?

## N.    RFPD No. 15

BFL produced zero documents responsive to this request.  BFL objects and states this request seeks information protected by attorney-client privilege and work-product doctrine.  Such objections have not been properly raised because BFL has not "describe[d] the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim."  *See* Fed. R. Civ. P. 26(b)(5)(A)(ii).

BFL also states it will conduct a reasonable search and produce responsive non-privileged documents after reaching an agreement with Plaintiffs on search terms and custodians.  Plaintiffs believe this discovery tactic violates Rule 26(g)(1).  See above.

## O.    RFPD No. 16

BFL produced zero documents responsive to this request.  BFL states it will conduct a reasonable search and produce responsive non-privileged documents after reaching an agreement with Plaintiffs on search terms and custodians.  Plaintiffs believe this discovery tactic violates Rule 26(g)(1).  See above.

## P.    RFPD No. 17

BFL produced zero documents responsive to this request other than referring Plaintiffs to Exhibits A through E to BFL's interrogatory answers.  BFL states it will conduct a reasonable search and produce responsive non-privileged documents after reaching an agreement with Plaintiffs on search terms and custodians.  Plaintiffs believe this discovery tactic violates Rule 26(g)(1).  See above.

Further, Exhibits A through E to BFL's interrogatory answers do not include any of the requested documents, *i.e.*, "all documents and/or communications relating or referring to orders placed and the monetary value of those orders, how many of the

James M. Humphrey, Esq.
Michael S. Foster, Esq.
Tuesday, March 3, 2015
Page 10

product was shipped, the dates of shipment, and how many refunds were requested and made for the product."

> ### Q.   RFPD No. 18

BFL produced zero documents responsive to this request other than referring Plaintiffs to Exhibit F to BFL's interrogatory answers.  BFL states it will conduct a reasonable search and produce responsive non-privileged documents after reaching an agreement with Plaintiffs on search terms and custodians.  Plaintiffs believe this discovery tactic violates Rule 26(g)(1).  See above.

Further, Exhibit F to BFL's interrogatory answers does not include any of the requested documents, *i.e.*, "all documents and/or communications relating or referring to complaints by consumers of defective and/or malfunctioning bitcoin mining equipment or services purchased from [BFL]."

> ### R.   RFPD No. 20

BFL produced zero documents responsive to this request.  BFL states it will conduct a reasonable search and produce responsive non-privileged documents after reaching an agreement with Plaintiffs on search terms and custodians.  Plaintiffs believe this discovery tactic violates Rule 26(g)(1).  See above.

BFL's response to RFPD No. 20 has no basis in law or in fact, violates Rule 26(g)(1), and is sanctionable.  In Section II, Nos. 1-28 of BFL's initial disclosures, BFL identified the documents, electronically stored information, and other tangible items BFL intends to use at trial.  BFL's failure to produce all such documents upon request by Plaintiffs and attempt to limit Plaintiffs' discovery of such documents based upon limited search terms and custodians is sanctionable.  If BFL will agree it cannot use at trial any of the documents, electronically stored information, and other tangible items BFL listed in Section II, Nos. 1-28 of its initial disclosures, Plaintiffs will not file a motion for discovery sanctions with respect to BFL's response to RFPD No. 20.

## III.   <u>Deadline to supplement</u>

Plaintiffs' discovery responses were served on August 18, 2014.  BFL had thirty days to prepare proper discovery responses prior to the FTC shutdown and stay of litigation on September 18, 2014.  On December 23, 2014, the stay was lifted and BFL had an additional 60 days to provide proper discovery responses.  The responses provided on February 20, 2015, however, were evasive, incomplete, and in violation of Rule 26(g)(1).

BFL – as admitted in its discovery responses – failed to conduct any reasonable

James M. Humphrey, Esq.
Michael S. Foster, Esq.
Tuesday, March 3, 2015
Page 11

search into Plaintiffs' discovery requests and BFL now seeks to use the meet and confer process as a way of further delaying and frustrating discovery in this case.  To date, BFL has not produced a single document in response to Plaintiffs' First Request for Production of Documents.  How is it that BFL believes producing zero documents in response to 20 requests for production complies with Rule 26(g)(1) and/or is not otherwise sanctionable?

