**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | ) |
| Plaintiff, | ) ) ) |
| v. | )  No. 4:14-CV-00815-BCW |
| BF LABS INC., et al., | ) ) ) |
| Defendants. | ) |

**ORDER**

This matter is before the Court on the Motion to Approve Temporary Receivership Wind Down Procedures, filed by the Temporary Receiver on December 16, 2014 (Doc. #206). The Court discussed this motion with the parties and the Temporary Receiver during a December 22, 2014 teleconference. Defendants object to the proposed Receiver Reserve and payment schedule. After considering the motion, record, and applicable law, the Court finds the Receiver Reserve is appropriate but modifies the proposed payment schedule. Accordingly, it is hereby

ORDERED that the Motion to Approve Temporary Receivership Wind Down Procedures (Doc. #206) is GRANTED-IN-PART. It is further

ORDERED that with respect to the wind down of the Temporary Receivership, the following procedures (the "Wind Down Procedures") shall apply:

1. **Management Control.** Subject to provisions set forth herein and in the December 12, 2014 Order (Doc. # 201), BF Labs, Inc. ("BFL") management shall be immediately vested with full management control and authority with respect to assets and operations of the company and the Temporary Receiver shall have no further continuing responsibility or duty with respect to such assets and operations, except for reasonable cooperation with respect to remaining

transition issues and with respect to the Receiver Reserve (defined below). The Temporary Receiver and the parties shall reasonably cooperate with respect to the orderly transition of management and operational control back to BFL. BFL shall immediately provide the Temporary Receiver a written direction identifying designated BFL contact representatives, BFL bitcoin wallet addresses, and BFL bank accounts (the "Written Direction").

2. **Transfer of Personal Property and Premises.** To the extent not already transferred, within three (3) business days after the later of (i) the entry of this Order or (ii) the Temporary Receiver's receipt of the Written Direction, the Temporary Receiver shall deliver any remaining personal property and/or keys to the designated contact representative.

3. **Transfer of Passwords.** To the extent not already transferred, within three (3) business days after the later of (i) the entry of this Order or (ii) the Temporary Receiver's receipt of the Written Direction, the Temporary Receiver shall relinquish custody of any passwords and access codes to the designated contact representative.

4. **Transfer of Liquid Assets.**

   a. *Bitcoin.* Within three (3) business days after the later of (i) the entry of this Order or (ii) the Temporary Receiver's receipt of the Written Direction, the Temporary Receiver shall transfer the bitcoin holdings currently in the Court storage wallet and the Temporary Receiver's Coinbase Account to the designated BFL bitcoin wallet(s). With respect to any other company wallets to which the Temporary Receiver has either passcodes and/or private keys, the Temporary Receiver shall transfer such information to the designated BFL contact representative.

   b. *Receiver Reserve.* The Temporary Receiver shall maintain a cash reserve in his Receiver's Account in the amount of $1,000,000 (the "Receiver Reserve") in order to cover the outstanding costs and expenses of the receivership as well as any outstanding checks from the Receiver's Account issued prior to the entry of this Order. The Receiver Reserve will remain subject to this Court's jurisdiction and control and shall be administered by the Temporary Receiver.

   c. *Distribution of Cash.* Within three (3) business days after the later of (i) the entry of this Order or (ii) the Temporary Receiver's receipt of the

    Written Direction, the Temporary Receiver shall transfer any funds in excess of the Receiver Reserve to the designated BFL account(s).

  d. Upon the distribution of the bitcoin and cash as provided for in this paragraph, the Temporary Receiver shall have no further responsibility to make any payments with respect to the temporary receivership and/or BFL except as identified in Paragraph 8 of this Order.

5. **Asset Freeze**. The Asset Freeze provided for in Section II of the Stipulated Interim Order is immediately lifted except as to the Receiver Reserve, which shall remain under Court jurisdiction and control.

6. **Stay of Actions and Pending Litigation.**

  a. *Stay of Actions.* The Stay of Actions contemplated in Section XVII of the Stipulated Interim Order is lifted except as to the Receiver Reserve, which shall remain under Court jurisdiction and control.

  b. *Filings.* The Temporary Receiver shall file notice of this Order in the jurisdictions where he has knowledge there is pending litigation that would have been impacted by the Stay of Actions.

7. **Final Accounting and Discharge of the Receiver.** By no later than **January 9, 2015**, the Temporary Receiver shall file his Motion to Approve Final Accounting, Final Approval of Fees and Expenses, Discharge of Receiver and Cancellation of Bond (the "Final Accounting Motion"). Objections to the Final Accounting Motion shall be filed within seven (7) days thereafter. A reply to such objections shall be filed within seven (7) days of such objections.

8. **Settlement of Remaining Receivership Expenses.**

  a. The Temporary Receiver may continue to honor any outstanding and pending checks from the Receiver's Account that come in on or before December 30, 2014. As of December 31, 2014, the Temporary Receiver shall instruct BMO Harris to place a stop payment on any outstanding checks.

  b. The Temporary Receiver currently has two pending applications for reimbursement of fees and expenses, in addition to fees and expenses incurred in the month of December and for wind down of the temporary receivership. Such fees and expenses shall be handled as follows:

3

    i. ***First Interim Application (September 19 through October 31).*** The Temporary Receiver may immediately pay out of the Receiver Reserve 50% of the pending fees identified in the First Interim Application and 100% of pending expenses identified in the First Interim Application. The remaining 50% shall be paid pursuant to the Order Approving the Final Accounting Motion (the "Final Accounting Order").

    ii. ***Second Interim Application (November 1 through November 30).*** The Temporary Receiver may immediately pay out of the Receiver Reserve 50% of the pending fees and 100% of the pending expenses identified in the Second Interim Application. The remaining 50% shall be paid pursuant to the Final Accounting Order.

    iii. ***Remaining Fees and Expenses.*** When the Temporary Receiver submits the Final Accounting Motion, he will also include his request for any remaining fees and expenses arising after November 30, 2014. These remaining fees and expenses shall be paid pursuant to the Final Accounting Order.

 c. The Final Accounting Order shall direct the payment of any monies remaining in the Receiver Reserve after payment of the outstanding fees and expenses.

 d. The payments made pursuant to Paragraph 8.b.i and 8.b.ii shall be considered interim payments. As interim payments, such payments remain subject to return to the Receiver Reserve until finally approved in the Final Accounting Order or by other Order of the Court. Any Order approving payment of fees or expenses is without prejudice to BFL seeking reimbursement of such fees and expenses from the plaintiff.

9. **Notification to Customers.**

 a. The Temporary Receiver shall keep his website active until 30 days after entry of the Final Accounting Order and provide information with respect to the temporary receivership wind down.

 b. Within four (4) business days after the later of (i) the entry of this Order or (ii) the Temporary Receiver's receipt of the Written Direction, the Temporary Receiver shall notify those customers who have contacted the Temporary Receiver via electronic mail of the Temporary Receivership wind down and provide such customers with the contact information for the designated contact representative.

10. This Order is without prejudice to the parties seeking further guidance and/or applying to this Court for further instructions and directions with respect to the wind down of the Temporary Receivership.

IT IS SO ORDERED.

DATE: <u>December 23, 2014</u>     <u>/s/Brian C. Wimes</u>
                                    JUDGE BRIAN C. WIMES
                                    UNITED STATES DISTRICT COURT