

Friday, April 4, 2014

James M. Humphrey, Esq. (*via E-Mail:* jhumphrey@polsinelli.com)
Michael S. Foster, Esq. (*via E-Mail:* mfoster@polsinelli.com)
Polsinelli PC
900 W. 48th Place, Suite 900
Kansas City, Missouri 64112

  Re: *Alexander et. al v. BF Labs, Inc.*,
     U.S.D.C. Kansas Case No. 2:14-CV-02159
     **Spoliation Letter and Notice to Preserve Documents**

Gentlemen:

  It is my understanding you represent BF Labs Inc. d/b/a Butterfly Labs ("BFL"). If you do not represent BFL, please let me know.

  A class-action complaint has been filed against Defendant BFL in the United States District Court for the District of Kansas. A copy of the complaint is attached.

  We respectfully request and expect Defendant BFL to preserve all potentially relevant evidence, data, and information concerning the Plaintiff Class and their claims, regardless of any record retention time guidelines provided by regulatory agencies or policies. Any failure to preserve such evidence, data, and information may result in our seeking remedies with the court that may be adverse to Defendant BFL.

  The purpose of this letter is to place Defendant BFL on notice of its duty to preserve potential evidence, and information likely to lead to admissible evidence, in this case. On behalf of the Plaintiff Class, Plaintiffs demand that Defendant BFL take immediate steps to preserve all electronic data, documents, and media in its possession or control, including but not limited to immediate suspension of all routine purging of all said data and the media on which said data is stored. Please note that paper printouts of text or other data existing on electronic files or media are no substitute for the electronic files themselves and do not relieve Defendant BFL of its obligation to preserve the electronic data and files and the media on which they are stored. Please note that the rules of law prohibiting the destruction or spoliation of evidence and providing for the imposition of sanctions for the negligent or willful destruction or spoliation of evidence, apply to electronic information with the same force as they apply to other kinds of evidence.



EXHIBIT 17

James M. Humphrey, Esq.
Michael S. Foster, Esq.
Friday, April 4, 2014
Page 2

As part of our discovery efforts in this matter, Plaintiffs will be serving discovery requests. As you know pursuant to Rule 26(d), such discovery may not be sought until the parties have conferred as required by Rule 26(f). However Defendant BFL is still under a duty not to destroy, conceal, or alter any potentially relevant evidence in this matter. This includes, but is not limited to, any web pages, previous versions of web pages, electronic mail, paper or electronic files and other data generated by, or stored on, the Defendant BFL's computers, servers, and storage media (*e.g.*, hard disks, memory, jump drives, external disks, backup tapes), or any other electronic data under its control. The relevant evidence, data, and information may include, but is not limited to:

- Records identifying members of the Plaintiff Class, and their purchases or payments;
- Records of any purported "terms and conditions" of all purchases or payments made by the Plaintiff Class;
- all correspondence or communication with members of the Plaintiff Class;
- the contents of *www.butterflylabs.com*;
- the contents of *products.butterflylabs.com*;
- the contents of *forums.butterflylabs.com*;
- all electronic data in possession of Google, Inc. and under the control of Defendant BFL;
- all electronic data in possession of CloudFlare, Inc. and under the control of Defendant BFL;
- all electronic data in possession of SendGrid, Inc. and under the control of Defendant BFL;
- all electronic data in possession of BitPay, Inc. and under the control of Defendant BFL;
- all electronic data in possession of Hivelocity Ventures Corporation and under the control of Defendant BFL;
- all electronic data in possession of Hetzner Online AG and under the control of Defendant BFL;
- all electronic data in possession of Staminus, Inc. and under the control of Defendant BFL;
- all electronic data in possession of Joe's Datacenter, LLC and under the control of Defendant BFL;

James M. Humphrey, Esq.
Michael S. Foster, Esq.
Friday, April 4, 2014
Page 3

- all records of Eclipse Mining Consortium;
- Bank, financial records, or other records reflecting payments by the Plaintiff Class to BFL, whether by fiat currency or Bitcoin;
- Bank, financial records, or other records reflecting the use and deposition of money or Bitcoin received from customers;
- all policies, manuals, or procedures concerning customer orders, shipping, and customer refunds;
- Inventory and supply records for parts or materials;
- Correspondence with any component manufacturer or supplier;
- Records of purchases or orders from component manufacturers or suppliers;
- Records of the number of mining units available for shipping, or in the process of being manufactured during any time Defendant BFL accepted payments from customers;
- Records, including manifests, bills of lading, or invoices, concerning the shipment of Bitcoin mining hardware to customers;
- Records showing the wait list or "queue" during any time Defendant BFL accepted payments from customers; and
- Records of any mining, purchase, or sale of bitcoins by Defendant BFL.

In order to avoid spoliation, Defendant BFL will need to provide the data requested on the original media and in the original form it exists. Accordingly, we request that you hold such media inviolate and not reuse it in any way. Electronic documents, and the storage media on which they reside, contain relevant, discoverable information beyond that which may be found in printed documents. Therefore, even where a paper copy exists, we will seek all documents in their electronic form along with information about those documents contained on the media. We also will seek paper printouts of those documents that contain unique information after they were printed out (such as paper documents containing handwriting, signatures, notations, marginalia, drawings, annotations, highlighting and redactions), along with any paper documents for which no corresponding electronic files exist.

Our discovery requests will ask for certain data on the hard disks, electronic storage and backup media used in Defendant BFL's computers and servers or computers and servers under its control, including but not limited digital recordings or any other electronic files, some of which are not readily available to an ordinary computer user,

James M. Humphrey, Esq.
Michael S. Foster, Esq.
Friday, April 4, 2014
Page 4


such as "deleted" files and "file fragments." As you may know, although a user may "erase" or "delete" a file, all that is truly erased is a reference to that file in a table on the hard disk; unless overwritten with new data, a "deleted" file can be as intact on the disk as any "active" file you would see in a directory listing. Defendant BFL must suspend all programs and applications that erase electronic data, including auto-scheduled maintenance or "cleanup" processes and, to ensure that no electronic data is accidently lost, Defendant BFL must immediately make complete copies of the applicable computer and server hard drives and memory.

  Thank you for your prompt attention to this matter. Should you have any questions or concerns, please do not hesitate to contact me.

            Very truly yours,

            Noah K. Wood
            Attorney at Law


NKW:tr