IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| KYLE ALEXANDER, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 14-CV-2159-KHV-JPO |
| | ) |
| BF LABS INC., | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT BF LABS INC.'S RESPONSES TO PLAINTIFFS'
FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS
AND ELECTRONICALLY STORED INFORMATION**

Defendant BF Labs Inc., by and through its counsel of record, submits the following responses and objections to Plaintiffs' First Requests for Production of Documents and Electronically Stored Information ("Requests") pursuant to Rule 34 of the Federal Rules of Civil Procedure.

**RESPONSE TO PRODUCTION REQUESTS**

1. The declaration of coverage and insurance policy for each and every insurance agreement, contract, or policy under which Defendant may be indemnified, in whole or in part, for any judgment which may be entered in favor of the Plaintiffs in the above-styled cause.

**ANSWER:**

BF Labs has already produced Policy No. 596438368 to Plaintiffs. *See* BFLABS-KA 00000001-31.

2. Any and all statements of any person(s) pertaining to matters alleged in the Complaint, whether written, recorded, transcribed, or otherwise preserved. If you assert privilege as to such material, produce such material that you do not claim privilege to and state

the facts supporting your claimed privilege as to other materials.

**ANSWER:**

BF Labs objects to this Request as vague, overbroad, and unduly burdensome in that it seeks "[*a]ny and all statements* of any person(s) *pertaining to matters alleged in the Complaint. . . ."*(emphasis added). BF Labs is willing to meet and confer with Plaintiffs to discuss this request but it is impossible to respond and produce as written.

3.  All policies, manuals, documents, communications, or guidelines relating or referring to procedures for publishing, marketing, or selling the Defendant's lines of merchandise.

**ANSWER:**

BF Labs objects to this Request because it seeks information that is privileged from discovery pursuant to the attorney-client privilege and work-product doctrine. Subject to this objection, in accordance with the ESI protocol, including an agreement on search terms and custodians, BF Labs will conduct a reasonable search for and produce responsive non-privileged documents.

4.  All documents and emails relating or referring to the estimated shipping dates for Defendant's lines of merchandise.

**ANSWER:**

In accordance with the ESI protocol, including an agreement on search terms and custodians, BF Labs will conduct a reasonable search for and produce responsive non-privileged documents.

5.      All versions of Defendant's terms and conditions relating or referring to selling, shipping, or providing refunds for Defendant's lines of merchandise.

**ANSWER:**

In accordance with the ESI protocol, including an agreement on search terms and custodians, BF Labs will conduct a reasonable search for and produce responsive non-privileged documents.

6.      All documents and/or communications between Defendant and any State Attorney General, the Federal Trade Commission, the United States Government, or the Better Business Bureau relating or referring to Defendant's business practices, sales, pre-order sales, and/or shipping of merchandise.

**ANSWER:**

BF Labs refers Plaintiffs to the docket in *Federal Trade Commission v. BF Labs Inc., et al.,* Case No. 14-815-BCW (W.D. Mo.). A subpoena is being withheld from production based on the objection that it is immune from discovery. In accordance with the ESI protocol including an agreement on search terms and custodians, BF Labs will conduct a reasonable search for and produce responsive non-privileged documents in its possession between BF Labs and any State Attorney General and the Better Business Bureau.

7.      All documents and communications between Defendant and any consumer(s) relating or referring to Defendant's sales and shipping of bitcoin mining equipment or services.

**ANSWER:**

In accordance with the ESI protocol, including an agreement on search terms and custodians, BF Labs will conduct a reasonable search for and produce responsive non-privileged documents.

8. All documents and communications relating or referring to any consumer(s) requesting a refund for bitcoin mining equipment or services that had been paid for but had not been shipped by Defendant.

**ANSWER:**

BF Labs objects to this Request because it seeks information that is privileged from discovery pursuant to the attorney-client privilege and work-product doctrine. Subject to this objection, in accordance with the ESI protocol, including an agreement on search terms and custodians, BF Labs will produce non-privileged documents. *See also* Exhibit F to Plaintiffs' Interrogatories.

