IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| KYLE ALEXANDER, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 14-CV-2159-KHV-JPO |
| | ) |
| BF LABS INC., | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT BF LABS INC.'S SUPPLEMENTAL ANSWERS AND OBJECTIONS TO PLAINTIFFS' FIRST INTERROGATORIES**

Defendant BF Labs Inc., by and through its counsel of record, submits the following supplemental answers and objections to Plaintiffs' First Interrogatories pursuant to Rule 33 of the Federal Rules of Civil Procedure.

**INTERROGATORIES**

5. For each product identified in No. 2, above, identify the number of units manufactured by month and year, the number of units ordered by consumers by month and year, and the number of units shipped to consumers by month and year.

**ANSWER:**

BF Labs has not tracked by product the number of units it has manufactured or shipped to consumers by month and year. For the FPGA generation order dates and order status, *see* Exhibit A. For the 65 and 28 NM generations, *see* Exhibit B which will show order dates and order status. Further, a spreadsheet has been identified that contains 81 different customers whose order status was excluded from Exhibit B for various reasons. See Exhibit G.

Further, BF Labs has a manually created spreadsheet that includes a weekly breakdown of how many 65 NM products were shipped from July 14, 2013 to December 14, 2013 that was used internally for PayPal purposes. This document is not comprhensive as to all shipping. *See*

Exhibit H.

Finally, BF Labs has emails from tracking@shipstation.com that alerted customers that a product was shipped but BF Labs objects to the undue burden and expense of gathering those emails and manually creating a spreadsheet based on the number of units shipped to consumers by month and year.

8. For each product identified in No. 2, above, identify the estimated shipping date (and each revised shipping date) Defendant represented publically, the date each representation was made, and Defendant's factual basis for making such representation to the public on each such date.

**ANSWER:**

BF Labs objects to Plaintiffs' request to the extent it seeks information that BF Labs represented publically such information is equally accessible to Plaintiffs. BF Labs directs Plaintiffs to three blogs that may contain this information:

> https://forums.butterflylabs.com/members/bfl_josh.html
>
> https://forums.butterflylabs.com/members/bfl_jody.html
>
> https://forums.butterflylabs.com/members/bfl_updates.html

Regarding BF Labs' factual basis for making representations, BF Labs considered the production and assembly processes, information it received from suppliers and component manufacturers, communications with crucial vendors, contracts it had for ASIC chip delivery, among other things.

2

9.  For each estimated shipping date (and each revised estimated shipping date) identified in No. 8, above, identify the *percentage of units* of each product identified in No. 2, above, that were actually shipped within the *estimated shipping date*. For purposes of this interrogatory, *percentage of units* is defined as the number of units shipped within the applicable estimated shipping date divided by the number of orders pending for the same type of unit times 100%. Further, *estimated shipping date* is defined as either (a) the estimated shipping date if a fixed date was provided (*e.g.*, "within 2 months"); or (b) the earliest estimated shipping date if a range of dates was provided (*e.g.*, "within 2 months or later" or "within 2 to 6 months").

**ANSWER:**

Defendant objects to this request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Furthermore, Defendant does not have the records to be able to provide this information to Plaintiffs but can provide the first shippable unit date and sales end date for each product listed in No. 2 above:

| Generation | Product | First Shippable Unit Date | Sales End Date |
|---|---|---|---|
| FPGA | Single | 2/21/2012 | 11/2012 |
|  | MiniRig | 6/18/2012 | 11/2012 |
| ASIC 65 NM | 4.5 GH "Jalapeno" | 4/22/2013 | 04/04/2013 |
|  | 10 GH | 1/2/2014 | Currently posted on website |
|  | 30 GH | 7/19/2013 | 04/04/2013 |
|  | 60 GH | 6/21/2013 | 04/04/2013 |
|  | 5 GH "Jalapeno" | 10/19/2013 | 02/08/2014 |
|  | 25 GH | 11/7/2013 | No later than May 27, 2014 |
|  | 50 GH | 11/2/2013 | No later than May 27, 2014 |
|  | 1,500 GH* | 8/1/2013 | 04/04/2013 |
|  | 500 GH | 06/2013 | 12/11/2013 |
|  | 230 GH | 12/2013 | 06/01/2014 |
|  | Nimbus Mining | 1/27/2014 | 07/18/2014 |
| ASIC 28 NM | Mining By The Gigahash / CloudMining | 6/23/14 | 07/18/2014 |
|  | 600 GH | 8/20/2014 | 07/18/2014 |
|  | 300 GH | None - Upgraded to 600 GH | 07/18/2014 |
|  | 700 GH | 8/20/2014 | 07/18/2014 |
|  | 1 TH | None - Withdrawn | 07/18/2014 |

*This was never shipped as a single 1,500 GH unit. Orders for this product were fulfilled with 3 - 500 GH machines.

