# Michael Foster

| | |
|---|---|
| **From:** | Ari Rodopoulos <ari@woodlaw.com> |
| **Sent:** | Tuesday, April 14, 2015 3:22 PM |
| **To:** | Michael Foster |
| **Cc:** | Noah Wood; Tammy Reed; Kim Murray; Mark Olthoff |
| **Subject:** | Re: Alexander et al. v. BF Labs - Discovery/ESI issues |

Michael:

My position and reasoning is simple: Plaintiffs never agreed to receive (or pay for) a hard drive that had been filtered using BFL's proposed filters.  You knew this, yet you used BFL's proposed filters anyway—and without letting me know before having the hard drive made and delivered.

That's the equivalent of Plaintiffs now saying that all documents on the hard drive BFL produced must be individually reviewed and marked as confidential (at BFL's own expense) if BFL wishes to keep them confidential, even though BFL never agreed to produce the hard drive under those terms.

I'm happy to discuss further if you wish.

Thank you,

Ari N. Rodopoulos
Wood Law Firm, LLC
1100 Main Street, Suite 1800
Kansas City, MO  64105-5171
Tel: (816)256-3582
Fax: (816)337-4243
ari@woodlaw.com

> On Apr 14, 2015, at 2:00 PM, Michael Foster <MFoster@Polsinelli.com> wrote:
>
> Ari,
>
> We do not understand your position and you have not offered any reasoning.  We are producing all requested documents except for those subject to attorney-client privilege and, for the latter, we have and will be providing a privilege log. We intend to produce any non-privileged documents to you after concluding our privilege review to the extent any non-privileged documents were inadvertently picked up by the search terms. The process is necessary because, for example,  if there were emails shared between BF Labs' employees after a Polsinelli email was sent, those Polsinelli emails would be in the body but not picked up in a to:, from:, cc:, field. We expect you do not disagree that those emails in the email chain are privileged, and our further review will allow us to consider if the communication shared internally may or may not be.  If not, it will be produced, though redacted for privilege and logged; if so, the entire string will be logged.  We are more than happy to discuss with you your views if you care to explain your position as to why you are entitled to see all those privileged emails in light of the fact you are getting a privilege log.  As you know, we also have a clawback agreement because of the way we are producing the ESI on the chance any privileged documents are inadvertently produced.
>
> Thanks, Michael
>
> **From:** Ari Rodopoulos [mailto:ari@woodlaw.com]
> **Sent:** Monday, April 13, 2015 4:33 PM

1

**To:** Michael Foster
**Cc:** Noah Wood; Tammy Reed; Kim Murray; Mark Olthoff
**Subject:** Re: Alexander et al. v. BF Labs - Discovery/ESI issues

Michael:

Its unfortunate you had Modus spend the time and effort filtering data that way because, as we discussed multiple times, Plaintiffs never agreed to the privilege search terms proposed by BFL in Jim's March 17 letter. In fact, below is a quoted section from my March 30 email to you:

> "Plaintiffs agree that privilege filters may be applied before producing the ESI in the Modus database. However, Plaintiffs do not agree to the privilege search terms BFL has proposed. Plaintiffs believe the only appropriate privilege search terms are emails that have (1) a to/from field with a Polsinelli email address (or other retained law firm email address) **and** (2) a to/from field with a Butterfly Labs email address. I understand you will conduct a review of the communications that are filtered out of the Modus database and produce to Plaintiffs any filtered communications you believe are not privileged. Nevertheless, Plaintiffs require that any remaining documents withheld on the basis of privilege be identified in a privilege log."

Please have the Modus data filtered for privilege as set forth in my March 30 email and have another hard drive made. Plaintiffs will pay for such a hard drive pursuant to my March 30 email. Until then, the data preserved by Modus remains an issue in the motion to compel.

Thank you,

Ari N. Rodopoulos
Wood Law Firm, LLC
1100 Main Street, Suite 1800
Kansas City, MO  64105-5171
Tel: (816)256-3582
Fax: (816)337-4243
ari@woodlaw.com

> On Apr 13, 2015, at 3:59 PM, Michael Foster <MFoster@Polsinelli.com> wrote:
>
> Ari,
>
> Yes – the search terms used were listed on exhibit A that was attached to Jim's March 17, 2015 email. We are in the process of creating a privilege log now and will produce all non-privileged documents once we finalize that review. Thanks. Michael
>
> ---
>
> **From:** Ari Rodopoulos [mailto:ari@woodlaw.com]
> **Sent:** Monday, April 13, 2015 2:44 PM
> **To:** Michael Foster
> **Cc:** Noah Wood; Tammy Reed; Kim Murray; Mark Olthoff
> **Subject:** Re: Alexander et al. v. BF Labs - Discovery/ESI issues
>
> Michael:
>
> I understand you have made arrangements with Tammy to deliver the hard drive today. Thank you.

