# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| KYLE ALEXANDER, and ) <br> DYLAN SYMINGTON, ) <br> on behalf of themselves and all those ) <br> similarly situated, ) <br> ) <br>                 Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> BF LABS INC., a Wyoming corporation, ) <br> doing business as BUTTERFLY LABS, ) <br> ) <br>                 Defendant. ) | Case No. 14-CV-2159-KHV-JPO |

## **PLAINTIFFS' MEMORANDUM IN SUPPORT OF SECOND MOTION TO COMPEL**

Noah K. Wood           Bar #23238
noah@woodlaw.com
Ari N. Rodopoulos       Bar #26585
ari@woodlaw.com
WOOD LAW FIRM, LLC
1100 Main Street, Suite 1800
Kansas City, MO 64105-5171
T: (816) 256-3582
F: (816) 337-4243
Attorneys for Plaintiff

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ............................................................................................... ii
INDEX OF EXHIBITS ....................................................................................................... iii
I.     NATURE OF THE MATTER BEFORE THE COURT ............................................... 1
II.    STATEMENT OF FACTS ........................................................................................ 2
III.   ARGUMENT ........................................................................................................... 3
IV.   CONCLUSION ....................................................................................................... 4
CERTIFICATE OF SERVICE ............................................................................................. 5

# TABLE OF AUTHORITIES

**RULES**

D. Kan. Rule 37.2 ............................................................................................................ 1, 2
Fed. R. Civ. P. 26............................................................................................................3, 4
Fed. R. Civ. P. 34...............................................................................................................4
Fed. R. Civ. P. 37(a)(1) ....................................................................................................... 1

## INDEX OF EXHIBITS

1. Affidavit Certifying Compliance with Fed.R.Civ.P. 37(a)(1) and D. Kan. Rule 37.2 ....................................................................................................... 2

2. BFL's Response to Plaintiffs' Second Requests for Production .............................. 2

3. 4/20/2015 Letter from A. Rodopoulos to M. Olthoff and M. Foster ...................... 2

4. 4/27/2015 Letter from M. Foster to A. Rodopoulos ................................................. 2

**COME NOW** Plaintiffs Kyle Alexander and Dylan Symington, by and through their attorneys of record, and respectfully request this Court compel Defendant BF Labs Inc. ("BFL") to produce the documents requested in Plaintiffs' Second Requests for Production of Documents, Request No. 1.

## I.   NATURE OF THE MATTER BEFORE THE COURT

Plaintiffs have brought this suit on behalf of "all persons who pre-paid Defendant for Bitcoin mining equipment," alleging BFL collected pre-payments for non-existent Bitcoin mining equipment, failed to ship Bitcoin mining equipment orders for which consumers have pre-paid, misrepresented the date such equipment would ship to customers, and profited from Bitcoin mining for BFL's own benefit by using customers' equipment without permission or authorization from customers.

Plaintiffs contend BFL violated the Kansas Consumer Protection Act ("KCPA"), was unjustly enriched, made negligent misrepresentations, and committed conversion of personal property.  Plaintiffs further allege BFL utilized customers' prepayments for the purchase of a home and automobile for its majority shareholder, Sonny Vleisides, and hundreds of thousands of dollars in loans to other shareholders.  Plaintiffs seek damages and a constructive trust to recover the purchase price, the value of bitcoins paid to BFL, the loss of use of bitcoins, the loss of use of mining equipment that was never received or not received in a timely manner, the loss of bitcoins mined by BFL using customers' equipment, the diminution in value of mining equipment, costs of suit, attorney's fees, and punitive damages.

Plaintiffs now seek a court order compelling BFL to produce the documents requested in Plaintiffs' Second Requests for Production of Documents, Request No. 1. Plaintiffs' counsel's affidavit certifying compliance with Fed. R. Civ. P. 37(a)(1) and D.

Kan. Rule 37.2 is attached as **Exhibit 1**.

## II.    STATEMENT OF FACTS

On September 15, 2014, the FTC filed a complaint (the "FTC action") in the United States District Court for the Western District of Missouri, Case Number 4:14-CV-815-BCW, alleging BFL and other individuals violated Section 5(a) of the FTC Act by using deceptive and unfair business practices in connection with the marketing and sale of Bitcoin mining machines. Although Plaintiffs and the FTC seek different remedies, the allegations against BFL are essentially the same in both actions.

On March 3, 2015, Plaintiffs' Second Requests for Production of Documents were served on BFL. (*See* Certificate of Service, Doc. 67). In pertinent part, Plaintiffs requested BFL to produce "[a]ny and all documentation given to, provided to, or filed with the Federal Trade Commission, Eric Johnson (the temporary receiver), and/or the United States District Court for the Western District of Missouri, including business plans and status reports, in *Federal Trade Commission v. BF Labs, Inc., et al.*, Case Number 4:14-CV-815-BCW." (BFL's Response to Plaintiffs' Second Requests for Production, No. 1, **Exhibit 2**). BFL's responses were served on April 6, 2015. (*Id.*).

