

Monday, April 20, 2015

Mark A. Olthoff, Esq. (*via E-Mail:* molthoff@polsinelli.com)
Michael S. Foster, Esq. (*via E-Mail:* mfoster@polsinelli.com)
Polsinelli PC
900 W. 48th Place, Suite 900
Kansas City, Missouri 64112

    Re:    **3rd Golden Rule Letter – Alexander et. al v. BF Labs, Inc.**
             **D. Kan. Case No. 2:14-CV-02159**

Gentlemen:

    Plaintiffs' Second Requests for Production of Documents were served on Defendant BF Labs, Inc. ("BFL") on March 3, 2014. Although BFL provided responses on April 6, 2015, we believe the responses provided are insufficient, incomplete, and do not comply with Rule 26(g)(1).

    A.    <u>**Second RFPD No. 1**</u>

    BFL makes boilerplate objections that the request is overly broad and unduly burdensome. BFL, however, has not explained how the request is overly broad or unduly burdensome. BFL also states the request is not tailored to matters that *may* be within the scope of discovery. BFL, however, does not claim the request in fact seeks discovery of matters outside the scope of discovery. Although different remedies are sought in this action and the FTC action, the scope of discovery in this action necessarily includes documents produced, provided, or filed in the FTC action because the allegations in this action and in the FTC action are identical and/or near identical. We believe BFL could easily locate and produce the requested documents with little to no cost involved and with only a couple hours of effort, at most. BFL does not deny it possesses relevant responsive documents that are easily and readily accessible. BFL does not deny the request is reasonably calculated to lead to the discovery of other relevant evidence, the identity of witnesses having relevant knowledge, or impeachment evidence. At best, there might be a handful of responsive documents possessed by BFL that are not discoverable, which we are happy to discuss, but BFL's refusal to produce any documents whatsoever simply because there might be a few documents not discoverable is improper and does not comply with Rule 26(g)(1).

    BFL also objects on the basis that the request seeks documents protected from disclosure because they were filed pursuant to a protective order or under seal with the court in the FTC action. This objection is improper. The fact BFL produced, provided, or filed documents pursuant to a protective order in the FTC action merely governs how

1100 MAIN STREET, STE 1800, KANSAS CITY, MO 64105
P (816) 256.3582    F (816) 337.4243    WOODLAW.COM
OFFICES IN KANSAS CITY AND SPRINGFIELD

EXHIBIT 3

Mark A. Olthoff, Esq.
Michael S. Foster, Esq.
Monday, April 20, 2015
Page 2

confidential documents are to be maintained by the parties and other persons who received such documents in the FTC action, and does not render BFL immune from discovery in this action. Further, the fact BFL produced, provided, or filed documents under seal in the FTC action merely relates to how such documents were filed by BFL and how the parties and the court in the FTC action shall maintain such documents in the their records. Just because BFL filed documents under seal in the FTC action does not render BFL immune from discovery in this action. There is a protective order entered in this action and BFL may produce confidential or sealed documents in this action just as it did in the FTC action, and BFL's production of such documents in this action will not violate or conflict with any order entered in the FTC action. Please produce all documents responsive to this request.

    B.    <u>Second RFPD No. 2</u>

BFL states it has produced or will produce the documents BFL provided to the Johnson County Kansas District Attorney. Plaintiffs have been unable to locate them in the documents BFL has produced. Has BFL produced such documents? If so, please identify the bates label range of such documents and the date and method of production.

This request also seeks responsive documents related to the owners, officers, agents, and employees of BFL. BFL has not produced and has not agreed to produce any such documents. Please produce such documents. If there are none, please supplement and state there are none.

    C.    <u>Second RFPD No. 4</u>

BFL makes boilerplate objections that the request is overly broad and unduly burdensome. BFL, however, has not explained how the request is overly broad or unduly burdensome. BFL also states the request is not tailored to matters that may be within the scope of discovery. BFL, however, does not claim the request in fact seeks discovery of matters outside the scope of discovery. We believe BFL could easily locate and produce the requested documents with little to no cost involved and with only a couple hours of effort, at most. BFL does not deny it possesses relevant responsive documents that are easily and readily accessible. BFL does not deny the request is reasonably calculated to lead to the discovery of other relevant evidence, the identity of witnesses having relevant knowledge, or impeachment evidence. At best, there might be a handful of responsive documents possessed by BFL that are not discoverable, which we are happy to discuss, but BFL's refusal to produce any documents whatsoever simply because there might be a few documents not discoverable is improper and does not comply with Rule 26(g)(1).

BFL also objects on the basis that the request seeks documents protected from disclosure because they are subject to an ongoing investigation by the FBI or the Department of Justice. This objection is misplaced and is improper. Although the FBI or the Department of Justice may not have to comply with a subpoena from Plaintiffs

seeking documents they obtained from BFL in an ongoing investigation against BFL, Plaintiffs have not served a subpoena to the FBI or the Department of Justice. Plaintiffs are not seeking any documents from the FBI or the Department of Justice; Plaintiffs are seeking documents from BFL. The fact BFL produced, provided, or filed documents with the FBI or the Department of Justice does not render BFL immune from discovery in this action simply because the FBI or Department of Justice investigation is ongoing. There is a protective order entered in this action and BFL may produce confidential or sealed documents in this action, and BFL's production of such documents in this action will not violate or conflict with any order entered in the FTC action or any ongoing criminal investigation. Please produce all documents responsive to this request.

### D. Deadline to supplement

Please provide complete supplemental discovery responses no later than Friday, May 1, 2015. If complete responses are not received by then, we will file a motion to compel on Wednesday, April 6, 2015.

Should you have any questions or concerns, please do not hesitate to contact me.

Very truly yours,

Ari N. Rodopoulos
Attorney at Law

ANR:tr