

900 W. 48th Place, Suite 900, Kansas City, MO, 64112 • 816.753.1000

April 27, 2015

Michael S. Foster
(816) 395-0650
(816) 222-0598 Direct Fax
mfoster@polsinelli.com

**Via Email**

Mr. Noah K. Wood, Esq.
Mr. Ari N. Rodopoulos, Esq.
Wood Law Firm, LLC
1100 Main Street, Suite 1800
Kansas City, MO 64105-5171

> Re: Alexander et al. v. BF Labs Inc., case no. 14-CV-2159; Response to Third Golden Rule Letter

Gentlemen,

This letter responds to your April 20, 2015 golden rule letter addressing individually each complaint you have with BF Labs' Responses to Plaintiffs' Second Requests for Production of Documents.

### A. Second RFPD No. 1

Despite the Plaintiffs' confusing arguments and explanation on how protective orders work[1], we believe the real dispute is whether BF Labs will produce documents that the Western District of Missouri ordered that BF Labs to create and file under seal in the ongoing litigation before that Court. BF Labs has agreed to and has provided the Plaintiffs all other documents produced in the FTC action. Plaintiffs are welcome to take this issue up with Judge Wimes. But BF Labs is not going to flout his Order without written authorization and it has no obligation to undertake such an effort on behalf of the Plaintiffs. Further, those status reports and a BF Labs' business plan drafted in November 2014 have no relevance to Plaintiffs' claims that arose on or before April 4, 2014, when you filed this lawsuit. Again, other than the materials that Judge Wimes ordered under seal, BF Labs has already produced all documents to the Plaintiffs that it

---

[1] Plaintiffs should note that Judge Wimes just entered a protective order in the FTC action on April 21, 2015, the day after your letter was sent. BF Labs is therefore confused by your argument that BF Labs produced documents pursuant to a protective order in the FTC case (which it did not).

polsinelli.com

Atlanta  Chicago  Dallas  Denver  Kansas City  Los Angeles  New York  Phoenix  San Francisco  St. Louis  Washington, DC  Wilmington
Polsinelli PC, Polsinelli LLP in California

50258707.1





Mr. Ari N. Rodopoulos
April 27, 2015
Page 2

has produced to the FTC. If BF Labs produces additional responsive, relevant documents to the FTC, it will supplement.

### B.  Second RFPD No. 2

BF Labs hand delivered these documents to Plaintiffs on April 6, 2015. The documents are bates labeled BFLABS-KA 00003290 to 25988.  You should see another bates stamp on those documents, i.e., 1-0001-JCSDT, 10-0009-JCSDT. No owners, officers, agents, and employees of BF Labs have individually provided any documents to the Johnson County District Attorney.

### C.  Second RFPD No. 4

As above, Plaintiffs' arguments largely make no sense. BF Labs understands that Plaintiffs are not asking BF Labs to obtain documents from the FBI or Department of Justice. Plaintiffs are wrong, however, in arguing that they are entitled to *carte blanche* discovery regarding any investigation. *See In re Sulfuric Acid Antitrust Litig*., 2004 U.S. Dist. LEXIS 6194 (N.D. Ill., April. 9, 2004). Nevertheless, to avoid further undue cost and expense that BF Labs is unable to bear, BF Labs has produced all documents to the Plaintiffs that it has produced to any other party, including the government that were not filed under seal. If BF Labs produces any additional responsive, relevant documents to any governmental entity, BF Labs will supplement and provide those documents to Plaintiffs.

We look forward to working with you towards a resolution of these issues.

Sincerely,

Michael S. Foster

cc: Mark A. Olthoff
071534 / 475203

50258707.1