# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| KYLE ALEXANDER, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 14-CV-2159-KHV-JPO |
| | ) |
| BF LABS INC., | ) |
| | ) |
| Defendant. | ) |

## DEFENDANT BF LABS INC.'S MEMORANDUM IN OPPOSITION
## TO PLAINTIFFS' SECOND MOTION TO COMPEL

# **TABLE OF CONTENTS**

I.  STATEMENT OF FACTS ..................................................................................................1

II.  ARGUMENTS AND AUTHORITIES ............................................................................3

    A.  Legal Standards for Discovery ..............................................................................3

    B.  Plaintiffs' Second Request for Production of Documents, Request No. 1..............3

III.  CONCLUSION ................................................................................................................5

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Apsley v. Boeing Co.*,
  2007 WL 3120712 (D. Kan. 2007) ...................................................................................... 3

*Federal Trade Commission v. BF Labs, Inc., et al.*,
  Case No. 4:14-CV-915-BCW ............................................................................................... 3

*Scottrade Inc. v. The St. Paul Mercury Ins. Co.*,
  2011 WL 572455 (E.D. Mo. Feb. 15, 2011) ........................................................................ 4

*In re Seagate Tech. II Sec. Litig.*,
  No. 89–2493, 1993 WL 293008 (N.D. Cal. June 10, 1993) .............................................. 4

*Sonnino v. University Kansas Hosp. Authority*,
  220 F.R.D. 633 (D. Kan. 2004) ............................................................................................ 3

*In re Subpoena Duces Tecum Served on Duke Energy Corp.*,
  No. 05–201, 2005 WL 2674938 (W.D.N.C. Oct. 18, 2005) .............................................. 4

**Other Authorities**

Rule 26(b)(2)(i), (ii) ......................................................................................................................... 3

The Court should deny the Plaintiffs' Second Motion to Compel. The documents Plaintiffs request from BF Labs are not records kept or prepared in the ordinary course of business but, instead, were created at the specific direction of, and for the purpose of ongoing litigation in, another federal court. Based on two separate orders entered by the District Court for the Western District of Missouri, these documents were to be produced only to the parties in that litigation or filed under seal. The documents also are not relevant to Plaintiffs' claims. For the reasons discussed herein, Plaintiffs' Second Motion to Compel should be denied.

## I.   STATEMENT OF FACTS

On April 4, 2014, Plaintiffs Kyle Alexander and Dylan Symington filed this putative class action against BF Labs Inc. on behalf all persons who prepaid BF Labs for bitcoin mining equipment. (Dock. 1, Compl. ¶ 54). Plaintiffs' claims are brought under the Kansas Consumer Protection Act and for unjust enrichment, negligent misrepresentation and conversion. (*Id.*, Counts I-IV.). By definition, Plaintiffs' putative class claims relate to the period ending April 4, 2014, or, at the latest, July 17, 2014 when BF Labs stopped taking prepaid orders. *See* Ex. E, ¶ 20 to Doc. 83 (*BF Labs' Memorandum in Opposition to Plaintiffs' Motion to Compel*).

On September 18, 2014, without BF Labs' knowledge of a FTC investigation, the Western District of Missouri entered an *ex parte* order freezing BF Labs' assets, appointing a temporary receiver, and staying any and all actions (including this case) against BF Labs. Case No. 14-815-BCW (Dock. 9). On September 28, 2014, ten days after the *ex parte* temporary restraining order was entered, the Plaintiffs filed an emergency motion to intervene in the Western District of Missouri. Case No. 14-815-BCW (Dock. 43). The Western District of Missouri later denied the Plaintiffs' emergency motion to intervene. Case No. 14-815-BCW (Dock. 59).

1

On October 2, 2014, the Western District of Missouri entered a stipulated interim order delaying a preliminary injunction hearing until November 24, 2015. Case No. 14-815-BCW (Dock. 54). In the stipulated interim order, the Court required BF Labs to create a forward-looking business plan and submit it only to the Temporary Receiver and FTC within 35 calendar days. *Id*. BF Labs complied as the Court directed, but the business plan it created was <u>not filed</u> with the Court, was not made public, and remains confidential. *See* Declaration of Michael S. Foster, ¶ 3, attached as Exhibit A. Importantly, the business plan provided information to the Court, FTC, and Temporary Receiver about the possible <u>future</u> of the company's operations after the stipulated interim period expires. *See* Ex. A, ¶ 4. The business plan contained highly confidential proprietary, trade secret, and other nonpublic information that is highly valuable to BF Labs (and its competitors). *See* Ex. A, ¶ 5. The Court intended to address the feasibility of the future business plan assuming it granted the FTC a preliminary injunction. *See* Ex. A, ¶ 6. Importantly, the Court intended its review to be <u>in camera</u> and not in open court. *See* Ex. A, ¶ 7. Equally important, the court-ordered business plan made hypothetical assumptions about the <u>future</u> of the business. *See* Ex. A, ¶ 8.

On December 12, 2014, the Western District of Missouri entered an order denying the FTC's motion for preliminary injunction and continuation of asset freeze and receivership. In the December 12 Order, the Court required BF Labs to create and file sealed monthly written reports that addressed its remaining anticipated preorder refunds, including the status of refund requests and the progress toward generating assets to pay out all requested refunds in a timely manner. Case No. 14-815-BCW (Dock. 201).

The Plaintiffs seek the court-ordered confidential hypothetical <u>future</u> business plan and sealed monthly reports that were created specifically for and required by the Western District of Missouri in that ongoing litigation.

