UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KYLE ALEXANDER, et al.,

                Plaintiffs,

v.                                         Case No. 14-2159-KHV

BF LABS INC.,

                Defendant.

## **ORDER**

      The plaintiffs, Kyle Alexander and Dylan Symington, allege in this putative class action that the defendant, BF Labs, Inc., improperly collected prepayment for bitcoin mining equipment.[1]   Plaintiffs bring claims for unjust enrichment, negligent misrepresentation, conversion, and violations of the Kansas Consumer Protection Act (the "KCPA").   The case is before the undersigned U.S. Magistrate Judge, James P. O'Hara, on plaintiffs' second motion to compel. (ECF doc. 86).   For the reasons stated below, plaintiffs' motion to compel is granted.

---

[1] A bitcoin is a unit of intangible currency that exists only on the internet, without direct ties to any single nation's monetary systems.  Bitcoins are earned, or "mined," by solving a complex mathematical riddle, which requires a large amount of computer processing power.  *See* ECF doc. 59 (citing *Meissner v. BF Labs, Inc.*, No. 13-2617-RDR, 2014 WL 2558203, at *1-2 (D. Kan. June 6, 2014).

Plaintiffs served their second set of discovery requests on March 3, 2015.[2]  In the sole request for production at issue in the motion to compel, plaintiffs requested defendant to produce "[a]ny and all documentation given to, provided to, or filed with the Federal Trade Commission [FTC], Eric Johnson (temporary receiver), and/or the United States District Court for the Western District of Missouri, including business plans and status reports in *Federal Trade Commission v. BF Labs, Inc., et al.*, Case Number 4:14-CV-815-BCW [the Missouri case]."[3]  On April 6, 2015, defendant responded and objected to plaintiffs' request.  Specifically, defendant claimed that the request was unduly burdensome and that the request sought documents protected from discovery and sealed in the pending Missouri case.[4]

Plaintiffs sent a golden rule letter on April 20, 2015, and the parties were able to work out each of their issues except the request referenced above.  On May 4, 2015, the parties had a phone discussion, and defendant advised that it would not produce documents filed under seal in the Missouri case without a court order.  Plaintiffs filed their second motion to compel on May 6, 2015.[5]  Defendant filed its memorandum in

---

[2] ECF doc. 67.

[3] ECF doc. 87-2 at 1.

[4] ECF doc. 87-2 at 1-4.

[5] ECF doc. 86.

O:\ORDERS\14-2159-KHV-86.docx

opposition on May 20, 2015.[6]  After an uncontested extension of time, plaintiffs filed a reply on June 9, 2015.[7]

As earlier indicated, plaintiffs seek documents filed in the Missouri case.  In that case, the FTC complained defendant and other individuals violated FTC laws by using deceptive and unfair business practices in connection with the marketing and sale of Bitcoin mining machines.  Plaintiffs assert that although they and the FTC seek different remedies, the allegations against the defendant are essentially the same in both actions.

Significantly, plaintiffs point out that defendant, in serving its initial response to the subject document request, did not object based on relevancy and did not dispute that the request largely seeks documents that fall within the scope of discovery.  Instead, defendant refused to provide any requested documents because there might be some documents (not yet identified by defendant) that are outside the scope of discovery.  Plaintiffs claim that this scope-of-discovery objection is disingenuous.

Plaintiffs also attack defendant's initial objection that it cannot respond to Request for Production No. 1 because it seeks documents filed under seal in the Missouri case.  Plaintiffs argue that defendant should produce its copies of the documents later filed under seal in the Missouri case, and that such documents could be produced pursuant to the agreed protective order already entered in this case (ECF doc. 13).  Plaintiffs also

---

[6] ECF doc. 94.

[7] ECF doc. 98.

claim that they are not asking the Western District of Missouri to disclose or unseal its documents and that they are not seeking to obtain any sealed documents for public dissemination.  Rather, plaintiffs argue that they are merely seeking to obtain unsealed copies of documents in defendant's possession that are relevant to the claims and defenses in this action.  Further, plaintiffs claim that the mere fact that such documents are sealed in one action does not render those documents immune from discovery in another action where the documents are relevant, unsealed copies in defendant's possession, and that such documents can be produced and maintained pursuant to a protective order.

In its response to plaintiffs' second motion to compel, defendant argues that the documents requested by the plaintiffs are not records kept or prepared in the ordinary course of business but instead were created at the specific direction of, and for the purpose of ongoing litigation in another federal court.  Defendant also points out that the documents were to be produced only to the parties in that litigation or filed under seal, pursuant to two separate orders by the court in Missouri.

Specifically, defendant claims that the documents sought by the plaintiffs include forward-looking business plans that contain highly confidential proprietary, trade secret, and other nonpublic information.  Defendant argues that the documents in the Missouri case were intended to be reviewed *in camera* and that the court-ordered business plan made hypothetical assumptions about the future of the business.  Additionally, defendant states that it was court-ordered in the Missouri case to create and file sealed monthly

reports that addressed its remaining anticipated preorder refunds, including the status of refund requests and the progress toward generating assets to pay out all requested funds in a timely manner.  Defendant argues that the plaintiffs should not be able to obtain court-ordered confidential hypothetical future business plans and sealed monthly reports that were created specifically for and required by the Missouri case.  Defendant claims it would be prejudiced by such production and would require it to violate court orders in the Missouri case.

