# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| KYLE ALEXANDER, et al., | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 14-CV-2159-KHV-JPO |
| | ) |
| BF LABS INC., | ) |
| | ) |
|     Defendant. | ) |

## DEFENDANT BF LABS INC.'S MEMORANDUM
## IN SUPPORT OF MOTION TO COMPEL

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Apsley v. Boeing Co.*,
   2007 WL 3120712 (D. Kan. 2007) ..........................................................................................4

*Roderick Trust v. XTO Energy, Inc.*,
   725 F.3d 1213 (10th Cir. 2013) ...........................................................................................4, 6

*Sonnino v. University Kansas Hosp. Authority*,
   220 F.R.D. 633 (D. Kan. 2004)................................................................................................4

*In re Urethane Antitrust Litig.*,
   237 F.R.D. ................................................................................................................................7

*In re Urethane Antitrust Litig.*,
   237 F.R.D. 454 (D. Kan. Aug. 25, 2006) .............................................................................4, 8

**Statutes**

Kansas Consumer Protection Act .................................................................................................2

**Other Authorities**

D. Kan. Rule 37.2 ..........................................................................................................................2

Fed. R. Civ. P. 37(a)(1) .................................................................................................................2

Rule 23 ..................................................................................................................................4, 5, 7

Rule 23(a) .............................................................................................................................2, 5, 7

Rule 23(b) .............................................................................................................................2, 5, 7

Rule 26(b)(2)(i), (ii) .......................................................................................................................4

# INDEX OF EXHIBITS

1. **Exhibit** A—Affidavit Certifying Compliance with Fed. R. Civ. P. 37(a)(1) and D. Kan. Rule 37.2

2. **Exhibit B**—Kyle Alexander's Objections and Responses to Defendant's First Request for Production

3. **Exhibit** C—Dylan Symington's Objections and Responses to Defendant's First Request for Production

4. **Exhibit D**—Kyle Alexander's Objections and Answers to Defendant's First Set of Interrogatories

5. **Exhibit E**—Dylan Symington's Objections and Answers to Defendant's First Set of Interrogatories

6. **Exhibit F**—Letter from attorney Olthoff to attorney Rodopoulos, dated June 11, 2015

7. **Exhibit G**—Email correspondence between attorney Rodopoulos and attorney Foster, dated June 30 2015, July 2, 2015, and July 6, 2015

Defendant BF Labs Inc. respectfully requests that this Court compel Plaintiffs Kyle Alexander and Dylan Symington to provide complete answers and responses to BF Labs' First Interrogatories and First Request for Production of Documents, without objection, that relate to issues involving class certification. BF Labs' counsel's affidavit certifying compliance with Fed. R. Civ. P. 37(a)(1) and D. Kan. Rule 37.2 is attached as Exhibit A. For the reasons discussed herein, BF Labs' Motion to Compel should be granted.

## I.   NATURE OF MATTER BEFORE THE COURT AND STATEMENT OF FACTS

Plaintiffs filed a class action complaint against BF Labs on April 4, 2014, suing on behalf of "all persons who pre-paid Defendant for Bitcoin mining equipment." (Dock. 1, p. 8.) The Plaintiffs alleged that the putative class satisfied all the prerequisites in Rule 23(a) and that a class should be certified under Rule 23(b). (*Id*. pp. 8–11.) Plaintiffs' claims are brought under the Kansas Consumer Protection Act and for unjust enrichment, negligent misrepresentation and conversion. (*Id*., Counts I–IV.) This matter was stayed on October 22, 2014, after the Western District of Missouri entered an *ex parte* order freezing BF Labs' assets and appointing a temporary receiver to oversee BF Labs. (Dock. 59.) Case No. 14-815-BCW (Dock. 9). After a two-day hearing on November 24 and 25, 2014, the Western District of Missouri, on December 12, 2014, entered an order denying the FTC's motion for preliminary injunction and continuation of asset freeze and receivership. Case No. 14-815-BCW (Dock. 201).

