# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| KYLE ALEXANDER, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 14-CV-2159-KHV-JPO |
| | ) |
| BF LABS INC., | ) |
| | ) |
| Defendant. | ) |

### AFFIDAVIT OF MICHAEL S. FOSTER

STATE OF MISSOURI     )
                      ) ss.
COUNTY OF JACKSON     )

I, Michael S. Foster, being of lawful age and having first been duly sworn upon my oath, state as follows:

1. I am an attorney with the law firm Polsinelli PC, and an attorney for Defendant BF Labs Inc. in the above action. This Affidavit is provided to certify that Plaintiff has conferred in good faith with Plaintiffs' counsel in an attempt to resolve the discovery disputes identified in BF Labs Inc.'s Motion to Compel Discovery, as required by Fed. R. Civ. P. 37 and Local Rule 37.2. I have personal knowledge of the facts set forth in this Affidavit.

2. On April 9, 2015, BF Labs Inc. served its First Requests for Production of Documents and Electronically Stored Information and First Set of Interrogatories to Plaintiffs Dylan Symington and Kyle Alexander ("Plaintiffs").

3. Afterward, BF Labs Inc. gave Plaintiffs an additional month to respond to the discovery requests.

4. On June 8, 2015, both Plaintiffs responded to BF Labs' First Request for Production of Documents and First Set of Interrogatories. See Kyle Alexander's Objections and Responses to Defendant's First Request for Production, attached as Exhibit B; Dylan Symington's Objections and Responses to Defendant's First Request for Production, attached as Exhibit C; Kyle Alexander's Objections and Answers to Defendant's First Set of Interrogatories, attached as Exhibit D; and Dylan Symington's Objections and Answers to Defendant's First Interrogatories, attached as Exhibit E.

5. BF Labs believed that many of Plaintiffs' responses to both BF Labs' First Request for Production of Documents and First Set of Interrogatories were deficient.

6. On June 11, 2015, three days after receiving Plaintiffs' responses to both BF Labs' First Request for Production of Documents and First Set of Interrogatories, Attorney Mark A. Olthoff, lead attorney for BF Labs Inc., sent a letter to Plaintiffs' counsel requesting that they supplement their discovery responses. *See* Letter from Attorney Olthoff to Attorney Rodopoulos, dated June 11, 2015, attached as Exhibit F.

7. On June 17, 2015, Attorney Mark Olthoff and myself on behalf of BF Labs and Attorney Ari Rodopoulos on behalf of the Plaintiffs had a phone call about the issues that BF Labs had with Plaintiffs' discovery responses.

8. That same day, Attorney Olthoff and Attorney Rodopoulos had another phone call about BF Labs' issues with Plaintiffs' discovery responses.

9. On June 30, 2015, Plaintiffs Alexander and Symington supplemented their discovery responses.

10. On July 2, 2015, two days after receiving Plaintiffs' supplemental discovery responses, I sent an e-mail to Attorney Rodopoulos inquiring whether the Plaintiffs would

2

continue to object to BF Labs seeking discovery from the Plaintiffs relating to the class allegations in the Complaint and informing Plaintiffs that if BF Labs did not receive answers to interrogatories 25 through 27 and requests for production 42 through 46 that dealt with class issues then BF Labs would be forced to file a motion to compel. *See* Exhibit G.

11. On July 6, 2015, Attorney Rodopoulos responded by stating that the "Plaintiffs have provided the universe of facts and documents that Plaintiffs are presently aware of and might cite in support of class certification. I do not yet know the claims upon which certification will be sought or the class definitions and, as such, I do not yet know the particular facts and documents (within the universe of facts and documents provided) that I will cite to in my motion for class certification, which is not due for several months. If it wasn't clear in the supplemental answer, Plaintiffs will respond in full without objection once discovery is complete and/or once Plaintiffs' counsel's legal analysis regarding class certification has been completed. Other than my transitory mental impressions re class certification, which is work product, I guess I'm not sure exactly what you would be asking the court to compel." *Id.*

12. BF Labs has determined that it needs to file a motion to compel directing Plaintiffs to answer discovery directed to their class allegations.

FURTHER AFFIANT SAITH NAUGHT.

_____
Michael S. Foster

Subscribed and sworn to before me this 8th day of July, 2015, in the State and County aforesaid.

_____
Notary Public

My Commission Expires:

BRENDA L. LEE
NOTARY PUBLIC-NOTARY SEAL
STATE OF MISSOURI
CLAY COUNTY
MY COMMISSION EXPIRES 9/29/2018
COMMISSION # 14428629

3