# EXHIBIT B

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| KYLE ALEXANDER, and )<br>DYLAN SYMINGTON, )<br>on behalf of themselves and all those )<br>similarly situated, )<br>  )<br>  Plaintiffs, )<br>  )<br>v. )<br>  )<br>BF LABS INC., a Wyoming corporation, )<br>doing business as BUTTERFLY LABS, )<br>  )<br>  Defendant. ) | Case No. 14-CV-2159-KHV-JPO |

## KYLE ALEXANDER'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO DEFENDANT'S FIRST REQUEST FOR PRODUCTION

COMES NOW Plaintiff, Kyle Alexander, and responds to Defendant BF Labs Inc.'s First Request for Production as follows:

## RESPONSES AND OBJECTIONS

1.  All documents that reflect, relate to or refer to Your discussions in online forums (including but not limited to BF Labs Bitcoin Mining Forum, bitcointalk.org, and Reddit), chat rooms, bulletin boards, message boards, newsgroups, or blogs (or other online medium allowing for conversations or the creation of content) related to bitcoin and bitcoin mining.

**RESPONSE:** Objection. This request seeks information not relevant to any element of any claim or defense and information not reasonably calculated to lead to the discovery of admissible evidence. This request also seeks information that is publically available and/or already in Defendant's possession. Subject to these objections, Plaintiff states:

None, as far as Plaintiff could find.

**SUPPLEMENTAL RESPONSE:** Plaintiff has not withheld any responsive documents.

2. All documents that reflect, relate to or refer to Your instant messages, SMS text messages, email accounts, Internet addresses, Internet accounts, Internet history and usage files and preferences, web activity, web pages, browser history related to bitcoin and bitcoin mining.

**RESPONSE:  Objection. This request seeks information not relevant to any element of any claim or defense and information not reasonably calculated to lead to the discovery of admissible evidence.  Subject to these objections, Plaintiff states:**

See A&S 00001-00034.

**SUPPLEMENTAL RESPONSE:  Plaintiff has not withheld any responsive documents.**

3. All documents that reflect, relate to or refer to Your calendar and scheduling information, computer system activity logs, network access information, photographs, videos, and other material stored or located on any Plaintiffs' computers, mobile and cellular telephones, or Internet accounts related to bitcoin and bitcoin mining.

**RESPONSE:  Objection. This request seeks information not relevant to any element of any claim or defense and information not reasonably calculated to lead to the discovery of admissible evidence.  Subject to these objections, Plaintiff states:**

See A&S 00001-00034.

**SUPPLEMENTAL RESPONSE:  Plaintiff has not withheld any responsive documents.**

4. All documents that reflect, relate to, or refer to Your communications and discussions related to pre-order of Defendant's product(s).

**RESPONSE:**    See A&S 00001-000034.

Kyle Alexander, et al., v. BF Labs, Inc.
*Kyle Alexander's Supplemental Objections and Responses to Defendant's First Request for Production*

2

5. All documents that reflect, relate to, or refer to Your communications or correspondence with other purchasers of BF Labs' devices regarding bitcoin, bitcoin mining or BF Labs.

**RESPONSE: Although Plaintiff has no way of determining or confirming who was a purchaser of Defendant's products and services at the time of the correspondence or communication, Plaintiff is not aware of any responsive documents.**

6. All documents that reflect, relate to, or refer to Your attendance at conventions, meetings, or trade shows that relate to bitcoin.

**RESPONSE: Objection. This request is vague and ambiguous in that it does not adequately define "that relate to bitcoin." Plaintiff understands this interrogatory is limited to conferences or seminars that primarily discuss the bitcoin industry. Subject to these objections, Plaintiff states:**

   None.

**SUPPLEMENTAL RESPONSE: Plaintiff has not withheld any responsive documents.**

7. All documents that reflect or refer to statements made by You that relate to bitcoin.

**RESPONSE: Objection. This request seeks information not relevant to any element of any claim or defense and information not reasonably calculated to lead to the discovery of admissible evidence. Subject to these objections, Plaintiff states:**

   See A&S 00001-00034.

**SUPPLEMENTAL RESPONSE: Plaintiff has not withheld any responsive documents.**

8.     All documents that involve lawsuits filed by or against You within the previous 10 years.

**RESPONSE:** Objection. This request seeks information not relevant to any element of any claim or defense and information not reasonably calculated to lead to the discovery of admissible evidence.  This request is also vague and ambiguous in that it does not clarify whether this lawsuit is included in the request.  Plaintiff understands this request is limited to lawsuits other than the present lawsuit.  Subject to these objections, Plaintiff states:

None.

