# EXHIBIT F



900 W. 48th Place, Suite 900, Kansas City, MO 64112-1895 • 816.753.1000

June 11, 2015

Mark A. Olthoff
(816) 395-0620
(816) 817-0247 Direct Fax
molthoff@polsinelli.com

Aristotle N. Rodopoulos, Esq.
Wood Law Firm
1100 Main Street
Suite 1800
Kansas City, MO  64105

Re:     *Alexander, et al. v. BF Labs Inc.*

Dear Ari:

This letter is written to you to request that the plaintiffs comply fully with their discovery obligations. Unfortunately, their initial responses to written discovery fall woefully short. If we do not receive satisfactory responses from you by June 19, 2015, and are unable to resolve this dispute, we will file an appropriate motion with the court.

First, both plaintiffs Alexander and Symington, in a number of instances, asserted objections to interrogatories, but then responded "subject to" the objections. Those responses are entirely improper and complete answers must be given without objection. *See Sprint Comm. Co., LP v. Comcast Cable Comm., LLC*, 2014 WL 545544 (D. Kan., Feb. 11, 2014). This pertains to Interrogatories 3–10, 12–13, 15, 19, 21, and 22. This also pertains to Document Request Nos. 1–3, 6–13, 25, and 42–46.

Second, in a number of instances, plaintiffs either objected or did not fully respond to the interrogatory. This pertains to Interrogatories 14, 15, 17, 22, and 24. This also pertains to Document Request Nos. 18, 29, 30, 31, and 34. Defendant is entitled to discover the requested information, among other reasons, to test the plaintiffs' adequacy and to discover issues bearing upon their credibility. Plaintiffs have also asserted loss of income and, thus, defendant is entitled to plaintiffs' past income information. Please amend the plaintiffs' answers to comply with their discovery obligations.

Third, both plaintiffs Alexander and Symington on several occasions have unilaterally chosen to ignore the defendant's definition of "You"—defined as the named plaintiff—and instead have responded to discovery as if the question was directed to the public at large. This

polsinelli.com

Atlanta   Chicago   Dallas   Denver   Kansas City   Los Angeles   New York   Phoenix   St. Louis   San Francisco   Washington, D.C.   Wilmington
Polsinelli PC, Polsinelli LLP in California
50563449.1

Aristotle N. Rodopoulos, Esq.
June 11, 2015
Page 2

pertains to Interrogatories 9, 10, and 13. Contrary to the plaintiffs' unilateral decision to change the nature of the question, defendant is entitled to know what each named plaintiff contends was represented to him, what each named plaintiff relied upon, and how each named plaintiff relied. Had defendant's discovery requested a response based upon the general public disclosures, or what each named plaintiff directly or indirectly was aware of, it would have asked the questions broadly. Instead, defendant asked very specifically as to each named plaintiff. Please amend the plaintiffs' answers to comply with their discovery obligations.

Fourth, plaintiffs have objected to providing *any* information concerning the facts supporting their claim for class certification. In response to Interrogatories 25–27, plaintiffs have objected and stated that they would let the defendant know their position, arguments, and facts supporting their class certification motion at the time the motion is filed. As you know, the motion is not required to be filed until after the close of discovery. It is not proper or sufficient to respond that the evidentiary basis for the class motion will be made known after the close of discovery. Defendant is entitled to know what facts support the allegations that plaintiffs may be entitled to certify a class action. It is the plaintiffs' burden to prove facts entitling them to proceed as class representatives and *not* the defendant's obligation to demonstrate otherwise. There is no presumption to class certification. *See Roderick Trust v. XTO Energy, Inc.*, 725 F.3d 1213 (10th Cir. 2013). In order to test plaintiffs' contentions, defendant is entitled to ask discovery as to each and every one of the elements that the plaintiffs are required to prove. As the court will necessarily undertake a rigorous analysis of the plaintiffs' class certification motion, defendant is likewise entitled to undertake rigorous discovery of the elements of plaintiffs' claim. Please amend the plaintiffs' answers to comply with their discovery obligations.

Last, we await the plaintiffs' verifications that the existing interrogatory answers are true.

If you would like to discuss these matters, please let me know.

Very truly yours,

Mark A. Olthoff

MAO:mao

cc: Michael S. Foster, Esq.