## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| KYLE ALEXANDER, and<br>DYLAN SYMINGTON,<br>on behalf of themselves and all those<br>similarly situated,<br><br>               Plaintiffs,<br><br>v.<br><br>BF LABS INC., a Wyoming corporation,<br>doing business as BUTTERFLY LABS,<br><br>               Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Case No. 14-CV-2159-KHV-JPO<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL

Noah K. Wood         Bar #23238
noah@woodlaw.com
Ari N. Rodopoulos    Bar #26585
ari@woodlaw.com
WOOD LAW FIRM, LLC
1100 Main Street, Suite 1800
Kansas City, MO 64105-5171
T: (816) 256-3582
F: (816) 337-4243
Attorneys for Plaintiffs

## <u>TABLE OF CONTENTS</u>

Table of Authorities ................................................................................................ ii

I.     NATURE OF THE MATTER BEFORE THE COURT................................................ 1

II.    ARGUMENT............................................................................................................. 2

       A.    Plaintiffs' counsel's mental impressions and legal strategies regarding class certification are work product and not discoverable ................................................................................ 2

       B.    There is nothing further to compel ............................................................ 5

III.   CONCLUSION ......................................................................................................... 5

Certificate of Service ............................................................................................ 6

i

## <u>TABLE OF AUTHORITIES</u>

**CASES**

*Frontier Ref., Inc. v. Gorman-Rupp Co.*, 136 F.3d 695, 704 n. 12 (10th Cir. 1998) ...................................................................................................3

*Grace United Methodist Church v. City of Cheyenne*, 427 F.3d 775, 801-02 (10th Cir. 2005) .........................................................................................4

*Hickman v. Taylor*, 329 U.S. 495 (1947) ..........................................................3

*In re Qwest Commc'ns Int'l Inc.*, 450 F.3d 1179, 1186 (10th Cir. 2006) ...........................3

*Sprint Comm. Co. LP v. Comcast Cable Comm. LLC*, 2014 WL 545544 (D. Kan., Feb. 11, 2014)....................................................................................4

*U.S. v. Nobles*, 422 U.S. 225, 238 (1975)..........................................................3

**RULES**

Federal Rules of Civil Procedure 23 ......................................................... 1, 2, 5

Federal Rules of Civil Procedure 26 .............................................................3

**COME NOW** Plaintiffs Kyle Alexander and Dylan Symington, by and through their attorneys of record, and respectfully request this Court to deny Defendant BF Labs Inc.'s ("BFL") Motion to Compel, Doc. 103.

## I.   NATURE OF THE MATTER BEFORE THE COURT

At issue are Defendant's Interrogatories to Plaintiffs, Nos. 25-27, and Defendant's Requests for Production to Plaintiffs, Nos. 42-46 (the "Discovery Requests"). (*See* Doc. 103, p. 5). Defendant's Discovery Requests all relate to class certification and seek to obtain:

- the class definition for each claim Plaintiffs seek to certify and to represent as class representatives;

- the principal or material facts Plaintiffs contend support each requirement of Rule 23(a) and Rule 23(b);

- the documents Plaintiffs contend show they are adequate to serve as class representatives;

- the documents Plaintiffs contend show there are common questions of law and fact;

- the documents Plaintiffs contend show Plaintiffs' claims are typical of the class Plaintiffs seek to represent; and

- the documents Plaintiffs contend show that Rule 23(a) and Rule 23(b) are satisfied.

As explained in Plaintiffs' initial and supplemental interrogatory answers and responses to requests for production, Plaintiffs have already provided Defendant with the universe of responsive facts and documents currently possessed by Plaintiffs out of which Plaintiffs' counsel might cite to in a motion for class certification. Defendant merely seeks to compel Plaintiffs' counsel, in July of 2015, to state the exact class definition(s) Plaintiffs' counsel will request in a motion for class certification and, in July of 2015, to identify the particular facts and documents (within the universe of facts

and documents already provided) that Plaintiff's counsel will cite to in a motion for class certification—even though Plaintiffs' motion for class certification is not due until November 16, 2015.

Plaintiffs' counsel's mental impressions and legal strategies regarding class certification are work product and not discoverable.  Even if such mental impressions and legal strategies were discoverable, which is denied, there is nothing further to compel.  Plaintiffs' counsel has not yet determined the class definition(s) that will be requested in a motion for class certification or the specific facts and documents (within the universe of facts and documents already provided) that will be cited to in a motion for class certification to show that Rule 23(a) and Rule 23(b) are satisfied.   According to this Court's Second Amended Scheduling Order, Plaintiffs' counsel has until November 16, 2015 to make such decisions and to file a motion for class certification.

## II.   ARGUMENT

### A.   Plaintiffs' counsel's mental impressions and legal strategies regarding class certification are work product and not discoverable

As explained above, Plaintiffs have provided Defendant with the universe of responsive facts and documents currently possessed by Plaintiffs. Defendant does not argue otherwise but, instead, Defendant seeks to compel Plaintiffs' counsel to state the exact class definition(s) and to identify the specific facts and documents (within the universe of facts and documents already provided) that Plaintiff's counsel will cite to in a motion for class certification—even though Plaintiffs' motion for class certification is not due until November 16, 2015.

