IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **KYLE ALEXANDER, et al.,** | ) |
| | ) |
|    **Plaintiffs,** | ) |
| | ) |
| v. | ) Case No. 14-CV-2159-KHV-JPO |
| | ) |
| **BF LABS INC.,** | ) |
| | ) |
|    **Defendant.** | ) |

**DEFENDANT BF LABS INC.'S REPLY MEMORANDUM
IN SUPPORT OF MOTION TO COMPEL**

  Plaintiffs miss the point. BF Labs is entitled to discover the facts and documents that supposedly support the factual allegations and contentions made in their class action complaint. BF Labs is not seeking Plaintiffs' counsel's mental impressions. On April 4, 2014, Plaintiffs filed a class action complaint against BF Labs, suing on behalf of "all persons who pre-paid Defendant for Bitcoin mining equipment." (Dock. 1, p. 8.) The Plaintiffs alleged that the putative class satisfied all the prerequisites in Rule 23(a) and that a class should be certified under Rule 23(b). (*Id*. pp. 8–11.) Defendant BF Labs, in its interrogatories 25 through 27 and Requests for Production 42 through 46, now seeks discovery of the <u>facts and documents</u> that Plaintiffs believe support their claim for class certification that they made in their class action complaint. The discovery requests are specific; Plaintiffs cannot satisfy their discovery obligations by merely reciting the mantra that they have produced the universe of documents in their possession and have not withheld any facts or documents. Such statements do not fairly respond to the straight-forward discovery requests. Moreover, the facts and documents to support the allegations made on April 4, 2014 are not a lawyer's mental impressions.

  Defendant BF Labs is clearly entitled to undertake discovery concerning the elements of Plaintiffs' claim for class certification. BF Labs has a right to know during the discovery period

what the basis is for the allegations pleaded in Plaintiffs' Complaint. BF Labs should not be forced to speculate about Plaintiffs' claims. In this District, interrogatories like the ones BF Labs requested Plaintiffs to answer are considered proper if they seek the "principal or material" facts which support an allegation or defense. *Lawrence v. First Kansas Bank & Trust*, 169 F.R.D. 657, 664 (D.Kan.1996); *IBP, Inc. v. Mercantile Bank*, 179 F.R.D. 316, 320 (D.Kan. May 21, 1998). Interrogatories seeking "underlying facts or the identities of knowledgeable persons and supporting exhibits for material allegations" are not objectionable. *Cf. Hilt v. SFC Inc.*, 170 F.R.D. 182, 188 (D.Kan. 1997). In particular, interrogatories which do not encompass every allegation, or a significant number of allegations, of the Complaint, reasonably places upon the answering party "the duty to answer them by setting forth the material or principal facts." *IBP, Inc.*, 179 F.R.D. at 321–22.

BF Labs' discovery is not directed to Plaintiffs' as yet unfiled class certification motion. Nor is it directed to every allegation and count in the Complaint. It is, instead, specifically directed to the class allegations in the Complaint that the law requires be pleaded in good faith. Becuase Plaintiffs' motion for class certification is not required to be filed until after the close of discovery, it is not sufficient to respond that the factual basis for the class motion will be made known after the close of discovery. BF Labs is entitled to know now what facts support Plaintiffs' allegations contending the Court should certify a class so that BF Labs may test Plaintiffs' factual contentions.

Further, BF Labs needs answers to the interrogatories (and requests for production of documents) in order to file a possible motion for summary judgment. Defendant should not have to wait to find out the factual grounds until after discovery is closed and Plaintiffs file their motion for class certification in November. Because the discovery requests set forth above are

clearly relevant to class certification, the Court should compel Plaintiffs to answer discovery as to the elements of Plaintiffs' claim for class certification. *In re Urethane Antitrust Litig.*, 237 F.R.D. at 463–64 (requests that sought information and documents that directly bears on class certification issues is discoverable and relevant in making a class action determination).

## CONCLUSION

BF Labs is entitled to information concerning the facts supporting the Plaintiffs' claim for class certification before discovery closes. BF Labs is also entitled to know what documents support Plaintiffs' class certification motion before the time the motion is filed. Plaintiffs bear the burden to prove facts entitling them to proceed as class representatives and not BF Labs' obligation to demonstrate otherwise. BF Labs' Motion to Compel should be granted.

Respectfully submitted,

/s/ Mark A. Olthoff
MARK A. OLTHOFF                           KS Fed. #70339
MICHAEL S. FOSTER                         KS #24011
POLSINELLI PC
900 W. 48th Place
Suite 900
Kansas City, Missouri  64112-1895
(816) 753-1000
(816) 753-1536 (FAX)
molthoff@polsinelli.com
mfoster@polsinelli.com

Attorneys for Defendant BF Labs Inc.

3

**CERTIFICATE OF SERVICE**

        The undersigned hereby certifies that on the 17th day of July, 2015, a true and correct copy of the foregoing was filed electronically with the United States District Court for the District of Kansas using the CM/ECF system, which sent notification to all parties of interest participating in the CM/ECF system.

        /s/ Mark A. Olthoff
        Attorney for Defendant BF Labs Inc.