UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KYLE ALEXANDER, et al.,

                Plaintiffs,

v.                                    Case No. 14-2159-KHV

BF LABS INC.,

                Defendant.

## ORDER

The plaintiffs, Kyle Alexander and Dylan Symington, allege in this putative class action that the defendant, BF Labs, Inc., improperly collected prepayment for bitcoin mining equipment.[1] Plaintiffs bring claims for unjust enrichment, negligent misrepresentation, conversion, and violations of the Kansas Consumer Protection Act. The case is before the undersigned U.S. Magistrate Judge, James P. O'Hara, on defendant's motion to compel. (ECF doc. 102). For the reasons stated below, defendant's motion is granted.

Specifically, defendant seeks complete answers and responses to its first interrogatories and request for production, directed at allegations in plaintiffs' complaint

---

[1] A bitcoin is a unit of intangible currency that exists only on the internet, without direct ties to any single nation's monetary systems. Bitcoins are earned, or "mined," by solving a complex mathematical riddle, which requires a large amount of computer processing power. *See* ECF doc. 59 (citing *Meissner v. BF Labs, Inc.*, No. 13-2617-RDR, 2014 WL 2558203, at *1-2 (D. Kan. June 6, 2014).

that seek class action certification under Fed. R. Civ. P. 23(a) & (b).  Defendant served these discovery requests on April 9, 2015.[2]  Plaintiffs responded with objections on June 8, 2015.[3]  After a letter and two phone calls, plaintiffs supplemented their responses on June 30, 2015.[4]  Defendant then asked whether plaintiffs would continue to object to the discovery requests, and further that, if so, a motion to compel would be filed.  Plaintiffs responded by stating that they would supplement their answers "in full without objection once discovery was complete and/or once plaintiffs' counsel's legal analysis regarding class certification has been completed."[5]  In this regard, it should be noted here that under the court's second amended scheduling order, discovery isn't due to be completed until November 2, 2015, and plaintiffs' motion for class certification isn't due until November 16, 2015.[6]  Defendant, dissatisfied with plaintiffs' supplemental response, filed its motion to compel.

When a party files a motion to compel and asks the court to overrule objections, the objecting party must specifically show in his response to the motion how each

---

[2] ECF doc. 81.

[3] ECF doc. 97.

[4] ECF doc. 101.

[5] ECF doc. 103, Ex. G.

[6] ECF doc. 89.

O:\ORDERS\14-2159-KHV-102.docx

discovery request is objectionable.[7]   With this standard in mind, the court addresses defendant's objections and responses to the disputed requests.

Interrogatory No. 25 asks plaintiffs "[f]or each claim or count in Your Complaint in which you seek to represent a class of persons, state specifically the definition and scope of the class of persons You seek to represent, including but not limited to the time period and nature of each claim that You contend you would adequately represent a class of persons."[8]   Interrogatory No. 26 asks plaintiffs "[f]or each claim or count in Your Complaint, identify all principal or material facts that you contend support each requirement of Rule 23(a)."[9]   Interrogatory No. 27 asks plaintiffs "[f]or each claim or count in Your Complaint, identify all principal or material facts that you contend support each requirement of Rule 23(b)."[10]

Plaintiffs' responses to Interrogatory Nos. 25-27 are the same:

> Objection. Plaintiff is not a lawyer and does not possess the legal expertise to offer a legal opinion on which claims are subject to class certification or what constitutes a proper class definition in this case. Before this case was filed and as this case has progressed, Plaintiff's counsel has engaged in substantial legal research, analysis, and mental notes regarding the claims for which Plaintiff may seek class certification, as well as a proper class definition for such claims. Plaintiff's counsel's legal analysis regarding class certification has evolved and continues to evolve as discovery progresses. Plaintiff's

---

[7] *Sonnino v. Univ. of Kan. Hosp. Auth.*, 221 F.R.D. 661, 670-71 (D. Kan. 2004).

[8] ECF doc. 103, ex D & E.

[9] *Id.*

[10] *Id.*

counsel's ongoing and evolving legal research, analysis, thoughts, strategies, and mental impressions regarding class certification and a class definition are protected by the work product doctrine and are immune from discovery.

Subject to these objections, Plaintiff states: Plaintiff will file a motion for class certification setting forth the claims sought to be certified and a class definition on or prior to November 16, 2015, as required by the Court's Second Amended Scheduling Order.

