# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

KYLE ALEXANDER, and )
DYLAN SYMINGTON, )
on behalf of themselves and all those )
similarly situated, )
)
                Plaintiffs, )
) Case No. 14-CV-2159-KHV-JPO
v. )
)
BF LABS INC., a Wyoming corporation, )
doing business as BUTTERFLY LABS, )
)
                Defendant. )

## PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION
## FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

Respectfully submitted,

WOOD LAW FIRM, LLC


By   /s/ *Ari N. Rodopoulos*
    Noah K. Wood         MO #51249
    Ari N. Rodopoulos    MO #58777
    ari@woodlaw.com
    1100 Main Street, Suite 1800
    Kansas City, MO 64105-5171
    T: (816) 256-3582
    F: (816) 337-4243
    *Attorneys for Plaintiff*

## **TABLE OF CONTENTS**

Table of Authorities ....................................................................................................................ii

Index of Exhibits ....................................................................................................................... iii

I.     APPLICABLE LAW ................................................................................................... 1

II.    ARGUMENT ................................................................................................................2

          A.     Plaintiffs' motion for leave to file first amended complaint is timely ................................................................................................................2

          B.     Plaintiffs' proposed amendment is in good faith .........................................3

          C.     BF Labs, Inc. will not be prejudiced by Plaintiffs' proposed amendment ....................................................................................................4

CERTIFICATE OF SERVICE ..................................................................................................6

*ii*

# **TABLE OF AUTHORITIES**

**CASES**

*Childers v. Indep. Sch. Dist. No. 1*, 676 F.2d 1338, 1343 (10th Cir. 1982) ....................................................................2

*Foman v. Davis*, 371 U.S. 178, 182 (1962) ........................................................................................................................1

*Gillette v. Tansy*, 17 F.3d 308, 313 (10th Cir. 1994) ........................................................................................................2

*Hardin v. Manitowoc–Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982) ................................................................1

*Hom v. Squire*, 81 F.3d 969, 973 (10th Cir. 1996) ............................................................................................................2

*Patton v. Guyer*, 443 F.2d 79, 86 (10th Cir. 1971) ...........................................................................................................2

*R.E.B., Inc. v. Ralston Purina Co.*, 525 F.2d 749, 751–52 (10th Cir. 1975) ..................................................................2

**STATUTES**

K.S.A. § 60-512 ........................................................................................................................................................................4

**OTHER AUTHORITIES**

6 Wright, Miller & Kane, Federal Practice and Procedure § 1487 (2d ed. 1990) ........................................................2

**RULES**

Federal Rules of Civil Procedure 19 ....................................................................................................................................4

Federal Rules of Civil Procedure 15(a)(2) .........................................................................................................................1

Alexander et al. v. BF Labs, Inc.
*Plaintiffs' Memorandum in Support of Motion for Leave to file First Amended Complaint*

*ii*

*iii*

## INDEX OF EXHIBITS

**Exhibit 1**: Proposed First Amended Complaint ................................................................. 1

**COME NOW**, Plaintiffs, and, pursuant to Rule 15(a) move the Court for leave to file a First Amended Complaint.  Plaintiffs seek to add four owners/officers of BF Labs, Inc. as defendants in this action, make additional factual allegations that fall within the subject matter of the initial complaint, narrow the scope of the class, and reduce the number of claims asserted.  Defendant BF Labs, Inc. opposes this Motion. Plaintiffs' proposed First Amended Complaint is attached hereto as **Exhibit 1**.

I.   **APPLICABLE LAW**

Rule 15(a)(2) provides a party may amend its pleading at any time with leave of the Court and directs that "[t]he court should freely give leave when justice so requires." The purpose of Rule 15 is to provide litigants "the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Hardin v. Manitowoc–Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982). In *Foman*, the U.S. Supreme Court held:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962) (quoting Fed. R. Civ. P. 15(a)).  Further, in *Foman*, the U.S. Supreme Court explained it is "entirely contrary to the spirit of the Federal Rules of Civil Procedure" for decisions on the merits to be avoided on the basis of "mere technicalities." *Id.* at 181.

"Perhaps the most important factor listed by the Court and the most frequent reason for denying leave to amend is that the opposing party will be prejudiced if the movant is permitted to alter his pleading." 6 Wright, Miller & Kane, Federal Practice and Procedure § 1487 (2d ed. 1990). Prejudice occurs only when the amendment unfairly affects the defendants "in terms of preparing their defense to the amendment." *Patton v. Guyer*, 443 F.2d 79, 86 (10th Cir. 1971). This occurs when the amended claims arise out of a subject matter different from what was set forth in the complaint or raise significant new factual issues. *Compare Hom v. Squire*, 81 F.3d 969, 973 (10th Cir. 1996) (finding prejudicial a motion "to add an entirely new and different claim to [the plaintiff's] suit little more than two months before trial"), *with Gillette v. Tansy*, 17 F.3d 308, 313 (10th Cir. 1994) (finding no evidence of prejudice when the "Petitioner's [amended] claims track the factual situations set forth in his [original] claims"); *Childers v. Indep. Sch. Dist. No. 1*, 676 F.2d 1338, 1343 (10th Cir. 1982) (ruling that the district court's refusal to allow an amendment was "particularly egregious in this case because the subject matter of the amendment was already alleged in the complaint"); *R.E.B., Inc. v. Ralston Purina Co.*, 525 F.2d 749, 751–52 (10th Cir. 1975) (finding no prejudice when "[t]he amendments did not propose substantially different issues").

