IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KYLE ALEXANDER, et al.,           )
                                  )
            Plaintiffs,           )
                                  )
v.                                )  Case No. 14-CV-2159-KHV-JPO
                                  )
BF LABS INC.,                     )
                                  )
            Defendant.            )

**DEFENDANT BF LABS INC.'S MEMORANDUM
IN OPPOSITION TO PLAINTIFFS' MOTION FOR
LEAVE TO FILE FIRST AMENDED COMPLAINT**

On the last day that Plaintiffs could amend the pleadings,[1] they have sought leave to amend their Complaint in an attempt to add four individuals alleged to be owners or officers of BF Labs, Sonny Vleisides, Nasser Ghoseiri, Jeff Ownby, and Joshua Zerlan, for violating the Kansas Consumer Protection Act ("KCPA") and for Unjust Enrichment.[2] Vleisides, Ghoseiri, and Ownby are the alleged majority owners of BF Labs. Zerlan is the alleged Operations Manager/Chief Operating Officer/VP of Product Development of BF Labs who held the title of Vice President of Product Development. The Court should deny the Plaintiffs' attempt to add these four individual defendants because Plaintiffs do not have a claim as a matter of law against Vleisides, Ghoseiri, Ownby, and Zerlan. *Little v. Portfolio Recovery Assocs., LLC*, 548 F. App'x 514, 2013 WL 6153579, at *1 (10th Cir. Nov.25, 2013) (citing *Jefferson Cnty. Sch. Dist. No. R–1 v. Moody's Investor's Servs., Inc*., 175 F.3d 848, 859 (10th Cir.1999)("A proposed amendment

---

[1] And before the Plaintiffs took a single deposition and well after the BF Labs provided its document production on April 13, 2015. *See State Distribs., Inc. v. Glenmore Distilleries Co*., 738 F.2d 405, 416 (10th Cir. 1984) ("Where the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial." ).

[2] The Plaintiffs' third proposed count, conversion, does not include the proposed individual defendants.

is futile if the amended complaint would be subject to dismissal.)). Therefore, Plaintiffs' attempt to add these four individuals is futile.[3]

Plaintiffs contend that the four individuals should be added because when they filed their original complaint "it appeared BF Labs., Inc. [sic] had sufficient income and assets to satisfy most or all of the claims of the putative class and Plaintiffs had not yet conducted any formal discovery" but have now confirmed that BF Labs does not have sufficient assets. *See* Plaintiffs' Memorandum in Support of Motion for Leave to File First Amended Complaint, p. 3. Plaintiffs also allege the individuals should be added because Plaintiffs "believe they have sufficient information to allege knowledge, involvement, and participation by such owners/officers." *Id.*

The Proposed Amended Complaint generally alleges that the four "individually, and in concert with others, controlled the acts and practices of BFL generally and as alleged herein, had actual or constructive knowledge of the acts and practices alleged herein, and committed or participated in the acts and practices alleged herein." *See* Proposed Amended Complaint ¶¶ 6, 8, 10, 12. But these assertions are merely legal conclusions. The Proposed Amended Complaint does not assert any facts to allege a claim of individual liability. Further, the Proposed Amended Complaint contains no claims to pierce the corporate veil, alter ego or other form of derivative liability against the individuals. Rather, the Proposed Amended Complaint purports to assert that the individuals should be held liable for violating the KCPA and Unjust Enrichment in their capacities as owners or officers of the corporate defendant.

Plaintiffs' Proposed Amended Complaint against the individuals fails as a matter of law and is therefore futile. Under the KCPA, a "Supplier" is defined to mean "a manufacturer, distributor, dealer, seller, lessor, assignor, or other person who, in the ordinary course of

---

[3] BF Labs does not object to the other proposed amendments to the claims against it or the withdrawal of Count III.

business, solicits, engages in or enforces consumer transactions, whether or not dealing directly with the consumer." K.S.A. § 50-624. While BF Labs may be a "supplier" under the KCPA as it engages in consumer transactions in the ordinary course of business, Proposed Amended Compl. at ¶ 140, there are no allegations (and rightfully so) that any of the four individuals manufactured or sold anything on behalf of themselves. *See Osterhaus v. Toth,* 249 P.3d 888, 908 *(*Kan. 2011) ("To be a supplier under the KCPA, Toth must be a seller who engages in consumer transactions in the ordinary course of business."). Further, the unjust enrichment claim asserts that the plaintiffs paid the "Defendants" but this is wholly inconsistent with the Proposed Amended Complaint (¶ 76) and there are no allegations that any Plaintiff paid any money to any of the four individual defendants. While BF Labs is alleged to have received money or bitcoin from the plaintiffs for preordering bitcoin miners (Proposed Amended Complaint ¶¶ 115, 125) none of the individual defendants received money or bitcoin for the Plaintiffs' purchases of bitcoin miners.

