# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| KYLE ALEXANDER, and<br>DYLAN SYMINGTON,<br>on behalf of themselves and all those<br>similarly situated, | ) ) ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No. 14-CV-2159-KHV-JPO |
| v. | ) | |
| | ) | |
| BF LABS INC., a Wyoming corporation,<br>doing business as BUTTERFLY LABS, | ) ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

Respectfully submitted,

WOOD LAW FIRM, LLC

By   /s/ *Ari N. Rodopoulos*

Noah K. Wood          MO #51249
Ari N. Rodopoulos     MO #58777
ari@woodlaw.com
1100 Main Street, Suite 1800
Kansas City, MO 64105-5171
T: (816) 256-3582
F: (816) 337-4243
*Attorneys for Plaintiffs*

# TABLE OF CONTENTS

Table of Authorities ....................................................................................................................ii

I. INTRODUCTION ............................................................................................................ 1

II. BFL HAS NOT MET ITS BURDEN OF SHOWING FUTILITY.............................. 1

    A. Applicable Law .................................................................................................... 1

    B. BFL failed to argue "no set of facts" exist that would entitle
        Plaintiffs to relief against the individual owners/officers ........................... 2

        1. The individual owners/officers are subject to liability
           under the KCPA..................................................................................... 2

        2. Unjust enrichment is an equitable remedy that does not
           require privity in order to state a claim ................................................ 4

        3. Whether Plaintiffs have stated a claim against the
           individual owners/officers should be challenged by
           them, not BFL, in a Rule 12(b)(6) motion to dismiss........................... 6

CERTIFICATE OF SERVICE.................................................................................................8

Alexander et al. v. BF Labs, Inc.              *i*
*Plaintiffs' Reply Memorandum in Support of*
*Motion for Leave to file First Amended Complaint*

## TABLE OF AUTHORITIES

**CASES**

*Beckett v. United States*, 217 F.R.D. 541, 543 (D. Kan. 2003) .......................................... 1

*Conley v. Gibson*, 355 U.S. 41, 45–46 (1957) ....................................................................... 1

*Haz-Mat Response, Inc. v. Certified Waste Servs. Ltd.*, 910 P.2d 839, 848
(Kan. 1996) ........................................................................................................ 6

*Home Design Servs., Inc. v. Bohnenkamp Const., Inc.*, No. 08-CV-02391-
WDM-KMT, 2009 WL 2055176, at *2 (D. Colo. July 10, 2009) ........................... 7

*J.W. Thompson Co. v Welles Products Corp.*, 758 P.2d 738, 745 (Kan.
1988) .................................................................................................................. 6

*Jefferson County Sch. Dist. v. Moody's Investor's Services*, 175 F.3d 848,
859 (10th Cir. 1999) .......................................................................................... 1

*Jones v. Culver*, 329 P.3d 511, 514 (Kan. App. 2014) ......................................................... 5

*Kansas Com'n on Civil Rights v. Service Envelope Co., Inc.*, 660 P.2d 549,
555 (Kan. 1983) ................................................................................................. 2

*McFeeters v. Renollet*, 500 P.2d 47, 50 (Kan. 1972) ..................................................... 2, 3

*Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991) ...................................................... 2

*Osterhaus v. Toth*, 249 P.3d 888, 907-908 (Kan. 2011) ..................................................... 4

*Peterson v. Midland Nat'l Bank*, 747 P.2d 159, 166 (Kan. 1987) ..................................... 6

*Smith v. Amoco Prod. Co.*, 31 P.3d 255, 265 (Kan. 2001) .................................................. 4

*Sutton v. Utah State Sch. for Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir.
1999) .................................................................................................................. 1

*Szczygiel v. Kansas*, No. 14-CV-3011-EFM, 2015 WL 630570, at *2 (D. Kan.
Feb. 12, 2015) ................................................................................................... 1

**OTHER AUTHORITIES**

19 Am.Jur.2d, Corporation, § 1382, p. 778) ....................................................................... 2

**RULES**

Federal Rules of Civil Procedure 12 .................................................................................... 6

Alexander et al. v. BF Labs, Inc.
*Plaintiffs' Reply Memorandum in Support of
Motion for Leave to file First Amended Complaint*

*ii*

**COME NOW**, Plaintiffs, and, offer the following reply in support of Plaintiffs' Motion for Leave to file a First Amended Complaint.

