UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KYLE ALEXANDER, et al.,

                    Plaintiffs,

v.                                                      Case No. 14-2159-KHV

BF LABS INC.,

                    Defendant.

## ORDER

The plaintiffs, Kyle Alexander and Dylan Symington, allege in this putative class action that BF Labs Inc. ("BFL") improperly collected prepayment for bitcoin mining equipment.[1] Plaintiffs have filed a motion for leave to amend their complaint under Fed. R. Civ. P. 15(a), to reduce the number of claims asserted and to add as defendants four individual owners and/or officers of BFL (ECF doc. 118).[2] BFL opposes the motion only to the extent that it seeks to add the individual defendants, arguing that the proposed claims against the individuals would be subject to dismissal as a matter of law. Considering Rule 15's directive that leave to amend should be freely given, and finding a

---

[1] A bitcoin is a unit of intangible currency that exists only on the internet, without direct ties to any single nation's monetary systems. Bitcoins are earned, or "mined," by solving a complex mathematical riddle, which requires a large amount of computer processing power. *See* ECF doc. 59 (citing *Meissner v. BF Labs, Inc.*, No. 13-2617-RDR, 2014 WL 2558203, at *1-2 (D. Kan. June 6, 2014)).

[2] Plaintiffs' proposed amended complaint also makes less significant changes, such as adding factual allegations and narrowing the scope of the proposed class.

challenge to the claims more appropriately addressed by the affected individuals on a motion to dismiss, the motion for leave to amend is granted.

Rule 15(a)(2) states that once a responsive pleading has been filed, "a party may amend its pleading only with the opposing party's written consent or the court's leave." It directs that courts "should freely give leave when justice so requires."[3] Although the granting of a motion to amend is within the court's discretion, the United States Supreme Court has indicated that Rule 15's directive to freely give leave is a "mandate . . . to be headed."[4]  "A district court should refuse leave to amend 'only [upon] a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment.'"[5]

BFL argues that plaintiffs' proposed amendment to add claims for violation of the Kansas Consumer Protection Act ("KCPA") and for unjust enrichment against the individual owners or officers of BFL should be denied as futile.  "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal."[6]  In considering whether a proposed amendment is futile, the court uses the same analysis that governs a

---

[3] Fed. R. Civ. P. 15(a)(2).

[4] *Foman v. Davis*, 371 U.S. 178, 182 (1962).

[5] *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 (10th Cir. 2010) (quoting *Duncan v. Manager, Dep't of Safety, City & Cnty. of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005)).

[6] *Jefferson Cnty. Sch. Dist. No. R-1 v. Moody's Investor's Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999).

Fed. R. Civ. P. 12(b)(6) motion to dismiss for failure to state a claim.[7] Therefore, the court will only deny an amendment on the basis of futility when, accepting the well-pleaded allegations of the proposed amendment as true and construing them in the light most favorable to the plaintiffs, the court determines the plaintiffs can prove no set of facts in support of their claims that would entitle them to relief.[8] "The party opposing the proposed amendment bears the burden of establishing its futility."[9]

BFL argues that plaintiffs' proposed addition of claims against the individuals for violation of the KCPA and for unjust enrichment would not survive a motion to dismiss. First, BFL argues that the proposed amended complaint cannot support a KCPA claim against the individuals because plaintiffs have not alleged that the individuals personally manufactured or sold something such as to meet the KCPA definition of "supplier." Second, BFL asserts that the proposed amended complaint does not support an unjust enrichment claim against the individuals because it does not allege that any of them received money or bitcoin from the plaintiffs' purchases of bitcoin miners.

The undersigned U.S. Magistrate Judge, James P. O'Hara, has reviewed the proposed amended complaint and cannot conclude that plaintiffs' proposed claims could not withstand a motion to dismiss. Because the amendments do not appear clearly

---

[7] *See Pedro v. Armour Swift-Eckrich*, 118 F. Supp. 2d 1155, 1158 (D. Kan. 2000).

[8] *See id.*; *see also Green v. Auto Pro of Okla. LLC*, 345 F. App'x 339, 342 (10th Cir. 2009) (discussing motion to dismiss standard).

[9] *Mars v. Novartis Pharm. Corp.*, No. 11-2555, 2012 WL 1288729, at *2 (D. Kan. April 16, 2012).

frivolous, the court exercises its discretion and grants plaintiffs leave to file the amended complaint attached to their motion.  To be clear, the undersigned is *not* ruling that these amendments will survive a later challenge under Rule 12(b)(6) or Rule 56 brought by the individual defendants.  Rather, the undersigned is allowing the amendment.  A comprehensive legal analysis and decision on the issues raised here by BFL is more appropriately addressed–if raised–at a later stage in the case by the presiding U.S. District Judge, Kathryn H. Vratil.

IT IS THEREFORE ORDERED that the motion is granted.  Plaintiffs shall file their amended complaint forthwith.  Plaintiffs shall serve the newly named defendants by **September 11, 2015**.  Defendants will then have until **September 25, 2015**, to answer or otherwise respond to the amended complaint.

Dated September 2, 2015, at Kansas City, Kansas.

 s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge

O:\ORDERS\14-2159-KHV-118.docx