## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| KYLE ALEXANDER, et al., | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| v. | ) | Case No. 14-CV-2159-KHV-JPO |
| | ) | |
| BF LABS INC., et al., | ) | |
| | ) | |
| **Defendant.** | ) | |

### DEFENDANT BF LABS INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' FIRST AMENDED COMPLAINT

Defendant BF Labs Inc., by and through its undersigned counsel, answers Plaintiffs Kyle Alexander and Dylan Symington's First Amended Class Action Complaint as follows:

### Introduction[1]

1.      BF Labs denies the allegations contained in Paragraph 1 of the Complaint.[2]

### Parties

2.      In response to the allegations set forth in Paragraph 2 of Plaintiffs' Complaint, BF Labs is without sufficient knowledge and information as to the truth of the allegations contained in Paragraph2 concerning Plaintiff Kyle Alexander's residence and, therefore, denies the same.

3.      In response to the allegations set forth in Paragraph 3 of Plaintiffs' Complaint, BF Labs is without sufficient knowledge and information as to the truth of the allegations contained in Paragraph 3 concerning Plaintiff Dylan Symington's residence and, therefore, denies the same.

---

[1] The headings used in Plaintiffs' First Amended Complaint are set forth in this Answer for the convenience of the reader only. To the extent any of the headings are construed to contain any allegations, they are denied.

[2] "Complaint" refers to Plaintiffs' First Amended Complaint throughout.

4.      BF Labs admits the allegations contained in Paragraph 4 of the Complaint.

5.      BF Labs admits that Vleisides is a natural person but denies the remaining allegations in Paragraph 5 of the Complaint.

6.      BF Labs admits that Vleisides is a founder, 44% owner, and Innovation Officer/VP of Product Development of BF Labs but denies the remaining allegations of Paragraph 6 of the Complaint.

7.      Upon information and belief, BF Labs admits the allegations contained in Paragraph 7 of the Complaint.

8.      BF Labs admits that Ghoseiri is a founder, 40% owner, and President/Innovation Officer/Chief Technology Officer of BF Labs but denies the remaining allegations of Paragraph 8 of the Complaint.

9.      Upon information and belief, BF Labs admits the allegations contained in Paragraph 9 of the Complaint.

10.      BF Labs admits that Ownby is a 10% owner, and VP of Marketing and Ecommerce of BF Labs but denies the remaining allegations of Paragraph 10 of the Complaint.

11.      Upon information and belief, BF Labs admits the allegations contained in Paragraph 11 of the Complaint.

12.      BF Labs denies the allegations contained in Paragraph 12 of the Complaint.

## Jurisdiction and Venue

13.      The allegations in Paragraph 13 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, BF Labs denies those allegations.

14.      The allegations in Paragraph 14 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, BF Labs denies those allegations.

51258496.1

**General Allegations**

**Bitcoin and Bitcoin Mining**

15.    BF Labs admits the allegations contained in Paragraph 15 of the Complaint.

16.    BF Labs admits the allegations contained in Paragraph 16 of the Complaint.

17.    BF Labs admits the allegations contained in Paragraph 17 of the Complaint.

18.    BF Labs admits the allegations contained in Paragraph 18 of the Complaint.

19.    BF Labs admits the allegations contained in Paragraph 19 of the Complaint.

20.    BF Labs denies the allegations contained in Paragraph 20 of the Complaint.

21.    BF Labs lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the Complaint because the allegations are dependent upon many different factors rendering it impossible to form a response other than as set forth and, therefore, denies those allegations.

22.    BF Labs admits the allegations contained in Paragraph 22 of the Complaint.

23.    BF Labs lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 of the Complaint because the allegations are dependent upon many different factors rendering it impossible to form a response other than as set forth and, therefore, denies those allegations.

24.    BF Labs admits that the price of one bitcoin was about $1000 in November 2013 but denies the remaining allegations in Paragraph 24 of the Complaint.

25.    BF Labs admits the allegations contained in Paragraph 25 of the Complaint.

26.    BF Labs admits the allegations contained in Paragraph 26 of the Complaint.

27.    BF Labs lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 of the Complaint and, therefore, denies those allegations.

