IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **KYLE ALEXANDER, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | Case No. 14-CV-2159-KHV-JPO |
| ) | |
| **BF LABS INC., et al.,** ) | |
| ) | |
| **Defendant.** ) | |

**DEFENDANTS' MOTION TO DISMISS**

Defendants Sonny Vleisides ("Vleisides") and Jeffrey Ownby ("Ownby"), pursuant to Fed. R. Civ. P. 12(b)(6), move for an order dismissing Plaintiffs Kyle Alexander and Dylan Symington's First Amended Complaint against them in its entirety for failure to state a claim on which relief can be granted. Plaintiffs' claims are insufficient as a matter of law and should be dismissed. In support of this motion, and as more fully set forth in the accompanying Memorandum in Support, Vleisides and Ownby state:

1. The First Amended Complaint fails to allege specific conduct of Vleisides and Ownby that violates the Kansas Consumer Protection Act ("KCPA") or renders them liable for unjust enrichment. Instead, the First Amended Complaint generally, conclusory, and vaguely alleges that Vleisides and Ownby "individually, and in concert with others, controlled the acts and practices of BFL generally and as alleged herein, had actual or constructive knowledge of the acts and practices alleged herein, and committed or participated in the acts and practices alleged herein." (*See* Dock. 123, First Amended Complaint ¶¶ 6, 10.)

2. Because Plaintiffs' claims under the KCPA against Vleisides and Ownby must be pled with particularity in accordance with Fed. R. Civ. P. 9(b) but are not, those claims should be dismissed. And because Plaintiffs have attempted to allege their KCPA claims against multiple

51360690.1

defendants, Plaintiffs must set forth separately the acts complained of by each defendant to satisfy the particularity requirement. The First Amended Complaint must set out the "who, what, where, and when" of the alleged fraud. The First Amended Complaint fails to allege circumstances constituting fraud with sufficient particularity against Vleisides and Ownby to meet the heightened pleading standard of Rule 9(b).

3. Under the KCPA, a "Supplier" is defined to mean "a manufacturer, distributor, dealer, seller, lessor, assignor, or other person who, in the ordinary course of business, solicits, engages in or enforces consumer transactions, whether or not dealing directly with the consumer." K.S.A. § 50-624. While BF Labs may be a "supplier" under the KCPA as it engages in consumer transactions in the ordinary course of business, First Amended Compl. at ¶ 140, there are no allegations (and rightfully so) that Vleisides and Ownby manufactured or sold anything on behalf of themselves.

4. Unjust enrichment is a quasi-contractual equitable remedy. It does not apply, and a remedy cannot be created, when an enforceable contract governs the relations between parties.

5. The unjust enrichment count asserts that the Plaintiffs paid the "Defendants" but this is wholly inconsistent with more specific allegations in the First Amended Complaint that the Plaintiffs paid money only to BF Labs. (Dock. 123, ¶¶ 114, 115, 124, 125.) There are no allegations that any Plaintiff paid any money to Vleisides or Ownby individually. While BF Labs is alleged to have received money or bitcoin from the Plaintiffs for preordering bitcoin miners (*Id*. ¶¶ 115, 125) neither Vleisides or Ownby received money or bitcoin (and no facts were alleged that they did) for the Plaintiffs' pre-orders of bitcoin miners.

6. Plaintiffs' unjust enrichment claim against the individuals fails as a matter of law. Plaintiffs and BF Labs entered into a bilateral contract, one in which Plaintiffs paid BF Labs a

2

sum of money in return for which BF Labs promised to deliver a bitcoin mining machine to each. Nevertheless, they seek to obtain relief from the individual defendants on the ground of unjust enrichment. However, recovery for breach of the terms of a contract and recovery for *quantum meruit* are mutually exclusive legal concepts. To recover in *quantum meruit*, the contract must be unenforceable. No such claim is asserted here. Rather, Plaintiffs assert their agreements with BF Labs are valid and enforceable contracts. No express or implied contract between Plaintiffs and the individual defendants can be discerned from the allegations.

7. Vleisides and Ownby's Memorandum in Support is being filed contemporaneously with this Motion and is incorporated herein by this reference.

WHEREFORE, Defendants Sonny Vleisides and Jeffrey Ownby request this Court's order dismissing the Plaintiffs' First Amended Complaint against them, for their costs, and for such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Mark. A. Olthoff
MARK A. OLTHOFF            KS Fed. #70339
MICHAEL S. FOSTER          KS #24011
POLSINELLI PC
900 W. 48th Place
Suite 900
Kansas City, Missouri 64112-1895
(816) 753-1000
Fax: (816) 753-1536
molthoff@polsinelli.com
mfoster@polsinelli.com

ATTORNEYS FOR DEFENDANTS BF LABS INC., SONNY VLEISIDES, AND JEFFREY OWNBY

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 25, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

Noah K. Wood, Esq.
Ari N. Rodopoulos, Esq.
Wood Law Firm, LLC
1100 Main Street, Suite 1800
Kansas City, MO 64105-5171

ATTORNEYS FOR PLAINTIFFS

/s/ Mark A. Olthoff
Attorney for Defendants

4

51360690.1