IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| KYLE ALEXANDER, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 14-CV-2159-KHV-JPO |
| ) | |
| BF LABS INC., et al., ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM OF LAW IN SUPPORT OF
VLEISIDES AND OWNBY'S MOTION TO DISMISS

The claims alleged against individual defendants Sonny Vleisides and Jeffrey Ownby should be dismissed. The allegations fail to satisfy federal pleading requirements and, thus, the amended complaint fails to state a claim against these individuals upon which relief may be granted. Fed. R. Civ. P. 12(b)(6), D. Kan. L.R. 7.1(a) and 7.6. As discussed herein, there is no basis for Plaintiffs' claims and no reason to subject these individuals to the specter of liability and expense of litigating this case.

I.    NATURE OF THE CASE

Plaintiffs Kyle Alexander and Dylan Symington filed a complaint against BF Labs on April 4, 2014, purportedly seeking to represent "all persons who pre-paid Defendant for Bitcoin mining equipment." (Dock. 1, p. 8.) Plaintiffs' claims were brought under the Kansas Consumer Protection Act ("KCPA") and for unjust enrichment, negligent misrepresentation and conversion. (*Id*., Counts I–IV.) This matter was stayed on October 22, 2014, after the Western District of Missouri entered an *ex parte* order freezing BF Labs' assets and appointing a temporary receiver to oversee BF Labs after the Federal Trade Commission ("FTC") alleged BF Labs violated Section 5(a) of the FTC Act. (Dock. 59; *see also* Case No. 14-815-BCW, Dock. 9.) Following a two-day hearing on November 24 and 25, 2014, the Western District of Missouri, on

51292508.2

December 12, 2014, entered an order denying the FTC's motion for preliminary injunction and continuation of asset freeze and receivership. (Case No. 14-815-BCW, Dock. 201.) Thereafter, the stay was lifted and discovery continued in this matter.

On the last day that Plaintiffs could seek to amend their pleadings in this case, they sought leave to amend their Complaint in an attempt to add four individuals alleged to be owners or officers of BF Labs, Sonny Vleisides, Nasser Ghoseiri, Jeff Ownby, and Joshua Zerlan, for violating the KCPA and for unjust enrichment. (Dock. 116.) Plaintiffs argued in their Memorandum in Support of Motion for Leave to File First Amended Complaint that the individuals should be added because Plaintiffs are concerned about the collectability of a judgment against BF Labs and "believe they have sufficient information to allege knowledge, involvement, and participation by such owners/officers." (*See* Dock. 119, p. 3.) The Court granted Plaintiffs' motion to amend their Complaint on September 2, 2015 and gave the Plaintiffs until September 11, 2015 to serve the four additional individuals. (Dock. 122.) Only Vleisides and Ownby were served by September 11, 2015. (Dock. 125, 126.) Vleisides and Ownby are two of the owners of BF Labs. (Dock. 123, First Amended Compl. ¶¶ 6, 10.) Vleisides is a founder as well as Innovation Officer and Vice President of Product Development at BF Labs. (*Id.* ¶ 6.) Ownby is the Vice President of Marketing and E-Commerce of BF Labs. (*Id.* ¶ 10.)

## II.   BACKGROUND ALLEGATIONS

Plaintiffs assert the following pertinent allegations as to the individual defendants:

1. Vleisides is a founder as well as Innovation Officer and Vice President of Product Development at BF Labs. (Dock 123, First Amended Compl. ¶ 6.)

2. Ownby is the Vice President of Marketing and E-Commerce of BF Labs. (*Id.* ¶ 10.)

2

3. BF Labs advertises itself to the public as a manufacturer of specialized computer equipment and processors for the task of mining bitcoins. (*Id.* ¶ 15.)

4. BF Labs was formed in July 2011. (*Id.* ¶ 28.)

5. In June of 2013, Plaintiff Kyle Alexander ordered a Bitcoin mining machine from BF Labs. (*Id.* ¶ 114.)

6. Plaintiff Kyle Alexander paid $308.00 to BF Labs via PayPal for this equipment. (*Id.* ¶ 115.)

7. On April 3, 2013, Plaintiff Dylan Symington ordered a Bitcoin mining machine from BF Labs. (*Id.* ¶ 124.)

8. Plaintiff Dylan Symington paid $1,333.00 to BF Labs via PayPal for this equipment. (*Id.* ¶ 125.)

9. In Count I of the First Amended Complaint, the Plaintiffs allege that "Defendants are manufacturers, distributors, dealers, sellers, lessors, assignors, or other persons who, in the ordinary course of business solicit, engage in or enforce consumer transactions, and are therefore 'suppliers' as defined in K.S.A. § 50-624(l)."[1] (*Id.* ¶ 140.)

