# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| KYLE ALEXANDER, and ) <br> DYLAN SYMINGTON, ) <br> on behalf of themselves and all those ) <br> similarly situated, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> BF LABS INC., et al., ) <br> ) <br> Defendants. ) | Case No. 14-CV-2159-KHV-JPO |

## PLAINTIFFS' MEMORANDUM IN OPPOSITION TO VLEISIDES AND OWNBY'S MOTION TO DISMISS

Respectfully submitted,

WOOD LAW FIRM, LLC

By   /s/ *Ari N. Rodopoulos*
Noah K. Wood                KS #23238
noah@woodlaw.com
Ari N. Rodopoulos           KS #26585
ari@woodlaw.com
1100 Main Street, Suite 1800
Kansas City, MO 64105-5171
T: (816) 256-3582
F: (816) 337-4243
*Attorneys for Plaintiffs*

*i*

## TABLE OF CONTENTS

Table of Authorities .................................................................................................................... ii

I.    APPLICABLE LAW ............................................................................................................. 1

II.    ARGUMENT ...................................................................................................................... 1

    A.    Defendants Vleisides and Ownby are subject to liability under KCPA ............................................................................................................... 1

    B.    Because KCPA claims do not require any allegations of circumstances constituting fraud, particularly under Rule 9(b) is not required ........................................................................................................ 2

    C.    Plaintiffs have stated a claim for unjust enrichment ............................................... 7

    D.    Plaintiffs have not asserted a conspiracy claim ..................................................... 11

CERTIFICATE OF SERVICE ................................................................................................. 12

# TABLE OF AUTHORITIES

**CASES**

*Britvic Soft Drinks Ltd. v. ACSIS Technologies, Inc.*, 2004 WL 1900584, at *2 (D. Kan. June 8, 2004) .................................................................. 7

*Burton v. R.J. Reynolds Tobacco Co.*, 884 F. Supp. 1515, 1517-18 (D. Kan. 1995) .................................................................. 5

*Haag v. Dry Basement, Inc.*, 732 P.2d 392, 394 (Kan. App. 1987), review denied April 10, 1987 .................................................................. 4

*In re Edmonds*, 924 F.2d 176, 180 (10th Cir. 1991) .................................................................. 5

*Jamieson v. Vatterott Educ. Ctr., Inc.*, 473 F. Supp. 2d 1153, 1154 (D. Kan. 2007) .................................................................. 5

*Kansas Com'n on Civil Rights v. Service Envelope Co., Inc.*, 660 P.2d 549, 555 (Kan. 1983) .................................................................. 2, 10

*Kelly v. VinZant*, 197 P.3d 803, 812 (Kan. 2008) .................................................................. 4

*McFeeters v. Renollet*, 500 P.2d 47, 50 (Kan. 1972) .................................................................. 2

*Osterhaus v. Toth*, 249 P.3d 888, 907-908 (Kan. 2011) .................................................................. 3

*Plastic Packaging Corp. v. Sun Chem. Corp.*, 136 F. Supp. 2d 1201, 1203 (D. Kan. 2001) .................................................................. 5

*Pueblo of Jemez v. United States*, 790 F.3d 1143, 1171 (10th Cir. 2015) .................................................................. 1

*Ray v. Ponca/Universal Holdings, Inc.*, 913 P.2d 209, 212 (Kan. App. 1995) .................................................................. 6

*Regal Ware, Inc. v. Vita Craft Corp.*, 653 F. Supp. 2d 1146, 1150-51 (D. Kan. 2006) .................................................................. 8

*Schwartz v. Celestial Seasonings, Inc.*, 124 F.3d 1246, 1252 (10th Cir. 1997) .................................................................. 6, 7

*Shafer, Kline & Warren, Inc. v. The Allen Grp.-Kansas City, LLC*, 2014 WL 1974525, at *1 (D. Kan. May 15, 2014) .................................................................. 9

*U. S., for & on Behalf of Sunworks Div. of Sun Collector Corp. v. Ins. Co. of N. Am.*, 695 F.2d 455, 458 (10th Cir. 1982) .................................................................. 8, 9

*Wagner Interior Supply of Kansas City, Inc. v. Associated Drywall Contractors, Inc.*, 2013 WL 5188682, *1, 3-4 (Kan. App. September 13, 2013) .................................................................. 11

**STATUTES**

Kan. Stat. Ann. § 50-627(a) .................................................................. 4

