**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| KYLE ALEXANDER, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 14-CV-2159-KHV-JPO |
| | ) | |
| BF LABS INC., et al., | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANTS' VLEISIDES AND OWNBY'S**
**REPLY IN SUPPORT OF MOTION TO DISMISS**

Plaintiffs have not demonstrated that their First Amended Complaint satisfies federal pleading requirements and, thus, have failed to state a claim upon which relief may be granted as to the individual Defendants. Nothing in their First Amended Complaint or argued in their Opposition to Sonny Vleisides' and Jeffrey Ownby's Motion to Dismiss precludes the Court from dismissing Plaintiffs' KCPA and unjust enrichment claims against these two individual Defendants.

**I.      Argument**

**A.      Vleisides and Ownby are not "suppliers" under the KCPA.**

In their opposition, Plaintiffs argue that, even if Vleisides and Ownby did not manufacture or sell anything on behalf of themselves, they each still can be considered a "supplier" under the KCPA as they are "other person[s]" as defined by Kan. Stat. Ann. § 50-624(l). While BF Labs may ultimately be found a "supplier" under the KCPA,[1] Plaintiffs concede that there are no factual allegations that Vleisides or Ownby sold anything on behalf of

_____

[1] As pointed out in Defendants' initial memorandum, Plaintiffs do not deny that their original Complaint identified BF Labs as the "supplier" and, likewise, the proposed amended complaint attached to their eleventh-hour motion for leave to amend identified BF Labs as the "supplier." The prejudicial and material (let alone factually baseless) change in the filed First Amended Complaint to identify all Defendants as a "supplier" should not be permitted.

themselves to the Plaintiffs or that they (individually) engaged in any consumer transaction with the Plaintiffs. There are no allegations that Plaintiff Kyle Alexander or Plaintiff Dylan Symington ever spoke with Vleisides or Ownby or that the individual Defendants even knew who the Plaintiffs were when they pre-ordered a bitcoin miner from BF Labs. While the legislative history on what "other person" in K.S.A. § 50-624(l) means is meager, the legislature most likely was referring to someone other than an owner or officer of a "supplier." Otherwise, the words preceding the term "other person" would be mere surplusage if Plaintiffs' interpretation is correct because any "person" engaging in a consumer transaction would be the equivalent of a "supplier." That is not what the statute provides. The Kansas legislature could have easily added words such as "officers," "owners," or "employees" in K.S.A. § 50-624(l) had it intended to include such a category of persons but did not. *See State v. Gracey*, 288 Kan. 252, 257, 200 P.3d 1275 (2009) ("In interpreting the statute we look to the plain meaning of the words employed by the legislature.").

Recognizing that the statutory language is unsupportive and that their pleadings foreclose them from truly asserting the individual Defendants are "suppliers," Plaintiffs argue that all they must do to survive a motion to dismiss their KCPA claim against Vleisides and Ownby is to allege that, as officers or owners, they had actual or constructive knowledge of and then participated in the company's alleged acts. In making this argument, Plaintiffs are attempting to expose Vleisides and Ownby to individual liability without alleging accompanying particulars as to what they did, where they did it, when they did it, who they did it to, or even what they said to Plaintiffs. Here, in but two of 172 paragraphs of the First Amended Complaint, Plaintiffs generally, conclusory, and vaguely allege that Vleisides and Ownby "individually, and in concert with others, controlled the acts and practices of BFL generally and as alleged herein, had actual

51529460.1

or constructive knowledge of the acts and practices alleged herein, and committed or participated in the acts and practices alleged herein." (*See* Dock. 123, First Amended Complaint ¶¶ 6, 10.) This is not enough under federal pleading standards addressed in *Twombly* and *Iqbal*.

