This CLASS ACTION SETTLEMENT AND RELEASE AGREEMENT ("Agreement") is made subject to approval by the Court, as defined herein, by Plaintiffs, Kyle Alexander and Dylan Symington (the "Named Plaintiffs"), as the proposed representative of the "BF Labs Settlement Class," as defined herein, and Defendant, BF Labs Inc. ("Defendant" or "Settling Defendant"). The Named Plaintiffs and Defendant are collectively referred to as the "Parties."

WHEREAS, the Named Plaintiffs are pursuing a civil action currently pending before the United States District Court for the District of Kansas (the "Court"), filed on April 4, 2014 and styled *Alexander v. BF Labs Inc.*, Case No. 14-CV-2159-KHV-JPO (the "Litigation"); and

WHEREAS, the Named Plaintiffs are asserting claims against Defendant for alleged violations of the Kansas Consumer Protection Act ("KCPA"), K.S.A. §§ 50-626 *et seq.*, unjust enrichment and conversion; and

WHEREAS, the Named Plaintiffs, among other things, seek to recover compensatory and punitive damages and other relief in the Litigation on their own behalf, and on behalf of a class of persons similarly situated as a result of alleged representations or omissions and other alleged unconscionable conduct purportedly in violation of the KCPA, alleged unjust retention of payments or other supposed benefits, and conversion of alleged payments or other benefits; and

WHEREAS, on or about September 15, 2014, the United States Federal Trade Commission ("FTC") obtained and served upon BF Labs an *ex parte* temporary restraining order ("TRO") and notice of receivership, the TRO remained in place through December 2014 and the receivership terminated in January 2015; and

WHEREAS, Defendant contends that the TRO and receivership processes, along with the consequent publicity, defense costs, and other expenses, has depleted Defendant's financial resources; and

EXHIBIT 1

WHEREAS, Defendant contends that it has paid over $20 million in refunds to customers, delivered more than 50,000 Bitcoin mining machines, kept its customers fully informed, and honored its commitments to customers; and

WHEREAS, Defendant denies the claims and causes of action being asserted against it in the Litigation, denies that it engaged in any misleading advertising, other misrepresentation, omission, or unconscionable acts; deny conversion of any payments, equipment or Bitcoin alleged to have been mined; denies and disputes that it is in any way liable to the Named Plaintiffs and/or the BF Labs Settlement Class as defined herein; and denies any basis for the recovery of punitive damages from Defendant; and

WHEREAS, counsel for the Named Plaintiffs and counsel for Defendant independently represent that they have investigated the facts relating to the claims alleged in the Litigation and the events and transactions underlying the Litigation, through formal and informal discovery, and have made a thorough study of the legal principles applicable to the claims against Defendant; and

WHEREAS, the Parties have reached an agreement, subject to Court approval, to resolve the Litigation as between the Named Plaintiffs and the BF Labs Settlement Class, on the one hand, and Defendant BF Labs Inc., on the other hand, in accordance with the terms set forth herein; and

WHEREAS, "Plaintiffs' Counsel," as defined herein, and "Counsel for Defendant," as defined herein, have engaged in substantial arm's length negotiations concerning the settlement of the claims and causes of action being asserted against Defendant in the Litigation; and

WHEREAS, the Named Plaintiffs, on behalf of the BF Labs Settlement Class, and Plaintiffs' Counsel have concluded that a settlement with Defendant as stated herein will be fair,

just, equitable, reasonable, adequate and in the best interests of the members of the BF Labs Settlement Class based upon their investigation, study, negotiations and discovery taken in the Litigation, and taking into account the contested issues involved, the expense and time necessary to prosecute the Litigation against Defendant through trial, the individual defendants' pending motion to dismiss, the delays and the risks and costs of further prosecution of the Litigation against Defendant, the uncertainties of complex litigation, and the evidence and uncertainties reflecting that no defendant is likely to be able to satisfy any judgment sought at trial, if obtained; and

WHEREAS, the Parties have been unable to reach a resolution of the claims against Sonny Vleisides and Jeff Ownby (the "Individual Defendants") but believe that a settlement of the BF Labs Settlement Class is in the best interest of the class in light of the vigorously contested issues and the inability of the Individual Defendants to pay any settlement or judgment; and

WHEREAS, Defendant desires to settle the claims being asserted against it in the Litigation on the terms and conditions set forth herein for the purpose of avoiding the burden, expense, and uncertainty of continuing litigation, and for the purpose of putting to rest all controversies that have been or could be raised against Defendant in the Litigation; and

WHEREAS, the Parties acknowledge and agree that this Agreement constitutes a compromise in settlement of the claims and causes of action that have been or might be raised by the Named Plaintiffs and the BF Labs Settlement Class against Defendant and the other "Released Persons," as defined herein.

NOW THEREFORE, the Parties, each intending to be legally bound and acknowledging the sufficiency of the consideration and undertakings set forth herein, do hereby agree, subject to

approval of the Court of this Agreement, that the Litigation and the "Released Claims," as defined herein, against the "Released Persons," as defined herein, are finally and fully compromised and settled and that the claims of the Named Plaintiffs and the "BF Labs Settlement Class Members," as defined herein, against the "Released Persons" shall be compromised and settled as against the "Released Persons" as follows:

1.     **Denial of Liability; No Admissions**

The Parties are entering into this Agreement for the sole purpose of resolving vigorously disputed claims that have arisen between them and in the interest of avoiding the burdens, expense, and risk of further litigation. By entering into any preliminary settlement discussions, agreeing to the terms of this Agreement, or seeking the approval of this Settlement, the Parties are not making any admissions or concessions, whatsoever, with respect to any claims or defenses alleged or asserted, or any factual or legal assertions in the Litigation. Neither this Agreement nor any of its terms or provisions nor any of the negotiations between the Parties or their counsel shall be construed as an admission or concession by any of the Parties or their counsel of anything whatsoever, including but not limited to: any alleged violation or breach of contract or duty, any alleged fraud, misrepresentation or deception; any alleged unjust enrichment; any alleged conversion; any alleged violation of any federal, state, or local law, rule, regulation, statute, guideline or legal requirement (or any other applicable law, rule, regulation, statute, guideline or legal requirement); any alleged damages or harm; the merits of any defenses asserted; or the propriety of class certification of the BF Labs Settlement Class if the Litigation were to be litigated rather than settled.  Except as necessary in a proceeding to enforce the terms of this Agreement, this Agreement and its terms and provisions shall not be offered or received as evidence in any action or proceeding to establish: (a) any liability or admission on the part of defendant, or to establish the existence of any condition constituting a violation of or non-

4

compliance with any federal, state, local or other applicable law, rule, regulation, statute, guideline or other legal requirement; (b) the truth or relevance of any fact alleged by the Named Plaintiffs; (c) the existence of any class alleged by the Named Plaintiffs; (d) the propriety of class certification if the Litigation were to be litigated rather than settled; (e) the validity of any claim or any defense that has been or could have been asserted in the Litigation or in any other litigation; (f) that the consideration to be given to the BF Labs Settlement Class Members hereunder represents the amount which could be or would have been recovered by any such persons after trial; or (g) the propriety of class certification in any other proceeding or action. The Parties expressly agree that, in the event the Settlement does not become final and effective in accordance with Paragraph 13 hereof, no Party will use or attempt to use any conduct or statement of any other Party in connection with this Agreement, or to affect or prejudice any other Party's procedural or substantive rights in any ensuing litigation. Defendant expressly reserves all procedural and substantive rights and defenses to all claims and causes of action and does not waive any such rights or defenses in the event that the Agreement is not approved for any reason.

2.   **Definitions**

As used in this Agreement, the following terms shall be defined as set forth below:

a.   **Agreement.** "Agreement" is defined in the preamble of this Agreement.

b.   **Class Counsel**. "Class Counsel" shall have the same meaning as "Plaintiffs' Counsel," defined as Noah K. Wood, Esq., Ari N. Rodopoulos, Esq., Wood Law Firm, LLC, 1100 Main Street, Suite 1800, Kansas City, Missouri 64105-5171.

c.   **Class Notice**. "Class Notice" means a document in a form substantially the same as that attached hereto as **Exhibit A**.

d. **Counsel for Defendant**. "Counsel for Defendant" means Polsinelli PC, 900 W 48th Place, Suite 900, Kansas City, Missouri 64112-1895.

e. **Court**. "Court" is defined in the WHEREAS clauses of this Agreement.

f. **Effective Date**. The "Effective Date" of this Agreement means the date when all of the conditions set forth in Paragraph 12 have occurred and the Settlement thereby becomes effective in all respects.

g. **Final Approval Order**. "Final Approval Order" means an order of the Court finally approving the Settlement in accordance with Fed. R. Civ. P. 23, in a form substantially similar to that attached hereto as **Exhibit C.**

h. **Final Hearing Date**. "Final Hearing Date" means the date set by the Court for the hearing on final approval of the Settlement.

i. **Final Judgment**. "Final Judgment" means a Judgment of the Court in a form substantially the same as that attached hereto as **Exhibit D**.

j. **BF Labs.** "BF Labs" means "BF Labs Inc."

k. **BF Labs Settlement Class**. "BF Labs Settlement Class" shall have the meaning set forth in Paragraph 3.a below.

l. **BF Labs Settlement Class Member**. "BF Labs Settlement Class Member" means any member of the BF Labs Settlement Class who does not timely opt out of the Settlement pursuant to Paragraph 9.a below. If a BF Labs Settlement Class Member has died or otherwise voluntarily or involuntarily transferred his or her rights under a purchase order with BF Labs, such Class Member's heir, representative, successor or assign shall be deemed to be the BF Labs Settlement Class Member in lieu of the deceased or transferor Class Member. If a BF Labs

6

Settlement Class Member filed for bankruptcy after placing an order with BF Labs, then the bankruptcy trustee shall be deemed an additional BF Labs Settlement Class Member as to the debtor Class Member's particular order; provided, however, that only one "BF Labs Settlement Class Member Payment" shall be made for any such debtor and trustee BF Labs Settlement Class Members.

m.  **Litigation**. "Litigation" is defined in the WHEREAS clauses of this Agreement.

n.  **Named Plaintiffs**. "Named Plaintiffs" are defined in the preamble of this Agreement.

o.  **Notice of Objection.** "Notice of Objection" is defined is Paragraph 9.d of this Agreement.

p.  **Parties/Party**. "Parties/Party" is defined in the preamble of this Agreement.

q.  **Plaintiffs' Counsel**. "Plaintiffs' Counsel" means Noah K. Wood, Esq., Ari N. Rodopoulos, Esq., Wood Law Firm, LLC, 1100 Main Street, Suite 1800, Kansas City, Missouri 64105-5171.

r.  **Preliminary Approval Order**. "Preliminary Approval Order" means an Order of the Court preliminarily approving the Settlement, conditionally or preliminarily certifying a class for settlement purposes, directing the issuance of a Class Notice and scheduling a settlement hearing in accordance with Fed. R. Civ. P. 23, in a form substantially similar to that attached hereto as **Exhibit B**.

s.  **Released Claims**. "Released Claims" means any and all claims, demands, actions, causes of action, rights, offsets, setoffs, suits, damages, lawsuits, liens, costs, surcharges, losses, attorneys' fees, expenses or liabilities of any kind whatsoever, in law or in equity, for any relief whatsoever, including monetary,

injunctive or declaratory relief, rescission, general, compensatory, special, liquidated, indirect, incidental, consequential or punitive damages, as well as any and all claims for compensatory, punitive or treble damages, penalties, attorneys' fees, costs or expenses, in all cases whether known or unknown, alleged or not alleged in the Litigation, common law or statutory, suspected or unsuspected, contingent or vested, accrued or not accrued, liquidated or unliquidated, matured or unmatured, contract or tort, legal or equitable, that in any way concern, relate to, or arise out of orders placed with BF Labs and which any one or more of the Releasors have had, or now have against the Released Persons from the beginning of time up through and including the Effective Date ("Claims"), including but not limited to, any and all claims arising out of or relating to: (1) allegations that are or could have been asserted against the Released Persons in the Litigation in any way relating to the BF Labs Settlement Class Members' orders; (2) any activities of the Released Persons with respect to the BF Labs orders including, without limitation, any alleged representations, misrepresentations, disclosures, incorrect disclosures, failures to disclose, acts (legal or illegal), omissions, failures to act, deceptions, acts of unconscionability, unfair business practices, breaches of contract, unfulfilled promises, unjust enrichment, breaches of warranty or fiduciary duty, conspiracy, conversion, or violations of any consumer protection statute, any state unfair trade practice statute, or any other body of case, statutory or common law or regulation, federal or state, including but not limited to the KCPA, or any other similar statute; the Truth in Lending Act, 15 U.S.C. § 1601, *et seq.*, and its implementing regulations, 12 C.F.R. part 226; the Equal Credit

Opportunity Act, 15 U.S.C. §§ 1691, *et seq.*, and its implementing regulation, 12 C.F.R. part 202; the Fair Credit Reporting Act, 15 U.S.C. §§ 168l, *et seq.*; the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.*; and the Federal Trade Commission Act, 15 U.S.C. §§ 45, *et seq.*; and/or (3) any conduct undertaken by any of the Released Persons to defend the Litigation, including but not limited to, any alleged improper discovery conduct and/or any request for sanctions in this Litigation. It is the intention of the Releasors to provide a general release of the Released Claims against the Released Persons; provided, however, that anything in this Agreement to the contrary notwithstanding, the term Released Claims does not include any claims of any kind or type of the Releasors against any person, association or entity that is not a Released Person.

t.    **Released Persons**. "Released Persons" shall mean BF Labs and each of BF Labs' respective past and present officers, directors, shareholders, employees (other than the Individual Defendants), two independent contractors who are or were acting in a management capacity at BF Labs, attorneys (including consultants hired by counsel), and each of its respective predecessors, successors, and assigns, and MarksNelson LLC and its members, officers, and employees.  The Individual Defendants are not Released Persons.

u.    **Releasors**. "Releasors" means the Named Plaintiffs and the BF Labs Settlement Class Members, and each of their respective heirs, guardians, wards, executors, administrators, assigns, spouses, children, predecessors, and successors, and any other person claiming by or through any or all of them.  The Releasors shall not include any members of the BF Labs Settlement Class who timely opt out of the

Settlement in accordance with Paragraph 9 below. It is understood that the releases to be given by the "Releasors," as defined herein, shall only release the Released Persons from the Released Claims, and nothing more, as provided herein.