BFL largely claims it will not produce any documents until the parties agree on search terms, yet BFL never informed Plaintiffs or discussed the need for search terms prior to February 20, 2015.  BFL's failure to make any discovery responses until February 20, 2015 is inexcusable—especially considering the responses merely state no documents are being produced until search terms are agreed upon.

Please provide complete supplemental discovery responses no later than Friday, March 13, 2015.  If discovery responses are not received by then, we will file a motion to compel on March 20, 2015.

Should you have any questions or concerns, please do not hesitate to contact me.

Very truly yours,

Ari N. Rodopoulos
Attorney at Law

ANR:tr

Encl: April 4, 2014 NKW Ltr re spoliation



**Tammy Reed <tammy@woodlaw.com>**

## Alexander, et al., v. BF Labs, Inc.

**Ari Rodopoulos** <ari@woodlaw.com>                                            Tue, Mar 10, 2015 at 12:12 PM
To: Jim Humphrey <JHumphrey@polsinelli.com>, Michael Foster <mfoster@polsinelli.com>
Cc: Noah Wood <Noah@woodlaw.com>, Tammy Reed <tammy@woodlaw.com>

Jim/Michael:

Are you available on Wed, Thur, or Fri this week to discuss Plaintiffs' second golden rule letter?

Also, did Netsolus provide you a copy of the documents it recently produced in response to our subpoena?  If not, let me know and we can make arrangements to get a copy to you.

Thank you,

Ari N. Rodopoulos
Wood Law Firm, LLC
1100 Main Street, Suite 1800
Kansas City, MO  64105-5171
Tel: (816)256-3582
Fax: (816)337-4243
ari@woodlaw.com

[Quoted text hidden]
[Quoted text hidden]
<2015-03-03 Ps' 2nd RFPD to Ds.doc><2015-03-03 COS re Ps' 2nd RFPD to Ds.pdf><2015-03-03 ANR 2nd Golden Rule L to BFL.pdf><2015-03-03 Ps' 2nd RFPD to Ds.pdf>



**Tammy Reed <tammy@woodlaw.com>**

## Follow up discovery item

**Ari Rodopoulos** <ari@woodlaw.com>                                          Tue, Mar 17, 2015 at 10:31 AM
To: Jim Humphrey <jhumphrey@polsinelli.com>, Michael Foster <mfoster@polsinelli.com>
Cc: Tammy Reed <tammy@woodlaw.com>, Noah Wood <noah@woodlaw.com>

Jim/Michael:

There is one issue I forgot to discuss with you last week about BFL's Exhibit B:  Why was Plaintiff Kyle Alexander
omitted from the list of people who ordered mining equipment and paid money to BFL?  In its answer, BFL admits
Kyle Alexander ordered and paid for mining equipment from BFL.

Michael and I discussed this briefly a week and a half ago or so, but I never received any further info on this.

Thank you,

Ari N. Rodopoulos
Wood Law Firm, LLC
1100 Main Street, Suite 1800
Kansas City, MO  64105-5171
Tel: (816)256-3582
Fax: (816)337-4243
ari@woodlaw.com

EXHIBIT
**14**



**Tammy Reed <tammy@woodlaw.com>**

## Follow up discovery item

**Ari Rodopoulos** <ari@woodlaw.com>                                    Tue, Mar 17, 2015 at 12:26 PM
To: Michael Foster <MFoster@polsinelli.com>
Cc: Jim Humphrey <JHumphrey@polsinelli.com>, Tammy Reed <tammy@woodlaw.com>, Noah Wood
<noah@woodlaw.com>

Are there any other customers/orders (beside Kyle Alexander) that were put on hold and/or otherwise not included
in Exhibit B for any reason?

Thank you,

Ari N. Rodopoulos
Wood Law Firm, LLC
1100 Main Street, Suite 1800
Kansas City, MO  64105-5171
Tel: (816)256-3582
Fax: (816)337-4243
ari@woodlaw.com

[Quoted text hidden]



**Tammy Reed <tammy@woodlaw.com>**

## Follow up discovery item

**Michael Foster** <MFoster@polsinelli.com>                     Tue, Mar 17, 2015 at 10:48 AM
To: Ari Rodopoulos <ari@woodlaw.com>, Jim Humphrey <JHumphrey@polsinelli.com>
Cc: Tammy Reed <tammy@woodlaw.com>, Noah Wood <noah@woodlaw.com>

Ari,

I was told that after a person filed a lawsuit or sent a demand letter, their order was put on hold and they likely would not be part of exhibit B.