9. All documents and communications relating or referring to product development, product design, service and change orders, production timelines, and/or shipping timelines for Defendant's lines of bitcoin mining equipment or services.

**ANSWER:**

BF Labs objects to this Request insofar as it seeks to obtain information that is privileged from discovery pursuant to the attorney-client privilege, work-product doctrine, or any other applicable privileges. Subject to this objection, in accordance with the ESI protocol, including an agreement on search terms and custodians, BF Labs will conduct a reasonable search for and produce responsive non-privileged documents.

10. All documents and/or communications relating or referring to any consideration (including, but not limited to: cash, bitcoins, *etc.*) received by Defendant from pre-orders from consumers.

**ANSWER:**

In accordance with the ESI protocol, including an agreement on search terms and custodians, BF Labs will conduct a reasonable search for and produce responsive non-privileged documents. *See also* Exhibits C and D to Plaintiffs' Interrogatories.

11. All documents and/or communications relating or referring to any mining of bitcoin by Defendant or Defendant's employees or agents.

**ANSWER:**

BF Labs objects to this Request and will not produce documents to the extent it seeks information relating to bitcoin mining by BF Labs' agents or employees that have mined bitcoin in their individual capacity because any mining done in their individual capacity has nothing to do with the lawsuit. Subject to the foregoing objection and handled in accordance with the ESI protocol, including an agreement on search terms and custodians, BF Labs will produce non-privileged documents relating or referring to mining done by BF Labs.

12. All documents and/or communications relating or referring to any other lawsuits involving Defendant's sale or marketing of bitcoin mining equipment or services.

**ANSWER:**

BF Labs objects to this Request because it seeks information that is privileged from discovery pursuant to the attorney-client privilege and work-product doctrine. BF Labs refers

5

Plaintiffs to the following lawsuits: *Meissner v. BF Labs Inc.*, No. 13-2617-RDR-KGS (D. Kan.); *Lolli v. BF Labs Inc.*, No. 13LA-9619 (Johnson County District Court); *Mazur v. BF Labs Inc.*, No. GV14-7544 (Chesapeake General District Court); *Tomaszewski v. BF Labs Inc.*, No. 14SC-397 (Johnson County District Court); and *Federal Trade Commission v. BF Labs Inc., et al.,* No. 14-815 (W.D. Mo.). BF Labs is willing to meet and confer with Plaintiffs to further discuss this Request.

13. All documents and/or communications relating or referring to any marketing or representations concerning estimated shipping dates made by Defendant concerning Defendant's lines of bitcoin mining equipment or services.

**ANSWER:**

Plaintiffs have already asked for documents related or referring to shipping dates in Requests for Production Nos. 4, 7, and 9 and this Request is covered by those previous requests. BF Labs incorporates by reference its responses and objections to Requests for Production Nos. 4, 7, and 9.

14. An electronic copy of the Defendant's websites including any previous versions.

**ANSWER:**

BF Labs objects to this request as it seeks production of documents that can be obtained from publicly available sources where the burden of searching for, collecting, or compiling such documents is substantially the same for Plaintiffs as for BF Labs.

15. All manuals, policies, procedures, training materials, documents and/or communications relating or referring to Defendant's policies concerning shipping, pre-paid orders, refunds, and customer service.

6

**ANSWER:**

Reading this Request to exclude documents and ESI protected from discovery by the attorney-client privilege and work-product doctrine and in accordance with the ESI protocol, including an agreement on search terms and custodians, BF Labs will conduct a reasonable search for and produce responsive non-privileged documents.

16. For each product identified in response to Interrogatory No. 2, all documents and/or communications relating or referring to specifications of the product, announcements of said product, availability for order, estimated dates of shipping or availability, date design was started, date design was finished, date production began, and date product ceased.

**ANSWER:**

Reading this Request to exclude documents and ESI protected from discovery by the attorney-client privilege and work-product doctrine and in accordance with the ESI protocol, including an agreement on search terms and custodians, BF Labs will conduct a reasonable search for and produce responsive non-privileged documents.