3

12. For all policies or contracts of insurance which you were or may be insured in any manner, for the damages, claims, or actions that have arisen out of the occurrence(s) mentioned in Plaintiffs' Complaint, state the type of coverage, the name and address of the company or companies issuing such insurance, the policy number, the limits of coverage for each type of coverage contained in the policy, and whether any reservation of rights or controversy or coverage dispute exists between you and the insurance company.

**ANSWER:**

This information has previously been provided to Plaintiffs. *See* BFLABS-KA 00000001-31. Coverage has been denied in *FTC v. BF Labs Inc., et al.*, No. 14-815-BCW (W.D. Mo.). The letter denying coverage will be produced. *See* BFLABS-KA 00002724 to 2726.

13. Identify all owners of Defendant by name, address, and percentage of ownership.

**ANSWER:**

Sonny Vleisides, 12406 Overbrook, Leawood, KS 66209 (44%); Nasser Ghoseiri, c/o Law Offices of Behrouz Shafie Associates, 1575 Westwood Blvd., Ste 200, Los Angeles, CA 90024 (40%); A.D. Douma, 3024BN Rotterdam, Netherlands (1%); Alexa Fuller, 12336 S Alcan St., Olathe, KS 66062-5950 (2.5%); Chris Vleisides, 9817 Walnut, Kansas City, MO 64114 (2.5%); Jeffrey S. Ownby, 130 N Park Rd., La Grange, IL 60525 (10%).

14. Identify all bitcoin mining accounts or operations operated, owned, utilized, or otherwise controlled by Defendant or Defendant's agents or employees by stating the name and

number of the account or location of the operation, the specific date(s) bitcoins were mined under that account or at that location, and the product name, version, and serial number of the each piece of mining equipment used to mine bitcoins for each account or operation.

**ANSWER:**

BF Labs objects to this Interrogatory to the extent it seeks information relating to the bitcoin mining accounts owned by BF Labs' agents or employees that are not operated, owned, utilized, or otherwise controlled by BF Labs. BF Labs will not answer this interrogatory to the extent it seeks such information. Subject to the foregoing objection, Eclipse Mining Consortium became part of BF Labs on October 26, 2012. This mining consortium is operated on multiple servers in multiple locations. It provides pool mining services for thousands of pool members, who own their own equipment and the bitcoins mined; BF Labs objects to providing records on the mining results of machines not owned by the company, and does not maintain records of the serial number or type of customer equipment connected to the pool.

BF Labs set up a mining operation at its headquarters in February 2014 to fund the bitcoin prize pool for an internet game show named "The Bitcoin Game Show." Initially, no more than 2 TH of 65 NM mining equipment was used; these were units left over after BF Labs' 65 NM pre-order queue was fulfilled. BF Labs ended mining with no more than 3.5 TH of 65 NM equipment. During the entire operation of this pool, approximately 14 bitcoins were mined.

In January 2014, BF Labs entered into a cloud-based mining partnership with a data center hosting company through which it offered a product sold under the name Nimbus Mining. The hosting company provides administrative software that monitors bitcoins mined to each customer's account; BF Labs does not receive copies of these records. To support the Nimbus Mining offering (sold between January and June 2014), later a free service referred to as

Temporary CloudMining (provided between June and December 2014), and eventually permanent (paid) CloudMining (from December 2014 to present), BF Labs initially provided 594 units of excess 230 GH machines to the partnership. These machines were decommissioned in August and September 2014. Starting in July 2014, BF Labs began deploying substandard, non-shippable 28 NM Monarchs to the same hosting company to be used to replace the 65 NM equipment. Between July and August 2014 approximately 611 TH of Monarch equipment was delivered. For Nimbus Mining and Cloud Mining, approximately 700 bitcoins were mined and should ultimately be received by BF Labs. *See* Exhibit I for breakdown by month of how much was mined into BF Labs' active wallet. These bitcoins came from burn-in testing, RMA testing, and broken-wing units. Other than mining through Nimbus Mining and cloud mining, BF Labs has only mined from its headquarters in Overland Park, Kansas.

18.     Identify and itemize all consideration (cash, bitcoins, *etc.*) received by Defendant from customers who pre-ordered a product or service from Defendant.