2

Also, could you please send us the search criteria that Modus used to remove privileged documents from the data before the data was copied to the hard drive?

On Apr 13, 2015, at 11:44 AM, Michael Foster <MFoster@Polsinelli.com> wrote:

> Ari,
>
> We have the hard drive ready. We plan on hand delivering it to your office but want to make sure someone will be there to receive the hard drive when we do. Please let us know when would be a good time for delivery. You are also welcome to pick up the hard drive here at our office if you are near the plaza. Thanks, Michael

**From:** Ari Rodopoulos [mailto:ari@woodlaw.com]
**Sent:** Monday, March 30, 2015 12:24 PM
**To:** Michael Foster
**Cc:** Noah Wood; Tammy Reed
**Subject:** Re: Alexander et al. v. BF Labs - Discovery/ESI issues

Michael:

Just to keep it clear, the agreement negotiated by the parties is limited to the ESI held by Modus and does not apply to any other ESI, tangible documents, or other discoverable material. This agreement does not preclude Plaintiffs from requesting the production of additional ESI (i.e., ESI not contained in the Modus database), does not excuse BFL's failure to preserve ESI (if and where applicable), and does not preclude Plaintiffs from seeking fees for having to draft and file a motion to compel.

Plaintiffs will pay for a hard drive containing a copy of the data held by Modus so long as the cost is $2500 or less, which was the amount I believe you said it would cost. If the amount is going to be over $2500, please contact me to discuss before having Modus incur any expenses. Also, this agreement is conditioned on the data held by Modus being produced in a manner we can access and read without having to pay for and/or install any proprietary software of Modus. We understand we might have to purchase software in order to access and read the data for ShipStation, Magento, Quickbooks, and Fishbowl. This agreement is also conditioned on BFL providing the necessary logins, passwords, and/or security keys if the underlying data for these applications is encrypted or otherwise secured.

Plaintiffs agree that all ESI in the Modus database may be temporarily produced as attorney's eyes and/or confidential in order to relieve BFL of the burden of having to review and stamp every document as attorney's eyes only or confidential.  We are not, however, agreeing that all ESI in the Modus database may permanently remain marked as attorney's eyes only and/or confidential.  Once we obtain the ESI in the Modus database and have a chance to review the data, we will need to revisit whether attorney's eyes only and/or confidential status remains appropriate for all documents in the Modus database.

Plaintiffs agree that privilege filters may be applied before producing the ESI in the Modus database.  However, Plaintiffs do not agree to the privilege search terms BFL has proposed.  Plaintiffs believe the only appropriate privilege search terms are emails that have (1) a to/from field with a Polsinelli email address (or other retained law firm email address) **and** (2) a to/from field with a Butterfly Labs email address.  I understand you will conduct a review of the communications that are filtered out of the Modus database and produce to Plaintiffs any filtered communications you believe are not privileged.  Nevertheless, Plaintiffs require that any remaining documents withheld on the basis of privilege be identified in a privilege log.

Plaintiffs agree that any privileged documents inadvertently produced in the Modus database remain privileged subject to section 18 of the protective order.

Regarding documents (tangible or ESI) BFL intends to use at trial or knows to be accessible and/or responsive, Plaintiffs' position is BFL had an obligation to search for and produce such documents regardless of the potential use or nonuse of ESI search terms as specifically set forth in the ESI protocol.  Although we certainly look forward to BFL producing such documents, we are not agreeing that such production excuses BFL's failure to search for and produce such documents months ago and we reserve our right to request BFL be excluded from using such documents in any motion, hearing, or trial.

Finally, I understand BFL will be providing second supplemental interrogatory answers.  Once I receive these, I'll gladly discuss which issues will remain pending in the motion to compel.

Thank you,

Ari N. Rodopoulos
Wood Law Firm, LLC
1100 Main Street, Suite 1800
Kansas City, MO  64105-5171
Tel: (816)256-3582

Fax: (816)337-4243
ari@woodlaw.com

On Mar 28, 2015, at 8:50 PM, Michael Foster <MFoster@Polsinelli.com> wrote:

Ari,

Thanks for talking to me yesterday. We are looking into our client's responses to the interrogatories in light of our discussion. Our plan is to supplement the responses where possible. Once you receive these, which we expect to do early next week, hopefully we will be able to discuss whether there remains any issues to be taken to Judge O'Hara.