On April 20, 2017, Plaintiffs' counsel sent a golden rule letter, which is the third golden rule letter Plaintiffs' counsel has sent in this action. (4/20/2015 Letter from A. Rodopoulos to M. Olthoff and M. Foster, **Exhibit 3**). On April 27, 2015, BFL responded by letter and agreed to provide all documents requested in Plaintiffs' Second Requests for Production with the exception of Request No. 1. (4/27/2015 Letter from M. Foster to A. Rodopoulos, **Exhibit 4**). On May 4, 2015, Plaintiffs' counsel had a phone discussion with BFL's counsel about Request No. 1, and BFL advised it would not produce the documents filed under seal in the FTC action without a court order. The parties agreed

the dispute over Request No. 1 could not be resolved without court involvement.

### III.  ARGUMENT

Rule 26 provides "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who may know of any discoverable matter." Fed. R. Civ. P. 26(b)(1).  Relevant information "need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id*.  If a party withholds electronically stored information, that party "must show that the information is not reasonably accessible because of undue burden or cost."  *Id*. at Rule 26(b)(2)(B).  When a party withholds information on the basis of privilege, the party must "expressly make the claim" and "describe the nature of the documents, communications, or tangible things not produced or disclosed . . . in a manner that . . . will enable other parties to assess the claim." *Id*. at Rule 26(b)(5)(A).

BFL objected to Request No. 1 on two grounds: (1) Request No. 1 seeks matters outside the scope of discovery; and (2) Request No. 1 seeks documents filed under seal in the FTC action.  (*Id*.).  BFL, however, does not deny Request No. 1 seeks relevant documents that are in BFL's possession.  BFL does not deny Request No. 1 largely seeks documents that fall within the scope of discovery.  Instead, BFL has refused to provide any requested documents because there *might* be some documents (not yet identified by BFL) that are outside the scope of discovery.  BFL's scope-of-discovery objection is disingenuous.

BFL also objects that Request No. 1 seeks documents that were filed under seal in the FTC action.  BFL does not deny it possesses unsealed copies of the documents

requested by Request No. 1. BFL has nevertheless expressed concern that it would be in violation of one or more court orders entered by Judge Wimes in the FTC action if BFL, in the absence of a court order, produced unsealed copies of documents that were filed under seal in the FTC action. As such, Plaintiffs request this Court to enter an order compelling BFL to produce the requested documents in order to eliminate BFL's concerns. If necessary, the documents can be produced subject to the protective order already entered in this case and maintained as "confidential" or "attorney's eyes only."

Here, Plaintiffs are not seeking to obtain any sealed documents under the common-law right of access to judicial records or under the Freedom of Information Act. Plaintiffs are not asking the Western District of Missouri to disclose or to unseal any documents in its records. Plaintiffs are not seeking to obtain any sealed documents for public dissemination.

Rather, pursuant to Rule 26(b) and Rule 34, Plaintiffs are merely seeking to obtain unsealed copies of documents in BFL's possession that are relevant to the claims and defenses in this action—and Plaintiffs are more than willing to maintain such documents in confidence. The fact that documents were filed under seal in one action does not render such documents immune from discovery in another action—especially where, as here, the documents are relevant, unsealed copies of the documents are in the defendant's possession, and such documents can be produced and maintained in confidence pursuant to a protective order.

## IV. CONCLUSION

**WHEREFORE**, Plaintiffs Kyle Alexander and Dylan Symington, by and through their attorneys of record, respectfully request this Court compel Defendant BF Labs Inc. to produce the documents requested in Plaintiffs' Second Request for Production of

Documents, Request No. 1.

Date: <u>May 6, 2015</u>

                        WOOD LAW FIRM, LLC

                By  /s/ *Ari N. Rodopoulos*
                    Noah K. Wood           Bar #23238
                    noah@woodlaw.com
                    Ari N. Rodopoulos      Bar #26585
                    ari@woodlaw.com
                    1100 Main Street, Suite 1800
                    Kansas City, MO 64105-5171
                    T: (816) 256-3582
                    F: (816) 337-4243
                    Attorneys for Plaintiff

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 6th day of May, 2015, the foregoing document was filed with the clerk of the court using the court's CM/ECF system, which will serve notice on all parties of record.

                By  /s/  *Ari N. Rodopoulos*
                    *Attorneys for Kyle Alexander and Dylan Symington*