## II.     ARGUMENTS AND AUTHORITIES

### A.     Legal Standards for Discovery

"The touchstone of the relevancy of documents and information requested is . . . whether the discovery is 'reasonably calculated to lead to the discovery of admissible evidence.'" *Sonnino v. University Kansas Hosp. Authority*, 220 F.R.D. 633, 646 (D. Kan. 2004) (citing Fed. R. Civ. P. 26(b)(1)). When the relevancy of discovery sought is not readily apparent, "the party seeking discovery has the burden to show the relevancy of the request." *Apsley v. Boeing Co.*, 2007 WL 3120712, *2 (D. Kan. 2007) (citing *Hammond v. Lowe's Home Centers*, 216 F.R.D. 666, 670 (D. Kan. 2003)). If the threshold question of relevance has been satisfied, the analysis proceeds to the question of whether the requested information is privileged or otherwise limited by the considerations set out in Rule 26(b)(2)(i), (ii), or (iii), though the court may deny a motion to compel where the discovery request is overly broad or unduly burdensome on its face. *Id.* (citing *Aikens v. Deluxe Financial Services, Inc.*, 217 F.R.D. 533, 538 (D. Kan. 2003)).

### B.     Plaintiffs' Second Request for Production of Documents, Request No. 1

Plaintiffs' Second Request No.1 asks BF Labs to produce "[a]ny and all documentation given to, provided to, or filed with the Federal Trade Commission, Eric Johnson (the temporary receiver), and/or the United States District Court for the Western District of Missouri, including business plans and status reports, in *Federal Trade Commission v. BF Labs, Inc., et al.,* Case No. 4:14-CV-915-BCW."

BF Labs has produced its historical files to Plaintiffs just as it has likewise produced those historical files to the FTC. *See* Ex. A, ¶ 9. Plaintiffs, however, are demanding information

about BF Labs' ongoing and future operations. Plaintiffs are in effect seeking the precise confidential documents that the Western District of Missouri ordered BF Labs (1) to create from scratch in November 2014 and share only with the FTC and the Temporary Receiver and (2) create and file under seal in the <u>ongoing litigation</u> before that Court beginning in January 2015. Case No. 14-815-BCW (Dock. Nos. 54 and 201). Production of such records to Plaintiffs – who were denied the opportunity to intervene and who are outside the scope of the Western District Orders – would result in prejudice to BF Labs and require BF Labs to violate those Court Orders directing limited disclosures.[1] *See Scottrade Inc. v. The St. Paul Mercury Ins. Co.*, 2011 WL 572455, *6 (E.D. Mo. Feb. 15, 2011) (prejudice to defendant of producing business plan as to on-going operations outweighs benefit of its production).

The monthly status reports that BF Labs began filing under seal on January 30, 2015 and a BF Labs' possible future business plan drafted in November 2014 also have no relevance to Plaintiffs' claims that arose on or before April 4, 2014, when Plaintiffs filed this lawsuit or, at the latest, when pre-orders stopped in July 2014. *See* Ex. E, ¶ 20 to Doc. 83. Noticeably absent from Plaintiffs' Second Motion is any discussion of how or why these documents would be relevant to the issues and events within the class period.[2] BF Labs' future possible business plan and its

---

[1] Plaintiffs suggest that the documents the Court required be filed under seal only become sealed records when they are actually filed, thus arguing that BF Labs also possesses "unsealed" copies of these documents. This argument is hollow and begs the question. These documents are not BF Labs' business records but documents that the Western District of Missouri required BF Labs to create specifically for that litigation.

[2] BF Labs acknowledges that some courts have held discovery is not necessarily confined to the class period, as information generated earlier or later may shed light on allegations during the class period. The extent to which discovery may extend beyond the class period depends on the facts of the particular case. *Compare, e.g., In re Seagate Tech. II Sec. Litig.,* No. 89–2493, 1993 WL 293008, at *1-2 (N.D. Cal. June 10, 1993) (allowing document discovery from nonparty investment banking firms to extend four months beyond the class period where the subpoenaed documents—analyst and research reports regarding the defendant and documents relating to the valuation of the defendant's securities—pertained to the core issues in the case), *with In re Subpoena Duces Tecum Served on Duke Energy Corp.,* No. 05–201, 2005 WL 2674938, at *6 (W.D.N.C. Oct. 18, 2005) (limiting a third-party subpoena to documents

4

sealed monthly status reports, both of which were prepared outside the class period, are simply not relevant to Plaintiffs' causes of action.

## III.  CONCLUSION

For the reasons detailed above, Plaintiffs' Second Motion to Compel should be denied.

Respectfully submitted,

/s/ Mark A. Olthoff
MARK A. OLTHOFF                               KS Fed. #70339
MICHAEL S. FOSTER                              KS #24011
POLSINELLI PC
900 W. 48th Place
Suite 900
Kansas City, Missouri  64112-1895
(816) 753-1000
(816) 753-1536 (FAX)
molthoff@polsinelli.com
mfoster@polsinelli.com

Attorneys for Defendant BF Labs Inc.

---

regarding the third party's interactions with defendant during the relevant time period where the central issue in the case was what the defendant knew when it made the alleged misstatements). But again, the documents sought here are proprietary forward-looking documents. Plaintiffs are on a fishing expedition as to BF Labs' current operations and future plans which have nothing to do with the claims alleged.

5

## CERTIFICATE OF SERVICE

       The undersigned hereby certifies that on the 20th day of May, 2015, a true and correct copy of the foregoing was filed electronically with the United States District Court for the District of Kansas using the CM/ECF system, which sent notification to all parties of interest participating in the CM/ECF system.

                                              /s/ Mark A. Olthoff
                                              Attorney for Defendant BF Labs Inc.