Finally, for the first time, defendant argues in response to the pending motion to compel that the documents in question simply are not relevant to plaintiffs' claims. Defendant argues that plaintiffs' claims arose on or before April 14, 2014, when plaintiffs filed this law suit or, at the latest, when pre-orders stopped in July 2014.  As such, defendant argues that the monthly status reports it began filing under seal in January 2015 or its possible future business plan drafted in November 2014 are not relevant to plaintiffs' claims.

In their reply, plaintiffs correctly note that defendant failed to raise a relevancy objection in its initial response to the subject discovery and that, as a result, that objection has been waived.  *See Cardenas v. Dorel Juvenile Grp., Inc.*, 230 F.R.D. 611, 621 (D. Kan. 2005) ("It is also well settled that when a party fails to assert an objection in its initial response to the discovery request and raises it for the first time in response to a motion to compel, the objection is deemed waived.").  Plaintiffs go on to argue that even if the relevancy objection had been timely raised, such documents are indeed relevant.

Plaintiffs also argue that defendant failed to support its initial objections in its response to the second motion to compel with respect to any requested documents except the business plan and monthly reports.  As such, plaintiffs argue that any argument concerning any of the other documents in the Missouri case has been waived and that defendant should be ordered to produce all other documents, affidavits, pleadings, interrogatory answers and other discovery responses given to, provided to, or filed in the Missouri case.

Plaintiffs also assert that defendant failed to cite any legal support in support of its claim that it cannot produce documents in its possession because those documents were later filed under seal in the Missouri case.  Plaintiffs assert that the fact that defendant filed documents under seal in the Missouri case does not automatically render those documents immune from discovery in this action.

Finally, in response to defendant's stated concern regarding the highly confidential information contained in the documents sought, plaintiffs argue that such documents could easily be produced under the comprehensive protective order entered in this case.

Under Fed. R. Civ. P. 26(b)(1), generally the scope of discovery is limited to the parties' pleaded claims and defenses, but "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action."  When a party files a motion to compel and asks the court to overrule objections, the objecting party must specifically show in its response to the motion how each discovery request is

objectionable.[8]  Objections initially raised but not supported in response to the motion to compel are deemed abandoned.[9]  However, if the discovery requests appear facially objectionable in that they are overly broad or seek information that does not appear relevant, the burden is on the movant to demonstrate how the requests are not objectionable.[10]  With these standards in mind, the court addresses defendant's objections and responses to the disputed request.

Plaintiffs are correct that because defendant failed to raise the relevancy objection in its initial responses to the discovery requests, any attempt to later raise that objection in the motion to compel is waived.[11]

This court is unpersuaded by defendant's argument that the mere fact that another federal court sealed documents serves as an impediment to the production of those documents in defendant's possession in this action.  For obvious reasons, this court generally is disinclined to order a party to produce intrinsically forward-looking business plans.  But the problem here is that defendant has provided what at best can most charitably be described as a very thin evidentiary record.  That is, instead of any specific, concrete information from a competent corporate representative, defendant has chosen

---

[8] *Sonnino v. Univ. of Kan. Hosp. Auth.*, 221 F.R.D. 661, 670-71 (D. Kan. 2004).

[9] *In re Bank of Amer. Wage & Emp't Practices Litig.*, 275 F.R.D. 534, 538 (D. Kan. 2011).

[10] *Id.*

[11] *See Cardenas v. Dorel Juvenile Grp., Inc.*, 230 F.R.D. 611, 621 (D. Kan. 2005).

only to provide a conclusory, "shirt-tail" affidavit from a law firm associate asserting that that the business plans provided in the Missouri litigation contain highly confidential and trade secret information.   Given the state of the record, plaintiffs' second motion to compel is granted.

Importantly, however, is the limitation that defendant must only produce what was asked for in the original written request for production.   In their reply brief, plaintiffs attempt to construe their interrogatory to include "affidavits, pleadings, interrogatory answers and other discovery responses given to, provided to, or filed" in the Missouri case.[12]   However, the request for production at issue actually asks for "[a]ny and all documentation given to, provided to, or filed with the Federal Trade Commission [FTC], Eric Johnson (temporary receiver), and/or the United States District Court for the Western District of Missouri, including business plans and status reports in [the Missouri case]."[13]   It is clear that the written request did not ask for all the documents sought by plaintiffs in their reply.   As such, to the extent that plaintiffs attempt to expand their original request for production, such request is denied.

---

[12] ECF doc. 98 at 6.

[13] ECF doc. 87-2 at 1.

IT IS THEREFORE ORDERED:

    1. Plaintiffs' motion to compel (ECF doc. 86) is granted.

    2. The parties shall bear their own expenses and attorney fees incurred in connection with this motion.

    Dated June 11, 2015 at Kansas City, Kansas.

                     _s/ James P. O'Hara_____
                      James P. O'Hara
                      U. S. Magistrate Judge