After the stay was lifted, BF Labs served its First Requests for Production of Documents and Electronically Stored Information and First Set of Interrogatories to Plaintiffs Dylan Symington and Kyle Alexander on April 9, 2015. (Dock. 81.) Both Interrogatories 25 through 27 and Requests for Production 42 through 46 sought to determine the facts and documents that Plaintiffs support their claim for class certification. *See* Exhibits B, C, D, E. Thereafter, on May 7, 2015, this Court entered a Second Amended Scheduling Order that had a discovery

cutoff date of November 2, 2015. (Dock. 89.) The Second Amended Scheduling Order also had a deadline to file motions for class certification by November 16, 2015. *Id*.

After numerous extensions, on June 8, 2015, both Plaintiffs responded to BF Labs' First Request for Production of Documents and First Set of Interrogatories. (Dock. 97.) On June 11, 2015, three days after receiving Plaintiffs' responses to both BF Labs' First Request for Production of Documents and First Set of Interrogatories, attorney Mark A. Olthoff, counsel for BF Labs, sent a letter to Plaintiffs' counsel requesting that they supplement their discovery responses. *See* Letter from attorney Olthoff to attorney Rodopoulos, dated June 11, 2015, attached as Exhibit F. On June 17, 2015, counsel for the Plaintiffs and BF Labs had two phone calls about BF Labs' issues with Plaintiffs' discovery responses. (*See* Ex. A, ¶¶ 7, 8.)

On June 30, 2015, Plaintiffs supplemented their discovery responses. (*See* Dock. 101, Ex. B, C, D, E.) After receiving the supplemental discovery responses, counsel for BF Labs sent an email on July 2, 2015 to counsel for the Plaintiffs inquiring whether the Plaintiffs would continue to object to BF Labs' Interrogatories 25 through 27 and Requests for Production 42 through 46 that specifically seek information concerning the class action allegations in the Complaint and, if so, then BF Labs would file a motion to compel. (*See* Exhibit G.) On July 6, 2015, Plaintiffs' counsel responded by stating that Plaintiffs would supplement their answers "in full without objection *once discovery was complete* and/or once Plaintiffs' counsel's legal analysis regarding class certification has been completed." *Id*. (emphasis added). Therefore, BF Labs determined it needed the Court to compel answers and responses from the Plaintiffs.

## II.   ARGUMENTS AND AUTHORITIES

### A.   Legal Standards for Discovery

"The touchstone of the relevancy of documents and information requested is . . . whether the discovery is 'reasonably calculated to lead to the discovery of admissible evidence.'"

2

*Sonnino v. University Kansas Hosp. Authority*, 220 F.R.D. 633, 646 (D. Kan. 2004) (citing Fed. R. Civ. P. 26(b)(1)). When the relevancy of discovery sought is not readily apparent, "the party seeking discovery has the burden to show the relevancy of the request." *Apsley v. Boeing Co.*, 2007 WL 3120712, *2 (D. Kan. 2007) (citing *Hammond v. Lowe's Home Centers*, 216 F.R.D. 666, 670 (D. Kan. 2003)). If the threshold question of relevance has been satisfied, the analysis proceeds to the question of whether the requested information is privileged or otherwise limited by the considerations set out in Rule 26(b)(2)(i), (ii), or (iii), though the court may deny a motion to compel where the discovery request is overly broad or unduly burdensome on its face. *Id*. (citing *Aikens v. Deluxe Financial Services, Inc.*, 217 F.R.D. 533, 538 (D. Kan. 2003)).

Discovery on the elements of Rule 23 class certification necessary to determine whether the moving party can establish class certification requirements: (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, (4) the representative parties will fairly and adequately protect the interests of the class; (5) the predominance of common questions of fact and law; and (6) the superiority of resolution by class action as compared to other methods for adjudicating the controversy. *In re Urethane Antitrust Litig.*, 237 F.R.D. 454, 459 (D. Kan. Aug. 25, 2006). The limited issue presented in this motion is whether the discovery requests set forth are relevant to class certification. *Id*. There is no presumption to class certification. *See Roderick Trust v. XTO Energy, Inc.*, 725 F.3d 1213 (10th Cir. 2013).