**SUPPLEMENTAL RESPONSE:**  Plaintiff has not withheld any responsive documents.


9.     All documents that reflect or relate to Your experience or history in mining bitcoins.

**RESPONSE:**  Objection. This request seeks information not relevant to any element of any claim or defense and information not reasonably calculated to lead to the discovery of admissible evidence.  This request is also vague and ambiguous in that it does not clarify whether this lawsuit is included in the request.  Plaintiff understands this request is limited to lawsuits other than the present lawsuit.  Subject to these objections, Plaintiff states:

None, other than the documents already produced related to this lawsuit.

**SUPPLEMENTAL RESPONSE:**  Plaintiff has not withheld any responsive documents.


10.    All documents, correspondence, or communications with any bitcoin mining hardware company other than Butterfly Labs.

**RESPONSE:**  Objection. This request seeks information not relevant to any element of any claim or defense and information not reasonably calculated to lead to the discovery of admissible evidence.  Subject to these objections, Plaintiff states:

None, as far as Plaintiff can recall.

Kyle Alexander, et al., v. BF Labs, Inc.
*Kyle Alexander's Supplemental Objections and Responses to Defendant's First Request for Production*

4

**SUPPLEMENTAL RESPONSE:** Plaintiff has not withheld any responsive documents.

11. All documents that reflect or relate to Your orders of bitcoin mining equipment, including any refunds, from Butterfly Labs or any other company.

**RESPONSE:** Objection. This request seeks information not relevant to any element of any claim or defense and information not reasonably calculated to lead to the discovery of admissible evidence. Subject to these objections, Plaintiff states:

See A&S 00001-00034.

**SUPPLEMENTAL RESPONSE:** Plaintiff has not withheld any responsive documents.

12. All documents that reflect or relate to Your alternative currency experience or history.

**RESPONSE:** Objection. This request seeks information not relevant to any element of any claim or defense and information not reasonably calculated to lead to the discovery of admissible evidence. This request is also vague and ambiguous in that it does not define "alternative currency experience or history." Plaintiff understands this request is limited to Plaintiff's purchase of bitcoin miners from companies other than Defendant. Subject to these objections, Plaintiff states:

None.

**SUPPLEMENTAL RESPONSE:** Plaintiff has not withheld any responsive documents.

13. All documents that reflect or relate to Your investment history since January 1, 2005.

**RESPONSE:** Objection. By agreement with Defendant's counsel, this interrogatory has been limited to investment in bitcoin-related startup ventures. Subject to these objections, Plaintiff states:

Kyle Alexander, et al., v. BF Labs, Inc.
*Kyle Alexander's Supplemental Objections and Responses to Defendant's First Request for Production*

5

**None.**

**SUPPLEMENTAL RESPONSE: Plaintiff has not withheld any responsive documents.**

14. All non-privileged documents reflecting or concerning communications between You and any person or entity (other than Plaintiffs' lawyers) concerning any of the allegations in this lawsuit.

**RESPONSE:** See A&S 00001-04250.

15. All non-privileged documents or other items reflecting written or recorded statements or conversations concerning any matter alleged in Your Complaint.

**RESPONSE: All documents possessed concerning this request have been produced to Defendant and/or are already possessed by Defendant. Plaintiff refers Defendant to Plaintiff's Complaint, Plaintiff's initial disclosures, A&S 00001-04250, subpoenas served by Plaintiff, documents obtained by subpoena, Defendant's discovery responses, Defendant's website (and web forum) and prior versions thereof, Defendant's initial disclosures, and documents and transcripts in the FTC action against Defendant. Plaintiff will supplement and identify any additional individuals and produce a copy of any additional responsive documents as discovery continues.**

**SUPPLEMENTAL RESPONSE: Plaintiff has not withheld any responsive documents.**

16. All audio, video, digital or any other type of recordings concerning the allegations made in Your Complaint.

**RESPONSE: All documents possessed concerning this request have been produced to Defendant and/or are already possessed by Defendant. Plaintiff refers Defendant to Plaintiff's Complaint, Plaintiff's initial disclosures, A&S 00001-04250, subpoenas served by Plaintiff, documents obtained by subpoena, Defendant's discovery responses, Defendant's website (and web forum) and prior versions thereof, Defendant's initial disclosures, and documents and transcripts in the FTC action against Defendant. Plaintiff will supplement and identify any additional**