Plaintiffs' counsel's mental impressions and legal strategies regarding class certification are work product.  The work-product doctrine, which the U.S. Supreme

Court first recognized in *Hickman v. Taylor*, 329 U.S. 495 (1947), "shelters the mental processes of the attorney, providing a privileged area within which he can analyze and prepare his client's case."  *U.S. v. Nobles*, 422 U.S. 225, 238 (1975).  The work-product doctrine is set forth in the Federal Rules of Civil Procedure:

> **3) Trial Preparation: Materials.**
>
> > **(A)** *Documents and Tangible Things*. Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent). But, subject to Rule 26(b)(4), those materials may be discovered if:
> >
> > > (i) they are otherwise discoverable under Rule 26(b)(1); and
> > >
> > > (ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.
> >
> > **(B)** *Protection Against Disclosure*. If the court orders discovery of those materials, it must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation.

Fed. R. Civ. P. 26(b)(3)(A)-(B) (emphasis in original).

"Work product can be opinion work product, which some courts have held to be absolutely privileged, or non-opinion work product, *i.e.*, fact work product, which may be discoverable under appropriate circumstances."  *In re Qwest Commc'ns Int'l Inc.*, 450 F.3d 1179, 1186 (10th Cir. 2006).  The "substantial need/undue burden" test set forth in Rule 26(b)(3)(A)(ii) only applies to fact work product.  *See Frontier Ref., Inc. v. Gorman-Rupp Co.*, 136 F.3d 695, 704 n. 12 (10th Cir. 1998).

Here, Plaintiffs timely asserted a work product objection to the disputed

Discovery Requests, and Defendant has not argued otherwise.    Plaintiffs have not withheld any currently possessed facts or documents, and Defendant has not argued otherwise. Plaintiffs merely objected that Plaintiffs' counsel's mental impressions and legal strategies regarding the class definition(s) Plaintiffs' counsel will request and the particular facts and documents (within the universe of facts and documents already provided) Plaintiffs' counsel will cite to in a motion for class certification are work product, and Plaintiffs' motion for class certification is not due until November 16, 2015. Plaintiffs' counsel's mental impressions and legal strategies regarding class certification are by definition opinion work product, and Defendant has not argued otherwise.

In its Motion to Compel, Defendant does not argue Plaintiffs' counsel somehow waived its work product objection by voluntary producing it in discovery or otherwise. In the Tenth Circuit, waiver of a work product objection occurs when the work product material was voluntarily produced in discovery.  *Grace United Methodist Church v. City of Cheyenne*, 427 F.3d 775, 801-02 (10th Cir. 2005).

Nevertheless, Plaintiffs' counsel anticipates that, in it's Reply, Defendant will cite *Sprint Comm. Co. LP v. Comcast Cable Comm. LLC*, 2014 WL 545544 (D. Kan., Feb. 11, 2014) and attempt to argue Plaintiffs' work product objection was waived by using the phrase "Subject to the above objections[.]"  Any such argument, however, would be misplaced and disingenuous.  Here, unlike in *Sprint*, Plaintiffs' initial and supplemental discovery responses make clear that Plaintiffs have not withheld any responsive facts or documents.  Further, unlike in *Sprint*, Plaintiffs have agreed to provide all requested information—just not any sooner than required by this Court's Second Amended Scheduling Order, which establishes November 16, 2015 as the deadline to file a motion for class certification.

**B.      There is nothing further to compel**

As explained above and in Plaintiffs' initial and supplemental discovery responses, Plaintiffs' counsel has not yet determined the class definition(s) that will be requested in a motion for class certification or the specific facts and documents (within the universe of facts and documents already provided) that will be cited to in a motion for class certification to show that Rule 23(a) and Rule 23(b) are satisfied.  Plaintiffs' counsel has until November 16, 2015 to make such decisions and to file a motion for class certification.  Accordingly, even if Plaintiffs' counsel's mental impressions and legal strategies regarding class certification were discoverable, which is denied, there is nothing further to compel.

## III.   <u>CONCLUSION</u>

Just as Plaintiffs cannot compel Defendant's counsel to provide their intended summary judgment statement of facts and legal arguments prior to the December 30, 2015 dispositive motion deadline, Defendant cannot compel Plaintiffs' counsel to provide his intended class definition(s), class certification statement of facts, or class certification legal arguments prior to the November 16, 2015 class certification motion deadline.  Defendant's Motion to Compel should be denied.

**WHEREFORE**, Plaintiffs Kyle Alexander and Dylan Symington, by and through their attorneys of record, respectfully request this Court to deny Defendant's Motion to Compel, Doc. 103.

Date: <u>July 15, 2015</u>

WOOD LAW FIRM, LLC

By    <u>/s/ *Ari N. Rodopoulos*</u>

Noah K. Wood          Bar #23238
noah@woodlaw.com
Ari N. Rodopoulos      Bar #26585
ari@woodlaw.com
1100 Main Street, Suite 1800
Kansas City, MO 64105-5171
T: (816) 256-3582
F: (816) 337-4243
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of July, 2015, the foregoing document was filed with the clerk of the court using the court's CM/ECF system, which will serve notice on all parties of record.

By    <u>/s/  *Ari N. Rodopoulos*</u>
     *Attorneys for Kyle Alexander and Dylan Symington*