SUPPLEMENTAL ANSWER: Plaintiff has not withheld any known responsive information. All known persons who might have relevant knowledge and all known relevant documents have been provided to Defendant. Plaintiff's counsel, not Plaintiff, will determine which claims are proper for class certification, the definition and scope of the class, and the time period and nature of each claim Plaintiff is adequate to represent. Plaintiff's counsel has not yet decided the requested information and has until November 16, 2015 to do so pursuant to the Court's Second Amended Scheduling Order.[11]

Document Request No. 42 seeks "[a]ll documents reflecting, referring to, or supporting Your contention that You are an adequate class representative as alleged in Your Complaint."[12] Document Request No. 43 seeks "[a]ll documents reflecting, referring to, or that support Your contention that there are common questions of law of fact as alleged in Your Complaint."[13] Document Request No. 44 seeks "[a]ll documents reflecting, referencing, or that support Your contention that Your claims are typical of the

---

[11] *Id.*

[12] ECF doc. 103, Ex. B, C.

[13] *Id.*

class You seek to represent."[14]   Document Request No. 45 seeks "[a]ll documents reflecting, referencing, or that support Your contention that the elements of Rule 23(a) can be satisfied by You."[15]   And finally, Document Request No. 46 seeks "[a]ll documents reflecting, referencing or that support Your contention that the elements of Rule 23(b) can be satisfied by You."[16]

Plaintiffs responded to Document Request Nos. 42-46 in similar fashion, i.e., by claiming they have not yet decided which documents will be cited to support the factors under Rule 23 and have until November 16, 2015 to do so under the court's second amended scheduling order.[17]   Plaintiffs also assert they have already provided defendant with "the universe of responsive facts and documents currently possessed by Plaintiffs out of which Plaintiffs' counsel might cite to in a motion for class certification."[18] Finally, plaintiffs argue their counsel's mental impressions and legal strategies regarding class certification are work product and not discoverable, and that there is nothing further to compel.

Under Fed. R. Civ. P. 26(b)(3), the work product doctrine applies to "documents and tangible things that are prepared in anticipation of litigation or for trial by or for

---

[14] *Id.*

[15] *Id.*

[16] *Id.*

[17] *See generally id.*

[18] ECF doc. 106 at 4.

another party or its representative." Subsection (B) of Rule 26(b)(3) further provides that the court "must protect against the disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation." Thus, although Rule 26(b)(3)(A) is confined to the discovery of "documents and tangible things," the doctrine has been expanded to reach information sought through interrogatories when the interrogatory seeks the mental impressions or legal conclusions of an attorney.[19]

A party claiming work product protection has the burden of establishing that the material sought to be protected as work product comes within the doctrine.[20] "A mere allegation that the work product doctrine applies is insufficient."[21]

In the context of an objection to an interrogatory, this court has held that unless the interrogatory (1) specifically inquires into an attorney's mental impressions, conclusions, or legal theories, or (2) asks for the content of a document protectable as work product, it's inappropriate to raise a work product objection.[22]   The work product doctrine also

---

[19] *Gipson v. SW Bell Tel. Co.*, No. 08-2017-EFM, 2009 WL 790203, at *15 (D. Kan. Mar. 24, 2009), *overruled in part by* 2009 WL 4157948 (D. Kan. Nov. 23, 2009).

[20] *Resolution Trust Corp. v. Dabney*, 73 F.3d 262, 266 (10th Cir. 1995).

[21] *Id.*

[22] *Gipson*, 2009 WL 790203, at *15.  *See also Starlight Int'l Inc. v. Herlihy*, 186 F.R.D. 626, 645 (D. Kan. 1999).

doesn't protect "facts concerning the creation of work product or facts contained within work product."[23]

The court finds that plaintiffs' work product objection in this case is frivolous. The interrogatories in question do not specifically request nor inquire into the mental impressions, conclusions, or legal theories of plaintiffs' counsel.  Nor do the document requests ask for any documents or materials that plaintiffs have shown to be protected by work product.  Rather, these discovery requests unremarkably require plaintiffs to identify the facts and documents supporting contentions made in their complaint. Plaintiffs have failed to show that answering these interrogatories or requests for production would reveal the mental impressions, conclusions, opinions, or legal theories of their counsel.