II. **ARGUMENT**

   A. **Plaintiffs' motion for leave to file first amended complaint is timely**

Under this Court's effective scheduling order, August 20, 2015 was the deadline to file a motion seeking to amend the pleadings. (*See* Doc. 89). Plaintiffs' motion was initially filed on August 20, 2015. (Doc. 116). The initial motion was denied on

technical grounds but Plaintiffs were given until August 25, 2015 to re-file the motion. (Doc. 117). Plaintiffs have timely re-filed the motion.

### B.     Plaintiffs' proposed amendment is in good faith

Plaintiffs seek to add four owners/officers of BF Labs, Inc. as defendants in this action, make additional factual allegations that fall within the subject matter of the initial complaint, narrow the scope of the class, and reduce the number of claims asserted. Plaintiffs' motivations in amending the complaint are not in bad faith or for dilatory purposes but, rather, are aimed at serving the best interests of the putative class. The four owners/officers of BF Labs, Inc. were not added as defendants to Plaintiffs' initial complaint primarily because, at the time, it appeared BF Labs., Inc. had sufficient income and assets to satisfy most or all of the claims of the putative class and Plaintiffs had not yet conducted any formal discovery. In fact, as of this filing, BF Labs, Inc. continues to advertise it is still in business, is still manufacturing and offering hardware, and has not advised customers to avoid placing new orders because BF Labs, Inc. is on the verge of bankruptcy and may not be able to fulfill the order or service the product warranty. Although Plaintiffs have heard rumors and hearsay about BF Labs, Inc.'s dwindling finances, on June 19, 2015 and June 30, 2015, respectively, BF Labs, Inc. produced evidence confirming BF Labs, Inc. does not have sufficient income and assets. (*See also* Doc. 99) (compelling production of documents, including business plan and monthly status reports). Further, after conducting significant discovery and reviewing hundreds of thousands of documents produced by BF Labs, Inc., which has required months of time and is ongoing, Plaintiffs believe they have sufficient information to allege knowledge, involvement, and participation by such owners/officers.

Given that Plaintiffs' claims arose no earlier than April 2013 and/or June 2013, when Plaintiffs' pre-paid BF Labs, Inc. for mining equipment, the proposed claims against the four owners/officers (violation of the KCPA and Unjust Enrichment) are well within the three-year statute of limitations for such claims. *See* K.S.A. § 60-512. Further, to date, BF Labs, Inc. has not filed any motion arguing that earlier joinder of such owners/officers was required. *See* Fed. R. Civ. P. 19. Here, Plaintiffs are in good faith attempting to assert claims against additional defendants well within the statute of limitations (and in circumstances where earlier joinder was not requested or argued by anyone) now that Plaintiffs have obtained the evidence they believe is sufficient to pursue such claims and prevail at trial and/or appeal.

### C. BF Labs, Inc. will not be prejudiced by Plaintiffs' proposed amendment

Plaintiffs are not seeking to add new claims against BF Labs, Inc. In fact, Plaintiffs' proposed amendment reduces the number of claims asserted against BF Labs, Inc. Although Plaintiffs' proposed amendment makes additional factual allegations, such allegations fall within the subject matter of the initial complaint, provide additional details about the subject matter of the initial complaint, and are based on evidence produced in discovery and already known to BF Labs, Inc. Plaintiffs' proposed amendment narrows the scope of the class and does not contemplate any class members who were not already included in the class alleged in the initial complaint.

Further, given that the four additional defendants are owners/officers of BF Labs, Inc., they likely will be represented by the same counsel, will share the same expert witnesses, and will present joint defenses. It is unlikely BF Labs, Inc. will need to conduct any additional discovery that cannot be completed by the close of all discovery

on November 2, 2015 if Plaintiffs' proposed amendment is allowed.  (*See* Doc. 110).  If there is some extension of time that becomes necessary due to an amendment, Plaintiffs will have no objection and will cooperate with opposing counsel as the parties have done throughout this litigation, even when strongly disagreeing with each other.

Plaintiffs are not seeking to amend on the eve of trial.  In fact, trial is nearly one year away.  (*See* Doc. 89) ("The trial is now scheduled for August 8, 2016, at 9:30 a.m.").  Although opposing counsel has indicated BF Labs, Inc. opposes this motion, opposing counsel has not yet indicated any prejudice that would result if the amendment is allowed.  If, in opposition to this motion, BF Labs, Inc. claims it will be prejudiced, Plaintiffs will respond accordingly in a reply.

**WHEREFORE**, Plaintiffs pray this Court enter an order granting Plaintiffs leave to file a First Amended Complaint, and any other relief the Court deems just and proper.

Respectfully submitted,

WOOD LAW FIRM, LLC


By   /s/ *Ari N. Rodopoulos*
Noah K. Wood                    MO #51249
Ari N. Rodopoulos               MO #58777
ari@woodlaw.com
1100 Main Street, Suite 1800
Kansas City, MO 64105-5171
T: (816) 256-3582
F: (816) 337-4243
*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 24th day of August, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to all counsel of record.

 /s/ *Ari N. Rodopoulos*  
Attorney for Plaintiff

Alexander et al. v. BF Labs, Inc.  
*Plaintiffs' Memorandum in Support of Motion for Leave to file First Amended Complaint*

6