Just as an individual or sole proprietor, rather than corporation or similar entity, must have suffered injury and must make a claim under the KCPA, *Cat Aircraft Leasing, Inc. v. Cessna Aircraft Co., et al*., 1990 WL 171010, *7 (D. Kan. Oct. 3, 1990), one cannot allege that the owner (or even an employee) of a "supplier" corporation should also be liable for violations of the KCPA.  Plaintiffs' Proposed Amended Complaint does not allege that the corporate veil should be pierced and their memorandum simply states that Plaintiffs *believe* they have sufficient information to allege knowledge, involvement, and participation of the individuals. This is not enough to allege a conspiracy and, even if so, such a claim would fail.

The "intracorporate conspiracy doctrine," recognizes that, under basic agency principles, the acts of a corporation's agents are considered to be those of a single legal actor—the corporation. In order to have a conspiracy there must be two or more persons. *See Stoldt v. City*

51025002.1

*of Toronto,* 234 Kan. 957, 967 (1984). Since a corporation may not conspire with itself, the doctrine holds that no conspiracy may be found between a corporation and its agent, when the agent acts solely for the corporation. *See e.g., McAndrew v. Lockheed Martin Corp*., 206 F.3d 1031, 1036-37 (11th Cir. 2000) ("just as it is not legally possible for an individual person to conspire with himself, it is not possible for a single legal entity consisting of the corporation and its agents to conspire with itself.").

Kansas courts have adopted this doctrine in a variety of contexts. *See York v. Intrust Bank, N.A.,* 265 Kan. 271, 293, 962 P.2d 405 (1998) ("it is true that agents or employees acting only in their official capacities on behalf of a corporate defendant and whose acts are considered those of the corporation may not form a conspiracy with the corporation"); *May v. Santa Fe Trail Transp. Co.*, 189 Kan. 419, 424, 370 P.2d 390 (1962); *Diederich v. Yarnevich*, 40 Kan. App. 2d 801, 811-812 (2008) ("officers and directors of a corporation cannot conspire with themselves when acting on behalf of the corporation and within the scope of their authority"); *Clevenger v. Catholic Social Serv.*, 21 Kan. App. 2d 521, 525-26 (1995) ("Kansas law recognizes no exceptions to the general rule stated in *May [v. Santa Fe Trail Transp. Co*.]").

The Plaintiffs here, as was the case in *May*, purport to name the owners/officers individually but their argument is insufficient and the Plaintiffs' Motion (to the extent it attempts to add the individual defendants) should be denied as futile. 189 Kan. at 424. "Where the individual defendants are named and described as officials of the corporate defendant in a petition, with no allegations that these defendants acted other than in their official capacities on behalf of the corporate defendant, and no allegation remotely indicates that they were pursuing their course as individuals or for individual advantage, the acts of the individual defendants must

be regarded as the acts of the corporation, and when so acting they cannot conspire with the corporation of which they are a part." *Id*.

For all the foregoing reasons, Plaintiffs' Motion for Leave to File its First Amended Complaint, adding the four individual defendants, should be denied, along with such other relief as the Court deems proper.

Respectfully submitted,

/s/ Mark A. Olthoff
MARK A. OLTHOFF                    KS Fed. #70339
MICHAEL S. FOSTER                   KS #24011
POLSINELLI PC
900 W. 48th Place
Suite 900
Kansas City, Missouri  64112-1895
(816) 753-1000
(816) 753-1536 (FAX)
molthoff@polsinelli.com
mfoster@polsinelli.com

Attorneys for Defendant BF Labs Inc.

51025002.1

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on the 28th day of August, 2015, a true and correct copy of the foregoing was filed electronically with the United States District Court for the District of Kansas using the CM/ECF system, which sent notification to all parties of interest participating in the CM/ECF system.

<u>/s/ Mark A. Olthoff                              </u>
Attorney for Defendant BF Labs Inc.