## I.   INTRODUCTION

Defendant BF Labs, Inc. ("BFL") partially opposes Plaintiffs' proposed amendment.  BFL does not challenge the proposed amendment with respect to the claims and allegations against BFL.  Rather, BFL only opposes the addition of the individual owner/officers on the grounds of futility.  Specifically, BFL argues "Plaintiffs do not have a claim as a matter of law against Vleisides, Ghoseiri, Ownby, and Zerlan. Therefore, Plaintiffs' attempt to add these four individuals is futile."  (Doc. 120, p. 1) (internal citations omitted).

## II.   BFL HAS NOT MET ITS BURDEN OF SHOWING FUTILITY

### A.   Applicable law

"The party asserting futility of the amendment has the burden to establish futility."  *Szczygiel v. Kansas*, No. 14-CV-3011-EFM, 2015 WL 630570, at *2 (D. Kan. Feb. 12, 2015).  An amendment to a complaint is futile only if the plaintiff can prove no set of facts in support of his amendment that would entitle him to relief. *See, e.g., Beckett v. United States*, 217 F.R.D. 541, 543 (D. Kan. 2003). In other words, a proposed amendment is only futile "if the complaint, as amended, would be subject to dismissal." *Jefferson County Sch. Dist. v. Moody's Investor's Services*, 175 F.3d 848, 859 (10th Cir. 1999).  A court may not grant dismissal "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Sutton v. Utah State Sch. for Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999) (*quoting Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)).  "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial,

Alexander et al. v. BF Labs, Inc.                                                                                        1
*Plaintiffs' Reply Memorandum in Support of*
*Motion for Leave to file First Amended Complaint*

but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim

for which relief may be granted." *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

**B.      BFL failed to argue "no set of facts" exist that would entitle Plaintiffs to relief against the individual owners/officers**

BFL argues Plaintiffs merely seek to hold the individuals liable in their capacities

as owners and officers of BFL.  (Doc. 120, p. 2).  This is inaccurate.  Plaintiffs are not

seeking to hold the four individuals liable simply because of their status as owners and

officers.  Instead, Plaintiffs are seeking to hold these individuals liable for their direct,

personal participation, and personal authorization of the unlawful conduct and scheme

alleged in the proposed amended complaint.  (*See* Doc. 119-1, ¶¶ 6, 8, 10, 12).  It is well

settled in Kansas that an officer or agent of a corporation who "commits or participates

in the commission of a tort, whether or not it is also by or for the corporation, he is

liable to third persons injured thereby, and it does not matter what liability attaches to

the corporation for the tort." *McFeeters v. Renollet*, 500 P.2d 47, 50 (Kan. 1972) (citing

19 Am.Jur.2d, Corporation, § 1382, p. 778)); *see also Kansas Com'n on Civil Rights v.*

*Service Envelope Co., Inc.*, 660 P.2d 549, 555 (Kan. 1983).

1.      <u>The individual owners/officers are subject to liability under the KCPA</u>

BFL's objection is not that Plaintiff technically failed to allege the individual

owners/officers are "suppliers";[1] rather, BFL argues these individuals are not "suppliers"

as a matter of law because "there are no allegations . . . that any of the four individuals

---

[1]      In Count I (KCPA) of the proposed amendment, Plaintiffs used the term "BFL" in paragraph 40 rather than "Defendants."  Plaintiffs did not intend any difference between "Defendants" and "BFL" in this paragraph and Plaintiffs claim the individuals are also suppliers.  Plaintiffs will change this word from "BFL" to "Defendants" if leave is granted.  BFL's opposition to the proposed amendment does not appear to be based on this technical distinction.

Alexander et al. v. BF Labs, Inc.                                                                                      2
*Plaintiffs' Reply Memorandum in Support of*
*Motion for Leave to file First Amended Complaint*

manufactured or sold anything on behalf of themselves."   (Doc. 120, p. 3).   This argument is misplaced.

The fact that the individual owners/officers did not manufacture or sell anything on behalf of themselves does not preclude liability under the KCPA.  The KCPA defines "supplier" as "a manufacturer, distributor, dealer, seller, lessor, assignor, *or other person* who, in the ordinary course of business, solicits, engages in or enforces consumer transactions, whether or not dealing directly with the consumer."  Kan. Stat. Ann. § 50-624(l) (emphasis added).  The phrase "or other person" makes clear that one need not be a manufacturer or seller in order to qualify as a "supplier."