51258496.1

**Origins of BFL's Scheme**

28.     BF Labs admits the allegations contained in Paragraph 28 of the Complaint.

29.     BF Labs admits that Vleisides, Ghoseiri, and Ownby together own 94% of BF Labs' shares but denies the remaining allegations of Paragraph 29 of the Complaint.

30.     BF Labs admits the allegations contained in Paragraph 30 of the Complaint.

31.     BF Labs lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 of the Complaint and, therefore, denies those allegations. Further responding, BF Labs states the allegation should be stricken as it is irrelevant, immaterial, impertinent, and scandalous.

32.     BF Labs lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 of the Complaint and, therefore, denies those allegations. Further responding, BF Labs states the allegation should be stricken as it is irrelevant, immaterial, impertinent, and scandalous.

33.     BF Labs lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 of the Complaint and, therefore, denies those allegations. Further responding, BF Labs states the allegation should be stricken as it is irrelevant, immaterial, impertinent, and scandalous.

34.     BF Labs lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 of the Complaint and, therefore, denies those allegations. Further responding, BF Labs states the allegation should be stricken as it is irrelevant, immaterial, impertinent, and scandalous.

35.     BF Labs lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 of the Complaint and, therefore, denies those allegations.

4

Further responding, BF Labs states the allegation should be stricken as it is irrelevant, immaterial, impertinent, and scandalous.

36.     BF Labs lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 of the Complaint and, therefore, denies those allegations. Further responding, BF Labs states the allegation should be stricken as it is irrelevant, immaterial, impertinent, and scandalous.

37.     BF Labs lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 of the Complaint and, therefore, denies those allegations. Further responding, BF Labs states the allegation should be stricken as it is irrelevant, immaterial, impertinent, and scandalous.

38.     BF Labs lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 of the Complaint and, therefore, denies those allegations. Further responding, BF Labs states the allegation should be stricken as it is irrelevant, immaterial, impertinent, and scandalous.

39.     BF Labs lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 of the Complaint and, therefore, denies those allegations. Further responding, BF Labs states the allegation should be stricken as it is irrelevant, immaterial, impertinent, and scandalous.

40.     BF Labs lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 of the Complaint and, therefore, denies those allegations. Further responding, BF Labs states the allegation should be stricken as it is irrelevant, immaterial, impertinent, and scandalous.

51258496.1

41.     BF Labs lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41 of the Complaint and, therefore, denies those allegations. Further responding, BF Labs states the allegation should be stricken as it is irrelevant, immaterial, impertinent, and scandalous.

## BFL's "Pre-Order" Scheme

42.     BF Labs denies the allegations contained in Paragraph 42 of the Complaint.

43.     BF Labs admits the allegations contained in Paragraph 43 of the Complaint.

44.     BF Labs admits that Vleisides and Ghoseiri set out to develop ASIC hardware that could mine bitcoins at faster rates, but denies the remaining allegations contained in Paragraph 44 of the Complaint.

45.     BF Labs denies the allegations contained in Paragraph 45 of the Complaint.

46.     BF Labs denies the allegations contained in Paragraph 46 of the Complaint.

47.     BF Labs lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47 of the Complaint, including all of its subparts, and, therefore, denies those allegations. Further responding, BF Labs states that Paragraph 47 of the Complaint and its subparts is not an allegation of fact but includes assumptions, conjecture and speculation to which BF Labs is unable to form a response and, thus, denies the same.

48.     BF Labs denies the allegations contained in Paragraph 48 of the Complaint.

49.     BF Labs lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 of the Complaint, including all of its subparts, and, therefore, denies those allegations. Further responding, BF Labs is unable to form a response because the allegation does not include any averment as to time, products, or services.

50.     BF Labs denies the allegations contained in Paragraph 50 of the Complaint.

51.     BF Labs lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51 of the Complaint and, therefore, denies those allegations.

52.     BF Labs lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52 of the Complaint and, therefore, denies those allegations.

53.     BF Labs lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53 of the Complaint and, therefore, denies those allegations.

54.     BF Labs lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54 of the Complaint and, therefore, denies those allegations.

55.     BF Labs admits that customers prepaid using PayPal, bitcoins, or bank wire but denies the remaining allegations contained in Paragraph 55 of the Complaint.