10. In Count II of the First Amended Complaint, the Plaintiffs allege that "[a] benefit was conferred on Defendants in that Plaintiffs paid money to Defendants." (*Id.* ¶ 151.)

11. In Count II of the First Amended Complaint, the Plaintiffs allege that "[a] benefit was conferred on Defendants in that Defendants used Plaintiffs' mining equipment to mine bitcoins for itself." (*Id.* ¶ 152.)

---

[1] Plaintiffs' [Proposed] Amended Complaint filed as an attachment with their Motion for Leave to File First Amended Complaint (Dock. 116-1) stated that "BFL is a manufacturer, distributor, dealer, seller. . . ." (*see* ¶ 140) but the First Amended Complaint that was filed (Dock. 123) reflects a material change to the document altering "BFL" to "Defendants." (*See* ¶ 140.) The pleading thus should not be permitted. *See Foreclosure Management Co. v. Asset Management Holdings, LLC*, 2008 WL 2222028 (D. Kan. May 28, 2008).

3

51292508.2

### III. MOTION TO DISMISS STANDARD

The sole issue before this Court is whether Plaintiffs can recover against two individual owners of BF Labs Inc. for alleged breaches of the Kansas Consumer Protection Act and for unjust enrichment when the Plaintiffs failed to allege facts demonstrating that the two owners, in their individual capacities, sold bitcoin mining equipment to the Plaintiffs, failed to plead that the two individual defendants received any money or bitcoin from the Plaintiffs, and Plaintiffs do not allege that the individuals are liable derivatively.

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in the complaint and is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts. Fed. R. Civ. P. 12(b)(6); *Sunrise Valley, LLC v. Kempthorne*, 528 F.3d 1251, 1254 (10th Cir. 2008). To survive a motion to dismiss, a pleading must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" do not sufficiently state a claim. *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 555).

The Court should dismiss the First Amended Complaint as to individual defendants Vleisides and Ownby because Plaintiffs have not alleged facts that "raise [their] right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Woolf v. Stewart*, Nos. 10–2444–JWL, 09–2466–JWL, 2011 WL 484192, at *5 (D. Kan. Feb. 7, 2011) (citing *Twombly* and stating that "[t]o survive a motion to dismiss, a plaintiff's complaint must include factual allegations that state a plausible claim for relief"). Under *Twombly*, mere "labels and conclusions" or a "formulaic recitation" of a claim's elements "will not do." *Twombly*, 550 U.S. at 555. Rather, Plaintiffs must allege enough factual matter, "taken as true," to "plausibly

suggest" that Plaintiffs can establish all of the elements of their claims. *Id*. at 556–57. Because the First Amended Complaint does not meet this standard, "this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." *Id*. at 558 (alteration in original) (internal quotation marks omitted).

Further, Plaintiffs are required to plead their KCPA claims with particularity in accordance with Fed.R.Civ.P. 9(b). *See Burton v. R.J. Reynolds Tobacco Co*., 884 F.Supp. 1515, 1524 (D.Kan. 1995) (KCPA allegations are subject to Rule 9(b)); *Jamieson v. Vatterott Educational Center, Inc*., 473 F.Supp.2d 1153, 1158 (D.Kan. 2007). Federal Rule 9(b) states: "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally." Fed.R.Civ.P. 9(b). Thus, to survive a motion to dismiss, an allegation of fraud must "set forth the time, place, and contents of the false representation, the identity of the party making the false statements and the consequences thereof." *Lawrence Nat'l Bank v. Edmonds (In re Edmonds)*, 924 F.2d 176, 180 (10th Cir. 1991). "In other words, the plaintiff must set out the who, what, where, and when of the alleged fraud." *Plastic Packaging Corp. v. Sun Chem. Corp*., 136 F.Supp.2d 1201, 1203 (D.Kan. 2001) (internal citations omitted).

IV.   **ARGUMENT AND AUTHORITIES**

    A.   **Plaintiffs' First Amended Complaint contains legal conclusions about Vleisides and Ownby and does not assert sufficient plausible facts to allege a claim of individual liability.**

The First Amended Complaint fails to allege specific conduct of Vleisides and Ownby that violates the KCPA or renders them liable for unjust enrichment. Instead, the First Amended Complaint generally, conclusory, and vaguely alleges that Vleisides and Ownby "individually, and in concert with others, controlled the acts and practices of BFL generally and as alleged herein, had actual or constructive knowledge of the acts and practices alleged herein, and

5

committed or participated in the acts and practices alleged herein." (*See* Dock. 123, First Amended Complaint ¶¶ 6, 10.) But these assertions are mere legal conclusions and the remaining allegations do not add any meat to these bare bones. Plaintiffs do not allege specifically in their First Amended Complaint what conduct of Vleisides or Ownby supposedly violated the KCPA. They instead impermissibly lump all of the defendants together.