Kan. Stat. Ann. § 50-624(l) .................................................................. 1

Kan. Stat. Ann. § 50-626(a) .................................................................. 4

**OTHER AUTHORITIES**

19 Am.Jur.2d, Corporation, § 1382, p. 778) ......................................................................... 2

**RULES**

Fed. R. Civ. P. 8(a)(2) ............................................................................................................ 1
Fed. R. Civ. P. 9(b) ....................................................................................................... 3, 5, 6

**COME NOW**, Plaintiffs, and, for the reasons set forth below, respectfully request the Court to deny the Motion to Dismiss filed by Defendants Vleisides and Ownby (Doc. 130).

## I.  APPLICABLE LAW

When reviewing a motion to dismiss for failure to state a claim, the court must accept as true all well-pleaded allegations and view them in the light most favorable to the plaintiff.  *Pueblo of Jemez v. United States*, 790 F.3d 1143, 1171 (10th Cir. 2015).  The plaintiff's pleading is only required to contain a short and plain statement of the claim showing the plaintiff is entitled to relief.  *Id.* (citing Fed. R. Civ. P. 8(a)(2)).  If the plaintiff's pleading contains sufficient factual allegations stating a claim to relief that is plausible, *i.e.*, above the speculative level, it will survive a motion to dismiss.  *Id.*

## II.  ARGUMENT

### A.  Defendants Vleisides and Ownby are subject to liability under the KCPA

Defendants Vleisides and Ownby argue they cannot be deemed "suppliers" under the Kansas Consumer Protection Act ("KCPA") because "there are no allegations that Vleisides or Ownby manufactured or sold anything on behalf of themselves."  (Doc. 130, p. 6).  Defendants' argument is misplaced.  The fact that Vleisides and Ownby did not manufacture or sell anything on behalf of themselves does not preclude liability under the KCPA.

The KCPA defines "supplier" as "a manufacturer, distributor, dealer, seller, lessor, assignor, *or other person* who, in the ordinary course of business, solicits, engages in or enforces consumer transactions, whether or not dealing directly with the consumer."  Kan. Stat. Ann. § 50-624(l) (emphasis added).  The phrase "or other

person" makes clear that one need not be a manufacturer or seller in order to qualify as a "supplier."

Here, Defendants Vleisides and Ownby do not dispute Plaintiffs have sufficiently alleged they are "other persons" who solicited or engaged in consumer transactions in the ordinary course of business. Defendants Vleisides and Ownby are "suppliers" because they are "other persons" who controlled BFL and solicited and/or participated in the solicitation of consumer transactions in the ordinary course of business – regardless of whether they dealt directly with the consumer. (*See* Doc. 123, ¶¶ 6, 8, 10, 12, 29-30, 42, 44, 48, 56, 61, 75, 106). Plaintiffs' proposed allegations, taken as true and with all reasonable inferences made in Plaintiffs' favor, sufficiently allege Defendants Vleisdies and Ownby participated in and/or authorized the deceptive/unconscionable practices of BFL.[1]

In *McFeeters*, the Kansas Supreme Court made clear that an officer's participation in a tort subjects the officer to personal liability, even if the tort was also committed by or for the corporation. *McFeeters v. Renollet*, 500 P.2d 47, 50 (Kan. 1972) (citing 19 Am.Jur.2d, Corporation, § 1382, p. 778)); *see also Kansas Com'n on Civil Rights v. Service Envelope Co., Inc.*, 660 P.2d 549, 555 (Kan. 1983). Combining the *McFeeters* decision with the broad definition of "supplier" under the KCPA, there is no reason to conclude Kansas law would preclude liability of persons who participate in or authorize the deceptive/unconscionable practices of a corporation. Plaintiffs have alleged a claim to relief based on the express terms of the KCPA and well-established Kansas law. Defendants were unable to cite any authority to the contrary.

---

[1] Plaintiffs are not seeking to hold Vleisides and Ownby liable simply because of their status as owners and officers. Instead, Plaintiffs are seeking to hold these individuals liable for their direct, personal participation, and personal authorization of the unlawful conduct and scheme alleged in the amended complaint. (*See* Doc. 123, ¶¶ 6, 10).