Finally, Plaintiffs' reliance on *McFeeters v. M.W. Renollet,* 210 Kan. 158 (1972) is misplaced. In *McFeeters*, the Kansas Supreme Court said that a "director or officer of a corporation does not incur personal liability for its torts merely by reason of his official character. If, however, an officer commits or participates in the commission of a tort, whether or not it is also by or for the corporation, he is liable to third persons injured thereby, and it does not matter what liability attaches to the corporation for the tort." 210 Kan. at 161. While Defendants do not disagree with the legal proposition that an officer or owner might be exposed to personal liability if he or she willfully participated in a tort, it is quite another matter to merely assert the legal conclusions that Vleisides and Ownby controlled BF Labs or participated in its acts, with nothing more, in order to survive a motion to dismiss (particularly where, as here, discovery is all but completed). Among other things, Plaintiffs must allege what Vleisides and Ownby did to participate in the *supposed* "tort." They have not pleaded that Vleisides or Ownby was personally involved in the solicitation or sale to the Plaintiffs, that they made representations to the Plaintiffs, that they personally obtained some benefit from the Plaintiffs' transactions, or that they in any way acted willfully toward the Plaintiffs. Rather, Vleisides and Ownby are named based on their status as owners and officers. Plaintiffs' legal conclusions are not enough to plead that Vleisides and Ownby are liable individually under the KCPA.

The Court should dismiss the KCPA claims against individual Defendants Vleisides and Ownby.

**B.     Despite Plaintiffs' argument that *Burton v. R.J. Reynolds Tobacco Co.* is bad law, KCPA claims do require particularity.**

Even if the Court finds that Vleisides and Ownby can be considered "suppliers" because of Plaintiffs' allegation that the two controlled BF Labs and participated in its acts, despite no allegation (or evidence) that they personally supplied anything to the Plaintiffs, the Plaintiffs are required to plead their KCPA claims with particularity in accordance with Fed. R. Civ. P. 9(b). *Burton v. R.J. Reynolds Tobacco Co*., 884 F. Supp. 1515, 1524 (D. Kan. 1995); *Jamieson v. Vatterott Educational Center, Inc*., 473 F. Supp.2d 1153, 1158 (D. Kan. 2007). Defendants Vleisides and Ownby need to know what is alleged against them individually to defend themselves against the KCPA claim.

In their Opposition, Plaintiffs argued that the cases cited by the individual Defendants "are either inapposite and/or only apply when a fraud claim is actually asserted." *See* Plaintiffs' Memorandum in Opposition to Vleisides and Ownby's Motion to Dismiss, p. 4. But the cases that Plaintiffs cite are not on point. Just because *Kelly v. VinZant*, 197 P.3d 803 (Kan. 2008) or *Ray v. Ponca/Universal Holdings, Inc.*, 913 P.2d 209 (Kan. App. 1995) held that there are differences in the burden of proof between the KCPA and a fraud claim does not mean that Plaintiffs do not have to plead their KCPA claims with particularity.

This Court has held that KCPA claims for deceptive and unconscionable acts require that the allegations be pled with particularity. *Nieberding v. Barrette Outdoor Living, Inc.,* Case No. 12-2353, 2012 WL 6024972, *2 (D. Kan. Dec. 4, 2012) (J. Vratil) ("In accordance with Federal Rule of Civil Procedure 9(b), plaintiffs must plead with particularity allegations of deceptive or unconscionable acts or practices under the KCPA"); *see also In re Universal Service Fund Telephone Billing Practice Litig*., 300 F. Supp.2d 1107, 1150 (D. Kan. 2003) (J. Lungstrum) ("The requirement of pleading fraud claims with particularity under

51529460.1

Fed. R. Civ. P. 9(b) applies to allegations of deceptive trade practices under the KCPA.") In *Nieberding*, the plaintiffs brought claims for breach of warranty, KCPA, unjust enrichment, strict liability for design defects and failure to warn, negligence, and negligently supplying dangerous instrumentalities. 2012 WL 6024972 at *1. There, as is the case here, no fraud claim was alleged. *Id*. This on-point authority flies in the face of Plaintiffs' argument that because they have not alleged a fraud claim, the cases cited by Defendants are distinguishable. *See also Sosna v. Bank of America, N.A.*, Case No. 10-2374, 2011 WL 1060966 (D. Kan. March 21, 2011) (J. Marten) (motion to dismiss granted as to KCPA claim because it was not pled with sufficient particularity despite not having a fraud cause of action).