**v.**     **Settlement.** "Settlement" means the compromise in settlement memorialized by this Agreement.

**w.**     **Settlement Hearing**. "Settlement Hearing" means the hearing on final approval of the Settlement.

**x.**     **Settlement Opt Outs**. "Settlement Opt Outs" is defined in Paragraph 4.f of this Agreement.

**y.**     **Settling Defendant/Defendant**. "Settling Defendant" or "Defendant" means BF Labs Inc.

**z.**     **Potential Settlement Funds**. "Potential Settlement Funds" means the maximum total liability under this Agreement, which shall be $9,000,000.00.

**3.**     **Certification of the BF Labs Settlement Class**

**a.**     The Named Plaintiffs and Plaintiffs' Counsel shall file a motion requesting that the Court approve a settlement for a class of persons for purposes of settlement only (referred to and defined herein as the "BF Labs Settlement Class"), defined as follows:

> **All customers who prepaid BF Labs Inc. for ASIC 65 NM generation products or ASIC 28 NM generation products between June 23, 2012 and July 17, 2014.**
>
> Excluded from the class shall be BF Labs Inc. and any shareholder, director, officer, or employee of BF Labs Inc. and their immediate family members; the Court and Court personnel; counsel of record for BF Labs; counsel of record for the Named Plaintiffs; and any

customer who has settled with BF Labs Inc. prior to the Effective Date of this Agreement.

**b.** If this Agreement is not approved by the Court pursuant to the proposed Final Approval Order and Final Judgment, or if for any reason this Settlement fails to become effective pursuant to Paragraph 13, this Agreement, the conditional settlement class certification provided herein, the Settlement (including any modifications made with the consent of the Parties), and any action(s) taken or to be taken in connection therewith, shall be terminated and shall become null and void and have no further force or effect, the Preliminary Approval Order shall be vacated, the Parties shall be restored to their respective positions existing prior to the execution of this Agreement, and the Parties' rights and obligations with respect to the use of this Agreement and the settlement contemplated hereby will be subject to Paragraph 1 hereof. In addition, neither this Agreement, the preliminary certification of the BF Labs Settlement Class, the Preliminary Approval Order, nor any other document relating in any way to any of the foregoing, shall be relied on, referred to or used in any way for any purpose in connection with any further proceedings in the Litigation or any related action other than as may be necessary in connection with extensions of time needed so that the case can progress.  In such case, or in the event that this Agreement shall terminate or the Settlement does not become effective for any reason, this Agreement and all negotiations, court orders and proceedings relating thereto shall be without prejudice to the rights of the Parties, and each of them, who shall be restored to their respective positions existing prior to the execution of this Agreement and any Party may continue to assert their claims or defenses against

the other Party or Parties as provided in Paragraph 13 and in such event evidence relating to this Agreement, and all negotiations relating thereto, shall not be discoverable or admissible in the Litigation or otherwise.

4.   **Settlement Consideration and Distribution of Possible Settlement Funds to the BF Labs Settlement Class Members**

a.   BF Labs has $7,803,863.00 of refunds requested still to be paid as of October 31, 2015. The number of customers remaining in the refund queue is approximately 1,541. BF Labs also projects refund requests still to be received as of October 31, 2015 to be approximately $221,101.00. Therefore, the anticipated outstanding refunds are approximately $8,024,964.00.

b.   Counsel for the Named Plaintiffs and BF Labs Settlement Class Members have investigated the financial condition of BF Labs. Based upon this investigation, which includes review of confidential financial statements, affidavits, and the representations of Defendant, there currently are insufficient assets available to satisfy the outstanding refunds, any class-wide settlement, or any jury verdict.

c.   Should BF Labs receive funds on or before May 1, 2017 sufficient to make the Settlement Payments reflected below, then BF Labs will undertake to issue checks pursuant to the terms of this Agreement.

d.   If BF Labs receives funds on or before May 1, 2017 that are insufficient to make the full Settlement Payments reflected below, Defendant will give the first priority to the BF Labs Settlement Class Members within category d.1 and any funds received shall be paid to such d.1 category in a pro-rata amount based on the amount owed to such persons (after paying a prorated amount of incentive fees, expenses, and attorneys' fees awarded by the Court). If BF Labs is able to pay the

full amount of incentive awards, expenses, and attorneys' fees awarded by the Court and refund the d.1 category in the entirety, but insufficient funds are available to completely pay out d.2 and d.3 categories, pursuant to this Agreement and the amounts set forth in Schedule 1, attached, the remaining d.2 and d.3 categories shall each receive a pro-rated amount of the potential settlement funds remaining after the incentive awards, expenses, and attorneys' fees awarded by the Court and all d.1 persons have been paid.

1.	To BF Labs Settlement Class Members who did not receive a product and did not receive a refund, such BF Labs Settlement Class Members shall be paid the full amount of their prepayment made to BF Labs.  Such Class Members do not need to submit a claim form in order to receive settlement benefits.

2.	To BF Labs Settlement Class Members who received a refund from BF Labs before the Effective Date of this Agreement and return a claim form (Exhibit E) postmarked on or before _____, 2016, such BF Labs Settlement Class Members shall be paid $5 dollars.

3.	To BF Labs Settlement Class Members who ordered a product and received such product and return a claim form (Exhibit E) postmarked on or before _____, 2016, such BF Labs Settlement Class Member shall be paid in accordance to Schedule 1, attached, for each device ordered.

BF Labs' maximum total liability under this Agreement shall be $9,000,000.00, which is inclusive of attorneys' fees, expenses, and incentive awards.

No pre-judgment or post-judgment interest shall accrue or be paid.

Because the ability of Defendant to make the Settlement Payments contemplated herein is dependent upon Defendant receiving funds in the future, any agreement to pay, claim form submitted, or other request for payment is not a guarantee of payment or a right to payment unless such funds are received by Defendant.

No portion of this amount, liability or the payment of any individual settlement amount shall be enforced against, due from, or payable by any person other than BF Labs.

e.  Pursuant to this Agreement, BF Labs shall have to and including May 1, 2017 to satisfy the Settlement Payments as set forth herein. If all or any portion of the incentive awards, expenses, or attorneys' fees set forth in Section 5 as approved by the Court or the future Settlement Payments remains unpaid as of May 1, 2017, then the Named Plaintiffs and the BF Labs Settlement Class shall take Judgment against BF Labs as set forth in Exhibit D in the amount still unpaid by BF Labs. The Parties are required to report to the Court on or before May 31, 2017 to advise the Court as to the status of unpaid incentive awards, expenses, and attorneys' fees set forth in Section 5 as approved by the Court and unpaid Settlement Payments to set the Final Judgment amount.

**f.**    If any member of the BF Labs Settlement Class timely opts out and excludes himself or herself from the Settlement (such members, collectively, the "Settlement Opt Out(s)"), no portion of any amount attributable to said "opt outs" shall be paid to such "opt out."

**g.**    If funds are or become available to BF Labs to pay all or part of this Settlement on or before May 1, 2017, then BF Labs shall calculate the amounts based on the total amount available for distribution and will distribute the BF Labs Settlement Class Member check as set forth in this Section 4.d. BF Labs will re-mail any returned checks to any new address disclosed. To the extent any check is returned a second time, Defendant shall notify Plaintiffs' Counsel of the identity of the BF Labs Settlement Class Members, including the name, address, phone number, or other contact information for the BF Labs Settlement Class Member so that Plaintiffs' Counsel may undertake reasonable efforts to locate a current address for said BF Labs Settlement Class Member. If any BF Labs Settlement Class Member refuses to accept receipt of a BF Labs Settlement Class Member check, does not cash a BF Labs Settlement Class Member check within 90 days of issuance, or a check is returned after three delivery attempts (two attempts by Defendant and one attempt by Plaintiffs' Counsel), then Defendant shall retain any such amounts. Amounts, if any, not claimed and checks not cashed, paid, or distributed shall be treated as never owed and no person or entity shall have any rights in such leftover funds, all of which shall remain the property of BF Labs. BF Labs shall file a report with the Court confirming that the BF Labs Settlement Class Member Payment was distributed to the BF Labs Settlement Class

Members and checks cashed or, if such a confirmation cannot be provided, identify the amount of any unclaimed or uncashed checks.

**h.** The Parties acknowledge and agree that BF Labs would not have entered into this Agreement, and would not have provided benefits to the BF Labs Settlement Class, if (among other terms) it was not entitled to retain the portions of the Settlement Payments that are unclaimed or unpaid because a BF Labs Settlement Class Member did not return a claim form or timely negotiate a payment check. All monies that might in the future be paid to any BF Labs Settlement Class Member are not vested, contingently due, or otherwise monies in which the BF Labs Settlement Class Member has an enforceable legal, equitable, tangible, or intangible interest, and instead shall remain the sole and exclusive property of BF Labs unless and until all conditions precedent to payment under this Agreement are met or unless and until a Final Judgment is entered in favor of Plaintiff and the BF Labs Settlement Class as set forth in Section 4.e. BF Labs may but shall be under no obligation to distribute payments to BF Labs Settlement Class members before May 1, 2017, unless at least 100% of the funds necessary to pay the persons in category 4.d.1. and the pro rata amounts of incentive awards, expenses, and attorney's fees approved by the Court have been received by BF Labs. Defendant shall be entitled to all interest on the Settlement Payments until any such amounts are paid to a BF Labs Settlement Class Member. The Parties further acknowledge and agree that to the extent a separate account or fund may be established as part of settlement administration, including but not limited to setting up an account for the payment on Settlement Payments, such

accounts or funds are for administrative convenience or legal requirements only and do not create any vested or ownership interest on the part of the Class or any Class Member. Such accounts or funds set up shall be treated as property of Defendant held in escrow, with the balance to revert to Defendant. The laws of escheat or unclaimed property shall not apply to any amounts that revert to Defendant under this Agreement.

**i.**     Other than as set forth herein and approved by the Court, the Released Persons shall have no responsibility for, interest in, or liability whatsoever with respect to or arising out of the investment, allocation or distribution of money to the BF Labs Settlement Class Members, the determination, administration, calculation, or payment of claims, the payment or withholding of taxes, or any losses incurred in connection therewith.

**j.**     Any BF Labs Settlement Class Member who receives a payment pursuant to the Settlement shall be solely responsible for distributing or allocating such payment between or among any BF Labs Settlement Class Member with the same claim, regardless of whether a payment check has been made out to all or only some of the BF Labs Settlement Class Members' claims.

**k.**     No person shall have any claim against the Released Persons, Counsel for Defendant, Plaintiffs, Plaintiffs' Counsel, or any agent designated pursuant to this Agreement based upon any distributions substantially made in accordance with this Agreement or any Orders of the Court.

**l.**     Claim forms are to be returned to the address that is identified in the Class Notice (Exhibit A) and the claim form (Exhibit E).

**m.**      The Parties agree that the costs to administer the claims process, if any, shall be paid by BF Labs. The costs contemplated herein are to lease a post office box and to compensate an hourly clerk to obtain the claim forms from the post office box to which any claim forms are sent. The clerk will stamp all claim forms received, scan, and simultaneously e-mail them to Plaintiffs' Counsel and Counsel for Defendant. BF Labs shall be responsible to obtain the submitted claim forms from the clerk and, in turn, verify the accuracy of the claim forms and prepare checks. BF Labs shall keep a log of each claim form received and check issued, including the date, the claimant's name, and the amount of each check issued, as well as any returned or uncashed checks consistent with the terms and reporting requirements in this Agreement.

**n.**      The post office box lease contemplated herein will be terminated on 60 days after it is opened.

**o.**      If BF Labs denies a claim form, Defendant shall promptly give the claimant and Plaintiffs' Counsel written notice that the Claim has been denied, the basis for the denial, and information regarding the denied claimant's right to challenge the denial. The denied claimant may challenge the denial by providing written notice to Defendant's Counsel that the denial of the claim is being challenged and the basis for the challenge. Such challenge must be made within 30 days after written notice of denial is made, otherwise the claim will remain disallowed and not paid. Upon receipt of a timely challenge, Plaintiffs' Counsel and Counsel for Defendant will review the claim. If both Plaintiffs' Counsel and Counsel for Defendant agree the challenge is valid, the claim shall be processed and paid. If both Plaintiffs'

Counsel and Counsel for Defendant agree the challenge is not valid, the claim shall not be paid. If within 7 days after receipt of a challenge Plaintiffs' Counsel and Counsel for Defendant are unable to agree upon the validity of a challenge, the challenge and any response by counsel shall be submitted to the Court for a final and binding determination of whether the Claim should be processed and paid.