Thanks.

Michael
[Quoted text hidden]

This electronic mail message contains CONFIDENTIAL information which is (a) ATTORNEY - CLIENT PRIVILEGED COMMUNICATION, WORK PRODUCT, PROPRIETARY IN NATURE, OR OTHERWISE PROTECTED BY LAW FROM DISCLOSURE, and (b) intended only for the use of the Addressee(s) named herein. If you are not an Addressee, or the person responsible for delivering this to an Addressee, you are hereby notified that reading, copying, or distributing this message is prohibited. If you have received this electronic mail message in error, please reply to the sender and take the steps necessary to delete the message completely from your computer system.

EXHIBIT
**15**



**Tammy Reed <tammy@woodlaw.com>**

## Follow up discovery item

**Michael Foster** <MFoster@polsinelli.com>                    Tue, Mar 17, 2015 at 2:04 PM
To: Ari Rodopoulos <ari@woodlaw.com>
Cc: Jim Humphrey <JHumphrey@polsinelli.com>, Tammy Reed <tammy@woodlaw.com>, Noah Wood
<noah@woodlaw.com>

We are looking into this and will get back to you as soon as we know. Thank you.


Michael


**From:** Ari Rodopoulos [mailto:ari@woodlaw.com]
**Sent:** Tuesday, March 17, 2015 12:27 PM
**To:** Michael Foster
**Cc:** Jim Humphrey; Tammy Reed; Noah Wood
**Subject:** Re: Follow up discovery item

[Quoted text hidden]
[Quoted text hidden]



900 W. 48th Place, Suite 900, Kansas City, MO 64112-1895 • 816.753.1000

March 17, 2015

James M. Humphrey
(816) 374-0599
(816) 817-0191 Direct Fax
jhumphrey@polsinelli.com

Ari N. Rodopoulos, Esq.
Wood Law Firm
1100 Main Street, Suite 1800
Kansas City, MO  64105

**Re:**   *Alexander, et al. v. BF Labs Inc.*
Proposed ESI Search and Production Protocols

Dear Mr. Rodopoulos:

We are working on a comprehensive written response to your March 3, 2015 letter, but for now I wanted to provide information as soon as possible to allow the parties to move forward with ESI discovery.  Before doing so, I must note that the language and tone used in your March 3, 2015 letter is unprofessional and extremely disappointing.  While you characterize BF Labs' discovery responses as egregious, we could say the same about the scope of your requests, and the entirely unrealistic, unreasonable, and unduly burdensome positions and discovery approach you have taken in this case.

Your repeated claims of "discovery tactics" and "sanctionable" conduct are also unprofessional and irresponsible.  You go so far as to claim that our offer to confer on search terms and custodians is a discovery tactic.  To the contrary, it is entirely proper and, in fact, contemplated by the Agreed Order Establishing Protocol for ESI and Paper Documents approved by the parties and entered by the Court.  You also make repeated efforts that can only be designed to give the Court the false impression that BF Labs has produced "zero documents" and "refused to produce" documents.  The parties have not even discussed how to handle ESI discovery until the call last Friday, so I am simply at a loss to understand how in good conscience you can make such a claim.  To make matters worse, you make claims of spoliation in your letter without any factual basis to support them.  You also take the position, and remarkably stood by it on the phone last week, that your preservation letter sent in this case back in April 2014 somehow gave rise to an obligation requiring BF Labs to *create* records for you and your lawsuit.