17. For each product identified in response to Interrogatory No. 2, all documents and/or communications relating or referring to orders placed and the monetary value of those orders, how many of the product was shipped, the dates of shipment, and how many refunds were requested and made for the product.

**ANSWER:**

In accordance with the ESI protocol, including an agreement on search terms and custodians, BF Labs will conduct a reasonable search for and produce responsive non-privileged

7

documents. In addition to doing so, BF Labs refers Plaintiffs to Exhbits A through E of Plaintiffs' Interrogatories.

18. All documents and communications relating or referring to complaints by consumers of defective and/or malfunctioning bitcoin mining equipment or services purchased from Defendant.

**ANSWER:**

In accordance with the ESI protocol, including an agreement on search terms and custodians, BF Labs will produce non-privileged documents. *See also* Exhibit F to Plaintiffs' Interrogatories.

19. All communications, payments, and other documents sent to or from Defendant and any retained expert relating or referring to this action.

**ANSWER:**

No documents exist. BF Labs intends to fully comply with its expert discovery obligations under Rule 26 of the Federal Rules of Civil Procedure.

20. All documents, electronically stored information, and other tangible things listed by Defendant as set forth in Defendant's initial disclosures, Section II, Nos. 1-28.

**ANSWER:**

Reading this Request to exclude documents and ESI protected from discovery by the attorney-client privilege and work-product doctrine and in accordance with the ESI protocol, including an agreement on search terms and custodians, BF Labs will conduct a reasonable search for and produce responsive non-privileged documents.

Respectfully submitted,


/s/ Michael S. Foster
| | |
|---|---|
| James M. Humphrey | KS Fed. #70664 |
| Michael S. Foster | KS #24011 |

Polsinelli PC
900 W. 48th Place, Suite 900
Kansas City, Missouri  64112-1895
Telephone: (816) 753-1000
Facsimile: (816) 753-1536
jhumphrey@polsinelli.com
mfoster@polsinelli.com

Attorneys for Defendant BF Labs Inc.

9

## CERTIFICATE OF SERVICE

I hereby certify that on February 20th, 2015, a true and correct copy of the foregoing pleading was served via electronic mail on the following:

Noah K. Wood, Esq.
Ari N. Rodopoulos, Esq.
Wood Law Firm, LLC
1100 Main Street, Suite 1800
Kansas City, MO 64105-5171

Attorneys for Plaintiffs

　/s/ Michael S. Foster
Attorney for Defendant BF Labs Inc.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **KYLE ALEXANDER, et al.,** | ) |
| | ) |
|     **Plaintiffs,** | ) |
| | ) |
| v. | ) Case No. 14-CV-2159-KHV-JPO |
| | ) |
| **BF LABS INC.,** | ) |
| | ) |
|     **Defendant.** | ) |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 20th day of February, 2015, Defendant BF Labs Inc.'s Responses to Plaintiff's First Request for Production were served on the following by electronic mail:

Noah K. Wood, Esq. (noah@woodlaw.com)
Ari N. Rodopoulos, Esq. (ari@woodlaw.com)
Wood Law Firm, LLC
1100 Main Street, Suite 1800
Kansas City, MO 64105-5171

Attorneys for Plaintiff

    Respectfully submitted,

    /s/ Michael S. Foster
    James M. Humphrey      KS Fed. #70664
    Michael S. Foster      KS #24011
    Polsinelli PC
    900 W. 48th Place, Suite 900
    Kansas City, Missouri 64112-1895
    Telephone: (816) 753-1000
    Facsimile: (816) 753-1536
    jhumphrey@polsinelli.com
    mfoster@polsinelli.com

    Attorneys for Defendant BF Labs Inc.

49768299.1
49768299.1

## CERTIFICATE OF SERVICE

  I hereby certify that on February 20, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

Noah K. Wood, Esq.
Ari N. Rodopoulos, Esq.
Wood Law Firm, LLC
1100 Main Street, Suite 1800
Kansas City, MO 64105-5171

Attorneys for Plaintiff

            /s/ Michael S. Foster
            Attorney for Defendant

2

49768299.1
49768299.1