**ANSWER:**

For FPGA generation sales, *see* exhibit A. For the 28 and 65 NM generations, *see* exhibit B. A spreadsheet has been identified that contains 81 different customers whose order status was excluded from Exhibit B for various reasons. *See* Exhibit G.

19.     Identify all customers who requested a refund from Defendant, denoting which customers received refunds, the date of such refunds, and the type and amount of such refunds (cash, bitcoins, *etc.*).

**ANSWER:**

6

*See* Exhibit E which is comphresensive as of February 20, 2015.

23.     How many bitcoins has Defendant mined (either by itself or by someone else on Defendant's behalf) for Defendant's own benefit from the testing of mining equipment pre-ordered by customers before shipping such equipment to customers?

**ANSWER:**

BF Labs does not maintain records that would allow it to answer the question posed by this interrogatory. BF Labs is otherwise unable to determine precisely the number of bitcoins mined through the testing of mining equipment. BF Labs further states in an effort to address this interrogatory that there are various activities that result in "by-product" mining, such as product research and development, quality assurance testing, returned item testing and diagnosis, and substandard unit testing and repair/retest. The bitcoin resulting from this "by-product" mining has historically been directed to a single wallet address. That wallet address is 18UxwNVLPo7vyRkCgs5wusUfhhbMYhApAu. While the number of bitcoins generated by testing cannot be determined, it is substantially less than the 8124.58 total bitcoins mined and identified in the answer to Interrogatory No. 22 above (a figure which includes bitcoins that were mined as part of the Nimbus Mining partnership, as well as bitcoins that BF Labs has yet to receive from cloud mining).

Respectfully submitted,


/s/ Michael S. Foster
James M. Humphrey                              KS Fed. #70664
Michael S. Foster                              KS #24011
Polsinelli PC
900 W. 48th Place, Suite 900
Kansas City, Missouri  64112-1895
Telephone: (816) 753-1000
Facsimile: (816) 753-1536
jhumphrey@polsinelli.com
mfoster@polsinelli.com

Attorneys for Defendant BF Labs Inc.

8

STATE OF _Missouri_ )
)ss.
COUNTY OF _Platte_ )

Before me appeared David McClain, being duly sworn upon his or her oath, states that he or she is a representative of Defendant BF Labs Inc., that he or she duly authorized to answer the foregoing interrogatories on behalf of Defendant BF Labs Inc., and that the answers given are true and correct to the best of his or her information, knowledge, and belief.

*David J McClain*

Subscribed and sworn to before me this _30th_ day of March, 2015.

*Notary Public*

My commission expires: _9/14/15_

R. JUS[...] [...]
**Notary** Pub[...], Seal
State of Missouri
Commissioned for Platte County
My Commission Expires: September 14, 2015
Commission Number: 11240575

9

## CERTIFICATE OF SERVICE

I hereby certify that on March 20, 2015, a true and correct copy of the foregoing pleading was served via electronic mail on the following:

Noah K. Wood, Esq.
Ari N. Rodopoulos, Esq.
Wood Law Firm, LLC
1100 Main Street, Suite 1800
Kansas City, MO 64105-5171

Attorneys for Plaintiffs

/s/ Michael S. Foster
Attorney for Defendant BF Labs Inc.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| KYLE ALEXANDER, et al., | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 14-CV-2159-KHV-JPO |
| | ) |
| BF LABS INC., | ) |
| | ) |
|     Defendant. | ) |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 20th day of March, 2015, Defendant BF Labs Inc.'s Supplemental Answers and Objections to Plaintiff's First Interrogatories were served on the following by electronic mail:

Noah K. Wood, Esq. (noah@woodlaw.com)
Ari N. Rodopoulos, Esq. (ari@woodlaw.com)
Wood Law Firm, LLC
1100 Main Street, Suite 1800
Kansas City, MO 64105-5171

Attorneys for Plaintiff

Respectfully submitted,

/s/ Michael S. Foster
James M. Humphrey     KS Fed. #70664
Michael S. Foster     KS #24011
Polsinelli PC
900 W. 48th Place, Suite 900
Kansas City, Missouri 64112-1895
Telephone: (816) 753-1000
Facsimile: (816) 753-1536
jhumphrey@polsinelli.com
mfoster@polsinelli.com

Attorneys for Defendant BF Labs Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on March 20, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

Noah K. Wood, Esq.
Ari N. Rodopoulos, Esq.
Wood Law Firm, LLC
1100 Main Street, Suite 1800
Kansas City, MO 64105-5171

Attorneys for Plaintiff

/s/ Michael S. Foster
Attorney for Defendant

2