You also wanted to me to email you about ESI and the agreement we came to yesterday. It is my understanding that you are willing to pay for the hard drive and the approximately four hours it takes Modus to make BF Labs' native files available to you. You agreed that these documents would be treated as marked "attorneys eyes only" pursuant to the protective order that the parties entered into in 2014.

As I told you on the phone, we will also be filtering out emails that were sent to or from BF Labs' attorneys to prevent you from receiving privileged emails when making this type of production. As I told you on the phone, BF Labs has not agreed to do a privilege log by filtering out emails to or from its attorneys this way. I did, however, tell you that we were willing to look at the amount of emails that were captured by this approach, review those to confirm they are privileged, and send to you all nonprivileged emails. As I understand it, you are okay with this approach as you understand we are only producing ESI to the Plaintiffs this way because of the significant expense involved in reviewing and marking documents privileged, confidential, relevant, etc.

It is also likely that you will still be receiving privileged documents when we make this type of production to you. It is my idea to treat those privileged documents like we had in section 18 of the protective order. Assuming we are in agreement regarding this approach, BF Labs should be able to get Plaintiffs this hard drive soon as we had Modus start working on this project yesterday afternoon so we could get the documents in your hands quickly.

Toward the end of our call yesterday, you mentioned the ESI protocol and said you still

wanted us to produce relevant documents that are easily accessible that either involve the Plaintiffs or involve BF Labs' initial disclosures and begin producing those documents to you. We agree to do so and plan to begin producing bates labeled documents to the Plaintiffs this next week. This will be a rolling production.

Please let me know if you have any questions or disagree with anything I stated in this email. Thank you.

**MICHAEL S. FOSTER | Polsinelli | ASSOCIATE**
900 W. 48th Place, Suite 900, Kansas City, MO 64112-1895 | 816.395.0650 direct

This electronic mail message contains CONFIDENTIAL information which is (a) ATTORNEY - CLIENT PRIVILEGED COMMUNICATION, WORK PRODUCT, PROPRIETARY IN NATURE, OR OTHERWISE PROTECTED BY LAW FROM DISCLOSURE, and (b) intended only for the use of the Addressee(s) named herein. If you are not an Addressee, or the person responsible for delivering this to an Addressee, you are hereby notified that reading, copying, or distributing this message is prohibited. If you have received this electronic mail message in error, please reply to the sender and take the steps necessary to delete the message completely from your computer system.

This electronic mail message contains CONFIDENTIAL information which is (a) ATTORNEY - CLIENT PRIVILEGED COMMUNICATION, WORK PRODUCT, PROPRIETARY IN NATURE, OR OTHERWISE PROTECTED BY LAW FROM DISCLOSURE, and (b) intended only for the use of the Addressee(s) named herein. If you are not an Addressee, or the person responsible for delivering this to an Addressee, you are hereby notified that reading, copying, or distributing this message is prohibited. If you have received this electronic mail message in error, please reply to the sender and take the steps necessary to delete the message completely from your computer system.

This electronic mail message contains CONFIDENTIAL information which is (a) ATTORNEY - CLIENT PRIVILEGED COMMUNICATION, WORK PRODUCT,

PROPRIETARY IN NATURE, OR OTHERWISE PROTECTED BY LAW FROM DISCLOSURE, and (b) intended only for the use of the Addressee(s) named herein. If you are not an Addressee, or the person responsible for delivering this to an Addressee, you are hereby notified that reading, copying, or distributing this message is prohibited. If you have received this electronic mail message in error, please reply to the sender and take the steps necessary to delete the message completely from your computer system.

This electronic mail message contains CONFIDENTIAL information which is (a) ATTORNEY - CLIENT PRIVILEGED COMMUNICATION, WORK PRODUCT, PROPRIETARY IN NATURE, OR OTHERWISE PROTECTED BY LAW FROM DISCLOSURE, and (b) intended only for the use of the Addressee(s) named herein. If you are not an Addressee, or the person responsible for delivering this to an Addressee, you are hereby notified that reading, copying, or distributing this message is prohibited. If you have received this electronic mail message in error, please reply to the sender and take the steps necessary to delete the message completely from your computer system.