**B.     Discovery at Issue**

Plaintiffs have objected to providing factual information concerning the allegations in their Complaint that contend class certification treatment is appropriate. In response to Interrogatories 25 through 27, Plaintiffs have stated that they would let BF Labs know their

3

50685464.1

position, arguments, and facts supporting their class certification motion at the time the motion is filed (which is two weeks after the close of discovery). Further, BF Labs' Requests for Production 42 through 46 seek documents that support Plaintiffs' contention that this case is appropriate to be certified as a class action. Plaintiffs have responded by stating that they have not withheld responsive documents but that their counsel has not yet decided which documents will be used to support the elements under Fed. R. Civ. P. 23 and has until November 16, 2015 (after the close of discovery) to do so. Defendant BF Labs is entitled to undertake discovery of the elements of Plaintiffs' claim for class certification. BF Labs is entitled to know during the discovery period what the basis is for the allegations pleaded in the Complaint. BF Labs should not be forced to speculate about what Plaintiffs' claims may be.

      1.    **Interrogatory Nos. 25–27**

Interrogatory No. 25 asks both Plaintiffs "[f]or each claim or count in Your Complaint in which you seek to represent a class of persons, state specifically the definition and scope of the class of persons You seek to represent, including but not limited to the time period and nature of each claim that You contend you would adequately represent a class of persons." *See* Ex. D, E. Interrogatory No. 26 asks both Plaintiffs "[f]or each claim or count in Your Complaint, identify all principal or material facts that you contend support each requirement of Rule 23(a)." *Id*. And Interrogatory No. 27 asks both Plaintiffs "[f]or each claim or count in Your Complaint, identify all principal or material facts that you contend support each requirement of Rule 23(b)." *Id*.

Plaintiffs' answer to Interrogatories 25 through 27 are the same. They both answer each interrogatory by stating:

> ANSWER: Objection. Plaintiff is not a lawyer and does not possess the legal expertise to offer a legal opinion on which claims are subject to class certification or what constitutes a proper class definition in this case. Before this case was filed and as this case has progressed, Plaintiff's counsel has engaged in substantial legal research, analysis, and mental notes regarding the claims for which Plaintiff

may seek class certification, as well as a proper class definition for such claims. Plaintiff's counsel's legal analysis regarding class certification has evolved and continues to evolve as discovery progresses. Plaintiff's counsel's ongoing and evolving legal research, analysis, thoughts, strategies, and mental impressions regarding class certification and a class definition are protected by the work product doctrine and are immune from discovery. Subject to these objections, Plaintiff states:

Plaintiff will file a motion for class certification setting forth the claims sought to be certified and a class definition on or prior to November 16, 2015, as required by the Court's Second Amended Scheduling Order.

SUPPLEMENTAL ANSWER: Plaintiff has not withheld any known responsive information. All known persons who might have relevant knowledge and all known relevant documents have been provided to Defendant. Plaintiff's counsel, not Plaintiff, will determine which claims are proper for class certification, the definition and scope of the class, and the time period and nature of each claim Plaintiff is adequate to represent. Plaintiff's counsel has not yet decided the requested information and has until November 16, 2015 to do so pursuant to the Court's Second Amended Scheduling Order.

*See* Ex. D, E.

This discovery is not directed to Plaintiffs' as yet unfiled class certification motion. It is, instead, directed to the allegations in the Complaint that the law requires be pleaded in good faith. Plaintiffs' motion for class certification is not required to be filed until after the close of discovery. It is not proper or sufficient to respond that the factual basis for the class motion will be made known after the close of discovery. BF Labs is entitled to know what facts support Plaintiffs' allegations that the Court should certify a class action. It is the Plaintiffs' burden to prove facts entitling them to proceed as class representatives and not BF Labs' obligation to demonstrate otherwise. There is no presumption of class certification. *See Roderick Trust v. XTO Energy, Inc.*, 725 F.3d 1213 (10th Cir. 2013).