Kyle Alexander, et al., v. BF Labs, Inc.
*Kyle Alexander's Supplemental Objections and Responses to Defendant's First Request for Production*

6

**individuals and produce a copy of any additional responsive documents as discovery continues. See also A&S 01854, 01962, 01975, 01981, 01987, 01990, 01991, 02017, 02020, 02033, 02034, 02038, 02039, 02826 and 02834.**

**SUPPLEMENTAL RESPONSE: Plaintiff has not withheld any responsive documents.**

17. With respect to each person who is expected to or may testify in this case as an expert witness, produce any and all work papers, notes, calculations, exhibits, non-privileged communications, and other documents related to your allegations in the file of said expert, or in the file of any person who has written a report that is or will be relied upon in whole or in part by a testifying expert in this case.

**RESPONSE: Plaintiff will supplement this response by providing expert reports in accordance with the Second Amended Scheduling Order entered in this matter and pursuant to the Rules of Civil Procedure.**

18. Executed and notarized copies of the attached employment, education, insurance, and tax record authorizations along with copies of Your federal tax returns from 2009 to the present.

**RESPONSE: Objection. This request seeks information not relevant to any element of any claim or defense and information not reasonably calculated to lead to the discovery of admissible evidence.**

19. All non-privileged documents that set forth or describe any communication between You and anyone in connection with the evaluation or calculation of monetary losses, damages, or other relief that You are claiming in this lawsuit.

**RESPONSE: Plaintiff Kyle Alexander claims the total payment price ($274 purchase + $34.00 shipping = $308 total payment price) and interest thereon paid to Defendant, the loss of use of equipment that Plaintiff did**

**not receive in a timely manner, the loss of bitcoins that were mined by Defendant using Plaintiff's equipment, the diminution in value of the Bitcoin mining equipment, and a reasonable attorney's fee, including reasonable expenses and costs.**

**The interest on the total payment price, the loss of use of equipment that Plaintiffs did not receive or did not receive in a timely manner, the loss of bitcoins that were mined by Defendant using Plaintiffs' equipment, and the diminution in value of the Bitcoin mining equipment require further discovery and/or expert calculations, which will be provided in accordance with the Court's scheduling order regarding expert disclosures. See A&S 00001-00034.**

**SUPPLEMENTAL RESPONSE:   Plaintiff has not withheld any responsive documents.**

20.     All non-privileged documents that substantiate, reflect, describe, or relate to any monetary losses, damages, or other relief that You are claiming as a result of the injuries or events set forth in Your Complaint.

**RESPONSE:    See No. 19 above.**

**SUPPLEMENTAL RESPONSE:   Plaintiff has not withheld any responsive documents.**

21.     All non-privileged documents (including electronically stored information) and communications (including electronic communications) identified, referred to, or relied upon in Your answers to Defendant's First Interrogatories to Plaintiff Kyle Alexander.

**RESPONSE: All documents possessed concerning this request have been produced to Defendant and/or are already possessed by Defendant. Plaintiff refers Defendant to Plaintiff's Complaint, Plaintiff's initial disclosures, A&S 00001-04250, subpoenas served by Plaintiff, documents obtained by subpoena, Defendant's discovery responses, Defendant's website (and web forum) and prior versions thereof, Defendant's initial disclosures, and documents and transcripts in the FTC action against Defendant.    Plaintiff will supplement and identify any additional**

Kyle Alexander, et al., v. BF Labs, Inc.
*Kyle Alexander's Supplemental Objections and Responses to Defendant's First Request for Production*

8

**individuals and produce a copy of any additional responsive documents as discovery continues.**

**SUPPLEMENTAL RESPONSE:  Plaintiff has not withheld any responsive documents.**

22.     All documents identified in Your disclosures pursuant to Fed. R. Civ. P. 26(a)(1).

**RESPONSE:**     See A&S 00001-AS04241, produced on March 19, 2015.

23.     Your most recent or current résumé.

**RESPONSE:**     See A&S 04248-04250.

24.     All documents that relate to comments or submissions made to rip-off report, the Better Business Bureau, the Federal Trade Commission, the Kansas Attorney General, the Johnson County, Kansas District Attorney, or any other consumer protection-related agency related to BF Labs.