Further, plaintiffs' work product objection ignores that Fed. R. Civ. P. 33(a)(2) specifically allows for contention interrogatories and provides provides that an interrogatory "may relate to any matter that may be inquired into under Fed. R. Civ. P. 26(b). An interrogatory is *not* objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact . . .. "  This has been the law in federal court for forty-five years now, i.e., the 1970 Advisory Committee Notes make clear that an interrogatory "is not objectionable merely because it calls for an opinion or contention that relates to fact or the application of law to fact."

---

[23] *Resolution Trust Corp.*, 73 F.3d at 266.

As noted above, defendant's discovery requests simply ask plaintiffs to produce what evidence they have to support allegations in their complaint regarding possible class certification.  Because of Fed. R. Civ. P. 11, the court assumes that plaintiffs' counsel has had access to this information from the very start of litigation in early April 2014.  So it shouldn't be terribly difficult for plaintiffs' counsel to produce that information now, after more than fifteen months of litigation.  These contention interrogatories clearly are designed to provide defendant with the opportunity to determine what proof would be necessary to move for judgment or to effectively refute plaintiffs' position on these issues when a class certification motion is filed.

Although Rule 33(a)(2) does permit the court to delay the obligation to respond to contention interrogatories until other designated discovery has been completed, plaintiffs' brief is conspicuously devoid of any facts, or any relevant authority, supporting their assertion that they cannot presently respond fully.  The court finds no persuasive reason in the record for plaintiffs to defer their answers to their discovery responses.  Plaintiffs should answer these interrogatories now as fully as they can, keeping in mind their continuing obligation to supplement their discovery responses as additional or different information becomes available.

Accordingly, plaintiffs' work product objection is overruled and defendant's motion to compel is granted.  Plaintiffs must fully and properly respond to the discovery in question by **July 28, 2015**.

O:\ORDERS\14-2159-KHV-102.docx

Under Rule 37(a)(5)(A), if a motion to compel is granted, the court "must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expense incurred in making the motion, including attorney's fees."  However, the court need not order this payment if "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust."[24]  None of the three exceptions to imposition of sanctions under Rule 37(a)(5)(A) apply  here.

Rule 26(g)(1) of the Federal Rules of Civil Procedure provides:

By signing [a discovery request, response, or objection], an attorney or party certifies that to the best of the person's knowledge, information, and belief formed after a reasonable inquiry:

(A) with respect to a disclosure, it is complete and correct as of the time it is made; and

(B) with respect to a discovery request, response, or objection, it is:

(i) consistent with these rules and warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law;

(ii) not interposed for any improper purpose such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and

(iii) neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the

---

[24] Fed. R. Civ. P. 37(a)(5)(A).

amount in controversy, and the importance of the issues at stake in
the action.

Under Rule 26(g)(3), if a certification violates this rule without substantial justification, the court *must* impose an appropriate sanction on the responsible attorney or party, or both. The sanction *may* include an order to pay reasonable expenses, including attorney fees, caused by the violation. The importance of Rule 26(g) was specifically emphasized by the undersigned magistrate judge during the scheduling conference in this case on December 29, 2014, and it confirmed in detail in the amended scheduling order filed the next day (see ECF doc. 62 at 7-8).

As noted earlier, plaintiffs' counsel's work product objection to defendant's contention interrogatories is frivolous. And although plaintiffs' claim that they have produced the documents relevant to defendant's requests, they fail to refer to specific documents responsive to defendant's request for production. Plaintiffs' counsel's "hide the ball" tactic is exactly what the federal rules are designed to prevent. Because of that, it's clear to the court that plaintiffs' have violated Rule 26(g)(1)(B)(i) & (ii). As such, plaintiffs' counsel are directed to confer with defense counsel in an attempt to agree on an appropriate fee award. If such an agreement can be reached, then the parties shall jointly file a notice confirming for the court that's the case; otherwise, plaintiffs' counsel have until **July 28, 2015** to show cause why monetary sanctions should not be imposed. By the same deadline, defendant shall file a fee affidavit with supporting detailed time

sheets.   Plaintiffs then have until **July 30, 2015** to file anything challenging those fee claims.

IT IS SO ORDERED.

Dated July 21, 2015, at Kansas City, Kansas.

    s/ James P. O'Hara           
James P. O'Hara
U.S. Magistrate Judge

O:\ORDERS\14-2159-KHV-102.docx