Here, at minimum, the individual owners/officers of BFL are "suppliers" because they are persons who controlled BFL and solicited and/or participated in the solicitation of consumer transactions in the ordinary course of business – regardless of whether they dealt directly with the consumer.  (*See* Doc. 119-1, ¶¶ 6, 8, 10, 12, 29-30, 42, 44, 48, 56, 61, 75, 106).  Plaintiffs' proposed allegations, with all reasonable inferences made in Plaintiffs' favor, sufficiently allege the individual owners/officers participated in and/or authorized the deceptive/unconscionable practices of BFL.

In *McFeeters*, the Kansas Supreme Court made clear that an officer's participation in a tort subjects the officer to personal liability, even if the tort was also committed by or for the corporation.  *See McFeeters*, 500 P.2d at 50.  Combining the *McFeeters* decision with the broad definition of "supplier" under the KCPA, there is no reason to conclude Kansas law would preclude liability of owners/officers who participate in or authorize the deceptive/unconscionable practices of a corporation.

BFL cites one case, *Osterhaus*, in support of its argument that the individual owners/officers are not "suppliers" under the KCPA.  (Doc. 120, p. 3).  *Osterhaus*,

Alexander et al. v. BF Labs, Inc.
*Plaintiffs' Reply Memorandum in Support of*
*Motion for Leave to file First Amended Complaint*

3

however, is inapposite.   *Osterhaus* did not involve any issue of whether owners/officers of a corporation may qualify as "suppliers" under the KCPA.  In *Osterhaus*, on summary judgment, the issue raised was whether a defendant who engaged in seven real estate transactions over a 2 ½-year period and lived in the homes would qualify as a "supplier" under the KCPA.  *See Osterhaus v. Toth*, 249 P.3d 888, 907-908 (Kan. 2011).  The Kansas Supreme Court ruled summary judgment was inappropriate because "whether [defendant] is a supplier is a factual question to be decided in the district court." *Id*. at 908.

BFL also cites a handful of cases – *York, May, Diederich, Clevenger* – suggesting that a corporation cannot conspire with its officers.  These cases are inapposite because, here, Plaintiffs are not seeking to hold the individual owners/officers liable based on a conspiracy with BFL.

2. <u>Unjust enrichment is an equitable remedy that does not require privity in order to state a claim</u>

BFL argues the individual owners/officers cannot be liable for any unjust enrichment alleged because Plaintiffs did not pay money to the individuals and none of these individuals received money or bitcoins directly from Plaintiffs.  (Doc. 120, p. 3). BFL, however, overlooks that covenants implied by law are a "legal fiction created by the courts to ensure justice or to prevent unjust enrichment." *Smith v. Amoco Prod. Co.*, 31 P.3d 255, 265 (Kan. 2001).  Whether a covenant implied by law between Plaintiffs and the individuals owners/officers is appropriate to ensure justice or to prevent unjust enrichment does not depend on who was in privity with Plaintiffs; instead, the issue is whether there was "(1) a benefit conferred upon the defendant by the plaintiff; (2) an appreciation or knowledge of the benefit by the defendant; and (3) the acceptance or

Alexander et al. v. BF Labs, Inc.
*Plaintiffs' Reply Memorandum in Support of*
*Motion for Leave to file First Amended Complaint*

4

retention by the defendant of the benefit under such circumstances as to make it inequitable for the defendant to retain the benefit without payment of its value." *Jones v. Culver*, 329 P.3d 511, 514 (Kan. App. 2014).

With all reasonable inferences made in Plaintiffs' favor, the proposed amendment sufficiently alleges Plaintiffs and the putative class conferred "a benefit" upon the individual owners/officers—specifically, the provision of capital the individual owners/officers desired to obtain.  Here, the individual owners/officers participated in and/or authorized deceptive/unconscionable practices in order to raise capital for BFL under the guise of pre-order funds without having to repay the principal amount or any loan interest and without having to share the ownership, dividends, or proceeds of BFL. (*See* Doc. 119-1, ¶¶ 6, 8, 10, 12, 42, 44-50).  The individual owners/officers sought to raise such capital in order to design, develop, and manufacture bitcoin miners to be used for BFL's and their own enrichment.  (*Id*. at ¶¶ 42, 86-95).   The individual owners/officers obtained the very benefits they set out to obtain—*i.e.*, raising millions of dollars in capital for BFL under the guise of pre-order funds and using the capital to design, develop, and manufacture bitcoin miners for BFL's and their own enrichment. (*Id*. at ¶¶ 42, 86-95, 106-108).  The individual owners/officers further benefitted by using the pre-order funds for personal use, such as hundreds of thousands of dollars in loans to shareholders, the purchase of a home, and the purchase of an expensive automobile.  (*Id*. at ¶¶ 100-103).