56.     BF Labs denies the allegations contained in Paragraph 56 of the Complaint.

57.     BF Labs lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57 of the Complaint and, therefore, denies those allegations. Further responding, BF Labs is unable to form a response because the allegation does not include any averment as to time, products, or services.

58.     BF Labs lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58 of the Complaint and, therefore, denies those allegations. Further responding, BF Labs is unable to form a response because the allegation does not include any averment as to time, products, or services.

59.     BF Labs lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59 of the Complaint and, therefore, denies those allegations. Further responding, BF Labs is unable to form a response because the allegation does not include any averment as to time, products, or services.

60.     BF Labs lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60 of the Complaint and, therefore, denies those allegations. Further responding, BF Labs is unable to form a response because the allegation does not include any averment as to time, products, or services.

61.     BF Labs admits the allegations contained in Paragraph 61 of the Complaint.

62.     BF Labs admits the allegations contained in Paragraph 62 of the Complaint.

63.     BF Labs admits the allegations contained in Paragraph 63 of the Complaint.

64.     BF Labs denies the allegations contained in Paragraph 64 of the Complaint.

65.     BF Labs denies the allegations contained in Paragraph 65 of the Complaint.

66.     BF Labs admits the allegations contained in Paragraph 66 of the Complaint.

67.     BF Labs admits that on November 15, 2012, BF Labs represented that "[t]he BitForce chip is now in final stage development," but denies the remaining allegations contained in Paragraph 67 of the Complaint.

68.     BF Labs admits the allegations contained in Paragraph 68 of the Complaint.

69.     BF Labs admits the allegations contained in Paragraph 69 of the Complaint.

70.     BF Labs admits the allegations contained in Paragraph 70 of the Complaint.

71.     BF Labs admits the allegations contained in Paragraph 71of the Complaint.

72.     BF Labs admits the allegations contained in Paragraph 72 of the Complaint.

73.     BF Labs admits the allegations contained in Paragraph 73 of the Complaint.

74.     BF Labs admits the allegations contained in Paragraph 74 of the Complaint.

75.     BF Labs admits the allegations contained in Paragraph 75 of the Complaint.

76.     BF Labs admits the allegations contained in Paragraph 76 of the Complaint.

77.     BF Labs admits the allegations contained in Paragraph 77 of the Complaint.

78.     BF Labs admits the allegations contained in Paragraph 78 of the Complaint.

79.     BF Labs lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 79 of the Complaint and, therefore, denies those allegations. Further responding, BF Labs is unable to form a response because the allegation does not include any averment as to time, products, or services.

80.     BF Labs lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 80 of the Complaint and, therefore, denies those allegations. Further responding, BF Labs is unable to form a response because the allegation does not include any averment as to time, products, or services.

81.     BF Labs denies the allegations contained in Paragraph 81 of the Complaint.

82.     BF Labs lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 82 of the Complaint and, therefore, denies those allegations. Further responding, BF Labs is unable to form a response because the allegation does not include any averment as to time, products, or services.

83.     BF Labs denies the allegations contained in Paragraph 83 of the Complaint. Further responding, BF Labs is unable to form a response because the allegation does not include any averment as to time, products, or services.

84.     BF Labs denies the allegations contained in Paragraph 84 of the Complaint. Further responding, BF Labs is unable to form a response because the allegation does not include any averment as to time, products, or services.

85.     BF Labs denies the allegations contained in Paragraph 85 of the Complaint.

86.     BF Labs admits the allegations contained in Paragraph 86 of the Complaint.

87.     BF Labs denies the allegations contained in Paragraph 87 of the Complaint.

88.     BF Labs denies the allegations contained in Paragraph 88 of the Complaint. Further responding, BF Labs is unable to form a response because the allegation does not include any averment as to time, products, or services.

89.     BF Labs denies the allegations contained in Paragraph 89 of the Complaint.

90.     BF Labs denies the allegations contained in Paragraph 90 of the Complaint.

91.     BF Labs denies the allegations contained in Paragraph 91 of the Complaint.

92.     BF Labs denies the allegations contained in Paragraph 92 of the Complaint.

93.     BF Labs lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 93 of the Complaint and, therefore, denies those allegations.