Because Plaintiffs' claims under the KCPA must be pled with particularity in accordance with Rule 9(b) but are not, those claims should be dismissed. Fed.R.Civ.P. 9(b); *see Burton,* 884 F.Supp. at 1524. And because Plaintiffs have attempted to allege their KCPA claims against multiple defendants, Plaintiffs must set forth separately the acts complained of by each defendant to satisfy the particularity requirement. *See Gottstein v. National Ass'n for Self Employed*, 53 F.Supp.2d 1212, 1223 (D.Kan. 1999). The First Amended Complaint "must set out the 'who, what, where, and when' of the alleged fraud." *Plastic Packaging Corp.*, 136 F.Supp.2d at 1203. The First Amended Complaint fails to allege circumstances constituting fraud with sufficient particularity to meet the heightened pleading standard of Rule 9(b).

Second, under the KCPA, a "Supplier" is defined to mean "a manufacturer, distributor, dealer, seller, lessor, assignor, or other person who, in the ordinary course of business, solicits, engages in or enforces consumer transactions, whether or not dealing directly with the consumer." K.S.A. § 50-624. While BF Labs may be a "supplier" under the KCPA as it engages in consumer transactions in the ordinary course of business, First Amended Compl. at ¶ 140, there are no allegations (and rightfully so) that Vleisides and Ownby manufactured or sold anything on behalf of themselves. *See Osterhaus v. Toth*, 249 P.3d 888, 908 (Kan. 2011) ("To be a supplier under the KCPA, Toth must be a seller who engages in consumer transactions in the ordinary course of business.").

Third, unjust enrichment is a quasi-contractual equitable remedy. It does not apply, and a remedy cannot be created, when an enforceable contract governs the relations between parties. *See Britvic Soft Drinks, Ltd. v. ACSIS Techs., Inc.*, 2004 WL 1900584 at *2 (D. Kan., June 8, 2004); *see also Regal Ware, Inc. v. Vita Craft Corp.*, 653 F.Supp.2d 1146, 1151 (D. Kan. 2006). To succeed on a claim for unjust enrichment, a plaintiff must allege and show: (1) a benefit has been conferred upon the defendant, (2) the defendant retains the benefit, and (3) under the circumstances, the defendant's retention of the benefit is unjust. *Estate of Draper v. Bank of Am. Nat. Ass'n*, 205 P.3d 698, 706 (Kan. 2009).

Here, the unjust enrichment count asserts that the Plaintiffs paid the "Defendants" but this is wholly inconsistent with more specific allegations in the First Amended Complaint that the Plaintiffs paid money only to BF Labs. (Dock. 123, ¶¶ 114, 115, 124, 125.) There are no allegations that any Plaintiff paid any money to Vleisides or Ownby individually. While BF Labs is alleged to have received money or bitcoin from the Plaintiffs for preordering bitcoin miners (*Id.* ¶¶ 115, 125) neither Vleisides or Ownby received money or bitcoin (and no facts were alleged that they did) for the Plaintiffs' pre-orders of bitcoin miners. Likewise, there are no allegations that Vleisides and Ownby in their individual capacities ever received any money from Plaintiffs or that Vleisides and Ownby ever used Plaintiffs' mining equipment to mine bitcoins for themselves. As a result, the unjust enrichment claim against the individuals must be dismissed.

Aside from the pleading inadequacy, Plaintiffs' unjust enrichment claim against the individuals fails as a matter of law. Plaintiffs and BF Labs entered into a bilateral contract, one in which Plaintiffs paid BF Labs a sum of money in return for which BF Labs promised to deliver a bitcoin mining machine to each. Nevertheless, they seek to obtain relief from the individual

7

defendants on the ground of unjust enrichment. However, recovery for breach of the terms of a contract and recovery for *quantum meruit* are mutually exclusive legal concepts. *See Britvic Soft Drinks, supra.* To recover in *quantum meruit*, the contract must be unenforceable. No such claim is asserted here. Rather, Plaintiffs assert their agreements with BF Labs are valid and enforceable contracts. What Plaintiffs do **not** contend is that they have any contract with the individual defendants. No express or implied contract between Plaintiffs and the individual defendants can be discerned from the allegations.