Alexander et al. v. BF Labs, Inc., et al.
*Plaintiffs' Memorandum in Opposition to Vleisides and Ownby's Motion to Dismiss*

2

Defendants cite one case, *Osterhaus*, in support of their argument they cannot be deemed "suppliers" under the KCPA. (Doc. 130, p. 6). *Osterhaus*, however, is inapposite. *Osterhaus* did not involve the question of whether an "other person" who engages in or solicits consumer transactions in the ordinary course of business is a "supplier" under the KCPA. In *Osterhaus*, on summary judgment, the issue raised was whether a defendant who engaged in seven real estate transactions over a 2 ½-year period and lived in the homes would qualify as a "supplier" under the KCPA. *See Osterhaus v. Toth*, 249 P.3d 888, 907-908 (Kan. 2011). The Kansas Supreme Court ruled summary judgment was inappropriate because "whether [defendant] is a supplier is a factual question to be decided in the district court." *Id.* at 908. *Osterhaus* is inapposite to the present analysis.

    **B.**    **Because KCPA claims do not require any allegations of circumstances constituting fraud, particularity under Rule 9(b) is not required**

Defendants also argue that all claims under the KCPA must be pled with particularity in accordance with Rule 9(b). Rule 9(b) by its terms, however, does not apply because Plaintiffs have not alleged fraud or mistake. *See* Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."). Instead, Plaintiffs have alleged the KCPA was violated due to non-disclosure of material facts (Doc. 123, p. 26, at ¶ 144) and due to the denial of a material benefit (Doc. 123, p. 27, at ¶ 146). Plaintiffs have not alleged a fraud claim and the word "fraud" is not used anywhere in Plaintiffs' Amended Complaint except with respect to describing a prior criminal conviction of Defendant Vleisides. (Doc. 123, pp. 5-6).

The KCPA was not written in terms of fraud but, instead, the KCPA was written in terms of "any deceptive act or practice in connection with a consumer transaction" and "any unconscionable act or practice in connection with a consumer transaction." Kan. Stat. Ann. § 50-626(a) and 50-627(a).  In fact, the term "fraud" was not used anywhere § 50-626 or § 50-627.  In *Kelly*, in 2008, the Kansas Supreme Court explained there are significant differences between a KCPA claim and a fraud claim:

> In reaching these conclusions, the Court of Appeals noted that there are several significant differences between a statutory KCPA claim and one sounding in common-law fraud. For example, the KCPA prohibits deceptive acts and practices in regard to consumer transactions whether or not a consumer was in fact misled. K.S.A. 50–626(b); PIK Civ. 4th 129.01. In addition, the burden of proof differs; KCPA claims may be established by a preponderance rather than clear and convincing evidence applied to common-law fraud claims. *See Ray v. Ponca/Universal Holdings, Inc.*, 22 Kan. App.2d 47, 913 P.2d 209 (1995); PIK Civ. 4th 129.02. Similarly, there are differences between a claim under the KCPA and negligence; in fact, there is little (or no) similarity between a KCPA claim and a medical malpractice negligence claim. Thus, *it is possible for [a plaintiff] to prove a claim under the KCPA even if he cannot prove a negligence or common-law fraud claim.*

*Kelly v. VinZant*, 197 P.3d 803, 812 (Kan. 2008) (emphasis added); *see also Haag v. Dry Basement, Inc.*, 732 P.2d 392, 394 (Kan. App. 1987), review denied April 10, 1987 ("A violation of the KCPA is not the same as a common-law action for fraud[.]").

Defendants cite a couple of federal court cases – *Burton*, *Jamieson*, *In re Edmonds,* and *Plastic Packaging* – in support of their argument that all KCPA claims must be plead with particularity under Rule 9(b).  These cases, however, are either inapposite and/or only apply when a fraud claim is actually asserted.

In *Burton*, the plaintiff alleged claims for fraud, misrepresentation, negligence, strict liability, breach of express warranty, conspiracy, and a violation of the KCPA.

*Burton v. R.J. Reynolds Tobacco Co.*, 884 F. Supp. 1515, 1517-18 (D. Kan. 1995). In *Jamieson*, the plaintiff alleged claims for fraud, breach of contract, and a violation of the KCPA. *Jamieson v. Vatterott Educ. Ctr., Inc.*, 473 F. Supp. 2d 1153, 1154 (D. Kan. 2007). In *In re Edmonds*, the court found Rule 9(b) applied to claim of debtor's fraud because Fed. R. Bankr. P. 7009 specifically incorporates Rule 9(b)—and the KCPA was not even at issue. *In re Edmonds*, 924 F.2d 176, 180 (10th Cir. 1991). In *Plastic Packaging*, the plaintiff alleged claims for fraud, fraud by silence, and negligent omission—and, again, the KCPA was not even at issue. *Plastic Packaging Corp. v. Sun Chem. Corp.*, 136 F. Supp. 2d 1201, 1203 (D. Kan. 2001).