Finally, Plaintiffs have conceded that their First Amended Complaint violates the rule in *Gottstein v. National Ass'n for Self Employed*, 53 F. Supp.2d 1212, 1223 (D. Kan. 1999). Because they have attempted to allege their KCPA claims against multiple defendants, Plaintiffs must set forth separately the alleged acts of each Defendant to satisfy the particularity requirement. Here, the Plaintiffs have not alleged their KCPA claims against Vleisides and Ownby with anything more than pure legal conclusions and without factual bases, thus the KCPA claim should be dismissed for this separate reason as having not been pled with the required particularity.

### C. Plaintiffs have not stated an individual claim for unjust enrichment against Vleisides and Ownby.

Notwithstanding Plaintiffs' new arguments, the unjust enrichment count explicitly asserts that the Plaintiffs paid the "Defendants" even though Plaintiffs concede this is wholly inconsistent with more specific allegations in the First Amended Complaint that the Plaintiffs paid money only to BF Labs. (*Compare* Dock. 123, ¶¶ 114, 115, 124, 125 *with* ¶ 151.) There are no factual allegations that any Plaintiff paid any money to Vleisides or Ownby individually or

that these individual Defendants themselves ever used Plaintiffs' mining equipment to mine bitcoins for themselves individually. (*See* Dock. 123 ¶ 106 (Defendant BF Labs received preorder funds), ¶¶ 87-92 (referring specifically to Defendant BF Labs' use of machines to mine bitcoins)).

Plaintiffs' contract was with BF Labs, they paid money to BF Labs to obtain a bitcoin mining machine, and only BF Labs is alleged to have failed to deliver or mined bitcoins with the machines. Despite these allegations Plaintiffs are now attempting to hold BF Labs' owners and officers liable for unjust enrichment, just as was unsuccessfully done in *Shafer, Kline & Warren, Inc. v. The Allen Group-Kansas City, LLC*, Case No. 13-2472, 2014 WL 1974525 (D. Kan. May 15, 2014), where the plaintiff sued a corporate defendant and its owner under an unjust enrichment theory. The *Shafer* case is indistinguishable. Like *Shafer*, each of the alleged actions taken by Plaintiffs benefitted Vleisides or Ownby, if at all, only by virtue of their status as BF Labs shareholders. But Kansas law does not permit recovery from shareholders of a corporation absent circumstances not pleaded here, *e.g.*, sufficient factual allegations to pierce the corporate veil of BF Labs. *See also Regal Ware, Inc. v. Vita Craft Corp.*, 653 F.Supp.2d 1146, 1151-52 (D. Kan. 2006).

Not withstanding the legal conclusions set forth under Count II, no benefit was conferred upon Vleisides and Ownby individually. Plaintiffs nevertheless rely upon *Wagner Interior Supply of Kansas City, Inc. v. Associated Drywall Contractors, Inc.*, 2013 WL 5188682, *1, 3–4 (Kan. App. Sept. 13, 2013), arguing that a plaintiff is not required to allege or prove he paid money or provided a benefit directly to a defendant. But *Wagner* is a construction case involving an owner (also the general contractor) who received a benefit from a subcontractor and is easily

distinguishable. The case actually supports the Defendants' position. In its decision, the *Wagner*

court cited the Kansas Supreme Court which stated:

> If the law is to allow the action based upon an implied-in-law contract between
> the owner and subcontractor, there must exist some special circumstances that
> would justify requiring the owner to pay. An examination of our past cases and
> further consideration of those cases set forth in Annot., 62 A.L.R.3d 288,
> convinces us that an essential prerequisite to such liability is the acceptance by the
> owner (the one sought to be charged) of benefits rendered under such
> circumstances as reasonably notify the owner that the one performing such
> services expected to be compensated therefor by the owner. In the absence of
> evidence that the owner misled the subcontractor to his or her detriment, or that
> the owner in some way induced a change of position in the subcontractor to his or
> her detriment, or some evidence of fraud by the owner against the subcontractor,
> an action for unjust enrichment does not lie against the owner by a subcontractor.