5.   **Incentive Award, Expenses, and Attorneys' Fees**

a.   The Named Plaintiffs may petition the Court for the payment of an incentive award not to exceed $1,000.00 each in recognition of services rendered for the benefit of the BF Labs Settlement Class in connection with the Litigation. Defendant will not object to the Named Plaintiffs applying for, and receiving, an incentive award up to the above amount.  The amount of any incentive award approved by the Court shall be deducted from the Potential Settlement Funds and paid before or simultaneous with any Section 4.d.1 settlement payment to Section 4.d.1 on a *pro rata* basis and deducted from the Section 4.d.1 settlement category. For example, if BF Labs pays one-half of the total amount to be refunded pursuant to Section 4.d.1, then BF Labs shall pay one-half of the approved incentive award to the Named Plaintiffs before or simultaneous with such Section 4.d.1 settlement payment.

b.   Plaintiffs' Counsel may petition the Court for an award of litigation expenses and/or court costs not to exceed $55,000.00 in recognition of expenditures made by Plaintiffs' Counsel for the benefit of the BF Labs Settlement Class. Defendant will not object to Plaintiffs' Counsel applying to the Court for, and receiving, an award of litigation expenses and/or costs up to the above amount.  The amount of

19

any award of litigation expenses and/or court costs approved by the Court shall be deducted from the Potential Settlement Funds and paid before or simultaneous with any Section 4.d.1 settlement payment to Section 4.d.1 on a *pro rata* basis and deducted from the Section 4.d.1 settlement category.  For example, if BF Labs pays one-half of the total amount to be refunded pursuant to Section 4.d.1 then BF Labs shall pay one-half of the approved litigation expenses and/or court costs to Plaintiffs' Counsel before or simultaneous with such Section 4.d.1 settlement payments.

**c.**     Plaintiffs' Counsel may petition the Court for an award of attorneys' fees not to exceed $400,000.00, in recognition of the services performed by Plaintiffs' Counsel for the benefit of the BF Labs Settlement Class. Defendant will not object to Plaintiffs' Counsel applying for, and receiving, an award of attorneys' fees up to the above amount. Any award of attorneys' fees approved by the Court shall be deducted from the Potential Settlement Funds and paid before or simultaneous with Section 4.d.1 payments on a *pro rata* basis and deducted from the Section 4.d.1 settlement category. For example, if BF Labs pays one-half of the total amount to be refunded pursuant to Section 4.d.1, then BF Labs shall pay one-half of the approved attorneys' fees to Plaintiffs' Counsel before or simultaneous with such Section 4.d.1 settlement payment.

**d.**     Except as provided in this Paragraph 5, each Party shall bear his or its own attorneys' fees, costs, and expenses incurred in the prosecution, defense, or settlement of the Litigation, and specifically, without limitation, Defendant shall bear no other attorneys' fees, court costs or expenses.

**6.**   **Releases**

**a.**   On the Effective Date, in exchange for the agreement by Defendant to enter into a consent judgment pursuant to the terms and conditions of this Agreement, and for other good and valuable consideration, Releasors, by operation of this Release, the Final Approval Order, and Final Judgment, shall be deemed without further action by any person or the Court (i) to have fully, finally and forever released, settled, compromised, relinquished, and discharged any and all of the Released Persons of and from any and all Released Claims; (ii) to have consented to dismiss with prejudice the Released Claims of the Releasors against the Released Persons in the Litigation once all payments described in this Agreement have been paid or once a Final Judgment has been entered, whichever event occurs first; and (iii) to be forever barred and enjoined from instituting or further prosecuting in any forum whatsoever including, but not limited to, any state, federal, or foreign court, or regulatory agency, the Released Claims. The Parties agree that the Released Persons will suffer irreparable harm if any BF Labs Settlement Class Member takes action inconsistent with this Paragraph 6.a, and that, in such event, the Released Persons may seek an injunction as to such action without further showing of irreparable harm.

**b.**   The Named Plaintiffs, on behalf of the BF Labs Settlement Class Members, acknowledge and agree that they are aware that they may hereafter discover material or immaterial facts in addition to or different from those which they now know or believe to be true with respect to the subject matter of the Releases, but that it is their intention to, and they do hereby, upon the Effective Date of this Agreement, fully, finally and forever settle and release each and every of the

21

Released Persons from each and every Released Claim, whether known or unknown, alleged or not alleged in the Litigation, common law, equitable or statutory, suspected or unsuspected, accrued or not accrued, contingent or vested or matured or unmatured, liquidated or unliquidated, which now exist, may hereafter exist, or may heretofore have existed, without regard to the subsequent discovery or existence of such different or additional facts.

c.    Subject to Court approval, each BF Labs Settlement Class Member who does not timely opt out shall be immediately bound by this Agreement and all of their claims against Released Persons shall be released on the Effective Date. The releases and agreements contained in this Paragraph 6 shall apply to and bind all BF Labs Settlement Class Members, including those BF Labs Settlement Class Members whose Class Notices are returned as undeliverable, and those for whom no current address can be found, if any.

7.    **Representations and Stipulations**

a.    BF Labs represents, warrants, and declares that (i) it has acted in good faith and has used its best efforts in identifying the members of the BF Labs Settlement Class; and (ii) based on said efforts, Defendant is not aware of any members of the BF Labs Settlement Class who have not been identified. Defendant agrees to provide a complete list, including known addresses, phone numbers, and email addresses, of BF Labs Settlement Class Members to Plaintiffs' Counsel before any Class Notices are sent.

b.    Upon the Effective Date, the following stipulations shall be made:

1.    No Privilege Waiver. Each Party stipulates and acknowledges that neither this Agreement nor a Party's decision to negotiate and/or execute the

22

Agreement can be used to show or establish that a Party's conduct during this Litigation, including that of counsel, gives rise to or constitutes a waiver of the attorney-client, common interest or joint defense privilege or work product doctrines.

2. <u>Use of Discovery Information</u>. The Parties agree to comply with the terms of the Stipulated Protective Order entered July 14, 2014, except as the Parties have previously agreed or may hereafter agree in writing.

c. Plaintiffs' Counsel represent and warrant that, other than the Named Plaintiffs, they are not retained by any existing client to commence a new lawsuit or pursue any claims or right of relief against Defendant or other Released Persons with respect to any of the Released Claims. Plaintiffs' Counsel and the Named Plaintiffs further represent and warrant that they fully support this Agreement and will not solicit or counsel persons to opt-out and will not solicit or represent any person who intends to object.

**8.   Preliminary Approval Order**

The Named Plaintiffs shall promptly move the Court in the Litigation for a Preliminary Approval Order substantially similar to **Exhibit B** that accomplishes the following:

a. Certifying the proposed BF Labs Settlement Class pursuant to Fed. R. Civ. P. 23 for settlement purposes;

b. Preliminarily approving this Agreement as fair, reasonable and adequate under Fed. R. Civ. P. 23 subject to a final determination by the Court;

c. Approving the appointment of the Named Plaintiffs as representatives of the BF Labs Settlement Class for settlement purposes;

**d.**     Approving the appointment of Plaintiffs' Counsel as counsel for the BF Labs Settlement Class for settlement purposes;

**e.**     Approving a form of notice substantially similar to the Class Notice attached as **Exhibit A** to be sent to the members of the BF Labs Settlement Class;

**f.**     Directing BF Labs to electronically mail the Class Notice promptly after entry by the Court of the Preliminary Approval Order to the BF Labs Settlement Class to the last known e-mail address of such persons;

**g.**     Establishing a procedure for members of the BF Labs Settlement Class to opt out and setting a date, thirty (30) days after the electronic mailing of the Class Notice, after which no member of the BF Labs Settlement Class shall be allowed to opt out of the BF Labs Settlement Class;

**h.**     Establishing a procedure for BF Labs Settlement Class Members to object to the Settlement and setting a date, thirty (30) days after the electronic mailing of the Class Notice, after which no BF Labs Settlement Class Members shall be allowed to object;

**i.**     Establishing a procedure for motions to intervene in the Litigation and setting a date, thirty (30) days after the electronic mailing of the Class Notice, after which no one shall be allowed to intervene;

**j.**     Scheduling a hearing on final approval of the Settlement and Agreement, which shall not occur earlier than ninety (90) days after mailing of the Notice required by the Class Action Fairness Act, 28 U.S.C. § 1715, and establishing a procedure for the BF Labs Settlement Class Members to appear at the hearing;

**k.**     Staying the Litigation until further order of the Court, other than as may be necessary to effectuate the Settlement and carry out the terms of this Agreement or the responsibilities related or incidental thereto; and

**l.**     Containing such other and further provisions consistent with the terms and provisions of this Agreement as the Court may deem advisable.

**9.     Class Member Opt Outs, Class Member Objections and Intervention**

**a.**     <u>Procedure for Opt Outs</u>. The deadline for opt out requests shall be set forth in the Preliminary Approval Order. Any request to opt out must be in writing and must include the name, address, telephone number, and last four digits of the Social Security Number of the member of the BF Labs Settlement Class seeking to opt out and a statement that such class member is seeking exclusion. Any opt out request must be personally signed by each person who was a party to the respective class member's order with BF Labs, unless such person is deceased or legally incompetent. In the event a party is deceased or legally incompetent, the personal representative or guardian must sign the opt out request. Any opt out request must include a reference to "*Alexander v. BF Labs Inc.*, Case No. 14-CV-2159-KHV-JPO" and be mailed to both Plaintiffs' Counsel and Counsel for Defendant, addressed as:

> Noah K. Wood, Esq.
> Ari N. Rodopoulos, Esq.
> Wood Law Firm, LLC
> 1100 Main Street, Suite 1800
> Kansas City, MO  64105-5171
>
> (on behalf of the BF Labs Settlement Class)
>
> and

Mark A. Olthoff, Esq.
Polsinelli PC
900 W 48th Place
Suite 900
Kansas City, Missouri 64112-1895

(on behalf of Defendant)

To be considered timely and effective, any opt out request must be received on or prior to the date established by the Court in the Preliminary Approval Order. Nor may an opt out request be submitted or made on behalf of a group of persons. Each member of the BF Labs Settlement Class who does not submit an opt out request substantially in compliance with this Paragraph 9 shall be included in the BF Labs Settlement Class and deemed a BF Labs Settlement Class Member. For purposes of determining timeliness, an opt out request shall be deemed to have been submitted when received by either Class Counsel or Counsel for Defendant. Class Counsel and Counsel for Defendant shall notify each other in writing upon receipt of any opt out request. Class Counsel shall provide the Court with a list of any persons who timely and adequately file a request to opt out of and be excluded from the Settlement on or before the date of the Final Approval Hearing.

**b.**    Effect of Opt Outs By Members of the BF Labs Settlement Class. If five percent (5%) or more members of the BF Labs Settlement Class opt out of the Settlement, either the BF Labs Settlement Class (via the Named Plaintiffs in their discretion) or BF Labs (acting in its discretion) may rescind this Agreement, in which event each and every obligation under the Agreement shall cease to be of any force and effect, and this Agreement and any court orders entered in connection therewith shall be vacated, rescinded, canceled, and annulled. If the Agreement is rescinded

pursuant to this Paragraph 9.b, the Parties shall return to the status quo in the Litigation as if the Parties had not entered into this Agreement and any Party may continue to assert their claims or defenses against the other Party or Parties as provided in Paragraph 13. In addition, and in such event, this Agreement and all negotiations, court orders and proceedings relating thereto, shall be without prejudice to the rights of the Parties, and each of them, and evidence of or relating to this Agreement and all negotiations shall not be admissible or discoverable in the Litigation or otherwise. The Parties must exercise their option pursuant to this Paragraph 9.b at least seven (7) business days prior to the Final Hearing Date, by giving written notice of such exercise to the other Parties.

c.  Bankruptcy Trustees. In instances where a member of the BF Labs Settlement Class has filed for bankruptcy under Chapter 7 after placing his, her, or their BF Labs order, if the member of the BF Labs Settlement Class opts out of the Settlement, the Chapter 7 bankruptcy trustee shall be deemed to have opted out of the Settlement. Conversely, if the Chapter 7 bankruptcy trustee opts out of the Settlement, the member of the BF Labs Settlement Class shall be deemed to have opted out of the Settlement. If neither the member of the BF Labs Settlement Class nor the Chapter 7 bankruptcy trustee opts out of the Settlement, both shall be bound by the release provisions of Paragraph 6.

d.  Procedure for Objections to Settlement. Only BF Labs Settlement Class Members who do not opt out of the Settlement may object to the Settlement. Any BF Labs Settlement Class Member who does not opt out and wishes to object to the Settlement or to the incentive awards, expenses, or the award of attorneys' fees

must file a written notice of objection with the Court as provided below (the "Notice of Objection") on or before the date established by the Court in the Preliminary Approval Order. For purposes of determining timeliness, a Notice of Objection shall be deemed to have been submitted when filed with the Clerk of the Court. Copies of the Notice of Objection must also be mailed or delivered to both Plaintiffs' Counsel and Counsel for Defendant on or before the date for filing a Notice of Objection, addressed as follows:

>Noah K. Wood, Esq.
>Ari N. Rodopoulos, Esq.
>Wood Law Firm, LLC
>1100 Main Street, Suite 1800
>Kansas City, MO  64105-5171
>
>(on behalf of the BF Labs Settlement Class)
>
>and
>
>Mark A. Olthoff, Esq.
>Polsinelli PC
>900 W 48th Place
>Suite 900
>Kansas City, Missouri 64112-1895
>
>(on behalf of Defendant)

The Notice of Objection must be in writing, and shall specifically include:

1.      The name, address, and telephone number of the class member filing the objection;

2.      A statement of each objection asserted;

3.      A detailed description of the facts underlying each objection;

4.      Any documents in the possession or control of the objector and relied upon by the objector as a basis for the objection;

5.      If the objector is represented by counsel, a detailed description of the legal authorities supporting each objection;

6.      If the objector plans to utilize expert opinion and/or testimony as part of the objection(s), a written expert report from all proposed experts;

7.      If the objector plans to call a witness or present other evidence at the hearing, the objector must state the identity of the witness and identify any documents by attaching them to the objection and provide any other evidence that the objector intends to present;

8.      A statement of whether the objector intends to appear at the hearing;

9.      A copy of any exhibits which the objector may offer during the hearing; and

10.     A reference to "*Alexander v. BF Labs Inc.*, Case No. 14-CV-2159-KHV-JPO."

Attendance at the final hearing is not necessary. Any BF Labs Settlement Class Member who does not make his or her objection in the manner provided above shall be deemed to have waived such objection and shall forever be foreclosed and barred from making any objection to the fairness, adequacy, or reasonableness of the Settlement or to any provision of this Agreement.

e.      Intervention. Any person who wishes to intervene in the Litigation must file and serve his or her motion to intervene with the Court in accordance with the Federal Rules of Civil Procedure on or before the date prescribed in the Preliminary Approval Order. To the extent any such BF Labs Settlement Class Member intervenes, such BF Labs Settlement Class Member shall be bound by this

Agreement and will be entitled to receive only a pro rata payment from any amounts distributed in the Settlement.

**10.**    <u>**Final Approval Order**</u>

**a.**     The Named Plaintiffs and Plaintiffs' Counsel agree that they will request the Court to enter, after the hearing on final approval of this Agreement, a Final Approval Order substantially in the form attached as **Exhibit C**. In accordance with **Exhibit C**, the Final Approval Order will certify the BF Labs Settlement Class and find that the Settlement and this Agreement are fair, reasonable, and adequate and in the best interests of the BF Labs Settlement Class, declare that the BF Labs Settlement Class Members are bound by the releases set forth in Paragraph 6 of this Agreement as of the Effective Date, and reserve continuing jurisdiction over the enforcement of this Agreement, the administration and distribution of future Settlement Funds and, if necessary, vacating and/or setting aside the Final Judgment in the event the Settlement does not (or cannot) become effective pursuant to Paragraph 13 below. The Final Approval Order will require the Parties to carry out the provisions of this Agreement.

**11.**    <u>**Certifications to the Court**</u>

**a.**     On or before the Final Hearing Date, a duly authorized representative of BF Labs shall file with the Court in the Litigation an affidavit verifying that the court-approved Class Notices have been sent via electronic mail.

**b.**     On or before the Final Hearing Date, a duly authorized representative of BF Labs shall file with the Court in the Litigation an affidavit verifying that it has complied with the procedures described in Paragraph 14.a with respect to all Class Notices returned as undeliverable.

**c.**     On or before _____, 2016, the individual responsible for the receipt and collection of claim forms from the post office box shall certify to the Court that all claim forms obtained from the box were scanned and e-mailed to both Plaintiffs' Counsel and Counsel for Defendant.

**d.**     On or before May 1, 2017, a duly authorized representative of BF Labs shall file with the Court in the Litigation a statement reflecting (1) the amount of Settlement Payments made (if any occur before May 1, 2017), (2) the amount still owed upon claims submitted and/or refunds, (3) the amount of any incentive award paid to the Named Plaintiffs and any attorneys' fees and expenses paid to Plaintiffs' Counsel, (4) the amount of any incentive award, expenses, and attorneys' fees still owed, and (5) the amount of any unclaimed or uncashed checks (if any).

**12.     Effectiveness of Settlement Agreement**

**a.**     The "Effective Date" of this Agreement shall be the date when each and all of the following conditions have occurred, at which point the Settlement shall be deemed effective in all respects:

1.     This Agreement has been signed by the Named Plaintiffs, Defendant, Plaintiffs' Counsel, and Counsel for Defendant;

2.     A Preliminary Approval Order has been entered by the Court in a form substantially similar to that attached as **Exhibit B**, granting preliminary approval of this Agreement, and approving a form of Class Notice, as provided in Paragraph 8;

3.     The Court-approved Class Notice has been duly electronically mailed to the BF Labs Settlement Class as ordered by the Court;

31

4.      A Final Approval Order has been entered by the Court, in a form substantially similar to that attached as **Exhibit C**, as provided in Paragraph 10.a; and

The Final Approval Order entered as provided in Paragraph 10.a and a Final Judgment have become final because of (a) the expiration of the time for appeals therefrom without any appeal having been taken or, (b) if review of the order, or any portion thereof, is sought by any person, the matter has been fully and finally resolved by the appellate court(s) and the time for seeking any higher level of appellate review has expired.

**b.**      If any material portion of this Agreement, the Final Approval Order, or the Final Judgment, other than those provisions included in Paragraph 5 of this Agreement, is vacated, voided, modified, or otherwise altered by the Court or on appeal, any Party may, in its sole discretion, within seven (7) calendar days of such ruling, declare that this Agreement has failed to become effective and in such circumstances this Agreement shall cease to be of any force and effect as provided in Paragraph 13.

**13.      Failure of Condition**

If, for any reason, this Agreement fails to become effective as provided in Paragraphs 3, 9 and/or 12, each and every obligation under this Agreement shall cease to be of any force and effect, and this Agreement, any dismissal entered pursuant to this Agreement, the Final Judgment and any orders entered in connection with the Settlement, dismissal order or Final Judgment, shall be vacated, rescinded, canceled, annulled and deemed "void" and/or "no longer equitable" and/or set aside for a reason that otherwise "justifies relief" for purposes of Fed. R. Civ. P. 60 and the Parties shall be returned to the status quo prior to entering into this Agreement with

respect to the Litigation as if this Agreement had never been entered into, except that the provisions of Paragraph 1 hereof shall survive and remain binding on the Parties and effective in all respects regardless of the reasons for such failure of condition and any Party may continue to assert their claims or defenses against the other Party or Parties in the Litigation.

14.   **Class Notice Forms**

a.     BF Labs has maintained a list of all persons who are members of the BF Labs Settlement Class. Said list includes the names and last known electronic mail addresses of the class members. Notice shall be delivered by electronic mail to such persons and e-mail addresses. BF Labs shall undertake reasonable efforts to locate current e-mail addresses for any class member(s) whose e-mail notice is returned undeliverable. The notices shall be mailed electronically within five (5) days of the Preliminary Approval Order. Counsel for BF Labs shall notify the Plaintiffs' Counsel of any e-mail notice that is returned as undeliverable, including the attempted e-mail address and the name, address, phone number, or other contact information for such BF Labs Settlement Class Member.

b.     Subject to Court approval, all BF Labs Settlement Class Members shall be bound by this Agreement and the Released Claims shall be deemed released as of the Effective Date, even if a BF Labs Settlement Class Member did not receive actual notice of the Litigation or the Settlement. Further, the Parties expressly acknowledge and agree that a Final Judgment shall be entered by the Court dismissing the Released Claims with prejudice and barring the relitigation of the Released Claims as provided herein, regardless of whether such Released Claims were actually asserted, to the fullest extent of the law and that any dismissal order

or judgment shall be entitled to full faith and credit in any other court, tribunal, forum, including arbitration or agency.

**15.**     <u>**Public Comments and Press Releases**</u>

**a.**     Before the Motion for Preliminary Approval of Class Action Settlement is filed, neither the Parties nor their counsel shall have any communications with the media regarding the Settlement, except as required by law.

**b.**     No Party and no counsel shall make any public comments that would undermine the Settlement, adversely affect the ability of the Parties to obtain final approval of the Settlement, or disparage any other Party or counsel for any Party.

**c.**     Nothing in this Section shall prohibit counsel from providing legal advice to any of the individual BF Labs Settlement Class Members and/or any other client.

**16.**     <u>**General Provisions**</u>

**a.**     <u>Entire Agreement</u>. This Agreement constitutes the full, complete and entire understanding, agreement and arrangement of and between the Named Plaintiffs and the BF Labs Settlement Class Members on the one hand and the Settling Defendant on the other hand with respect to the Settlement and the Released Claims against the Released Persons. This Agreement supersedes any and all prior oral or written understandings, agreements, and arrangements between the Parties with respect to the Settlement and the Released Claims against the Released Persons. Except for those set forth expressly in this Agreement, there are no agreements, covenants, promises, representations or arrangements between the Parties with respect to the Settlement and/or the Released Claims against the Released Persons.

**b.**    <u>Modification in Writing</u>. This Agreement may be altered, amended, modified or waived, in whole or in part, only in a writing signed by all Parties. This Agreement may not be amended, altered, modified or waived, in whole or in part, orally.

**c.**    <u>Ongoing Cooperation</u>. The Parties hereto shall execute all documents and perform all acts necessary and proper to effectuate the terms of this Agreement. The execution of any documents must take place prior to the Final Hearing Date.

**d.**    <u>Duplicate Originals/Execution in Counterpart</u>. All Parties, Plaintiffs' Counsel and Counsel for Defendant shall sign three copies of this Agreement and each such copy shall be considered an original. This Agreement may be signed in one or more counterparts. All executed copies of this Agreement, and photocopies thereof (including facsimile or pdf copies of the signature pages), shall have the same force and effect and shall be as legally binding and enforceable as the original.

**e.**    <u>No Reliance</u>. Each Party to this Agreement warrants that he, she or it is acting upon his, her, or its independent judgment and upon the advice of his, her, or its own counsel and not in reliance upon any warranty or representation, express or implied, of any nature or kind by any other Party, other than the warranties and representations expressly made in this Agreement.

**f.**    <u>Governing Law</u>. This Agreement shall be interpreted, construed, enforced, and administered in accordance with the laws of the state of Kansas, without regard to conflict of laws rules. This Agreement shall be enforced in the United States District Court for the District of Kansas. Defendant, the Named Plaintiffs, and the

BF Labs Settlement Class Members waive any objection that each such Party may now have or hereafter have to the venue of any suit, action, or proceeding that may be brought to enforce the Agreement, and irrevocably consent to the jurisdiction of said District Court solely for the purposes of any such suit, action or proceeding; and agree to accept and acknowledge service of any and all process which may be served in any such suit, action or proceeding.

**g.** <u>Reservation of Jurisdiction</u>. Notwithstanding any dismissal of or entry of a Final Judgment on the Released Claims, the Court shall retain jurisdiction for purposes of enforcing the terms of this Agreement, Amending a Final Judgment, and implementing the Settlement, including the issuance of injunctions against actions brought by BF Labs Settlement Class Members in violation of the Final Judgment.

**h.** <u>Binding on Successors</u>. This Agreement shall be binding on and shall inure to the benefit of the Parties and their respective successors, assigns, executors, administrators, heirs and legal representatives. The Released Persons shall be deemed to be intended third party beneficiaries of this Agreement upon the Effective Date.  No other third party beneficiaries are created or intended to be created under this Agreement.

**i.** <u>Mutual Preparation</u>. This Agreement shall not be construed more strictly against one Party than another merely by virtue of the fact that it may have been prepared by counsel for one of the Parties, it being recognized that because of the arm's length negotiations between the Parties, all Parties have contributed to the preparation of this Agreement.

**j.**     <u>Gender Neutrality</u>. All personal pronouns used in this Agreement, whether used in the masculine, feminine or neuter gender, shall include all other genders, and the singular shall include the plural and vice versa.

**k.**     <u>Taxes</u>. All BF Labs Settlement Class Members shall be responsible for paying and/or reporting any and all federal, state and local income taxes due on any payments made to them pursuant to the Settlement.

**l.**     <u>No Other Financial Obligations on Defendant</u>. Defendant shall not be liable or obligated to pay any fees, expenses, costs or disbursements to the Named Plaintiffs, Plaintiffs' Counsel, or the BF Labs Settlement Class Members, either directly or indirectly, in connection with the Litigation or the administration of this Agreement, other than the amounts expressly provided for herein as approved by the Court. Any miscellaneous settlement administration expenses of any kind shall be paid by Defendant.

**m.**     <u>Authority</u>. With respect to themselves, each of the Parties to this Agreement represents, covenants and warrants that (i) he, she, or it has the full power and authority to enter into and consummate all transactions contemplated by this Agreement and have duly authorized the execution, delivery and performance of this Agreement and (ii) the person executing this Agreement has the full right, power and authority to enter into this Agreement on behalf of the Party for whom he/she has executed this Agreement, and the full right, power and authority to execute any and all necessary instruments in connection herewith, and to fully bind such Party to the terms and obligations of this Agreement.

**n.** <u>Exhibits</u>. The exhibits attached to this Agreement are incorporated herein as though fully set forth herein.

IN WITNESS WHEREOF, the undersigned, being duly authorized, have caused this Agreement to be executed as of the ___ day of _____, 2016.