**polsinelli.com**

Atlanta   Chicago   Dallas   Denver   Kansas City   Los Angeles   New York   Phoenix   St. Louis   Washington, D.C.   Wilmington
Polsinelli PC, Polsinelli LLP in California
50052578.1



Ari N. Rodopoulos, Esq.
March 17, 2015
Page 2

You've given me the strong impression that instead of litigating this case on the merits, you are more interested in avoiding such an investment of time and resources, and using threats of sanctions and spoliation as your centerpiece. I hope I am mistaken, but only time will tell. In the meantime, we will focus on productive efforts, and attempt to work with you under the Agreed Order referenced above. To that end, attached you'll find Exhibit A, which represents the names that were included in the electronic privileged terms search I described on the phone on Friday. Exhibit B identified the 10 key player custodians I identified. And Exhibit C represents the search terms we are proposing as a reasonable and proportional approach for responding to Plaintiffs' requests for production of documents and otherwise assisting us in meeting our search and production obligations in this case.

We have created a data collection set of emails for the ten custodians identified in Exhibit B. After running the privileged terms search, and excluding those 7,765 hits, the set contains approximately 218,000 documents. The search terms in Exhibit C, when queried against the 218,000 documents, results in 79,251 hits (this figure includes parent and child emails and attachments).

We do not believe a review of either the 218,000 or 79,251 documents is realistic, proportional, or reasonable. We are therefore looking for practical alternatives to reduce the size of the review and production set. While we are making this proposal, it's my understanding that you want information on the entire universe of ESI regardless of whether it is reasonably accessible, or even potentially relevant. To that end, I am informed that the size of our ESI vendor's data collection was 1.6TB. That number includes custodian computer data collection, Gmail and Google Drive data, and a Magento, Fishbowl, ShipStation, and Quickbooks data collection. Finally, although this information is designed to satisfy your desire for information on the entire universe of BF Labs' ESI, we are not willing to interview every employee or otherwise conduct additional collection size estimate efforts as would be required to meet your unreasonable demand. At a minimum, I would first need to hear from you on how it is you must have information beyond the 1.6TB collection without imposing an undue burden and disregarding any concept of proportionality in e-discovery.



Ari N. Rodopoulos, Esq.
March 17, 2015
Page 3


    We look forward to professional and productive discussions of these issues as needed to move forward with ESI discovery.

                        Sincerely,

                        James M. Humphrey

                        James M. Humphrey

JMH:bll
Enclosures
cc:    Noah K. Wood, Esq.

50052578.1



**Tammy Reed <tammy@woodlaw.com>**

## Alexander et al. v. BF Labs Inc. - supplemental discovery responses and exhibits

**Michael Foster** <MFoster@polsinelli.com>                                 Fri, Mar 20, 2015 at 1:27 PM
To: "ari@woodlaw.com" <ari@woodlaw.com>, "noah@woodlaw.com" <noah@woodlaw.com>, "Tammy Reed
(tammy@woodlaw.com)" <tammy@woodlaw.com>
Cc: Jim Humphrey <JHumphrey@polsinelli.com>, Kim Murray <KMurray@polsinelli.com>

Ari,

Please find attached BF Labs' supplemental interrogatory answers and attachments in both native and pdf format.
Thank you.

**MICHAEL S. FOSTER | Polsinelli | ASSOCIATE**
900 W. 48th Place, Suite 900, Kansas City, MO 64112-1895 | 816.395.0650 direct

This electronic mail message contains CONFIDENTIAL information which is (a) ATTORNEY - CLIENT
PRIVILEGED COMMUNICATION, WORK PRODUCT, PROPRIETARY IN NATURE, OR OTHERWISE
PROTECTED BY LAW FROM DISCLOSURE, and (b) intended only for the use of the Addressee(s) named
herein. If you are not an Addressee, or the person responsible for delivering this to an Addressee, you are
hereby notified that reading, copying, or distributing this message is prohibited. If you have received this
electronic mail message in error, please reply to the sender and take the steps necessary to delete the
message completely from your computer system.