In order to test Plaintiffs' contentions, BF Labs is entitled to seek discovery as to each and every one of the elements that the Plaintiffs are required to prove. Further, BF Labs needs answers to the interrogatories (and requests for production of documents) in order to file a

5

50685464.1

possible motion for summary judgment (due at the time Plaintiffs' class motion is filed) and should not have to wait until Plaintiffs file a motion for class certification in November and discovery is closed. Because the discovery requests set forth above are clearly relevant to class certification, the Court should compel Plaintiffs to answer discovery as to the elements of Plaintiffs' claim for class certification. *In re Urethane Antitrust Litig.*, 237 F.R.D. at 463–64 (finding that the requests at issue that sought information and documents that directly bears on class certification issues is discoverable and relevant in making a class action determination).

2.  **Requests for Production of Documents Nos. 42–46**

Request for Production No. 42 seeks "[a]ll documents reflecting, referring to, or supporting Your contention that You are an adequate class representative as alleged in Your Complaint." *See* Ex. B, C. Request for Production No. 43 seeks "[a]ll documents reflecting, referring to, or that support Your contention that there are common questions of law of fact as alleged in Your Complaint." *Id*. Request for Production No. 44 seeks "[a]ll documents reflecting, referencing, or that support Your contention that Your claims are typical of the class You seek to represent." *Id*. Request for Production No. 45 seeks "[a]ll documents reflecting, referencing, or that support Your contention that the elements of Rule 23(a) can be satisfied by You." *Id*. And finally, Request for Production No. 46 seeks "[a]ll documents reflecting, referencing or that support Your contention that the elements of Rule 23(b) can be satisfied by You." *Id*.

Just as Plaintiffs did in their Interrogatory Answers, Plaintiffs answered Request for Production of Documents Nos. 42 through 46 in similar fashion by claiming that they have not yet decided which documents will be cited to support the factors under Fed. R. Civ. P. 23 and have until November 16, 2015 to do so pursuant to the Court's Second Amended Scheduling Order. *See generally* Ex. B, C.

For the same reasons laid out in B.1. and discussed in *In re Urethane Antitrust Litig.*, 237 F.R.D. 454 (D. Kan. Aug. 25, 2006), the Court should compel Plaintiffs to supplement their Responses to BF Labs' Request for Production of Documents Nos. 42 through 46.

### III.   CONCLUSION

BF Labs is entitled to information concerning the facts supporting the Plaintiffs' claim for class certification before discovery closes. BF Labs is also entitled to know what documents will support their class certification motion before the time the motion is filed. It is the Plaintiffs' burden to prove facts entitling them to proceed as class representatives and not BF Labs' obligation to demonstrate otherwise. For the reasons detailed above, BF Labs' Motion to Compel should be granted.

Respectfully submitted,

/s/ Mark A. Olthoff
MARK A. OLTHOFF　　　　　　　　　KS Fed. #70339
MICHAEL S. FOSTER　　　　　　　　　KS #24011
POLSINELLI PC
900 W. 48th Place
Suite 900
Kansas City, Missouri  64112-1895
(816) 753-1000
(816) 753-1536 (FAX)
molthoff@polsinelli.com
mfoster@polsinelli.com

Attorneys for Defendant BF Labs Inc.

## CERTIFICATE OF SERVICE

  The undersigned hereby certifies that on the 8th day of July, 2015, a true and correct copy of the foregoing was filed electronically with the United States District Court for the District of Kansas using the CM/ECF system, which sent notification to all parties of interest participating in the CM/ECF system.

              /s/ Mark A. Olthoff
              Attorney for Defendant BF Labs Inc.