**RESPONSE:  All documents possessed concerning this request have been produced to Defendant and/or are already possessed by Defendant. Plaintiff refers Defendant to Plaintiff's Complaint, Plaintiff's initial disclosures, A&S 00001-04250, subpoenas served by Plaintiff, documents obtained by subpoena, Defendant's discovery responses, Defendant's website (and web forum) and prior versions thereof, Defendant's initial disclosures, and documents and transcripts in the FTC action against Defendant. Plaintiff will supplement and identify any additional individuals and produce a copy of any additional responsive documents as discovery continues.**

**SUPPLEMENTAL RESPONSE:  Plaintiff has not withheld any responsive documents.**

Kyle Alexander, et al., v. BF Labs, Inc.
*Kyle Alexander's Supplemental Objections and Responses to Defendant's First Request for Production*

9

25. Any and all Yelp, Amazon, Facebook, Google Plus, or other social media discussion or statement where You have reviewed, discussed, or questioned any business, organization, investment, or purchase in the last five years.

**RESPONSE: Objection. This request seeks information not relevant to any element of any claim or defense and information not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff understands this request is limited to businesses, organization, investments, or purchases related to the bitcoin industry. Subject to these objections, Plaintiff states:**

> **None, other than documents related to Plaintiff's purchase of a miner from Defendant, which have been produced.**

**SUPPLEMENTAL RESPONSE: Plaintiff has not withheld any responsive documents.**


26. All documents, including but not limited to receipts, invoices, and bills of sale, relating to the purchase of any Bitcoin miners.

**RESPONSE:   See A&S 00001-00034.**


27. All documents that set forth or describe the methods by which You have calculated the amount of monetary damages (pecuniary and non-pecuniary) You are claiming in this lawsuit.

**RESPONSE: Plaintiff Kyle Alexander claims the total payment price ($274 purchase + $34.00 shipping = $308 total payment price) and interest thereon paid to Defendant, the loss of use of equipment that Plaintiff did not receive in a timely manner, the loss of bitcoins that were mined by Defendant using Plaintiff's equipment, the diminution in value of the Bitcoin mining equipment, and a reasonable attorney's fee, including reasonable expenses and costs.**

**The interest on the total payment price, the loss of use of equipment that Plaintiffs did not receive or did not receive in a timely manner, the loss of bitcoins that were mined by Defendant using Plaintiffs' equipment, and the diminution in value of the Bitcoin mining equipment require further discovery and/or expert calculations, which will be provided in accordance**

Kyle Alexander, et al., v. BF Labs, Inc.  
*Kyle Alexander's Supplemental Objections and Responses to Defendant's First Request for Production*

10

with the Court's scheduling order regarding expert disclosures. See A&S 00001-00034.

**SUPPLEMENTAL RESPONSE:** Plaintiff has not withheld any responsive documents.

28. All documents in Your possession, custody, or control that You claim to have been authored by or received from BF Labs Inc., or anyone You claim to be a present or former employee of BF Labs Inc.

**RESPONSE:** All documents possessed concerning this request have been produced to Defendant and/or are already possessed by Defendant. Plaintiff refers Defendant to Plaintiff's Complaint, Plaintiff's initial disclosures, A&S 00001-04250, subpoenas served by Plaintiff, documents obtained by subpoena, Defendant's discovery responses, Defendant's website (and web forum) and prior versions thereof, Defendant's initial disclosures, and documents and transcripts in the FTC action against Defendant. Plaintiff will supplement and identify any additional individuals and produce a copy of any additional responsive documents as discovery continues.

**SUPPLEMENTAL RESPONSE:** Plaintiff has not withheld any responsive documents.

29. Copies of any application for employment that You signed, prepared, or filed with any prospective employer within the last 10 years.

**RESPONSE: Objection.** This request seeks information not relevant to any element of any claim or defense and information not reasonably calculated to lead to the discovery of admissible evidence.

30. All documents relating to Your attendance at any educational, vocational, or trade school, or other institution, including but not limited to official transcripts, applications for admission, and medical or counseling information.

**RESPONSE: Objection. This request seeks information not relevant to any element of any claim or defense and information not reasonably calculated to lead to the discovery of admissible evidence.**

31.     All documents that will reveal each license You hold to perform any profession, trade, or occupation, including, but not limited to, documents that will disclose the date the license was issued, the name and address of the agency or person that issued the license, and the profession, trade, or occupation in which the license was issued.