Having obtained the interest-free capital they set out to raise by using deceptive/unconscionable practices, equity requires an implied promise by the individual owners/officers to repay Plaintiffs and the putative class as if the funds had been loaned to the individual owners/officers with an obligation to repay with interest.

Alexander et al. v. BF Labs, Inc.
*Plaintiffs' Reply Memorandum in Support of*
*Motion for Leave to file First Amended Complaint*
5

*See Peterson v. Midland Nat'l Bank*, 747 P.2d 159, 166 (Kan. 1987) ("The substance of an action for unjust enrichment lies in a promise implied in law that one will restore to the person entitled thereto that which in equity and good conscience belongs to [another]."). Allowing the individual owners/officers to obtain interest-free capital under the guise of pre-order funds through deceptive/unconscionable practices without having to pay for the use and value of the money is unjust. *See Haz-Mat Response, Inc. v. Certified Waste Servs. Ltd.*, 910 P.2d 839, 848 (Kan. 1996) ("[I]t is 'the acceptance or retention by the defendant of the benefit under such circumstances as to make it inequitable for the defendant to retain the benefit without payment of its value' that is of critical importance in making a determination of whether such an action will lie.") (*quoting J.W. Thompson Co. v Welles Products Corp.*, 758 P.2d 738, 745 (Kan. 1988)).

Contrary to BFL's argument, privity is not required in order to state a claim for unjust enrichment. *See Haz-Mat Response, Inc.*, 910 P.2d at 847 ("Our past cases establish that recovery under quasi-contract or unjust enrichment is not prohibited simply because the subcontractor and the owner of the property are not in privity. This conclusion is consistent with the theory of quasi-contract and unjust enrichment, which does not depend on privity."). As such, any lack of privity between Plaintiffs and the individual owners/officers does not preclude an action for unjust enrichment.

> 3.  Whether Plaintiffs have stated a claim against the individual owners/officers should be challenged by them, not BFL, in a Rule 12(b)(6) motion to dismiss

A Rule 12(b)(6) motion to dismiss for failure to state a claim "must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b). If leave is granted to file an amended complaint, the four individual owners/officers would be required to file a motion to dismiss for failure to state a claim. *Id.* Here, BFL

Alexander et al. v. BF Labs, Inc.
*Plaintiffs' Reply Memorandum in Support of*
*Motion for Leave to file First Amended Complaint*                                                  6

essentially seeks to assert a motion to dismiss on these individuals' behalf before they have even been served. The better course would be to allow the proposed amendment and permit the individual owners/officers to file a motion to dismiss on their own behalf, if they so choose. *See Home Design Servs., Inc. v. Bohnenkamp Const., Inc.*, No. 08-CV-02391-WDM-KMT, 2009 WL 2055176, at *2 (D. Colo. July 10, 2009) ("The better course of action is to consider the defendants' arguments at these other procedural junctures rather than to deny Plaintiff the opportunity to assert these claims."). This course of action would allow the interested parties, *i.e.*, the individual owners/officers, to participate in any appeal regarding whether actionable claims have been stated against them.

**WHEREFORE**, Plaintiffs pray this Court enter an order granting Plaintiffs leave to file a First Amended Complaint, and any other relief the Court deems just and proper.

Respectfully submitted,

WOOD LAW FIRM, LLC


By   /s/ *Ari N. Rodopoulos*
Noah K. Wood                    MO #51249
Ari N. Rodopoulos               MO #58777
ari@woodlaw.com
1100 Main Street, Suite 1800
Kansas City, MO 64105-5171
T: (816) 256-3582
F: (816) 337-4243
*Attorneys for Plaintiff*

Alexander et al. v. BF Labs, Inc.                                                                 7
*Plaintiffs' Reply Memorandum in Support of*
*Motion for Leave to file First Amended Complaint*

## CERTIFICATE OF SERVICE

I hereby certify that on the 31st day of August, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to all counsel of record.

_/s/ Ari N. Rodopoulos_
Attorney for Plaintiffs

Alexander et al. v. BF Labs, Inc.
*Plaintiffs' Reply Memorandum in Support of*
*Motion for Leave to file First Amended Complaint*                                  8