94.     BF Labs lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 94 of the Complaint and, therefore, denies those allegations. Further responding, BF Labs states the allegation should be stricken as it is irrelevant, immaterial, impertinent, and scandalous.

95.     BF Labs denies the allegations contained in Paragraph 95 of the Complaint.

96.     BF Labs lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 96 of the Complaint and, therefore, denies those allegations. Further responding, BF Labs is unable to form a response because the allegation does not include any averment as to time, products, or services.

97.     BF Labs lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 97 of the Complaint and, therefore, denies those allegations. Further responding, BF Labs is unable to form a response because the allegation does not include any averment as to time, products, or services.

98.     BF Labs denies the allegations contained in Paragraph 98 of the Complaint. Further responding, BF Labs is unable to provide a response in that no particular customer is identified, nor any time, product or service.

99.     BF Labs lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 99 of the Complaint and, therefore, denies those allegations.

100.     BF Labs denies the allegations contained in Paragraph 100 of the Complaint.

101.     BF Labs denies the allegations contained in Paragraph 101 of the Complaint.

102.     BF Labs admits the allegations contained in Paragraph 102 of the Complaint.

103.     BF Labs denies the allegations contained in Paragraph 103 of the Complaint.

104.     BF Labs admits that the lawsuit was originally filed on April 4, 2014, but denies the remaining allegations in Paragraph 104 of the Complaint.

105.     BF Labs admits that it no longer took pre-orders on and after July 17, 2014, but denies the remaining allegations in Paragraph 105 of the Complaint.

106.     BF Labs admits that it received millions of dollars in pre-orders, but denies the remaining allegations contained in Paragraph 106 of the Complaint.

107.     BF Labs lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 107 of the Complaint and, therefore, denies those allegations.

108.     BF Labs lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 108 of the Complaint and, therefore, denies those allegations.

109.     BF Labs lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 109 of the Complaint and, therefore, denies those allegations. Further responding, BF Labs states the allegation should be stricken as it is irrelevant, immaterial, impertinent, and scandalous.

51258496.1

110.     BF Labs lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 110 of the Complaint and, therefore, denies those allegations. Further responding, BF Labs states the allegation should be stricken as it is irrelevant, immaterial, impertinent, and scandalous.

111.     BF Labs lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 111 of the Complaint and, therefore, denies those allegations. Further responding, BF Labs states the allegation should be stricken as it is irrelevant, immaterial, impertinent, and scandalous.

112.     BF Labs lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 112 of the Complaint and, therefore, denies those allegations. Further responding, BF Labs states the allegation should be stricken as it is irrelevant, immaterial, impertinent, and scandalous.

113.     BF Labs denies the allegations contained in Paragraph 113 of the Complaint. Further responding, BF Labs is unable to form a response because the allegation does not include any averment as to time, products, or services.

### The Representative Plaintiffs' Orders

### Kyle Alexander

114.     BF Labs admits the allegations contained in Paragraph 114 of the Complaint.

115.     BF Labs admits the allegations contained in Paragraph 115 of the Complaint.

116.     BF Labs denies the allegations contained in Paragraph 116 of the Complaint.

117.     BF Labs denies the allegations contained in Paragraph 117 of the Complaint.

118.     BF Labs denies the allegations contained in Paragraph 118 of the Complaint.

119.     BF Labs denies the allegations contained in Paragraph 119 of the Complaint.

120.     BF Labs denies the allegations contained in Paragraph 120 of the Complaint.

121.    BF Labs denies the allegations contained in Paragraph 121 of the Complaint.

122.    BF Labs admits the allegations contained in Paragraph 122 of the Complaint.

123.    BF Labs lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 123 of the Complaint and, therefore, denies those allegations. Further answering, BF Labs states that these allegations include and are based upon assumption, conjecture and speculation as to whether "numerous bitcoins" were mined and by whom as well as whether the difficulty of mining "substantially increased" over what unknown time.

<strong>Dylan Symington</strong>

124.    BF Labs admits the allegations contained in Paragraph 124 of the Complaint.

125.    BF Labs admits the allegations contained in Paragraph 125 of the Complaint.

126.    BF Labs denies the allegations contained in Paragraph 126 of the Complaint.

127.    BF Labs denies the allegations contained in Paragraph 127 of the Complaint.

128.    BF Labs admits the allegations contained in Paragraph 128 of the Complaint.

129.    BF Labs lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 129 of the Complaint and, therefore, denies those allegations.