The facts are materially indistinguishable from those in a recent case before Judge Robinson. In *Shafer, Kline & Warren, Inc. v. The Allen Group-Kansas City, LLC*, Case No. 13-2472, 2014 WL 1974525 (D. Kan. May 15, 2014), the plaintiff sued a corporate defendant and its owner under an unjust enrichment theory. In dismissing the unjust enrichment claim against the owner, the court found that the allegations in the complaint made clear that a contract existed between the plaintiff and the corporate defendant. Thus, an adequate legal remedy existed. *Id*. at *2; *see also Regal Ware, Inc*., 653 F.Supp.2d at 1152. The court then stated: "The mere fact that [the corporate defendant] may be unable to satisfy a judgment does not mean that [plaintiff's] legal remedy is inadequate." *Shafer, Kline & Warren, Inc.,* 2014 WL 1974525 at *2.

### B.   Plaintiff fails to state a claim against the individuals because of the intracorporate conspiracy doctrine.

Plaintiffs' First Amended Complaint does not allege a claim to pierce the corporate veil of BF Labs,[2] does not allege a conspiracy occurred or any other form of derivative liability. Even if it did, such a claim would fail. The "intracorporate conspiracy doctrine" recognizes that, under basic agency principles, the acts of a corporation's agents are considered to be those of a single

---

[2] In any event, like in *Shafer*, *supra*, such a claim would fail as a matter of law entitling defendants Vleisides and Ownby to dismissal. 2014 WL 1974525 at *3.

8

legal actor—the corporation. In order to have a conspiracy there must be two or more persons. *See Stoldt v. City of Toronto*, 234 Kan. 957, 967 (1984). Since a corporation may not conspire with itself, the doctrine holds that no conspiracy may be found between a corporation and its agent, when the agent acts solely for the corporation. *See*, *e.g.*, *McAndrew v. Lockheed Martin Corp.*, 206 F.3d 1031, 1036–37 (11th Cir. 2000) ("just as it is not legally possible for an individual person to conspire with himself, it is not possible for a single legal entity consisting of the corporation and its agents to conspire with itself.").

Kansas courts have adopted this doctrine in a variety of contexts. *See York v. Intrust Bank, N.A.*, 265 Kan. 271, 293, 962 P.2d 405 (1998) ("it is true that agents or employees acting only in their official capacities on behalf of a corporate defendant and whose acts are considered those of the corporation may not form a conspiracy with the corporation"); *May v. Santa Fe Trail Transp. Co.*, 189 Kan. 419, 424, 370 P.2d 390 (1962) ("Where the individual defendants are named and described as officials of the corporate defendant in a petition, with no allegations that these defendants acted other than in their official capacities on behalf of the corporate defendant, and no allegation remotely indicates that they were pursuing their course as individuals or for individual advantage, the acts of the individual defendants must be regarded as the acts of the corporation, and when so acting they cannot conspire with the corporation of which they are a part."); *Diederich v. Yarnevich*, 40 Kan. App.2d 801, 811–812 (2008) ("officers and directors of a corporation cannot conspire with themselves when acting on behalf of the corporation and within the scope of their authority"); *Clevenger v. Catholic Social Serv.*, 21 Kan. App.2d 521, 525–26 (1995) ("Kansas law recognizes no exceptions to the general rule stated in *May* [*v. Santa Fe Trail Transp. Co.*].").

9

For these reasons, individual defendants Sonny Vleisides and Jeffrey Ownby respectfully request that the Court enter its order dismissing Plaintiffs' First Amended Complaint against them, with prejudice, and award such other relief as the Court deems just and proper.

Respectfully submitted,

/s/ Mark A. Olthoff
MARK A. OLTHOFF                     KS Fed. #70339
MICHAEL S. FOSTER                   KS #24011
POLSINELLI PC
900 W. 48th Place
Suite 900
Kansas City, Missouri  64112-1895
(816) 753-1000
Fax: (816) 753-1536
molthoff@polsinelli.com
mfoster@polsinelli.com

ATTORNEYS FOR DEFENDANTS BF LABS INC., SONNY VLEISIDES, AND JEFFREY OWNBY

**CERTIFICATE OF SERVICE**

       I hereby certify that on September 25, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

Noah K. Wood, Esq.
Ari N. Rodopoulos, Esq.
Wood Law Firm, LLC
1100 Main Street, Suite 1800
Kansas City, MO 64105-5171

ATTORNEYS FOR PLAINTIFFS

                                                    /s/ Mark A. Olthoff
                                                    Attorney for Defendants

51292508.2