At best, these cases establish Rule 9(b) applies when: (1) the plaintiff alleges a fraud claim (with or without a KCPA claim); or (2) when another federal statute expressly states that Rule 9(b) applies to the type of allegations at issue. This makes sense because by its express terms, Rule 9(b) does not apply unless there are allegations of "fraud or mistake." Fed. R. Civ. P. 9(b).

In *Burton*, although a KCPA claim does not require allegations of fraud, the court erroneously concluded that Rule 9(b) nevertheless applies to a KCPA claim because such claims "sound largely in fraud." *Burton*, 884 F. Supp. at 1524. This analysis was flawed and should not be followed because Rule 9(b), by its express terms, only applies when there are allegations of "fraud or mistake"—not when there are allegations that "largely sound in fraud" as interpreted by the court in *Burton*.

Further, the remainder of Rule 9(b) makes clear that not all allegations of fraud or mistake (or largely sounding in fraud or mistake) are subject to the heightened pleading standard. Rule 9(b) states if there are allegations of fraud or mistake, "a party must state with particularity the circumstances *constituting* fraud or mistake." Fed. R.

Civ. P. 9(b) (emphasis added). Rule 9(b) makes clear that only circumstances *constituting* fraud or mistake must be stated with particularity. *Id.*

Defendants do not argue Plaintiffs bear the burden of proving circumstances constituting fraud or mistake, and rightfully so. To require a plaintiff to prove circumstances *constituting* fraud or mistake in order to succeed under the KCPA would be contrary to the purpose of the KCPA. *See Ray v. Ponca/Universal Holdings, Inc.*, 913 P.2d 209, 212 (Kan. App. 1995). In *Ray*, the Kansas Court of Appeals explained:

> The legislature clearly intended to increase the protections afforded consumers by enacting the KCPA. Equating the *burden or quality of proof* required to establish a deceptive practice with the proof required to establish common-law fraud is contrary to that intent. If the legislature intended to include a clear and convincing standard, it could easily have done so. Because there is no support for the imposition of this higher standard, we will not read it into the statute.

*Id.* (emphasis added).

Similarly, just as equating the burden or quality of proof in a KCPA claim to that of a fraud claim would be improper, so would requiring a plaintiff to plead circumstances constituting fraud in order to state a claim under the KCPA. It does not make sense to require a plaintiff to allege facts that do not have to be proven. Rule 9(b) makes clear that only allegations constituting fraud or mistake must be plead with particularity.

Case law in the Tenth Circuit supports Plaintiffs' position. For example, the Tenth Circuit, "[a]ssuming without deciding" the proper interpretation of Rule 9(b), has analyzed the applicability of Rule 9(b) by focusing on whether the claim requires allegations of fraud in order to state a prima facie claim. *See Schwartz v. Celestial Seasonings, Inc.*, 124 F.3d 1246, 1252 (10th Cir. 1997). In *Schwartz*, the Tenth Circuit

was asked to decide whether a claim under § 11 of the Securities Act had to be stated with particularity under Rule 9(b).  In answering this question, the Tenth Circuit began by pointing out that the plaintiff "need only show a material misstatement or omission to establish [a] prima facie case" under § 11 of the Securities Act.  *Id.* at 1251.  The Tenth Circuit then concluded that Rule 9(b) did not apply to a claim under § 11 of the Securities Act because "plaintiff [was] not required to have alleged fraud to establish a prima facie § 11 claim[.]"  *Id.* at 1252.

Here, much like in *Schwartz*, Plaintiffs have alleged § 50-626 of the KCPA was violated due to non-disclosure of material facts.  (Doc. 123, p. 26, at ¶ 144).  Plaintiffs have also alleged § 50-627 of the KCPA was violated due to the denial of a material benefit.  (Doc. 123, p. 27, at ¶ 146).  Following *Schwartz*, Rule 9(b) does not apply because Plaintiffs are not required to allege fraud to establish a prima facie claim under § 50-626 based on non-disclosure of material facts or under § 50-627 based on the denial of a material benefit—and Defendants have not argued or cited any authority to the contrary.  Defendants' Motion to Dismiss should be denied.