*Id*. at *4 (citing *Haz-Mat Response, Inc. v. Certified Waste Services Ltd.*, 259 Kan. 166, 178, 910

P.2d 839 (1996)). Similarly, in *Holiday Development Co. v. Tobin Construction Co*., 219 Kan.

701, 707, 549 P.2d 1376 (1976), the Kansas Supreme Court said that "[a] subcontractor or

materialman generally may not obtain a personal judgment against the owner in the absence of

an agreement by the owner to pay."

Plaintiffs argue that *Shafer* does not apply because they are seeking to hold the individual

Defendants personally responsible for their conduct, participation and authorization. (Opp. at p.

10). Although they allege (in two paragraphs) that Vleisides and Ownby "controlled" and

"participated" in BF Labs' acts, Plaintiffs fail to explicitly state what the Defendants did with

any specificity. (*See* Dock. 123, First Amended Complaint ¶¶ 6, 10.)[2] Just like in *Haz-Mat*, the

Plaintiffs have not alleged any facts about what Defendants Vleisides and Ownby individually

did to mislead the Plaintiffs to their detriment (or benefit to Vleisides and Ownby individually)

nor were there any allegations that Vleisides or Ownby even dealt directly with the Plaintiffs

---

[2] As mentioned in *Regal Ware, Inc.,* such allegations and argument are in any event
without merit as to an unjust enrichment claim. 653 F.Supp.2d at 1151.

other than mere legal conclusions that they "controlled" BF Labs or "participated in the acts and practices" of BF Labs. There is likewise no factual allegation to support the legal conclusion that Defendants Vleisides or Ownby, individually, acknowledged or accepted any benefits offered to them, individually, by the Plaintiffs.

The unjust enrichment claim against the individual defendants must be dismissed.

**D.    Plaintiffs do not understand Vleisides and Ownby's intracorporate conspiracy doctrine argument.**

The Defendants understand that Plaintiffs have not asserted a conspiracy claim. Defendants are merely pointing out that, based on the allegations in the Plaintiffs' First Amended Complaint, the Complaint must be dismissed against Vleisides and Ownby because under basic agency principles, the acts of a corporation's agents are considered to be those of a single legal actor—the corporation. *See May v. Santa Fe Trail Transp. Co.*, 189 Kan. 419, 424, 370 P.2d 390 (1962) ("Where the individual defendants are named and described as officials of the corporate defendant in a petition, with no allegations that these defendants acted other than in their official capacities on behalf of the corporate defendant, and no allegation remotely indicates that they were pursuing their course as individuals or for individual advantage, the acts of the individual defendants must be regarded as the acts of the corporation, and when so acting they cannot conspire with the corporation of which they are a part."). The Plaintiffs have not alleged that corporate veil should be pierced and the Court can dismiss the Complaint.

**II.    Conclusion**

For these reasons, individual Defendants Sonny Vleisides and Jeffrey Ownby respectfully request that the Court enter its order dismissing Plaintiffs' First Amended Complaint against them, with prejudice, and award such other relief as the Court deems just and proper.

51529460.1

Respectfully submitted,


/s/ Mark A. Olthoff
MARK A. OLTHOFF                          KS Fed. #70339
MICHAEL S. FOSTER                        KS #24011
POLSINELLI PC
900 W. 48th Place
Suite 900
Kansas City, Missouri  64112-1895
(816) 753-1000
Fax: (816) 753-1536
molthoff@polsinelli.com
mfoster@polsinelli.com

ATTORNEYS FOR DEFENDANTS BF LABS INC.,
SONNY VLEISIDES, AND JEFFREY OWNBY


## CERTIFICATE OF SERVICE

I hereby certify that on October 23, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

Noah K. Wood, Esq.
Ari N. Rodopoulos, Esq.
Wood Law Firm, LLC
1100 Main Street, Suite 1800
Kansas City, MO 64105-5171

ATTORNEYS FOR PLAINTIFFS


/s/ Mark A. Olthoff
Attorney for Defendants

51529460.1