Dated: **APRIL, 13TH**_____, 2016      _Kyl S alward_____

KYLE ALEXANDER, on his own behalf
and on behalf of the BF Labs Settlement
Class Members

Dated:_____, 2016      _____

DYLAN SYMINGTON, on his own behalf
and on behalf of the BF Labs Settlement
Class Members

BF LABS INC.

Dated: _____, 2016      By:_____

Named Plaintiffs' and BF Labs Settlement
Class Counsel

Dated: _____, 2016      By:_____

Counsel for BF Labs and Released Persons

Dated: _____, 2016      By:_____

IN WITNESS WHEREOF, the undersigned, being duly authorized, have caused this Agreement to be executed as of the ___ day of _____, 2016.


Dated: _____, 2016

    _____

KYLE ALEXANDER, on his own behalf
and on behalf of the BF Labs Settlement
Class Members


Dated: _____April 11_____, 2016

    _____

DYLAN SYMINGTON, on his own behalf
and on behalf of the BF Labs Settlement
Class Members


BF LABS INC.


Dated: _____, 2016

By: _____


Named Plaintiffs' and BF Labs Settlement
Class Counsel


Dated: _____, 2016

By: _____


Counsel for BF Labs and Released Persons


Dated: _____, 2016

By: _____

IN WITNESS WHEREOF, the undersigned, being duly authorized, have caused this Agreement to be executed as of the ___ day of _____, 2016.

Dated: _____, 2016

KYLE ALEXANDER, on his own behalf and on behalf of the BF Labs Settlement Class Members

Dated:_____, 2016

DYLAN SYMINGTON, on his own behalf and on behalf of the BF Labs Settlement Class Members

BF LABS INC.

Dated: _04 - 18-_____, 2016

By:_____

Named Plaintiffs' and BF Labs Settlement Class Counsel

Dated: _____, 2016

By:_____

Counsel for BF Labs and Released Persons

Dated: _____, 2016

By:_____

39

## <u>EXHIBITS AND SCHEDULES</u>

Exhibit A – Proposed Class Notice

Exhibit B – Preliminary Approval Order

Exhibit C – Final Approval Order

Exhibit D – Proposed Final Judgment

Exhibit E – Proposed Claim Form

**Schedule 1**

Category 2.3 Payments

| Product Ordered | Settlement Amount |
|---|---|
| 4.5, 5, or 10 GH, 65 NM (Jalapeno or Habanero) | $5 dollars |
| 30 or 25 GH, 65 NM (Little Single) | $20 dollars |
| 60 or 50 GH, 65 NM (Single) | $30 dollars |
| 230 or 250 GH, 65 NM (Rackmount) | $30 dollars |
| 1500 or 500 GH, 65 NM (MiniRig) | $225 dollars |
| 600 or 300 GH, 28 NM (Monarchs) | $45 dollars |

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

KYLE ALEXANDER, et al.,              )
                                     )
      Plaintiffs,              )        14-CV-2159-KHV-JPO
      v.                       )        Judge Kathryn H. Vratil
BF LABS, INC., et al.,               )
                                     )
      Defendants.              )

**NOTICE OF PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT**

**PLEASE READ THIS NOTICE CAREFULLY.**
*THIS IS NOT A NOTICE OF A LAWSUIT AGAINST YOU.*
*IF YOU WISH TO RECEIVE A PORTION OF THE CLASS SETTLEMENT PROCEEDS
DESCRIBED BELOW, YOU MAY BE REQUIRED TO COMPLETE AND RETURN A
CLAIM FORM BY _____.*

**1. WHY DID YOU GET THIS NOTICE?**

You received this Notice because you met all the criteria contained in the class definition set forth in paragraph 3 below and are a member of the Settlement Class. The purpose of this Notice is to advise you of a proposed settlement in the Lawsuit ("Agreement"), and of a hearing to consider that settlement to be held on _____, **2016 at        a.m.** before Judge Vratil of the U.S. District Court for the District of Kansas, 500 State Avenue, Kansas City, Kansas 66101 ("Fairness Hearing").

**2. WHAT IS THIS LAWSUIT ABOUT?**

Plaintiffs Kyle Alexander and Dylan Symington filed suit against BF Labs Inc. asserting several potential classes. The Plaintiffs alleged that BF Labs violated the Kansas Consumer Protection Act, was unjustly enriched, and committed the tort of conversion. Plaintiffs subsequently amended their complaint to assert claims against Sonny Vleisides and Jeffrey Ownby under the Kansas Consumer Protection Act and unjust enrichment. Counsel for Plaintiffs have conducted an extensive investigation into the relevant facts and law underlying Plaintiffs' claims, and have concluded that a settlement with BF Labs is in the best interests of Plaintiffs and the Settlement Class. This Notice should not be understood as an expression of any opinion by the Court as to merits of any of the claims or any of the defenses asserted.

**3. WHO IS IN THE SETTLEMENT?**

On _____, 2016, the Court preliminarily approved the settlement and provisionally the following Settlement Class: All customers who prepaid BF Labs Inc. for ASIC 65 NM generation products or ASIC 28 NM generation products between June 23, 2012 and July 17, 2014.

**4. THE SETTLEMENT BENEFITS - WHAT YOU GET**

Under the terms of the Settlement Agreement, BF Labs will not make any immediate Settlement Payments to any class members. The financial condition of BF Labs precludes any instant payments. However, Plaintiffs and BF Labs have agreed that, if future funding is received, then BF Labs will make Settlement Payments as more fully explained in Part 4 of the Agreement. In general, any person in the Class who did not receive a product or a refund will obtain a full refund of his or her payment. For persons who received a product, then BF Labs will make payments in accordance with a schedule of payments that corresponds to the particular product(s)



purchased. For persons who previously received a refund, then BF Labs will make a payment of $5.00 per person refunded.

---

**5.  CLASS COUNSEL'S OPINION OF THE SETTLEMENT**

In a lawsuit under the KCPA, a prevailing plaintiff may be able to recover any actual damages and reasonable attorneys' fees and costs. Of course, if an individual does not prevail, he will receive no payment. The claim under unjust enrichment and conversion is limited to the damages that the Plaintiffs may be able to prove. Here, in this Lawsuit, the Court has not ruled in Plaintiffs' favor. The Court has also not certified a class, except pursuant to the Agreement. Class Counsel has considered the benefits that the Settlement Classes may receive under the Agreement, the potential defenses of Defendant, Defendant's financial condition, and the attendant risks, uncertainties and delays of litigation. Further, the settlement provides for a judgment entered in favor of the Class if Defendant is unable to make the payments required by the settlement.  Consequently, Class Counsel believes the terms of the settlement are fair and reasonable, and the members of the Settlement Class should accept this settlement.

---

**6. NO ADMISSION OF LIABILITY**

By entering into this Agreement, BF Labs does not admit any liability to Plaintiffs and the Settlement Class. BF Labs enters into this Agreement solely to avoid the expense, burden, and uncertainty of further litigation, and to put to rest all claims, known or unknown, that have been or might have been asserted by the Plaintiffs or the Settlement Class against BF Labs concerning the matters alleged in the Lawsuit.

---

**7. WHAT AM I GIVING UP AS PART OF THE SETTLEMENT?**

If you remain in the Settlement Class and the settlement becomes final, you will be releasing BF Labs and most of its officers, directors, shareholders, members, and employees from liability for any claims arising from or relating to the collection of payments and sale of products to the Class as defined. This release is more fully explained in Sections 2(s) and 6 of the Agreement.

---

**8. WHAT ARE MY OPTIONS?**

**OPTION 1**: **Remain in Class.** In order to potentially receive a Settlement Payment under the Agreement, you must remain a member of the Class. For those persons who prepaid BF Labs but have not received a product or a refund, you need do nothing more. For those persons who prepaid and *did* receive a product, in order to receive a possible Settlement Payment, you must complete and submit the claim form at the end of this notice. For those persons who prepaid and received a prior refund from BF Labs, in order to receive a $5.00 settlement payment you must complete and submit the claim form at the end of this notice. You must submit the Claim Form to _____.   Claim   forms   **MUST   BE** postmarked by _____, **2016.** Payments will be mailed to class members after the Court grants "final approval" of the settlement, any appeals are resolved, and if BF Labs obtains funds in the future to do so.

**OPTION 2: Exclude Yourself From the Class.** If you fall within the Class definition you will be a member of the Settlement Class unless you exclude yourself from the Settlement Class. If you want to exclude yourself from the Settlement Class then you must complete and mail a notice of intention to opt-out ("Opt-Out"), which contains the following in writing: (a) your name address, telephone number, and last four digits of your Social Security Number; (b) a statement that you are seeking exclusion from the Settlement and waive all rights to the benefits of the Settlement; (c) your signature; and (d) a reference to "*Alexander v. BF Labs Inc.*, Case No. 14-CV-2159-KHV-JPO".   In addition, for your Opt-Out to be valid, it must be mailed to the following addresses postmarked no later than _____, 2016:

Noah K. Wood, Esq., Ari N. Rodopoulos, Esq.
Wood Law Firm, LLC
1100 Main Street, Suite 1800
Kansas City, MO  64105-5171

and

Mark A. Olthoff, Esq.
Polsinelli PC
900 W 48th Place, Suite 900
Kansas City, Missouri 64112-1895

If you wish to bring your own individual action (at your expense) against Defendant, you must exclude yourself from this case.  If you exclude yourself from this case, you will not receive any money from the Class Settlement.

**OPTION 3: Object to the Settlement. If you do not exclude yourself from the Settlement Class,** you can tell the Court that you don't agree with the settlement or some part of it. You must give reasons why you think the Court should not approve the settlement. The Court will consider your views if you properly submitted an objection on time. Objecting is simply telling the Court that you don't like something about the settlement. You can object ONLY if you stay in the class. If you wish to object to the settlement or to any awards to Plaintiffs or Class Counsel, then you must send a copy of the notice of objection to the following addresses:

Noah K. Wood, Esq., Ari N. Rodopoulos, Esq.
Wood Law Firm, LLC
1100 Main Street, Suite 1800
Kansas City, MO  64105-5171

and

Mark A. Olthoff, Esq.
Polsinelli PC
900 W 48th Place, Suite 900
Kansas City, Missouri 64112-1895

Each objection must provide: (a) the name, address, and telephone number of the class member filing the objection; (b) a statement of each objection asserted; (c) a detailed description of the facts underlying each objection; (d) any documents in the possession or control of the objector and relied upon by the objector as a basis for the objection; (e) if the objector is represented by counsel, a detailed description of the legal authorities supporting each objection; (f) if the objector plans to utilize expert opinion and/or testimony as part of the objection(s), a written expert report from all proposed experts; (g) if the objector plans to call a witness or present other evidence at the hearing, the objector must state the identity of the witness and identify any documents by attaching them to the objection and provide any other evidence that the objector intends to present; (h) a statement of whether the objector intends to appear at the hearing; (i) a copy of any exhibits which the objector may offer during the hearing; and (j) a reference to *Alexander v. BF Labs Inc.*, Case No. 14-CV-2159-KHV-JPO."  If you do not submit a timely objection in accordance with the requirements set forth above, you will not be treated as having filed a valid objection to the settlement. If you do file an objection and wish it to be considered, you may also appear at the hearing before Judge Vratil of the U.S. District Court for the District of Kansas, 500 State Avenue, Kansas City, KS 66101 ("Fairness Hearing"). YOU ARE NOT REQUIRED TO ATTEND THIS HEARING. Please note that it is not sufficient to simply state that you object. You must state reasons why the settlement should not be approved.  In order for your objection to be timely, it **MUST BE** postmarked no later than _____, 2016.

3

**OPTION 4: Do Nothing.** You are not required to do anything in response to this Notice. If you do nothing you will remain a member of the Class and you will release your claims against Defendant.

---

**9. WHO ARE COUNSEL FOR PLAINTIFF AND CLASS COUNSEL?**

The Court has appointed the following attorneys to represent you and other members of the Settlement Class in this lawsuit:

Noah K. Wood, Esq., Ari N. Rodopoulos, Esq.
Wood Law Firm, LLC
1100 Main Street, Suite 1800
Kansas City, MO  64105-5171

Telephone: (888) 237-0999

These attorneys represent your interests in this lawsuit. You may contact them with any questions that you have about the lawsuit or the settlement. You may also hire your own attorney at your own cost to enter an appearance on your behalf in this matter.

---

**10. THE COURT'S FAIRNESS HEARING**

The Court will hold a hearing on the settlement in before Judge Vratil, U.S. District Court for the District of Kansas, 500 State Avenue, Kansas City, Kansas 66101 ("Fairness Hearing") on _____ **at ____ a.m.** to determine, among other things, (i) whether it will be approved as fair, adequate and reasonable; (ii) what amount, if any, to award class counsel for attorney's fees, expenses, and costs in the Action; and (iii) what amount, if any, to award Plaintiffs for their services as class representatives. YOU ARE NOT REQUIRED TO ATTEND THIS HEARING. The hearing may be continued by the Court without further notice to class members. If the Court does not approve the settlement, the class action will proceed, and you may or may not get the money that this Settlement may provide in the future.