**9 attachments**


**Exhibit G-c.xlsx**
15K


**Exhibit H-c.xlsx**
15K


**Exhibit I-c.xlsx**
10K

**BFLABS-KA 00002727-2728 - Exhibit G-c.pdf**
199K

**BFLABS-KA 00002729 - Exhibit H-c.pdf**
152K

**BFLABS-KA 00002730 - Exhibit I-c.pdf**

108K

**BF Labs - Alexander - Privilege Log-c.pdf**
8K

**BFLABS-KA 00002724-2726-c.pdf**
114K

**BFL - Alexander - Supplemental Interrogatory Answers-c.pdf**
387K



900 W. 48th Place, Suite 900, Kansas City, MO, 64112 • 816.753.1000

March 20, 2015

Michael S. Foster
(816) 395-0650
(816) 222-0598 Direct Fax
mfoster@polsinelli.com

**Via Email**

Mr. Noah K. Wood, Esq.
Mr. Ari N. Rodopoulos, Esq.
Wood Law Firm, LLC
1100 Main Street, Suite 1800
Kansas City, MO 64105-5171

     **Re:**     **Alexander et al. v. BF Labs Inc., case no. 14-CV-2159; Response to Second Golden Rule Letter**

Gentlemen,

     Although we wrote to you on March 17, 2015 regarding ESI discovery, this letter is intended to more thoroughly and directly address your March 3, 2015 golden rule letter. We are pleased that we were able to spend almost three and a half hours on the phone with you on Friday of last week in an attempt to address your discovery issues. It bears mentioning, however, that the extreme and unrealistic positions taken in your March 3 letter, reaffirmed during the call last week, make it difficult for us to believe that we could provide any response that would be satisfactory to you. We are nevertheless interested in resolving as many issues as possible and intend to work in good faith toward that end. We would also like to avoid burdening the Court with discovery issues when the parties have yet to confer on ESI issues under the Court's Agreed Order Establishing Protocol for ESI and Paper Documents.

     Before we attempt to address each of your concerns, your positions on discovery require me to note that while BF Labs' is required to produce ESI and documents in its possession, custody, and control, it is not obligated to create materials that do not exist. *Didier v. Abbott Laboratories, et al.*, 2014 WL 219851 (D. Kan. Jan. 21, 2014) (Judge O'Hara) ("The court cannot compel a party to produce documents that do not exist or not in that party's possession, custody, or control"). And your preservation letter sent in April 2014 does not somehow change that reality. *Id.* In addition, just because you believe documents should exist on a given issue does not mean that spoliation has occurred. *See Firestone v. Hawker Beechcraft Intern. Service Co.*, 2012 WL 899270 (D. Kan. March 16, 2012) (explaining that "Spoliation is the 'destruction or significant alteration of evidence, or the failure to preserve property for another's use as

polsinelli.com

Atlanta  Chicago  Dallas  Denver  Kansas City  Los Angeles  New York  Phoenix  San Francisco  St. Louis  Washington, DC  Wilmington
Polsinelli PC, Polsinelli LLP in California

**EXHIBIT**
**19**



Mr. Ari N. Rodopoulos
March 20, 2015
Page 2

evidence in pending or reasonably foreseeable litigation.'"). Maybe your expectation that they should exist needs to be revisited (it does). Or maybe you have just asked for the impossible in some of your requests (you have). Finally, your position that you want information on all BF Labs' ESI ever created establishes that you are disregarding the Court's Agreed Order and ignoring the concepts of reasonableness and proportionality in discovery. We now will address each complaint you have with BF Labs' interrogatory answers individually.

      I.    **Interrogatories**

        a.  **IROG No. 5**

     Plaintiffs argue that BF Labs is being evasive and can answer this interrogatory. But as mentioned last Friday, BF Labs does not maintain records regarding the amount of products it manufactured by month. Therefore the information you request does not exist. See answer to IROG No. 6 where BF Labs states "[g]iven the use of the preorder sales model, the vast majority of FPGA and 65 NM products were ordered by customers prior to manufacture and the daily focus was on producing at maximum output and shipping as quickly as possible to fulfill the demand from pre-existing orders." For those same reasons, BF Labs does not maintain data to identify the number of units shipped to consumers by month and year. BF Labs has provided Exhibits A and B which provide order dates and status, but cannot produce documents that do not exist as its obligation is to preserve and produce what exists. We have recently learned that there is a spreadsheet that exists that contains 81 different customers whose order status was excluded from Exhibit B for a few different reasons (*e.g.*, pending acceptance of a different product, attempted to deliver the product but it was returned and BF Labs was unable to contact the customer, a lawsuit was filed, or demand letter sent). We will supplement IROG No. 5 and provide this exhibit in both native and pdf format.