**RESPONSE: Objection. This request seeks information not relevant to any element of any claim or defense and information not reasonably calculated to lead to the discovery of admissible evidence.**

**SUPPLEMENTAL RESPONSE:  None.  Plaintiff has not withheld any responsive documents.**

32.     All of your computer equipment purchase and repair receipts since January 1, 2010.

**RESPONSE: Objection. This request seeks information not relevant to any element of any claim or defense and information not reasonably calculated to lead to the discovery of admissible evidence.**

33.     To the extent not specifically requested above, all non-privileged documents and communications that You intend to rely upon to support any of the allegations set forth in Your Complaint.

**RESPONSE: All documents possessed concerning this request have been produced to Defendant and/or are already possessed by Defendant. Plaintiff refers Defendant to Plaintiff's Complaint, Plaintiff's initial disclosures, A&S 00001-04250, subpoenas served by Plaintiff, documents obtained by subpoena, Defendant's discovery responses, Defendant's website (and web forum) and prior versions thereof, Defendant's initial disclosures, and documents and transcripts in the FTC action against**

Kyle Alexander, et al., v. BF Labs, Inc.
*Kyle Alexander's Supplemental Objections and Responses to Defendant's First Request for Production*

12

**Defendant. Plaintiff will supplement and identify any additional individuals and produce a copy of any additional responsive documents as discovery continues.**

**SUPPLEMENTAL RESPONSE: None. Plaintiff has not withheld any responsive documents.**

34. All Your personal electricity bills from 2010 to the present.

**RESPONSE: Objection. This request seeks information not relevant to any element of any claim or defense and information not reasonably calculated to lead to the discovery of admissible evidence.**

**SUPPLEMENTAL RESPONSE: None. Plaintiff has not withheld any responsive documents.**

35. All documents that relate to, refer to, or support Your claim under the Kansas Consumer Protection Act.

**RESPONSE: All documents possessed concerning this request have been produced to Defendant and/or are already possessed by Defendant. Plaintiff refers Defendant to Plaintiff's Complaint, Plaintiff's initial disclosures, A&S 00001-04250, subpoenas served by Plaintiff, documents obtained by subpoena, Defendant's discovery responses, Defendant's website (and web forum) and prior versions thereof, Defendant's initial disclosures, and documents and transcripts in the FTC action against Defendant. Plaintiff will supplement and identify any additional individuals and produce a copy of any additional responsive documents as discovery continues.**

**SUPPLEMENTAL RESPONSE: Plaintiff has not withheld any responsive documents.**

36. All documents that you contend support Your claim that Defendant engaged in deceptive acts or practices.

**RESPONSE: All documents possessed concerning this request have been produced to Defendant and/or are already possessed by Defendant. Plaintiff refers Defendant to Plaintiff's Complaint, Plaintiff's initial disclosures, A&S 00001-04250, subpoenas served by Plaintiff, documents**

Kyle Alexander, et al., v. BF Labs, Inc.  
Kyle Alexander's Supplemental Objections and Responses to Defendant's First Request for Production

13

obtained by subpoena, Defendant's discovery responses, Defendant's website (and web forum) and prior versions thereof, Defendant's initial disclosures, and documents and transcripts in the FTC action against Defendant. Plaintiff will supplement and identify any additional individuals and produce a copy of any additional responsive documents as discovery continues.

**SUPPLEMENTAL RESPONSE:** Plaintiff has not withheld any responsive documents.

37.  All documents that you contend support your claim that Defendant engaged in unconscionable acts or practices.

**RESPONSE:** All documents possessed concerning this request have been produced to Defendant and/or are already possessed by Defendant. Plaintiff refers Defendant to Plaintiff's Complaint, Plaintiff's initial disclosures, A&S 00001-04250, subpoenas served by Plaintiff, documents obtained by subpoena, Defendant's discovery responses, Defendant's website (and web forum) and prior versions thereof, Defendant's initial disclosures, and documents and transcripts in the FTC action against Defendant. Plaintiff will supplement and identify any additional individuals and produce a copy of any additional responsive documents as discovery continues.