130.    BF Labs denies the allegations contained in Paragraph 130 of the Complaint.

131.    BF Labs lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 131 of the Complaint and, therefore, denies those allegations.

132.    BF Labs lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 132 of the Complaint and, therefore, denies those allegations. Further answering, BF Labs states that these allegations include and are based upon assumption, conjecture and speculation as to whether "numerous bitcoins" were mined and by whom as well as whether the difficulty of mining "substantially increased" over what unknown time.

**Class Action Allegations**

133.     In response to the allegations set forth in Paragraph 133 of the Complaint, BF Labs denies all of the allegations except that it admits that the Complaint purports to assert an action pursuant to Federal Rule of Civil Procedure 23(a) and 23(b)(3) on behalf of Plaintiffs and a class as defined in Paragraph 133 and its subclasses.

134.     BF Labs denies the allegations contained in Paragraph 134 of the Complaint, including subparts (a) through (d) and each of their subparts.

135.     BF Labs denies the allegations contained in Paragraph 135 of the Complaint.

136.     BF Labs denies the allegations contained in Paragraph 136 of the Complaint, including subparts (a) through (f).

**Count I: Violation of the Kansas Consumer Protection Act,**
**K.S.A. §§ 50-626, 50-627, 50-634**

137.     BF Labs incorporates by reference its responses to Paragraphs 1 through 136 above as if fully set forth herein.

138.     Paragraph 138 states a legal conclusion to which no response is required, but admits that the quoted language appears in K.S.A. § 50-626.

139.     Paragraph 139 states a legal conclusion to which no response is required, but admits that the quoted language appears in K.S.A. § 50-627.

140.     The allegations in Paragraph 140 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, BF Labs denies those allegations.

141.     BF Labs lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 141 of the Complaint and, therefore, denies those allegations.

142.     The allegations in Paragraph 142 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, BF Labs denies those allegations.

14

143.     Paragraph 143 states a legal conclusion to which no response is required, but admits that the quoted language appears in K.S.A. § 50-634.

144.     BF Labs denies the allegations contained in Paragraph 144 of the Complaint, including subparts (a) through (q).

145.     BF Labs lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 145 of the Complaint and, therefore, denies those allegations.

146.     BF Labs denies the allegations contained in Paragraph 146 of the Complaint, including subparts (a) and (b).

147.     BF Labs denies the allegations contained in Paragraph 147 of the Complaint.

148.     BF Labs denies the allegations contained in Paragraph 148 of the Complaint.

149.     BF Labs denies the allegations contained in Paragraph 149 of the Complaint.

## Count II: Unjust Enrichment

150.     BF Labs incorporates by reference its responses to Paragraphs 1 through 149 above as if fully set forth herein.

151.     BF Labs admits that Plaintiffs paid money to it, but denies the remaining allegations contained in Paragraph 151 of the Complaint.

152.     BF Labs denies the allegations contained in Paragraph 152 of the Complaint.

153.     BF Labs denies the allegations contained in Paragraph 153 of the Complaint.

154.     BF Labs denies the allegations contained in Paragraph 154 of the Complaint.

155.     BF Labs denies the allegations contained in Paragraph 155 of the Complaint.

156.     BF Labs denies the allegations contained in Paragraph 156 of the Complaint.

157.     BF Labs denies the allegations contained in Paragraph 157 of the Complaint, including subparts (a) through (f).

158.     BF Labs denies the allegations contained in Paragraph 158 of the Complaint.

15

159.     BF Labs denies the allegations contained in Paragraph 159 of the Complaint.

### Count III: Conversion

160.     BF Labs incorporates by reference its responses to Paragraphs 1 through 159 above as if fully set forth herein.

161.     In response to the allegations set forth in Paragraph 161 of Plaintiff's Complaint, BF Labs is without sufficient knowledge and information as to the truth of the allegations contained in Paragraph 161 and, therefore, denies the same.