    **C.**    **Plaintiffs have stated a claim for unjust enrichment**

Defendants argue that Plaintiffs' claim for unjust enrichment "does not apply, and a remedy cannot be created, when an enforceable contract governs the relations between parties."  (Doc. 130, p. 7).  Defendants cite *Britvic* and *Regal Ware* for this broad proposition, but these cases merely establish a specific point of law.  *See Britvic Soft Drinks Ltd. v. ACSIS Technologies, Inc.*, 2004 WL 1900584, at *2 (D. Kan. June 8, 2004) (unjust enrichment does not apply "when an enforceable express contract regulates the relations of the parties *with respect to the disputed issue.*") (emphasis added) (quotations omitted); *see also Regal Ware, Inc. v. Vita Craft Corp.*, 653 F. Supp.

2d 1146, 1150-51 (D. Kan. 2006) (unjust enrichment cannot be used to enforce a duty imposed by an express contract).

Here, there is no express contract between Plaintiffs and Defendants Vleisides or Ownby, and Plaintiffs have not alleged the existence of any such contract. Further, there is no express contract between Plaintiffs and any defendant with respect to (or resolving) the issues raised by Plaintiffs' claims, and Plaintiffs have not alleged the existence of any such contract. And Plaintiffs are not seeking to enforce any duty imposed by any express contract. Plaintiffs seek to recover the value of unjust enrichment to Defendants by accepting, retaining, and using Plaintiffs' mining equipment and increased value of Plaintiffs' money over time. (Doc. 123, pp. 28-29, at ¶¶ 151-159). There is no express contract with respect to these issues, and Plaintiffs have not alleged the existence of any such contract.

Defendants also argue there must be a contract that is unenforceable before a plaintiff may assert a claim for unjust enrichment. (Doc. 130, p. 8) ("To recover in *quantum meruit*, the contract must be unenforceable."). This argument is not supported with any legal authority. In fact, Defendants' argument is contrary to well-established law. *See U. S., for & on Behalf of Sunworks Div. of Sun Collector Corp. v. Ins. Co. of N. Am.*, 695 F.2d 455, 458 (10th Cir. 1982). In 1982, the Tenth Circuit explained:

> One who has been unjustly enriched at the expense of another may be required by law to make restitution. Restatement of Restitution § 1 comments a, b, c (1937). This quasi-contractual obligation is created by the courts for reasons of justice and equity, *notwithstanding the lack of any contractual relationship between the parties*.

*Id.* at 458 (emphasis added). Defendants' argument that a claim for unjust enrichment requires the existence of an unenforceable contract is refuted by the Tenth Circuit's explanation that unjust enrichment may require restitution even where there is no contractual relationship at all between the parties.

Defendants argue Plaintiffs' allegations "are materially indistinguishable" from the facts in *Shafer*, but *Shafer* is wholly distinguishable. In *Shafer*, the plaintiff and a corporate defendant contracted for services in exchange for payment. *Shafer, Kline & Warren, Inc. v. The Allen Grp.-Kansas City, LLC*, 2014 WL 1974525, at *1 (D. Kan. May 15, 2014). The corporate defendant, however, refused to pay for the services performed by the plaintiff. *Id.* The plaintiff sued the corporate defendant and an owner of the corporation for various state law claims, including unjust enrichment. *Id.* at *1-2. The court dismissed the unjust enrichment claim against the corporate defendant because the duty to pay for services was governed by a contract, and unjust enrichment cannot be used to enforce a contractual duty. *See id.* at *2.

The court also dismissed the unjust enrichment claim against the owner even though the plaintiff had alleged the corporate defendant was insolvent and it would be unjust for the owner to retain the benefits of the services performed without paying the plaintiff. *Id.* at *3. The plaintiff argued the owner was personally liable based on two theories: (1) the trust fund doctrine; and (2) injustice / piercing the corporate veil. *Id.* Importantly, in *Shafer*, there was no allegation that the owner participated in or otherwise authorized any unlawful conduct alleged by the plaintiff. In other words, the plaintiff was seeking to hold the owner personally responsible for the conduct of the corporation simply by virtue of the owner's status as an owner.