---

**11. WHERE CAN I OBTAIN ADDITIONAL INFORMATION?**

The description of the lawsuit and settlement that is contained in this Notice is only general in nature. All papers filed in this case, including the full settlement agreement, are available on the website of Class Counsel at _____. If you or your attorney requires additional information, you should write or call class counsel at the addresses and telephone numbers listed above in paragraph 9 during regular business hours. Please include the case name and number, your name and your current return address on any letters, not just the envelopes. Please do not contact the Defendant's attorneys; they are not in a position to give you any advice about this settlement.

PLEASE DO NOT CONTACT THE COURT OR DEFENDANT'S COUNSEL FOR INFORMATION.

Dated:   _____, 2016          BY ORDER OF THE UNITED STATES DISTRICT COURT
                                      DISTRICT OF KANSAS

-------------------------------------------------------------------------------------------------------------------------

**CLAIM FORM**

**[TO BE INSERTED]**

## UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

| | | |
|---|---|---|
| **KYLE ALEXANDER, et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 14-CV-2159-KHV-JPO** |
| | ) | |
| **BF LABS INC., et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER PRELIMINARILY APPROVING
## CLASS ACTION SETTLEMENT

WHEREAS, Plaintiffs Kyle Alexander and Dylan Symington (collectively, the "Named Plaintiffs") commenced the above-captioned civil action (the "Litigation") against BF Labs Inc. and other defendants; and

WHEREAS, the Named Plaintiffs are asserting claims against Defendant BF Labs Inc. in the Litigation (the "Claims"), which are based on alleged violations of the Kansas Consumer Protection Act ("KCPA"), K.S.A. §§ 50-626, *et seq.*, unjust enrichment, and conversion; and

WHEREAS, the Named Plaintiffs are asserting the Claims for themselves and for a similarly-situated class of persons (the "BF Labs Settlement Class"); and

WHEREAS, the Named Plaintiffs and BF Labs Inc. have entered into a "Settlement and Release Agreement" dated _____ (the "Agreement"), which memorializes a negotiated and agreed-upon settlement of the Litigation and Claims as between the Named Plaintiffs and the proposed BF Labs Settlement Class, on one hand, and BF Labs Inc., on the other hand, subject to the approval of the Court (the "Settlement"); and

WHEREAS, the Named Plaintiffs have filed a Motion for Preliminary Approval of Class Action Settlement with the Court, which asks the Court to preliminarily approve the proposed settlement.

**EXHIBIT**

**B**

NOW THEREFORE, upon careful consideration of the Named Plaintiffs' Motion for Preliminary Approval of Class Action Settlement, and after reviewing the Agreement, and for good cause shown,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

## A.   <u>Preliminary Class Certification</u>

1.      The Agreement and its definitions are incorporated into this Order (with capitalized terms as set forth in the Agreement).

2.      The Named Plaintiffs and BF Labs Inc. have executed the Agreement in order to settle and resolve the Litigation and Claims as between and among the Named Plaintiffs, the proposed BF Labs Settlement Class, and BF Labs Inc., subject to approval of the Court.

3.      The terms of the Agreement, and the Settlement as provided therein, are approved preliminarily as fair, reasonable and adequate to the BF Labs Settlement Class as defined in the Agreement, subject to further consideration at the Fairness Hearing described in Paragraph 20 below.

4.      For the purpose of a settlement in accordance with the Agreement, and upon review of the Plaintiffs' Motion for Preliminary Approval of Class Action Settlement, the Court hereby preliminarily certifies the following class of persons as a settlement class (*i.e.*, the "BF Labs Settlement Class") pursuant to Fed. R. Civ. P. 23 as fair, reasonable and adequate:

> All customers who prepaid BF Labs Inc. for ASIC 65 NM generation products or ASIC 28 NM products between June 23, 2012 and July 17, 2014.

Excluded from the class shall be BF Labs Inc. and any shareholder, director, officer, or employee of BF Labs Inc.; the Court and Court personnel; counsel of record for BF Labs Inc.; counsel of record for the Named Plaintiffs and Plaintiffs; and any person who has settled claims with BF Labs Inc. prior to the Effective Date of the settlement.

5.      Pursuant to the Agreement, and for purposes of the Settlement only, the Court, finds preliminarily as to the proposed BF Labs Settlement Class that:

a.      The BF Labs Settlement Class is comprised of thousands of members and is so numerous that joinder of all members is impracticable;

b.      There are questions of law and fact common to the Class, including, but not limited to, questions related to the application of the KCPA, the practices and operations of the parties involved with the order, sale, advertising, manufacturing, and shipment of Bitcoin mining machines, the collection of payments from class members, and the measure of damages;

c.      The Claims arise from the same conduct and course of conduct and are typical of the claims of the BF Labs Settlement Class for which the Parties seek certification;

d.      There are no apparent conflicts of interest between the Named Plaintiffs and the BF Labs Settlement Class or among the members of the BF Labs Settlement Class, and the Named Plaintiffs and their counsel will fairly and adequately protect the interests of the BF Labs Settlement Class.

The Court further finds that:

e.      The questions of law or fact which are common to the members of the BF Labs Settlement Class predominate over the questions affecting only individual members; and

f.      Certification of the BF Labs Settlement Class as proposed is an appropriate method for the fair and efficient adjudication of the controversies between the BF Labs Settlement Class and BF Labs with respect to the Claims, without prejudice to

rights and claims of the Named Plaintiffs and the members of the BF Labs Settlement Class against any persons, associations and entities other than BF Labs and other "Released Persons." Class-wide resolution of the Claims in the Litigation via the Settlement will promote judicial economy and uniformity of result without undue dilution of procedural safeguards for the members of the BF Labs Settlement Class or BF Labs Inc.

6.      For purposes of this preliminary approval, and for all matters relating to the Settlement and Litigation, and until further order of the Court, the Named Plaintiffs Kyle Alexander and Dylan Symington are appointed as Representatives of the BF Labs Settlement Class and Noah Wood and Ari Rodopoulos of Wood Law Firm, LLC are appointed as Counsel for the BF Labs Settlement Class ("Class Counsel").

7.      By this Order, the Court hereby exercises subject matter and personal jurisdiction over the BF Labs Settlement Class for purposes of evaluating the final certification of the BF Labs Settlement Class and the fairness and adequacy of the Settlement.

**B.      Class Notice and Notice Plan**

1.      The Class Notice attached as Exhibit A to the Agreement is hereby approved.

2.      BF Labs Inc. shall mail the Class Notice electronically in a form substantially the same as that attached as Exhibit A to the Agreement to all members of the BF Labs Settlement Class. Such electronic mailing shall be made within five (5) days of the entry of this Preliminary Approval Order.

3.      The Class Notice contains sufficient information which a reasonable person would consider to be material in making an informed, intelligent decision of whether to opt out of or remain a member of the BF Labs Settlement Class and be bound by a final judgment, fairly apprises the members of BF Labs Settlement Class of the terms and conditions of the Settlement,

the options that are open to the members of the BF Labs Settlement Class in connection with the proceedings, and apprises the members of the BF Labs Settlement Class as to how they may obtain additional information from Class Counsel. In addition, the manner in which the Class Notice will be disseminated and published ensures that notice of the Litigation and Settlement will reach most if not all of the members of the BF Labs Settlement Class and is reasonable. For these and other reasons, the Court finds that the Agreement contemplates a method of notice that (a) protects the interests of the Named Plaintiffs, the BF Labs Settlement Class, and BF Labs, (b) is the best notice practicable under the circumstances, and (c) is reasonably calculated to apprise the BF Labs Settlement Class of the pendency of the Litigation and proposed Settlement, of the Agreement, and of their right to opt out and exclude themselves from or object to the proposed Settlement. In addition, the Court finds that the proposed method of notice is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to receive notice of the proposed Settlement and meets all applicable requirements of law, including, but not limited to Fed. R. Civ. P. 23 and the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

4.      Prior to the Fairness Hearing, BF Labs Inc. shall serve and file a sworn statement of a person with knowledge evidencing compliance with the provisions of this Order concerning the mailing of the Class Notice.

**C.      Settlement Fund Consideration and Administration**

1.      The consideration for the Settlement pursuant to the Agreement is hereby approved.

2.      All costs and expenses associated with the Settlement and its administration shall be paid by BF Labs Inc.

3.      BF Labs Inc. shall administer payment of any funds pursuant to the terms of the Settlement Agreement. In addition, BF Labs Inc. shall report to the Court evidencing compliance with its obligations with respect to payment of any funds.

**D.      Class Member Rights (Exclusion, Objection, Appearance, and Intervention) and Fairness Hearing**

1.      Any member of the BF Labs Settlement Class desiring exclusion from the BF Labs Settlement Class shall mail a request for exclusion ("Request for Exclusion") to the Parties' respective counsel. To be valid, the Request for Exclusion must be received on or before _____, 2016. Such Request for Exclusion must be in writing and include: (a) the name, address, telephone number and the last four digits of the social security number of the class member seeking to opt out; (b) a statement that the class member is seeking exclusion; (c) the signature of each person who was a party to the class member's order, unless such person is deceased or in some other way has voluntarily or involuntarily transferred his or her rights under the order, in which event the Request for Exclusion shall be signed by said person's heir, representative, successor, or assign; and (d) a reference to "Kyle Alexander, et al. v. BF Labs Inc., et al., Case No. 14-CV-2159-KHV-JPO." If the Request for Exclusion is signed by the heir, representative, successor, or assign, sufficient documentation showing his or her authority to sign must be received on or before _____, 2016.

2.      Any member of the BF Labs Settlement Class who does not properly and timely request to be excluded from the BF Labs Settlement Class in full compliance with these requirements shall be included in the BF Labs Settlement Class and shall be bound by any judgment entered in this lawsuit with respect to said Class.

3.      Within a reasonable period after the deadline for submitting Requests for Exclusion, but before the Fairness Hearing, the parties shall file with the Court a sworn statement

to identify those persons, if any, who timely submitted a Request for Exclusion. The originals of all Requests for Exclusion shall be retained by the Parties. Class Counsel and Defendant's Counsel shall promptly furnish each other with copies of any Requests for Exclusion that come into their possession.

4.    A hearing (the "Fairness Hearing") shall be held at _____ ___.m. on _____, 2016, in Division _____ at the Robert Dole Federal Courthouse, 500 State Avenue, Kansas City, Kansas 66101. At the Fairness Hearing, the Court will consider: (a) the fairness, reasonableness, and adequacy of the Settlement; (b) the entry of any final order or judgment in the Litigation with respect to the BF Labs Settlement Class; (c) the application for incentive awards for the services rendered by Named Plaintiffs; (d) the application for attorneys' fees and for reimbursement of expenses by Class Counsel; and (e) other related matters. The Fairness Hearing may be postponed, adjourned, or continued by Order of the Court without further notice to the BF Labs Settlement Class.

5.    To be considered at the Fairness Hearing, any BF Labs Settlement Class Member desiring to file an objection or other comment on the Settlement shall be required to file any such objections or comments and all supporting pleadings with the Court on or before _____, 2016, with service upon Class Counsel and Defendant's Counsel as required by the Federal Rules of Civil Procedure. The objection of any BF Labs Settlement Class Member must be in writing and must specifically include the following: (a) the name(s), address(es), and telephone number(s) of the Class Member(s) filing the objection; (b) a statement of each objection asserted; (c) a detailed description of the facts underlying each objection; (d) any documents in the possession or control of the objector and relied upon by the objector as a basis for the objection; (e) if the objector is represented by counsel, a detailed description of the

legal authorities supporting each objection; (f) if the objector plans to utilize expert opinion and/or testimony as part of the objection(s), a written expert report from all proposed experts; (g) if the objector plans to call a witness or present other evidence at the hearing, the objector must state the identity of the witness and identify any documents by attaching them to the objection and provide any other evidence that the objector intends to present; (h) a statement of whether the objector intends to appear at the hearing; (i) a copy of any exhibits which the objector may offer during the hearing; and (j) reference to "Kyle Alexander, et al. v. BF Labs Inc., et al., Case No. 14-CV-2159-KHV-JPO."

6.      No objection to or comment concerning the Settlement shall be heard unless timely filed and served as provided herein. Class Counsel and BF Labs' Counsel shall promptly furnish each other with copies of any written objections that come into their possession.

7.      Any attorney retained by any objector for the purpose of appearing and/or making an objection shall file his or her entry of appearance at the objector's expense on or before _____, 2016, with service on Class Counsel and Defendant's Counsel per the Federal Rules of Civil Procedure.

8.      Any objector who does not make his or her objection in the manner provided in this Order shall be deemed to have waived any such objection and shall forever be barred from making any objection to the Settlement, including without limitation, the propriety of class certification, the adequacy of any notice, or the fairness, adequacy, or reasonableness of the Settlement.

9.      Any BF Labs Settlement Class Member may appear at the Fairness Hearing in person, or by counsel if an appearance is filed and served as provided in the Class Notice, and such person will be heard to the extent allowed by the Court. No person shall be permitted to be

heard unless, on or before _____, 2016, unless such person has (a) filed with the Clerk of the Court a notice of such person's intention to appear; and (b) served copies of such notice upon Class Counsel and Defendant's Counsel as required by the Federal Rules of Civil Procedure.

10.     Any BF Labs Settlement Class Member may seek to intervene in the Litigation in person, or by counsel if a motion to intervene is filed and served as provided in the Notice. No person shall be permitted to intervene unless, on or before _____, 2016, such person has (a) filed with the Clerk of the Court a valid motion to intervene and (b) served copies of such notice upon Class Counsel and Defendant's Counsel as required by the Federal Rules of Civil Procedure.