     While BF Labs has confirmed that what Plaintiffs are seeking does not exist, as mentioned on the phone on Friday, BF Labs does have a manually created spreadsheet that includes a weekly breakdown of how many 65 NM products were shipped from July 14, 2013 to December 14, 2013 that was used internally for PayPal purposes. Again, there are questions as to whether this document is completely accurate. BF Labs is willing to supplement its interrogatory answer and provide this document to Plaintiffs.

     As also mentioned on the phone call, BF Labs is also willing to supplement its interrogatory answer by specifically stating that it may have emails that alerted a specific customer that a product was shipped but BF Labs would have to spend an untold amount of time and incur an unknown expense to gather each of those emails and manually creating a



Mr. Ari N. Rodopoulos
March 20, 2015
Page 3

spreadsheet. This is an unreasonable request and BF Labs objects to gathering those emails to create a list of the number of products shipped to consumers by month and year for you.

### b.  IROG No. 6

See answer to IROG No. 5 above.

### c.  IROG No. 7

See answer to IROG No. 5 above.

### d.  IROG No. 8

BF Labs stands by its objection and answer and acknowledges the parties are unable to come to any agreement. If a statement was publicly made then Plaintiffs have access to it. BF Labs will, however, supplement its answer by directing Plaintiffs to blogs that Plaintiffs may be able to search for comments related to estimated shipping dates. Further, as mentioned in its answer to Plaintiffs' interrogatory, BF Labs considered a multitude of different factors when making representations about estimated shipping dates. To expect that BF Labs could catalogue all of them is not realistic and would certainly result in undue burden. For instance, *see* BF Labs' answer to IROG No. 3 listing the numerous component manufacturers that have provided parts to BF Labs. There is no way BF Labs has or could catalog every issue it has had with each manufacturer.

### e.  IROG No. 9

As mentioned, in its answer to IROG No. 8, BF Labs is standing by its objection that if a statement was publicly made then the Plaintiffs have access to it and can gather those statements. BF Labs, however, can supplement and provide the date that each unit listed in its answer to IROG No. 2 was first shipped and when sales ended for the products.

### f.  IROG No. 12

BF Labs will produce the coverage denial letter.

### g.  IROG No. 13



Mr. Ari N. Rodopoulos
March 20, 2015
Page 4

BF Labs will supplement its interrogatory answer and provide addresses for the three individuals you identify.

### h.  IROG No. 14

Your request for BF Labs' employee's personal bitcoin wallets is overbroad and unreasonable. This request is analogous to suing a bank and demanding its employees' personal bank account information. BF Labs refuses to provide this information unless Plaintiffs can provide legal authority to support the request. We invite you, however, to identify a particular employee and we can potentially consider your request. You refused to do so on the phone. Along these lines, BF Labs has provided its bitcoin wallets addresses to Plaintiffs and through those wallet addresses, Plaintiffs are able to see all transactional activity. That means that Plaintiffs can see all transactions made through BF Labs' active and storage wallets. If you would like to research all the transactions at blockchain.info, you can track the bitcoin transactions yourself.

Second, serial numbers for the 65 NM machines were assigned to customer units as they were ready to ship. The FPGA single devices did not have serial numbers. Serial numbers for the FPGA MiniRigs were assigned but not attached to the machine and assigned on the date shipped. BF Labs does not maintain the records to identify the specific mining equipment used over the course of the history of the company. BF Labs does have a report that identifies all mining proceeds by month. While not specifically sought in Plaintiffs' interrogatory 14, BF Labs is willing to supplement and include a breakdown by month of how much it has mined and where it was mined. Other than its Nimbus mining partnership as well as bitcoins that BF Labs has yet to receive from cloud mining (*see* answers to IROG Nos. 22 and 23), BF Labs only has mined from its headquarters in Overland Park, Kansas.

BF Labs is confused by your request demanding that we identify mining machines or results in the Eclipse Mining Consortium ("EMC"). The following were mined through EMC: the gameshow equipment, the burn-in testing, the RMA testing, the broken wing mining, the BFL portion of Nimbus Mining and cloud mining.

Finally, we continue to be confused by your request for account numbers with third parties. The client informs us there are no account numbers responsive to your interrogatory.