**SUPPLEMENTAL RESPONSE:** Plaintiff has not withheld any responsive documents.

38.  All documents that reflect, refer to, or support Your claim of conversion.

**RESPONSE:** All documents possessed concerning this request have been produced to Defendant and/or are already possessed by Defendant. Plaintiff refers Defendant to Plaintiff's Complaint, Plaintiff's initial disclosures, A&S 00001-04250, subpoenas served by Plaintiff, documents obtained by subpoena, Defendant's discovery responses, Defendant's website (and web forum) and prior versions thereof, Defendant's initial disclosures, and documents and transcripts in the FTC action against Defendant. Plaintiff will supplement and identify any additional individuals and produce a copy of any additional responsive documents as discovery continues.

**SUPPLEMENTAL RESPONSE:** Plaintiff has not withheld any responsive documents.

39. All documents that reflect, refer to, or support Your claim of unjust enrichment.

**RESPONSE: All documents possessed concerning this request have been produced to Defendant and/or are already possessed by Defendant. Plaintiff refers Defendant to Plaintiff's Complaint, Plaintiff's initial disclosures, A&S 00001-04250, subpoenas served by Plaintiff, documents obtained by subpoena, Defendant's discovery responses, Defendant's website (and web forum) and prior versions thereof, Defendant's initial disclosures, and documents and transcripts in the FTC action against Defendant. Plaintiff will supplement and identify any additional individuals and produce a copy of any additional responsive documents as discovery continues.**

**SUPPLEMENTAL RESPONSE: Plaintiff has not withheld any responsive documents.**

40. All documents that reflect, refer to, or support Your claim of negligent misrepresentation.

**RESPONSE: All documents possessed concerning this request have been produced to Defendant and/or are already possessed by Defendant. Plaintiff refers Defendant to Plaintiff's Complaint, Plaintiff's initial disclosures, A&S 00001-04250, subpoenas served by Plaintiff, documents obtained by subpoena, Defendant's discovery responses, Defendant's website (and web forum) and prior versions thereof, Defendant's initial disclosures, and documents and transcripts in the FTC action against Defendant. Plaintiff will supplement and identify any additional individuals and produce a copy of any additional responsive documents as discovery continues.**

**SUPPLEMENTAL RESPONSE: Plaintiff has not withheld any responsive documents.**

41. All documents that reflect, reference, or support any contention that Defendant (or any of its agents or representatives) made any misrepresentation or omissions of fact.

**RESPONSE:** All documents possessed concerning this request have been produced to Defendant and/or are already possessed by Defendant. Plaintiff refers Defendant to Plaintiff's Complaint, Plaintiff's initial disclosures, A&S 00001-04250, subpoenas served by Plaintiff, documents obtained by subpoena, Defendant's discovery responses, Defendant's website (and web forum) and prior versions thereof, Defendant's initial disclosures, and documents and transcripts in the FTC action against Defendant. Plaintiff will supplement and identify any additional individuals and produce a copy of any additional responsive documents as discovery continues.

**SUPPLEMENTAL RESPONSE:** Plaintiff has not withheld any responsive documents.

42. All documents reflecting, referring to, or supporting Your contention that You are an adequate class representative as alleged in Your Complaint.

**RESPONSE:** Objection. Before this case was filed and as this case has progressed, Plaintiff's counsel has engaged in substantial legal research, analysis, and mental notes regarding the claims for which Plaintiff may seek class certification. Plaintiff's counsel's legal analysis regarding class certification has evolved and continues to evolve as discovery progresses. Plaintiff's counsel's ongoing and evolving legal research, analysis, thoughts, strategies, and mental impressions regarding class certification are protected by the work product doctrine and are immune from discovery. Subject to these objections, Plaintiff states:

> All documents possessed concerning this request have been produced to Defendant and/or are already possessed by Defendant. Plaintiff refers Defendant to Plaintiff's Complaint, Plaintiff's initial disclosures, A&S 00001-04250, subpoenas served by Plaintiff, documents obtained by subpoena, Defendant's discovery responses, Defendant's website (and web forum) and prior versions thereof, Defendant's initial disclosures, and documents and transcripts in the FTC action against Defendant. Plaintiff will supplement and identify any additional individuals and produce a copy of any additional responsive documents as discovery continues.