162.     BF Labs denies the allegations contained in Paragraph 162 of the Complaint.

163.     BF Labs denies the allegations contained in Paragraph 163 of the Complaint.

164.     BF Labs denies the allegations contained in Paragraph 164 of the Complaint.

165.     BF Labs denies the allegations contained in Paragraph 165 of the Complaint.

166.     The allegation in Paragraph 166 of the Complaint is a legal conclusions to which no response is required. To the extent a response is required, BF Labs denies those allegations.

167.     BF Labs denies the allegations contained in Paragraph 167 of the Complaint.

168.     BF Labs denies the allegations contained in Paragraph 168 of the Complaint.

169.     BF Labs denies the allegations contained in Paragraph 169 of the Complaint.

170.     BF Labs denies the allegations contained in Paragraph 170 of the Complaint.

171.     BF Labs admits that Alexander requested a refund in June of 2013, but denies the remaining allegations contained in Paragraph 171 of the Complaint.

172.     BF Labs denies the allegations contained in Paragraph 172 of the Complaint.

173.     Defendant BF Labs denies each and every allegation contained in Plaintiffs' Complaint not specifically admitted herein, and denies that Plaintiffs are entitled to any of the relief prayed for in the "WHEREFORE" clause of Plaintiffs' Complaint.

51258496.1

WHEREFORE, having fully answered all of Plaintiffs' Complaint, Defendant BF Labs requests judgment in its favor and against Plaintiffs and dismissal of Plaintiffs' Complaint with prejudice, for BF Labs' costs and expenses incurred herein, and for such other and further relief as this Court deems just, proper, and equitable.

## AFFIRMATIVE DEFENSES

Defendant BF Labs Inc. states the following for its affirmative defenses to Plaintiffs' Complaint:

1.     Plaintiffs' and/or one or more alleged alleged putative class members' claims are barred as Plaintiffs or the alleged alleged putative class members accepted the terms of their pre-order and understood that all sales were final and that there was a backlog of orders and production and delivery of any order may take two months or longer.

2.     Plaintiffs' and/or one or more alleged alleged putative class members' claims are barred because BF Labs "FAQ" website states it reserves "the right to handle refund requests on a case by case basis" and pre-ordered products are non-refundable as is clearly stated at the time of purchase.

3.     Plaintiffs' and/or one or more alleged putative class members' claims are barred because Plaintiffs and/or one or more alleged putative class members understood that deliveries may take two months or more after order.

4.     Plaintiffs' and/or one or more alleged putative class members' claims are barred because Plaintiffs and/or one or more alleged putative class members expressly agreed to a pre-order arrangement, knowing delay would be two months or longer and BF Labs was unable to make any representation regarding the length of delay.

17

5.      Plaintiffs' and/or one or more alleged putative class members' claims are barred as the products in question are designed and manufactured in accordance with the standards in the industry.

6.      Plaintiffs' and/or one or more alleged putative class members' claims are barred because the products in question underwent burn testing for a minimal amount of time and had not be assigned to a customer order at the time of the burn testing.

7.      Plaintiffs' and/or one or more alleged putative class members' claims are barred because untested products are not finished goods and could not be customers' equipment.

8.      Plaintiffs' and/or one or more alleged putative class members' claims are barred pursuant to K.S.A. 84-2-501, in that the products in question were not identified in any contract at the time of the pre-order.

9.      Plaintiffs' and/or one or more alleged putative class members' claims are barred because burn testing was done to warrant the product as fit and suitable for the purposes for which it is sold.

10.     Plaintiffs' and/or one or more alleged putative class members' claims are barred because BF Labs exercised reasonable care to prevent and promptly correct any delays that Plaintiffs and/or one or more alleged putative class members complain of.

11.     Plaintiffs' and/or one or more alleged putative class members' alleged damages request cannot be sustained as unconscionable.

12.     Each and every claim contained in Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

51258496.1

13.     Plaintiffs' and/or one or more alleged putative class members' claims for damages are barred in whole or in part because Plaintiffs or alleged putative class members have suffered no damages.

14.     Plaintiffs' and/or one or more alleged putative class members' claims are barred in whole or in part based on the doctrine of election of remedies.

15.     Plaintiffs' and/or one or more alleged putative class members' claims are barred by reason of Plaintiffs' breaches or failures to perform conditions precedent or subsequent.