Here, however, unlike in *Shafer*, Plaintiffs are not seeking to get paid for services provided to Defendants pursuant to a contract.  Unlike in *Shafer*, Plaintiffs are not seeking to enforce any duty imposed by a contract.  Unlike in *Shafer*, Plaintiffs are not seeking to hold Defendants Vleisides or Ownby personally liable based on the trust fund doctrine or by piercing the corporate veil.  And unlike in *Shafer*, Plaintiffs are not seeking to hold Defendants Vleisides or Ownby personally liable based on their status as owners or officers of a corporation.  Rather, Plaintiffs are seeking to hold Defendants Vleisides and Ownby personally responsible based on their conduct, involvement, participation, and authorization.  *See McFeeters*, 500 P.2d at 50; *see also Service Envelope Co., Inc.*, 660 P.2d at 555.  *Shafer* is wholly distinguishable from the facts of this case.

In their Suggestions in Support, Defendants acknowledge there are only three elements to a claim for unjust enrichment:  (1) a benefit has been conferred upon the defendant; (2) the defendant retains the benefit; and (3) under the circumstances, the defendant's retention of the benefit is unjust. (Doc. 130, p. 7).  Defendants challenge only the first element—*i.e.*, that a benefit was conferred.  Specifically, Defendants argue "[t]here are no allegations that any Plaintiff paid any money to Vleisides or Ownby individually" and "there are no allegations that Vleisides and Ownby in their individual capacities ever received any money from Plaintiffs or that Vleisides and Ownby ever used Plaintiffs' mining equipment to mine bitcoins for themselves.  (Doc. 130, p. 7).

In order to show a benefit was conferred upon a defendant, the plaintiff is not required to allege or prove he paid money or provided a benefit directly to the defendant, or that the defendant received money or a benefit directly from the plaintiff. *See Wagner Interior Supply of Kansas City, Inc. v. Associated Drywall Contractors,*

*Inc.*, 2013 WL 5188682, *1, 3-4 (Kan. App. September 13, 2013) (first element of unjust enrichment – benefit conferred – was satisfied in claim against general contractor and owner when the plaintiff, a supplier, provided drywall to a subcontractor, who then used the drywall for the benefit of the general contractor and the owner). Defendants' argument that Plaintiffs must allege and/or prove they paid money directly to Vleisides and Ownby, or that Vleisides and Ownby received money directly from Plaintiffs, is not supported by Kansas law.

Although Defendants argue "there are no allegations . . . that Vleisides and Ownby ever used Plaintiffs' mining equipment to mine bitcoins for themselves" (Doc. 130, p. 7), Defendants' argument ignores Plaintiffs' allegations, fails to assume the truth of Plaintiffs' allegations, and fails to resolve inferences in Plaintiffs' favor. In viewing Plaintiffs' allegations under the appropriate motion to dismiss standard, however, it is clear Plaintiffs have sufficiently alleged that all Defendants used Plaintiffs' mining equipment to mine bitcoins for their own benefit. (*See e.g.*, Doc. 123, ¶¶ 144(j), 144(n), 144(o), 146(a), 152, 154, 156, 157(a), 157(d), 167, 169). If Defendants deny they used Plaintiffs' mining equipment, or obtained any benefit from using Plaintiffs' mining equipment, they are free to oppose Plaintiffs' allegations in a summary judgment motion or at trial.

### D.   Plaintiffs have not asserted a conspiracy claim

Defendants argue that Plaintiffs have not stated a claim against Vleisides and Ownby because of the "intracorporate conspiracy doctrine." This doctrine essentially holds that an actionable conspiracy requires two conspirators, and a corporation cannot conspire with its agents. Plaintiffs have not asserted any conspiracy claim. Therefore, the "intracorporate conspiracy doctrine" is inapplicable.

**WHEREFORE**, Plaintiffs pray this Court enter an order denying Defendants' Motion to Dismiss (Doc. 130).

>
> Respectfully submitted,
>
> WOOD LAW FIRM, LLC
>
> By   /s/ Ari N. Rodopoulos
> Noah K. Wood                              KS #23238
> noah@woodlaw.com
> Ari N. Rodopoulos                         KS #26585
> ari@woodlaw.com
> 1100 Main Street, Suite 1800
> Kansas City, MO 64105-5171
> T: (816) 256-3582
> F: (816) 337-4243
> *Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of October, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to all counsel of record.

>  /s/ Ari N. Rodopoulos
> Attorney for Plaintiffs