**E.     <u>Miscellaneous Matters</u>**

1.     Submissions of the Parties relative to the Settlement, including memoranda in support of final approval of the Settlement, applications for attorneys' fees and reimbursement of expenses by Class Counsel, and any applications for the payment of incentive awards to the Named Plaintiffs shall be filed with the Clerk of the Court on or before _____, 2016 with a service copy to Defendant's Counsel.

2.     All other events contemplated under the Agreement to occur after entry of this Order and before the Fairness Hearing shall be governed by the Agreement and the Class Notice, to the extent not inconsistent with this Order. Class Counsel and Defendant's Counsel shall take such further actions as are required by the Agreement.

3.     The Parties shall be authorized to make non-material changes to the Class Notice so long as Class Counsel and Defendant's Counsel agree and one of the Parties files a notice thereof with the Court prior to the Fairness Hearing.

4.     All claims against and motions in the Litigation are hereby stayed and suspended until further order of this Court, other than such as may be necessary to effectuate the Settlement and carry out the terms and conditions of the Agreement or the responsibilities related or incidental thereto.

5.     If Final Approval of the Settlement does not occur, or if the Settlement does not become effective on or before the Effective Date as provided in the Agreement, or if the Settlement is rescinded or terminated for any reason, the Settlement and all proceedings had in connection therewith shall be null and void and without prejudice to the rights of the Parties before the Settlement was executed and made, and this Order and all other Orders issued pursuant to the Settlement shall be vacated, rescinded, canceled, annulled and deemed "void" and/or "no longer equitable" or set aside for a reason that otherwise "justifies relief" for purposes of Fed. R. Civ. P. 60(b) as provided in and subject to Section 13 of the Agreement.

6.     Neither this Order, the Agreement, nor any of their terms or provisions, nor any of the negotiations between the Parties or their counsel (nor any action taken to carry out this Order), is, may be construed as, or may be used as an admission or concession by or against any of the Parties or the Released Persons of (i) the validity of any claim or liability, any alleged violation or failure to comply with any law, any alleged breach of contract, any legal or factual argument, contention or assertion, (ii) the truth or relevance of any fact alleged by Plaintiffs, (iii) the existence of any class alleged by Plaintiffs, (iv) the propriety of class certification if the Litigation were to be litigated rather than settled, (v) the validity of any claim or any defense that has been or could have been asserted in the Litigation or any other litigation; (vi) that the consideration to be given by BF Labs Inc. and to the BF Labs Settlement Class Members pursuant to the Settlement represents the amount which could be or would have been recovered

by any such persons after trial; or (vii) the propriety of class certification in this action or any other lawsuit or proceeding. Entering into or carrying out the Agreement, and any negotiations or proceedings related to it, shall not in any way be construed as, or deemed evidence of, an admission or concession as to the denials, defenses, or factual or legal positions of Defendant, and shall not be offered or received in evidence in the Litigation or any action or proceeding against any party in any court, administrative agency, or other tribunal for any purpose whatsoever, except as is necessary (a) to enforce the terms of this Order and the Agreement; or (b) to show, if appropriate, the recoveries obtained by the Named Plaintiffs and other BF Labs Settlement Class Members including, without limitation, the payments, attorneys' fees, costs, or other relief as provided in Section 16 of the Agreement; provided, however, that this Order and the Agreement (including the Exhibits and Schedules, subject to appropriate confidentiality protections) may be filed by a Released Person in any action filed against or by BF Labs or any other Released Person to support a defense of *res judicata*, collateral estoppel, release, waiver, good faith settlement, judgment bar or reduction, full faith and credit, or any other theory of claim preclusion, issue preclusion or similar defense or counterclaim, and provided, further, that this Order and the Agreement (including the Exhibits and Schedules, subject to appropriate confidentiality protections) may be filed by a Released Person in any action filed against or by Defendant or any other Released Person to support a claim for insurance coverage relating to the Agreement. Defendant and other Released Persons expressly reserve all rights and defenses to any claims and do not waive any such rights or defenses in the event that the Agreement is not approved for any reason.

IT IS SO ORDERED.


Date:_____        _____

                                            Kathryn H. Vratil, U.S. District Court Judge

**UNITED STATES DISTRICT COURT**
**DISTRICT OF KANSAS**

| | |
|---|---|
| KYLE ALEXANDER, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )   **Case No. 14-CV-2159-KHV-JPO** |
| | ) |
| BF LABS INC., et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER FINALLY APPROVING CLASS ACTION SETTLEMENT AND**
**CERTIFYING A CLASS FOR SETTLEMENT PURPOSES**

Upon careful review and consideration of the Parties' Settlement and Release Agreement dated _____, 2016 (the "Agreement"), the evidence and arguments of counsel as presented at the Fairness Hearing held on _____, 2016, the memoranda filed with this Court, and all other filings in connection with the Parties' settlement as memorialized in the Agreement (the "Settlement"); and for good cause shown,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1.    **Incorporation of Other Documents**. This Order incorporates and makes the following a part hereof:

a.    The Agreement, filed with the above Court on or about _____, 2016; and

b.    The following exhibits to the Agreement: (i) Exhibit A (Proposed Class Notice); (ii) Exhibit B (Proposed Order Preliminarily Approving the Class Action Settlement); (iii) Exhibit C (Proposed Final Approval Order); (iv) Exhibit D (Proposed Final Judgment); and (v) Exhibit E (Proposed Claim Form).

Unless otherwise provided herein, all capitalized terms in this Order shall have the same meaning as those terms in the Agreement.

**EXHIBIT**
**C**

2.     **Jurisdiction**.  Because  adequate  notice  was  disseminated  and  all  potential members  of  the  BF Labs  Settlement  Class  (as  defined  below)  were  given  notice  of  and  an opportunity to opt out of the Settlement, the Court has personal jurisdiction over all members of the  BF Labs  Settlement  Class.  The  Court  has  subject  matter  jurisdiction  over  the  Litigation, including,  without  limitation,  jurisdiction  to  approve  the  proposed  Settlement,  to  grant  final certification of the BF Labs Settlement Class, and to dismiss the Litigation against Defendant BF Labs Inc. with prejudice upon the Effective Date set forth in Section 12 of the Agreement.

3.     **Final  Class  Certification**.  The  BF Labs  Settlement  Class,  which  this  Court previously certified preliminarily, is hereby finally certified for settlement purposes pursuant to Fed. R. Civ. P. 23,  the  Court  finding  that  for  purposes  of  settlement  the  BF Labs  Settlement Class fully satisfies all of the applicable requirements of Fed. R. Civ. P. 23 and due process. The BF Labs Settlement Class is defined as follows:

> All customers who prepaid BF Labs Inc. for ASIC 65 NM generation products or
> ASIC 28 NM products between June 23, 2012 and July 17, 2014.

Excluded from the class shall be BF Labs Inc. and any shareholder, director, officer, or employee of BF Labs Inc.; the Court and Court personnel; counsel of record for BF Labs Inc.; counsel of record for the Named Plaintiffs and Plaintiffs; and any persons who settled claims with BF Labs Inc. prior to the Effective Date of the Settlement.

4.     **Adequacy of Representation**. There are no apparent conflicts of interest between the Named Plaintiffs and the BF Labs Settlement Class, or among the members of the BF Labs Settlement Class. Class Counsel will fairly and adequately represent and protect the interests of the  BF Labs  Settlement  Class.  Accordingly,  the  Named  Plaintiffs  and  Noah  Wood  and  Ari Rodopoulos of the Wood Law Firm, LLC ("Class Counsel"), have satisfied the requirements of

Fed. R. Civ. P. 23 and are hereby appointed and approved as representatives of the BF Labs Settlement Class and Counsel for the BF Labs Settlement Class, respectively.

5.      **Class Notice**. The Court finds that notice previously given to the BF Labs Settlement Class Members as implemented pursuant to the Agreement and the Preliminary Approval Order:

a.      Constituted the best notice practicable to the members of the BF Labs Settlement Class under the circumstances of this Litigation;

b.      Constituted notice that was reasonably calculated, under the circumstances, to apprise the members of the BF Labs Settlement Class of (i) the pendency of the Litigation and the proposed Settlement, (ii) their right to exclude themselves from the BF Labs Settlement Class and the proposed Settlement, (iii) their right to object to any aspect of the proposed Settlement (including, but not limited to, the following: final certification of the BF Labs Settlement Class; the fairness, reasonableness or adequacy of the Settlement as proposed; the adequacy of the Named Plaintiffs and/or Class Counsel's representation of the BF Labs Settlement Class; the proposed awards of attorneys' fees and expenses; and the proposed incentive award), (iv) their right to appear at the Fairness Hearing if they did not exclude themselves from the BF Labs Settlement Class, (v) the effect of the Settlement on the Litigation; and (vi) the binding effect of the Orders and Judgment in the Litigation on all members of the BF Labs Settlement Class who did not request exclusion;

c.      Constituted notice that was reasonable and constituted due, adequate and sufficient notice to all persons and entities entitled to be provided with notice; and

d.      Constituted   notice   that   fully   satisfied   the   requirements   of

Fed. R. Civ. P. 23, due process, and any other applicable law.

6.      **Final Settlement Approval**. The terms and provisions of the Agreement,

including all exhibits, have been entered into in good faith and as a result of substantial arm's-

length negotiations, and the Agreement is fully and finally approved as fair, reasonable and

adequate as to, and in the best interests of, each of the Parties and the BF Labs Settlement Class

Members, and in full compliance with all applicable requirements of the laws of the state of

Kansas, the United States Constitution (including the Due Process Clause), and any other

applicable law. The Parties are hereby directed to implement and consummate the Agreement

according to its terms and provisions.

7.      **Binding Effect**. The terms of the Agreement, this Order and the accompanying

Final Judgment shall be forever binding on all of the BF Labs Settlement Class Members and the

Named Plaintiffs, individually and/or as a representative of the BF Labs Settlement Class, as

well as their respective heirs, executors, administrators, assigns, predecessors, and successors,

and any other person claiming by or through any or all of them. The terms of the Agreement and

this Order shall have *res judicata* and other preclusive effect as to the "Releasors" for the

"Released Claims" as against the "Released Persons," all as defined in the Agreement.

8.      **Releases**. On the Effective Date set forth in Section 12 of the Agreement, the

Releasors, including Named Plaintiffs Kyle Alexander and Dylan Symington, and all BF Labs

Settlement Class Members, shall be deemed bound by the Releases as provided in Section 6 of

the Agreement. Without limiting the foregoing, on the Effective Date set forth in Section 12 of

the Agreement, all Releasors as defined in Section 2 of the Agreement, including Named

Plaintiffs Kyle Alexander and Dylan Symington, and all BF Labs Settlement Class Members,

4

and each of their respective heirs, executors, administrators, assigns, legal representatives trustees, guardians, predecessors and successors, and any other person claiming by or through any or all of them, upon the Effective Date set forth in Section 12 of the Agreement shall be deemed without further action by any person or the Court (i) to have fully, finally and forever released, settled, compromised, relinquished, and discharged BF Labs Inc. and any and all of the other Released Persons as set forth in Section 2 of the Agreement, of and from any and all Released Claims set forth in Section 2 of the Agreement, which includes but is not limited to all claims that in any way concern, relate to, or arise out of the Litigation and which any of the Releasors have had, or now have, from the beginning of time up through and including the Effective Date, against the Released Persons, and (ii) to be forever barred and enjoined from instituting or further prosecuting in any forum whatsoever including, but not limited to, any state, federal, or foreign court, or regulatory agency, the Released Claims. Each Releasor shall be bound by the Agreement and all of their Released Claims upon the Effective Date set forth in Section 12 of the Agreement shall be dismissed with prejudice and released even if they never received actual prior notice of the Litigation or the Settlement in the form of the Class Notice or otherwise. The Releases and agreements contained in Section 6 of the Agreement shall apply to and bind all Class Members, whether or not they have made a Claim, including those Class Members whose Class Notices are returned as undeliverable, and those for whom no current address can be found, if any. The Court expressly adopts all defined terms in Section 2 of the Agreement, including but not limited to, the definitions of the persons and claims covered by the Releases (which are set forth in the Agreement).

9. **Enforcement of Settlement**. Nothing in this Final Approval Order shall preclude any action by any Party to enforce the terms of the Agreement.

10.     **Additional Payment to the Named Plaintiffs**. The Court hereby awards an incentive fee to each of the Named Plaintiffs of $1,000.00 to be deducted and paid from the settlement amount for their services as representatives of the BF Labs Settlement Class. The amount of each such incentive fee award is as stated in the Agreement.

11.     **Attorneys' Fees and Expenses**. Class Counsel are awarded Class Counsel attorneys' fees of $400,000.00 and expenses of $55,000.00, to be deducted from the settlement amount as defined in the Agreement. The Court finds and concludes that the above award to Class Counsel for work and services in this case and in connection with the Settlement is reasonable for the reasons and based on the factors stated in Class Counsel's Application for Award of Attorneys' Fees and Litigation Costs and Expenses.

12.     **No Other Payments**. The preceding paragraphs of this Final Approval Order cover, without limitation, any and all claims for attorneys' fees and expenses, costs, or disbursements incurred by Class Counsel or any other counsel representing the Named Plaintiffs as representatives of the BF Labs Settlement Class or the BF Labs Settlement Class Members, or incurred by the BF Labs Settlement Class Members in connection with or related in any manner to this Litigation, the Settlement of this Litigation, and/or the administration of such Settlement. Except as specified in this Final Approval Order or the Agreement, Defendant BF Labs Inc. shall not bear or pay any other attorneys' fees, court costs, or expenses.