### i.  IROG No. 15

See answer to IROG No. 14 above.



Mr. Ari N. Rodopoulos
March 20, 2015
Page 5

### j.  IROG No. 18

As explained on the phone, Exhibit C and D never existed and were mistakenly identified in the answers. Furthermore, you are correct in that BF Labs does not have the records of sales prices for some sales related to the FPGA products.

### k.  IROG No. 19

We have confirmed that Exhibit E is comprehensive as of February 20, 2015. Further, Exhibit E provides the date, name, order number, and amount of refund. BF Labs did not maintain records on the date each refund was requested or whether the refund was made in cash or bitcoin. To go back and attempt to create a spreadsheet on the date each refund was requested, for instance, is unrealistic. To the extent it is even possible, it would result in an untold number of hours to try to identify the specific information.

### l.  IROG No. 20

BF Labs is not willing to provide IPs and account names for Defendant's employees or agents that were personal in nature. If Plaintiffs can provide some authority suggesting such information is discoverable, BF Labs will entertain this request. BF Labs has provided account names that BF Labs employees and agents have used in BF Labs' forums. BF Labs is willing to supplement its answer if employees have made representations in other forums *in their capacity as employees*. Further, BF Labs objects that this is unduly burdensome and overly broad to compile this information.

### m.  IROG No. 23

BF Labs does not maintain records on the information sought by this interrogatory. BF Labs will identify the one bitcoin wallet address at issue. That active wallet address is 18UxwNVLPo7vyRkCgs5wusUfhhbMYhApAu. You should be aware that this same wallet received customer payments in bitcoin.

### n.  Exhibits attached to Interrogatories

BF Labs agrees to produce these pdf exhibits in native format.

50071573.1



Mr. Ari N. Rodopoulos
March 20, 2015
Page 6

### II.    Requests for Production

While we sent a letter on March 17, 2015 regarding BF Labs' position on ESI and privilege, there are few issues that need to be clarified for purposes of your golden rule letter. First, in no way were any of BF Labs' Responses to Plaintiffs' First Requests for Production intended to be a "discovery tactic." BF Labs is not refusing to produce documents. BF Labs has also explained its position on the attorney-client privilege and has provided an exhibit to you that represents the names that were included in the ESI search designed to eliminate privileged emails from being produced to the Plaintiffs. We will continue to work with you on finding a reasonable way to produce documents to Plaintiffs without undue burden and expense.

Regarding your "sanctionable" comments, Plaintiffs are attempting to create controversy when it does not exist. BF Labs is trying to be reasonable and meet its discovery obligations. BF Labs is not trying to hide the ball from Plaintiffs and agrees not to use any non-demonstrative exhibits at trial that it fails to produce to Plaintiffs. We are trying to produce those materials to you after we are able to agree on search terms and other required protocol.

That said, a few of your requests need to be discussed specifically. Regarding RFPD No. 2, BF Labs stands by its objections. As your request is written, it includes every BF Labs' email ever written. Even BF Labs' response notes that it is willing to confer with Plaintiffs as to the request.  Your unwillingness to confer about a reasonable request shows your unreasonableness. We want to work with you on narrowing this request.  Regarding RFPD No. 11, BF Labs refuses to produce documents and/or communications relating to the mining of bitcoin by any of BF Labs' employees or agents in their individual capacity.

And finally, BF Labs is willing to discuss RFPD No. 14 with Plaintiffs. Website information is publically available, and the burden to search for, collect, and compile this is the same for Plaintiffs as it is for BF Labs. BF Labs met its discovery obligations. But there is a cost involved in gathering prior versions of websites. BF Labs is unwilling to incur this undue expense without a specific showing by Plaintiffs why it is necessary.

In conclusion, BF Labs spent significant time and expense in responding to Plaintiffs' discovery requests. BF Labs is not obligated to create materials that do not exist and takes significant issue with comments like "egregious" and "sanctionable." BF Labs will be supplementing its interrogatory responses later today. We look forward to working with you towards a resolution of these issues without the need for any further discovery motions.

50071573.1



Mr. Ari N. Rodopoulos
March 20, 2015
Page 7

Sincerely,

Michael S. Foster

071534 / 475203