Kyle Alexander, et al., v. BF Labs, Inc.
*Kyle Alexander's Supplemental Objections and Responses to Defendant's First Request for Production*

16

**Plaintiff will file a motion for class certification setting forth the basis for class certification on or prior to November 16, 2015, as required by the Court's Second Amended Scheduling Order.**

**SUPPLEMENTAL RESPONSE:** Plaintiff has not withheld any responsive documents. All known persons who might have relevant knowledge and all known relevant documents have been provided to Defendant. Plaintiff's counsel, not Plaintiff, will determine the documents supporting Plaintiff's adequacy as class representative. Plaintiff's counsel has not yet decided which documents will be cited to support Plaintiff's adequacy as class representative and has until November 16, 2015 to do so pursuant to the Court's Second Amended Scheduling Order.

43. All documents reflecting, referring to, or that support Your contention that there are common questions of law of fact as alleged in Your Complaint.

**RESPONSE:** Objection. See No. 42, above.

**SUPPLEMENTAL RESPONSE:** Plaintiff has not withheld any responsive documents. All known persons who might have relevant knowledge and all known relevant documents have been provided to Defendant. Plaintiff's counsel, not Plaintiff, will determine the documents supporting commonality under Rule 23(a). Plaintiff's counsel has not yet decided which documents will be cited to support commonality under Rule 23(a) and has until November 16, 2015 to do so pursuant to the Court's Second Amended Scheduling Order.

44. All documents reflecting, referencing, or that support Your contention that Your claims are typical of the class You seek to represent.

**RESPONSE:** Objection. See No. 42, above.

**SUPPLEMENTAL RESPONSE:** Plaintiff has not withheld any responsive documents. All known persons who might have relevant knowledge and all known relevant documents have been provided to Defendant. Plaintiff's counsel, not Plaintiff, will determine the documents supporting typicality under Rule 23(a). Plaintiff's counsel has not yet decided which documents will be cited to support typicality under Rule 23(a) and has until November 16, 2015 to do so pursuant to the Court's Second Amended Scheduling Order.

45. All documents reflecting, referencing, or that support Your contention that the elements of Rule 23(a) can be satisfied by You.

**RESPONSE:** Objection. See No. 42, above.

**SUPPLEMENTAL RESPONSE:** Plaintiff has not withheld any responsive documents. All known persons who might have relevant knowledge and all known relevant documents have been provided to Defendant. Plaintiff's counsel, not Plaintiff, will determine the documents supporting the elements of Rule 23(a). Plaintiff's counsel has not yet decided which documents will be cited to support the elements of Rule 23(a) and has until November 16, 2015 to do so pursuant to the Court's Second Amended Scheduling Order.

46. All documents reflecting, referencing or that support Your contention that the elements of Rule 23(b) can be satisfied by You.

**RESPONSE:** Objection. See No. 42, above.

**SUPPLEMENTAL RESPONSE:** Plaintiff has not withheld any responsive documents. All known persons who might have relevant knowledge and all known relevant documents have been provided to Defendant. Plaintiff's counsel, not Plaintiff, will determine the documents supporting the elements of Rule 23(b). Plaintiff's counsel has not yet decided which documents will be cited to support the elements of Rule 23(b) and has until November 16, 2015 to do so pursuant to the Court's Second Amended Scheduling Order.

47. All documents that You contend negate any of Defendant's affirmative defenses as alleged in its Answer to the Complaint.

**RESPONSE: All documents possessed concerning this request have been produced to Defendant and/or are already possessed by Defendant. Plaintiff refers Defendant to Plaintiff's Complaint, Plaintiff's initial disclosures, A&S 00001-04250, subpoenas served by Plaintiff, documents obtained by subpoena, Defendant's discovery responses, Defendant's website (and web forum) and prior versions thereof, Defendant's initial disclosures, and documents and transcripts in the FTC action against Defendant. Plaintiff will supplement and identify any additional individuals and produce a copy of any additional responsive documents as discovery continues.**

Kyle Alexander, et al., v. BF Labs, Inc.
*Kyle Alexander's Supplemental Objections and Responses to Defendant's First Request for Production*

18

**SUPPLEMENTAL RESPONSE:** Plaintiff has not withheld any responsive documents.

Date: June 30, 2015

       WOOD LAW FIRM, LLC

      By /s/ *Ari N. Rodopoulos*
       Noah K. Wood    Bar #23238
       noah@woodlaw.com
       Ari N. Rodopoulos   Bar #26585
       ari@woodlaw.com
       1100 Main Street, Suite 1800
       Kansas City, MO 64105-5171
       T: (816) 256-3582
       F: (816) 337-4243
       Attorneys for Plaintiff