16.     Plaintiffs' and/or one or more alleged putative class members' claims are barred for the reason that any actions or inactions of BF Labs were economically justified.

17.     Plaintiffs' and/or one or more alleged putative class members' claims are barred by reason of Plaintiffs' and/or one or more alleged putative class members' unclean hands.

18.     Plaintiffs' and/or one or more alleged putative class members' alleged damages, which are denied, were caused by intervening and superseding acts over which BF Labs had no control or right of control, thereby barring or diminishing Plaintiffs' and/or one or more alleged putative class members' alleged right of recovery.

19.     The damages claimed by Plaintiffs and/or one or more alleged putative class members are not recoverable, in whole or in part, under Kansas or federal law.

20.     Plaintiffs' and/or one or more alleged putative class members' claims are barred by a prior settlement and/or release of those claims or are barred to the extent Plaintiffs and/or one or more alleged putative class members have entered into an accord and satisfaction or otherwise compromised their claims.

21.     In further answer to Plaintiffs' First Amended Complaint and by way of Affirmative Defense, Defendant adopts all Affirmative Defenses available to it under the Kansas

19

Uniform Commercial Code or any other Uniform Commercial Code enacted by a state whose substantive law controls in this action.

22.     Defendant is entitled to the benefit of all defenses and presumptions contained in, or arising from, any product liability act and/or Kansas Uniform Commercial Code.

23.     Defendant's actions were neither the cause in fact nor the proximate cause of Plaintiffs' and/or one or more alleged putative class members' injuries, if any.

24.     Plaintiffs' and/or one or more alleged putative class members' claims are barred, in whole or in part, by the equitable doctrines of waiver and estoppel.

25.     Plaintiffs' and/or one or more alleged putative class members' claims are barred by the doctrine of justification.

26.     Plaintiffs' and/or one or more alleged putative class members' claims are barred, in whole or in part, by the doctrine of ratification.

27.     Plaintiffs' and/or one or more alleged putative class members' claims are barred by all applicable statutes of limitation.

28.     Plaintiffs' and/or one or more alleged putative class members' claims are barred, in whole or in part, pursuant to First Amendment of the United States Constitution and similar applicable state constitutional provisions.

29.     Plaintiffs' and/or one or more alleged putative class members' claims are barred by the doctrine of spoliation and the failure to properly preserve evidence necessary to the proper and just determination of this action.

30.     Plaintiffs' and/or one or more alleged putative class members' claims are barred to the extent Plaintiffs or alleged putative class members entered into an accord and satisfaction or otherwise compromised their claims.

51258496.1

31.     Plaintiffs' and/or one or more alleged putative class members' claims are barred by the doctrines of repudiation and anticipatory breach.

32.     Plaintiffs' and/or one or more alleged putative class members' claims are barred to the extent Plaintiffs prevented BF Labs from performing.

33.     Plaintiffs' and/or one or more alleged putative class members' claims are barred to the extent that any such person received, accepted, and/or benefited from his, her, or its transactions with Defendant. Any claim to hold Defendant liable or responsible to such persons who received the benefits of their transactions including but not limited to the bitcoin miners of which such persons had possession and opportunity to use is unjust, inequitable, and supportable in fact, law, or equity.

34.     Plaintiffs' and/or one or more alleged putative class members' claims are barred based on Plaintiffs' or alleged putative class members' rejection of goods, as well as Plaintiffs' or alleged putative class members' revocation of acceptance of goods.

35.     Plaintiffs' and/or one or more alleged putative class members' claims are barred by the doctrine of mistake.

36.     Plaintiffs and/or one or more alleged putative class members have failed to mitigate their damages, if any, or otherwise take reasonable steps to minimize or prevent the damages Plaintiffs and/or one or more alleged putative class members claim to have suffered. Plaintiffs and/or one or more alleged putative class members also, once they realized a claim existed, were under an obligation to minimize their alleged loss, if any. As a result, any recovery against Defendant should be barred, reduced, or offset accordingly.

37.     Plaintiffs' and/or one or more alleged putative class members' damages should be reduced as an offset by any amount received by any other payment to mitigate damages.

38.     To the extent any alleged putative class member has settled or does settle claims, then Defendant is entitled to a set-off of amounts paid.