13.     As of the Effective Date specified in Section 12 of the Agreement, the Named Plaintiffs and BF Labs Settlement Class Members shall and are hereby ordered to credit, satisfy and offset against any judgment that may be entered in favor of the Named Plaintiffs and/or the BF Labs Settlement Class Members in any litigation that equitable portion of their damages or any other claimed form of monetary relief ("Damages") which relates to the BF Labs orders and

which was caused by the acts or fault, if any, of the Released Persons as hereafter may be determined at trial or other disposition of any litigation or any other action, and further, shall release and discharge that portion of their claims for Damages in the litigation which relates to the Released Claims and Released Persons and which may hereafter, by trial or other disposition of any litigation or any other action, be determined to be the portion of fault for which any or all of the Released Persons are liable. The Court finds and concludes that any and all claims against the Released Persons for contribution and non-contractual indemnity related to or arising from the Released Claims or from any claims of the Named Plaintiffs and/or the BF Labs Settlement Class Members in the Litigation with respect to the BF Labs orders are permanently barred, prohibited, and enjoined.

14.    **Retention of Jurisdiction**. The Court has jurisdiction to enter this Final Approval Order and the accompanying Proposed Final Judgment. Without in any way affecting the finality of this Final Approval Order and the accompanying Proposed Final Judgment, this Court expressly retains jurisdiction as to all matters relating to the administration and enforcement of the Agreement and Settlement and of this Final Approval Order and the accompanying Final Judgment, and for any other necessary purpose as permitted by law, including, without limitation:

a.    enforcing the terms and conditions of the Agreement and Settlement and resolving any disputes, claims or causes of action that, in whole or in part, are related to the administration and/or enforcement of the Agreement, Settlement, this Final Approval Order or the Proposed Final Judgment (including, without limitation, whether a person is or is not a member of the BF Labs Settlement Class or a BF Labs Settlement Class

7

Member; and whether any claim or cause of action is or is not barred by this Final Approval Order and the Proposed Final Judgment);

b.        entering such additional Orders as may be necessary or appropriate to protect or effectuate the Court's Final Approval Order and the Proposed Final Judgment and/or to ensure the fair and orderly administration of the Settlement and distribution of any settlement amounts;

c.        vacating, rescinding, canceling, annulling and deeming "void," "no longer equitable," and/or setting aside for a reason that "otherwise justifies relief" for purposes of Fed. R. Civ. P. 60(b) this Final Approval Order and/or the proposed Final Judgment pursuant to the Agreement in the event the Settlement does not (or cannot) become effective as provided in Section 13 of the Agreement, in recognition of the fact that the Agreement is part of a unitary settlement of claims concerning the BF Labs orders against BF Labs Inc. and Released Persons and by its terms shall be effective only upon the entry of the requisite dismissal Orders as to the Released Persons in the Litigation as provided in Section 12 of the Agreement; and

d.        entering any other necessary or appropriate Orders to protect and effectuate this Court's retention of continuing jurisdiction.

15.        **No Admissions**. Neither this Final Approval Order, nor the accompanying Proposed Final Judgment, nor the Agreement, nor any of its terms or provisions, nor any of the negotiations between the Parties or their counsel, nor any action taken to carry out this Order or the Proposed Final Judgment, is, may be construed as, or may be used as an admission or concession by or against any of the Parties or the Released Persons of: (a) the validity of any claim or liability, any alleged violation or failure to comply with any law, any alleged breach of

contract, any legal or factual argument, contention or assertion; (b) the truth or relevance of any fact alleged by the Plaintiffs; (c) the existence of any class alleged by Plaintiffs; (d) the propriety of class certification if the Litigation were to be litigated rather than settled; (e) the validity of any claim or any defense that has been or could have been asserted in the Litigation or in any other litigation; (f) that the consideration to be given to BF Labs Settlement Class Members hereunder represents the amount which could be or would have been recovered by any such persons after trial; or (g) the propriety of class certification in any other proceeding or action. Entering into or carrying out the Agreement, and any negotiations or proceedings related to it, shall not in any event be construed as, or deemed evidence of, an admission or concession as to BF Labs Inc.'s denials, defenses, factual or legal positions, and shall not be offered or received in evidence in any action or proceeding against any party in any court, administrative agency or other tribunal for any purpose whatsoever, except as necessary (i) to enforce the terms of this Order and the Agreement or to prove or show that a compromise in settlement of the Released Claims per the Agreement, in fact, was reached, or (ii) to show, if appropriate, the recoveries obtained by the Named Plaintiffs and other BF Labs Settlement Class Members hereunder, including, without limitation, the damages, attorneys' fees award, expenses, and costs; provided, however, that this Order and the Agreement (including the Exhibits and Schedules, subject to appropriate confidentiality protections) may be filed by a Released Person in any action against or by BF Labs Inc. or any other Released Person to support a defense of *res judicata*, collateral estoppel, release, waiver, good faith settlement, judgment bar or reduction, full faith and credit, or any other theory of claim preclusion, issue preclusion or similar defense or counterclaim, and provided, further, that this Order and the Agreement (including the Exhibits, subject to appropriate confidentiality protections) may be filed by BF Labs Inc. or any other Released

Person in any action filed against or by BF Labs Inc. or any other Released Person to support a claim for insurance coverage relating to the Agreement.

16.     **Separate Judgment**. The Court will separately enter the accompanying Proposed Final Judgment at and when directed by the Parties as set forth in the Agreement.


Dated:_____          _____

                                            KATHRYN H. VRATIL
                                            U.S. DISTRICT COURT JUDGE

## UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

KYLE ALEXANDER, et al.,⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀Plaintiffs,⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
v.⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀⠀Case No. 14-CV-2159-KHV-JPO
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
BF LABS INC., et al.,⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀Defendants.⠀⠀⠀)

## FINAL JUDGMENT

Having finally approved the class action settlement in this case on _____, 2016, and the Court having been advised in the premises after notice and a hearing regarding the amount of any unpaid payments required by the settlement, the Court hereby enters the following Final Judgment:

WHEREAS, Plaintiffs and BF Labs have entered into a Settlement Agreement wherein they have agreed to compromise and settle all claims between them in this case; and

WHEREAS, the terms of the Settlement Agreement entered into by and between the parties provide that the settlement of the Plaintiffs' claims will be subject to the approval of the Court; and

WHEREAS, the Court has heard the arguments and averments of the parties regarding the allegations of fact and damages alleged in this case.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1.⠀⠀⠀The settlement of the claims of the BF Labs Settlement Class on the terms set forth in the Parties' Settlement and Release Agreement ("Agreement") dated _____, is approved as fair, reasonable, and adequate, is incorporated



herein, and the following settlement class is granted final certification for settlement purposes under Fed. R. Civ. P. 23:

> All customers who prepaid BF Labs Inc. for ASIC 65 NM generation products or ASIC 28 NM generation products between June 23, 2012 and July 17, 2014.

Excluded from the class shall be BF Labs Inc. and any shareholder, director, officer, or employee of BF Labs Inc.; the Court and Court personnel; counsel of record for BF Labs Inc.; and counsel of record for the Named Plaintiffs and Plaintiffs; and any customers who previously settled with Defendants before the Effective Date of the Settlement Agreement.

2.      As of the Effective Date specified in Section 12 of the Agreement, the Named Plaintiffs and BF Labs Settlement Class Members shall credit, satisfy and offset against any judgment that may be entered in favor of the Named Plaintiffs and/or the BF Labs Settlement Class Members in any litigation that equitable portion of their damages, or any other claimed form of monetary relief ("Damages"), which relates to Released Claims and Released Persons and which was caused by the acts or fault, if any, of the Released Persons as hereafter may be determined at trial or other disposition of any litigation or any other action, and further, shall release and discharge that portion of their claims for Damages in the Litigation which relates to the BF Labs orders and which may hereafter, by trial or other disposition of the Litigation or any other action, be determined to be the portion of fault for which any or all of the Released Persons are liable.

3.      Pursuant to the express terms of the Parties' Settlement and Release Agreement, BF Labs [has fully satisfied / has failed to fully satisfy its maximum liability to make] the Settlement Payments as set forth in Sections 4 and 5 the Agreement. [As a result, the Named Plaintiffs and BF Labs Settlement Class Members shall take Judgment against BF Labs Inc. in

such amount as remains unpaid (inclusive of any incentive fees, attorneys' fees, and expenses approved by the Court) as follows: $_____.]

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED, that each party shall bear his or its own expenses and costs, including attorneys' fees, incurred in this case.

**IT IS SO ORDERED, ADJUDGED, AND DECREED this _____ day of _____, 2017.**

_____
Kathryn H. Vratil, U.S. District Court Judge

<u>**Exhibit E**</u>

**CLAIM FORM**

This Claim Form must be used to apply for benefits pursuant to the terms of a settlement in the class action lawsuit styled *Alexander, et al., plaintiffs v. BF Labs Inc., et al., defendants*. The lawsuit is pending before the United States District Court in the District of Kansas; Case No. 13-22159-KHV-JPO.

**A. INSTRUCTIONS**

1.  You must complete this Claim Form correctly, and answer any question when required. Incomplete Claim Forms will be rejected. Material omissions, material misstatements, and knowing misstatements will invalidate a Claim Form.

2.  You must **mail** the completed Claim Form to BF Labs Litigation Settlement, P.O. Box _____. **Do not mail a completed Claim Form to the Court or to Class Counsel.**

3.  **All Claim Forms must be postmarked no later than _____.** Claim Forms postmarked after that date will **not** be accepted.

4.  The Settlement of the Lawsuit, and the circumstances under which you should submit this Claim Form, are explained in the Class Notice that was sent to you along with this Claim Form. **The Class Notice contains important information and you should read it thoroughly before you consider whether to submit this Claim Form.** The Class Notice also explains how to complete this Claim Form, and you should consult the Class Notice in completing this Claim Form.

5.  The terms of the proposed settlement are described in more detail in the Settlement Agreement approved by the Court. If you have any questions about the proposed settlement, or how to complete this Claim Form, **do not call the Court**. Contact Class Counsel at the following address:

The Wood Law Firm
1100 Main Street, Suite 1800
Kansas City, Missouri 64105
(888) 237-0999 (toll free)
www.woodlaw.com

Please provide the following information, which shall be treated and kept confidential and used solely for purposes of processing your Claim and determining the amount of the Settlement Benefit potentially due. Please print clearly in blue or black ink.

1.      What is your full name, address, and, if you have, state driver license number?

_____          _____
Name                                                                        Drivers License Number (if applicable)

**EXHIBIT**

**E**

_____

Mailing Address

_____

Email Address

2.  Did you make a payment to BF Labs Inc. to order a product from BF Labs that you did not receive?

                   _____ yes                 _____ no

3.  If your answer to QUESTION 2 was YES, how much was your payment to BF Labs?

                   _____
                   (Amount of Purchase)

4.  If your answer to QUESTION 2 was YES, did you receive a refund?

                   _____ yes                 _____ no

5.  Did you make a payment to BF Labs Inc. for a product and receive that product?

                   _____ yes                 _____ no

6.  If your answer to QUESTION 5 was YES, please fill out this section:

| | Order #1 | | Order #2 | | Order #3 | |
|---|---|---|---|---|---|---|
| Order ID Number | | | | | | |
| Total US $ Amount Paid | | | | | | |
| Total US $ Amount Refunded | | | | | | |
| | | | | | | |
| Order Details: | | | | | | |
| | Quantity | | Quantity | | Quantity | |
| Product | Ordered | Received | Ordered | Received | Ordered | Received |
| 65nm Jalapeno (4.5-7gh) | | | | | | |
| 65nm Habanero (8-10gh) | | | | | | |
| 65nm Little Single (25-30gh) | | | | | | |
| 65nm Single (50-60gh) | | | | | | |
| 65nm Rackmount (230-250gh) | | | | | | |
| 65nm Minirig (500-1500gh) | | | | | | |
| 28nm Monarch (300-1000gh) | | | | | | |

Attach separate pages with the required information if applicable.

## CERTIFICATION

**To submit a valid claim, you must sign this Claim Form below to certify the following:**

**I have the right to file a Claim in connection with the Settlement and the right to collect any monies under the Settlement. My rights have not been assigned or delegated to any other individual or entity.**

**I have read and completed this Claim Form and declare under penalty of perjury that the information provided is true and correct to the best of my knowledge and belief.**

Date: _____

_____
Signature of Purchaser or Legal Representative

*Note*: **Legal Representatives, other than bankruptcy trustees, must attach a copy of the Order, Decree, letter, power of attorney, or other document showing his or her capacity to file this Claim.**

**REMEMBER:**

**YOU OR YOUR LEGAL REPRESENTATIVE MUST PERSONALLY SIGN THIS CLAIM FORM TO BE VALID.**

**DO NOT MAIL A COMPLETED CLAIM FORM TO THE COURT OR TO THE PARTIES OR THEIR COUNSEL. CLAIM FORMS MUST BE MAILED TO BF LABS INC. AT THE FOLLOWING ADDRESS POSTMARKED ON OR BEFORE _____:**

BF LABS LITIGATION SETTLEMENT
P.O. Box _____
_____