39.     Plaintiffs' and/or one or more alleged putative class members' punitive damage claims are barred by applicable provisions of the Kansas and/or United States Constitutions.

40.     Plaintiffs' and/or one or more alleged putative class members' claims for punitive damages are barred and must be dismissed on the following grounds:

        a.     The standard by which Defendant's conduct is to be determined as alleged by Plaintiffs and/or one or more alleged putative class members for claimed "punitive damages" is vague and wholly arbitrary and as such denies due process in violation of the Kansas Constitution, the Fifth and Fourteenth Amendments of the United States Constitution, and the state constitutions of the states in which one or more alleged putative class members reside.

        b.     The standards for determining the amount of "punitive damages" are vague, supplying no notice to Defendant of the potential repercussions of any conduct, and are subject to the unbridled discretion of the jury thereby denying due process under the Kansas Constitution, the United States Constitution, and the state constitutions of the states in which any one or more alleged putative class members reside.

        c.     Plaintiffs' and/or one or more alleged putative class members' request for "punitive damages" constitutes a request for and/or imposition of an excessive fine in violation of the Kansas Constitution, the Eighth Amendment of the United States Constitution, and the state constitutions of the states in which one or more alleged putative class members reside.

51258496.1

d.      Plaintiffs' and/or one or more alleged putative class members' request for "punitive damages" against Defendant constitutes a denial of equal protection under the law in violation of the Kansas Constitution and the Fifth and Fourteenth Amendments of the United States Constitution, and the state constitutions of the states in which one or more alleged putative class members reside in that Defendant's wealth or net worth may be considered by the jury in determining the amount of punitive damage award.

e.      Plaintiffs' and/or one or more alleged putative class members' request for punitive damages against Defendant subjects Defendant to multiple punishments for the same alleged wrong, thereby denying due process under the Kansas Constitution, the Fifth and Fourteenth Amendment to the United States Constitution, and the state constitutions of the states in which one or more alleged putative class members reside.

f.      Plaintiffs' and/or one or more alleged putative class members' punitive damage claims are barred and fail in that they require strict proof and must be established by clear and convincing evidence, which is absent from the case as a matter of law.

g.      There can be no punitive damages assessed in an action in a Kansas court based upon conduct, even if found to be unlawful, outside the state of Kansas.

h.      As a matter of law, there can be no punishment for legal conduct.

i.      The applicable jury instructions on punitive damages provide unconstitutional standards for determining liability for or any amount of punitive damages.

41.     Plaintiffs' and/or one or more alleged putative class members' claims for class certification fail as a matter of law as the prerequisite elements under Fed. R. Civ. P. 23 are

23

missing and Plaintiffs and/or one or more alleged putative class members cannot prove the elements required.

42.     BF Labs reserves the right to amend its Answer to assert additional defenses, affirmative or otherwise, that may arise or become known through the course of further investigation or discovery.

WHEREFORE, having fully answered Plaintiffs' First Amended Complaint, Defendant BF Labs respectfully requests that this Court enter judgment in its favor and against Plaintiffs, dismiss Plaintiffs' Complaint with prejudice, and award BF Labs its costs, expenses and attorneys' fees, and for such other and further relief as the Court deems just, proper, and equitable.

51258496.1

Respectfully submitted,


/s/ Mark A. Olthoff
MARK A. OLTHOFF                    KS Fed. #70339
MICHAEL S. FOSTER                    KS #24011
POLSINELLI PC
900 W. 48th Place
Suite 900
Kansas City, Missouri  64112-1895
(816) 753-1000
Fax: (816) 753-1536
molthoff@polsinelli.com
mfoster@polsinelli.com

ATTORNEYS FOR DEFENDANT BF LABS INC.

51258496.1

## <u>CERTIFICATE OF SERVICE</u>

       I hereby certify that on September 25, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

Noah K. Wood, Esq.
Ari N. Rodopoulos, Esq.
Wood Law Firm, LLC
1100 Main Street, Suite 1800
Kansas City, MO  64105-5171

ATTORNEYS FOR PLAINTIFFS

                                        /s/ Mark A. Olthoff
                                        Attorney for Defendant

51258496.1