## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

KYLE ALEXANDER, et al.,      )
                                     )
             Plaintiffs,       )
                                     )
v.                               )     Case No. 14-CV-2159-KHV-JPO
                                     )
BF LABS INC., et al.,         )
                                     )
             Defendants.     )

## MEMORANDUM IN SUPPORT OF THE
## MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT

Plaintiffs Kyle Alexander and Dylan Symington ("Plaintiffs") submit the following Memorandum in Support of the Motion for Preliminary Approval of Settlement.

**I.**     **Introduction**

This class action lawsuit was filed on April 4, 2014 to challenge various practices of Defendant BF Labs Inc. ("BF Labs") related to the marketing and sale of bitcoin mining machines. Plaintiffs asserted claims under the Kansas Consumer Protection Act and common law claims for unjust enrichment and conversion. A Settlement Agreement was entered into on April 18, 2016 following a mediation, substantial discovery, and extensive negotiations.

The proposed settlement ("Settlement Agreement") is fair, reasonable, and adequate to the proposed settlement class members who are or were customers of BF Labs during the class period. The proposed BF Labs Settlement Class is defined as "all customers who prepaid BF Labs for ASIC 65 NM generation products or ASIC 28 NM generation products between June 23, 2012 and July 17, 2014." Excluded from the proposed class are BF Labs Inc. and its shareholders, officers, directors, and employees, Defendants' counsel, any persons who previously have settled with BF Labs, the Court and Court personnel, and counsel for the Plaintiffs.

Plaintiffs' Counsel are of the opinion that the Settlement Agreement is fair, reasonable, and adequate. Plaintiffs' Counsel believe that the Settlement Agreement is in the best interests of the BF Labs Settlement Class Members in light of all known facts and circumstances, including the significant risks and delays of litigation and potential pretrial and appellate issues that BF Labs may assert as well as BF Labs financial condition. A resolution of this litigation at this stage—rather than following upon additional discovery, motion practice, and class action briefing, including possible motions for decertification, pretrial proceedings and potential trial and the costs attendant upon and, likely to be incurred through, such activity—most certainly inures to the benefit of the putative class members. The proposed Settlement Agreement, if approved, would end the ongoing litigation against BF Labs and would fully and finally resolve the disputed issues in this case.

In addition, Plaintiffs' Counsel have fully advised the proposed Settlement Class Representatives of the Settlement Agreement, who approve of and consent to the Settlement, and each of whom consents to be a named plaintiff and class representative. As the settlement is the product of arm's-length negotiations by informed counsel and has been approved by the proposed Settlement Class Representatives, the terms of the Settlement Agreement are presumptively fair and deserving of preliminary approval.

## II.     Summary of the Terms of the Settlement and Relief Sought

The Settlement Agreement provides that, if approved, BF Labs will potentially pay up to $9,000,000.00 to fully and finally resolve this case, inclusive of all attorneys' fees, litigation expenses, court costs, settlement administration costs, and incentive awards. (*See* Settlement Agreement § 4.d). Settlement funds will be made available to the BF Labs Settlement Class Members upon BF Labs receiving sufficient funds to do so. (*See* Settlement Agreement § 4.c). The proposed settlement is designed to pay in full all customers who prepaid BF Labs without

receiving a product or refund, and a scheduled payment to other class members, as well as attorneys' fees, litigation expenses, and court costs, subject to Court approval. (*See* Settlement Agreement §§ 4, 5.b, 5.c). In addition, the settlement includes incentive awards of up to $1,000.00 to each of the two Settlement Class Representatives, who will be named party plaintiffs and representatives of the BF Labs Settlement Class, subject to Court approval. (*See* Settlement Agreement § 5.a).

For a large group of customers, BF Labs agrees to pay refunds in full totaling over $8 million. For all such persons, no claim form is required in order to receive settlement benefits. For another group of customers who send in valid claim forms, they will receive a scheduled sum as set forth in the Settlement Agreement. After the Court approves the Settlement, upon such approval becoming final and the completion of settlement administration and, upon further order of the Court, BF Labs will ensure distribution to the participating BF Labs Settlement Class Members upon BF Labs receiving sufficient funding to do so.  If BF Labs fails to make the payments contemplated by the Settlement Agreement, a judgment will be entered against BF Labs in the amounts that remain unpaid.  (*See* Settlement Agreement § 4.e).

The BF Labs Settlement Class Members who do not exclude themselves will be required to release all of the claims they have or could have against BF Labs. (Settlement Agreement § 6.a). The scope of the Release is appropriate to ensure the conclusion of the BF Labs Settlement Class Members' litigation against BF Labs. *See*, *e.g.*, *In re Prudential Ins. Co. of America Sales Practice Litigation*, 261 F.3d 355, 366 (3d Cir. 2001); *Newberg on Class Actions*, at § 12:15.  In all instances, BF Labs will obtain a release from any class member who does not exclude himself and those claims will be barred by the Settlement once it is final.

As with all class action settlements, Rule 23(e)(1) specifically requires the issuance of notice. It states: "The court must direct notice in a reasonable manner to all class members who would be bound by the proposal." The notice in this case will satisfy the notice requirements of Rule 23 and federal law as the Settlement Agreement contemplates individual electronic mailing of the *Notice of Pendency of Class Action and Proposed Settlement* to each member of the BF Labs Settlement Class. *See Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 173 (1974) (class members whose names and addresses are ascertainable through reasonable effort are to receive the "best notice practicable"). (*See* Settlement Agreement § 14.a). The Notice sets forth the material settlement terms; instructions on how to (1) participate in the Settlement; (2) submit objections to the Settlement and when and where to appear at the Final Approval hearing; or (3) how to opt-out of the Settlement altogether. A copy of the proposed Notice for Court approval is attached to the Settlement Agreement as *Exhibit A*.  BF Labs believes it has current and accurate e-mail addresses for each of the BF Labs Settlement Class Members in order to accomplish individual delivery to each.

Under Rule 23(e), a settlement notice need only satisfy the "broad reasonableness standards imposed by due process." *Petrovic v. Amoco Oil Co.,* 200 F.3d 1140, 1153 (8th Cir. 1999) (citation and internal quotation marks omitted); *Newberg on Class Actions*, at § 8:18 ("[T]he court's formulation of an adequate notice procedure under Rule 23(e) is limited only by constitutional due process considerations."); *see also Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950) (notice should be "reasonably calculated, under all the circumstances, to apprise [the Class Members] of the pendency of the action and afford them an opportunity to present their objections"). Plaintiffs' Counsel and counsel for the Defendants have jointly prepared the *Notice of Pendency of Class Action and Proposed Settlement*. The *Notice of*

*Pendency of Class Action and Proposed Settlement* is sufficient because it contains information that a reasonable person would consider to be material in making an informed, intelligent decision of whether to opt out or remain a member of the BF Labs Settlement Class and be bound by a final judgment approving of the settlement. *See Achtman v. Kirby, McInerney & Squire, LLP*, 464 F.3d 328, 338 (2nd Cir. 2006) (notice of a Rule 23(b)(3) class action "need only contain information that a reasonable person would consider to be material in making an informed, intelligent decision of whether to opt out or remain a member of the class."). The settlement provides that each individual who is a Settlement Class Member shall be sent a Notice by electronic mail.  Plaintiffs and BF Labs will make all reasonable efforts to ensure that each Settlement Class Member receives the Court-approved Notice of the Settlement.

The *Notice of Pendency of Class Action and Proposed Settlement* fairly apprises the BF Labs Settlement Class Members of the terms of the Settlement, the options that are open to them in connection with the proceedings, and refers them to the Court or Class Counsel for further detailed information. The *Notice of Pendency of Class Action and Proposed Settlement* also informs all BF Labs Settlement Class Members that they can review settlement documents at Plaintiffs' Counsel's website. (*See Exhibit A* to Settlement Agreement).

Accordingly, the proposed *Notice of Pendency of Class Action and Proposed Settlement* is the "best notice practicable" under the circumstances and constitutes due and sufficient notice of the *Order Preliminarily Approving the Class Action Settlement* to all persons affected by and entitled to participate in the Settlement, in full compliance with the requirements of Rule 23.

The Parties propose that, along with granting Preliminary Approval of the Settlement, the Court adopt the schedule set forth below, for the Parties to effectuate the various steps in the settlement approval process under the Settlement Agreement:

| Event | Timing |
|---|---|
| Preliminary Approval Hearing, if any | Not less than thirty (30) days after the filing of this preliminary approval motion |
| Notice Date | No more than five (5) days after entry of a Preliminary Approval Order |
| Deadline for filing Objections | Thirty (30) days after Notice |
| Deadline for returning Requests for Exclusion | Thirty (30) days after Notice |
| Deadline by which Claim Forms must be postmarked | Thirty (30) days after Notice |
| Final Approval / Fairness Hearing | No earlier than sixty (60) days after Notice, or as soon thereafter as practicable, after the Preliminary Approval Order and/or no earlier than ninety (90) days after the later of the dates on which the United States Attorney General and appropriate state officials are served with notice required under 28 U.S.C. § 1715 (to be served by BF Labs). |

Because, as set forth below, the Settlement satisfies all the criteria for preliminary approval under federal and state law, the Court should grant preliminary approval of the Settlement, approve the issuance of notice to Settlement Class Members, and set a final settlement approval hearing.

## III.    Legal Argument

"[I]n approving a settlement, the district court need not undertake the type of detailed investigation that trying the case would involve." *Van Horn v. Trickey*, 840 F.2d 604, 607 (8th Cir. 1988) (citation omitted). The court need only find that the settlement "rests on well-reasoned conclusions and not mere boilerplate." *Id.* (internal quotations omitted).

Courts favor compromise of disputed claims, especially class actions.[1] Approval of a proposed class action settlement is a matter within the discretion of the court. As noted by the Eighth Circuit Court of Appeals:

---

[1] *See, e.g.*, *In re BankAmerica Corp. Securities Litigation*, 210 F.R.D. 694, 701 (E.D. Mo. 2002) ("As courts have recognized, when considering settlement agreements they should consider the vagaries of litigation and compare the significance of immediate recovery by way of the compromise to the mere probability of relief in the future, after protracted and expensive

Our review of the settlement approved by the district court in this case is guided by the principle that:

Such a determination is committed to the sound discretion of the trial judge. Great weight is accorded his views because he is exposed to the litigants, and their strategies, positions and proofs. He is aware of the expense and possible legal bars to success. Simply stated, he is on the firing line and can evaluate the action accordingly.

Only upon a clear showing that the district court abused its discretion will this court intervene to set aside a judicially approved class action settlement.

*Grunin v. International House of Pancakes*, 513 F.2d 114, 123 (8th Cir. 1975) (internal citations omitted).

Review of a proposed class action settlement generally occurs in two steps:

*Step 1*: The Court makes a "preliminary" ruling as to whether the settlement is presumptively "fair, adequate and reasonable" such that it is appropriate to send a notice of the settlement to the Class, and also to schedule a "fairness" or final hearing on the approval of the settlement. *See, e.g.*, *In re Motor Fuel Temperature Sales Practices Litig.*, 286 F.R.D. 488, 492 (D. Kan. 2012) (hereafter "*Motor Fuel Litig.*"); *see also Manual for Complex Litigation* (Fourth), at § 21.632 (4th ed. 2004); *In re Pre-Filled Propane Tank Mktg. & Sales Practices Litig.*, 2010 WL 2008837, at *1 (W.D. Mo., May 19, 2010); *Roberts v. The Source for Public Data LP*, 2010 WL 2195523, at *1 (W.D. Mo., May 28, 2010); *In re AT & T Mobility Wireless Data Services*

---

litigation. In this respect, 'it has been held proper to take the bird in the hand instead of a prospective flock in the bush'") (quoting *In re Domestic Air Transp. Antitrust Litig.*, 148 F.R.D. 297, 326 (N.D. Ga. 1993)); *La Parne v. Monex Deposit Co.*, 2010 WL 4916606, at *1 (C.D. Cal., Nov. 29, 2010) ("In addition, judicial policy favors settlement in class actions and other complex litigation where substantial resources can be conserved by avoiding the time, cost, and rigors of formal litigation."); *In re Charter Commc'ns Sec. Litig.*, 2005 WL 4045741, at *4 (E.D. Mo. 2005) (quoting *Armstrong v. Board of Sch. Directors*, 616 F.2d 305, 313 (7th Cir. 1980) ("in the class action context in particular, there is an overriding public interest in favor of settlement . . . . Settlement of the complex disputes often involved in class actions minimizes the litigation expenses of both parties and also reduces the strain such litigation imposes upon already scarce judicial resources.") (citations and internal quotations omitted).

*Sales Litig.*, 270 F.R.D. 330, 346 (N.D. Ill. 2010); *In re M.L. Stern Overtime Litigation*, 2009 WL 995864, at *3 (S.D. Cal. 2009).

*Step 2*: After the notice has been disseminated, and all the class members have been given an opportunity to opt out or voice objections, the Court conducts a final hearing on the fairness of the settlement, and decides whether to grant final approval of the settlement. *See, e.g.*, *Motor Fuel Litig.*, 286 F.R.D. at 492; *see also Manual for Complex Litigation*, at §§ 21.632 and 21.635 (4th ed. 2004); *Brent v. Midland Funding, LLC*, 2011 WL 3862363, *12 (N.D. Ohio, Sept. 1, 2011); *Johnson v. GMAC Mortg. Group, Inc.*, 2006 WL 2433474, at *1 (N.D. Iowa 2006). As noted by the court in *Roberts*:

> Under Rule 23(e) of the Federal Rules of Civil Procedure, a court must approve a settlement of a certified class. The Court may do so only after a hearing and finding that the settlement is fair, reasonable, and adequate. Fed. R. Civ. P. 23(e)(1)(c). The Court has authority to perform a preliminary fairness review of a proposed class settlement. *Manual for Complex Litig. (Fourth)* § 21.632 (2004). In doing so, the Court must "make a preliminary determination that the proposed class satisfied the criteria set out in Rule 23(a) and at least one of the subsections of Rule 23(b)." *Id.* It must also "make a preliminary determination on the fairness, reasonableness, and adequacy of the settlement terms and must direct the preparation of notice of the certification, proposed settlement, and date of the final fairness hearing." *Id.*

*Roberts*, 2010 WL 2195523, at *1.[2] This Court has further stated:

---

[2]  Courts usually adopt "an initial presumption of fairness when a proposed class settlement, which was negotiated at arm's length by counsel for the class, is presented for court approval." *Newberg on Class Actions*, at § 11:41; *see also Little Rock Sch. Dist. v. Pulaski County Special Sch. Dist. No. 1*, 921 F.2d 1371, 1391 (8th Cir. 1990) (stating that class action settlement agreements "are presumptively valid"); *Petrovic v. Amoco Co.*, 200 F.3d 1140, 1148 (8th Cir. 1990) (holding that a "strong public policy favors agreements, and courts should approach them with a presumption in their favor"). After the parties' arm's-length negotiations, "judges should not substitute their own judgment as to optimal settlement terms for the judgment of the litigants and their counsel." *Id*. at 1148–49 (internal quotation marks omitted); *see also In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 934 (8th Cir. 2005) ("We have recognized that a class action settlement is a private contract negotiated between the parties . . . . Rule 23(e) requires the court to intrude on that private consensual agreement merely to ensure that the agreement is not the product of fraud or collusion and that, taken as a whole, it is fair, adequate, and reasonable to all concerned.").

> The Court will ordinarily grant preliminary approval where the proposed settlement 'appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class and falls within the range of possible approval.'

*Motor Fuel Litig.*, 286 F.R.D. at 492 (citation omitted).

The requirements for the preliminary approval of this class action settlement are addressed below. As shown below, the proposed BF Labs Settlement Class and settlement satisfy all applicable legal requirements.

To preliminarily approve a class action settlement, the Court must first determine whether it should certify the proposed settlement class. The use of a settlement class that has been agreed to by the parties is considered as "beneficial" in the law because it promotes the resolution of a class action lawsuit. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 618 (1997); *In re PaineWebber Ltd. Partnerships Litig.*, 147 F.3d 132, 138 (2nd Cir. 1998); *In re General Motors*, 55 F.3d 768, 785 (3rd Cir. 1995).

As noted, here the parties request certification of the following BF Labs Settlement Class:

> All customers who prepaid BF Labs Inc. for ASIC 65 NM generation products or ASIC 28 NM generation products between June 23, 2012 and July 17, 2014.

(*See* Settlement Agreement § 3.a). Excluded from the class are BF Labs Inc., its officers, directors, shareholders, and employees, Defendants' counsel, Plaintiffs' counsel, the Court and Court personnel, and any person who has previously settled with BF Labs.

Federal Rule of Civil Procedure 23 requires that the parties show the Court that (1) the settlement is fair, adequate, and reasonable, and (2) class certification is appropriate under Rule 23. The proposed BF Labs Settlement Class, which is comprised of approximately 21,590 customers who prepaid BF Labs for ASIC 65 NM generation products and ASIC 28 NM

generation products within the class period, satisfies the requirements of Rule 23.[3] Accordingly, Plaintiffs believe that the Court should find, based upon the extensive record before it, that the BF Labs Settlement Class should be certified. A rigorous analysis of each of the requirements of Rule 23(a) and (b)(3) makes it obvious that the settlement class should be certified.

As shown below, the Parties' Settlement meets each and every element of the standard of review for Federal Rule of Civil Procedure 23.

### A.      The Rule 23 settlement is fair, adequate, and reasonable.

"In determining whether a [Rule 23] settlement is fair, adequate, and reasonable, a district court is required to consider four factors: (1) the merits of the plaintiffs' case, weighed against the terms of the settlement; (2) the defendant's financial condition; (3) the complexity and expense of further litigation; and (4) the amount of expense of opposition to the settlement. . . . The most important consideration in deciding whether a settlement is fair, reasonable, and adequate is 'the strength of the case for plaintiffs on the merits, balanced against the amount offered in settlement." *In re Wireless Telephone Federal Cost Recovery Fees Litig.*, 396 F.3d 922, 932–33 (8th Cir. 2005).

The Court's responsibility is to review the Settlement Agreement to determine whether the Settlement appears, upon a preliminary review, to be presumptively fair, adequate, and reasonable for the proposed Settlement Class.  With respect to this analysis, this Court should consider: (1) whether the proposed settlement was fairly and honestly negotiated; (2) whether serious questions of law and fact exist placing the ultimate outcome of the litigation in serious

---

[3]  The primary difference between certification of a class for litigation purposes, as compared to certification for purposes of settlement, is that the "manageability" concerns at issue in litigation classes under Rule 23(b)(3)(D) disappear (because the case is not to be tried) and the "adequacy of representation" requirement of Rule 23(a)(4) is more closely scrutinized. *See Amchem*, 521 U.S. at 621; *In re Prudential Ins. Co. America Sales Practice Litigation Agent Actions*, 148 F.34d 283, 308 (3rd Cir. 1998).

doubt; (3) whether the value of an immediate recovery outweighs the mere possibility of future relief after protracted and expensive litigation; and (4) the judgment of the parties that the settlement is fair and reasonable. *See Nieberding v. Barrette Outdoor Living, Inc.*, 2015 WL 5311540 *6 (D. Kan., Sept. 11, 2015) (citing *Rutter & Wilbanks Corp. v. Shell Oil Co.*, 314 F.3d 1180, 1188 (10th Cir. 2002); *Motor Fuel Litig.*, 286 F.R.D. at 502. Courts in other jurisdictions identify additional considerations: (1) the merits of the plaintiff's case, weighed against the terms of the settlement; (2) the defendant's financial condition; (3) the complexity and expense of further litigation; and (4) the amount of opposition to the settlement. *See, e.g., Roberts*, 2010 WL 2195523, at *3; *In re Wireless*, 396 F.3d at 932; *Granin*, 513 F.2d at 124; *Cohn v. Nelson*, 375 F. Supp.2d 844, 853 (E.D. Mo. 2005); *In re BankAmerica Corp. Securities Litigation*, 210 F.R.D. 694, 699–700 (E.D. Mo. 2002). And, in evaluating the settlement, the Court:

> should keep in mind the unique ability of class and defense counsel to assess the potential risks and rewards of litigation; a presumption of fairness, adequacy and reasonableness may attach to a class settlement reached in arms-length negotiations between experienced, capable counsel after meaningful discovery.

*Id*. at 700 (E.D. Mo. 2002) (quoting *Manual for Complex Litig.* § 30.42 at 240 (3rd ed. 1997)).

As discussed below, the settlement is fair, adequate, and reasonable for the entirety of the Class. The case has been vigorously litigated since February 2014. Had there not been a settlement, Plaintiffs suggest that the parties would be continuing to prepare for trial with considerable expense to all persons involved and the Court, but without the likelihood of an outcome different substantially from that accomplished here.   For example, the Settlement Agreement guarantees that class members who never received a product or a refund will either receive a full refund or a judgment against BF Labs in the amount that remains unpaid.

Further, the post-trial and appellate proceedings that would likely have occurred would further prolong and delay the final resolution of this case. In the face of this expected delay,

resolution of this proceeding through settlement is entirely reasonable. *See In re AT & T*, 270 F.R.D. at 347 ("Parties to a settlement benefit by immediately resolving the litigation and receiving some measure of vindication for [their] position[s] while foregoing the opportunity to achieve an unmitigated victory.").

Here, the settlement provides the BF Labs Settlement Class members with the potential of substantial monetary benefits. This recovery is the same type of relief that Plaintiffs hoped to obtain at trial. *See Vigil v. Finesod*, 779 F. Supp. 522, 526 (D.N.M. 1990) ("If the proposed settlement is not approved, the result will be a much more complicated and expensive course of litigation and there is no assurance that the final result will in any way be superior. The time and expense for additional litigation is not warranted under the circumstances."); *In re AT & T*, 270 F.R.D. at 349 ("This challenge means that Plaintiffs' claims will likely require a great deal of time and money to pursue if they are not resolved through settlement. The relief for which the Proposed Settlement Agreement provides therefore appears to be at least comparable to the result that Plaintiffs would be able to achieve through continued litigation."). The consideration to be paid by BF Labs, when balanced against the delay, cost, expense, and risk remaining should the case go to trial and be appealed, demonstrates that the settlement is fair, reasonable, and adequate.

Courts often find a presumption of fairness when a settlement is negotiated at arm's length by well-informed counsel. *Weinberger v. Kendrick*, 698 F.2d 61, 74 (2nd Cir. 1982); *In re Sumitomo Copper Litig.*, 189 F.R.D. 274, 280 (S.D.N.Y. 1999); *Newberg on Class Actions*, at §§ 11:41, 11:51 (4th ed. 2002). Here, the Settlement Agreement before the Court is the product of a mediation, substantial discovery, and months of intensive, arm's-length negotiations that took place in face-to-face meetings, by telephone, and by e-mail. These negotiations have broken

down at times. Had it not settled, the Plaintiffs were prepared to continue further litigation with respect to the claims of the BF Labs Settlement Class Members and prepare for trial on those claims. *See Newberg on Class Actions*, at § 22.92 (4th ed. 2004); *In re BankAmerica*, 210 F.R.D. at 700 ("In evaluating the settlement, the court should keep in mind the unique ability of class and defense counsel to assess the potential risks and rewards of litigation; a presumption of fairness, adequacy and reasonableness may attach to a class settlement reached in arms-length negotiations between experienced, capable counsel after meaningful discovery."); *Brehm ex rel. Brehm v. Capital Growth Fin., LLC*, 2010 WL 3585641 at *1 (D. Neb., Sept. 3, 2010) (citing *DeBoer*, 64 F.3d at 1178 ("The experience and opinion of counsel on both sides may be considered, as well as whether a settlement resulted from arm's length negotiations . . . .").

Plaintiffs' counsel also investigated, considered, and evaluated the financial status of BF Labs when arriving at the settlement and its terms. Publicly available documents as well as confidential documents regarding BF Labs' financial condition were reviewed and studied by Plaintiffs' counsel during the course of the negotiations. BF Labs is not an operating company. That factor also supports the settlement of the matter at this juncture. It has been subjected to several lawsuits, including an action brought by the Federal Trade Commission in the United States District Court for the Western District of Missouri, which has hindered BF Labs' ability to satisfy any immediate judgment.

The potential substantial benefits conferred upon the BF Labs Settlement Class by the proposed settlement evidence the arm's-length nature of the settlement and the absence of any fraud or collusion behind the settlement. At the time of settlement, the parties had extensively briefed a number of the legal issues, reviewed and analyzed tens of thousands of pages of documents produced during discovery, and conducted numerous depositions. Both sides have

had ample opportunity to assess the merits of the BF Labs Settlement Class members' claims for actual and punitive damages, the likelihood that Plaintiffs would have prevailed on their claims and their claims for punitive damages, and the likelihood of satisfying any judgment obtained at trial. *See*, *e.g.*, *E.E.O.C. v. McDonnell Douglas Corp.*, 894 F. Supp. 1329, 1334 (E.D. Mo. 1995) ("The voluminous documents that have been reviewed, the interviews of potential witnesses, and the analyses of all the information that was gathered have brought the case to a point at which an informed assessment of its merits and the probable future course of the litigation can be made.").

Given the experience of counsel, the extensive work, the advanced stage of this litigation, and all of the discovery and legal briefing, Plaintiffs' Counsel have gained substantial knowledge of the pros and cons of settlement versus trial, the facts related to the claims and defenses, the issues or orders which could potentially be appealed, and have sufficient information to determine whether the proposed settlement is in the best interests of the BF Labs Settlement Class. Based on Plaintiffs' Counsels' knowledge of the case and the applicable law, as well as their experience in similar class actions, Plaintiffs' Counsel believe the settlement is entirely fair, reasonable, and adequate. *In re BankAmerica*, 210 F.R.D. at 702 ("Although the Court is not bound by the counsel's opinion, their opinion is nevertheless entitled to great weight.").

**B.**     **The Settlement Class meets the Rule 23 requirements for class certification.**

To demonstrate that the Rule 23 requirements for class certification are met, the parties must show that all of the requirements of Rule 23(a) and at least one of the requirements of Rule 23(b) are satisfied. The proposed settlement satisfies all of the Rule 23(a) elements and Rule 23(b)(3).

**1.**     **Numerosity**

Under Rule 23(a)(1), the class must be "so numerous that joinder of all members is impracticable." There are approximately 21,590 members of the putative BF Labs Settlement

Class. This is a sufficiently large number to satisfy the numerosity requirement. *See*, *e.g.*, *Casey v. Coventry Healthcare of Kansas, Inc.*, No. 08–0201–CV–W–DGK, 2010 WL 3636140, at *2 (W.D. Mo. Sept. 10, 2010) ("courts generally follow the rule of thumb that a class of over 40 is sufficiently numerous for Rule 23 purposes.") (quotation omitted).

### 2.    Commonality

Rule 23(a)(2) requires that there are "questions of law or fact common to the class." "[T]he commonality requirement of [Rule] 23(a) "is satisfied when the legal question linking the class members is substantially related to the resolution of the litigation." *McClean v. Health Sys., Inc.*, No. 11–03037–CV–S–DGK, 2012 WL 607217, at *3 (W.D. Mo., Feb. 23, 2012) (quoting *DeBoer v. Mellon Mortg. Co.*, 64 F.3d 1171, 1174 (8th Cir. 1995)).

Here, commonality is met insofar as all claims of the Settlement Class Representatives and all members of the BF Labs Settlement Class are predicated on the core common issue as to whether BF Labs misrepresented its capabilities to deliver products and the timing of deliveries. Plaintiffs contend that the case involves BF Labs' uniform method of using Bitcoin mining equipment on the live network for their own benefit prior to shipping even though BF Labs publicly represented it did not and would not engage in such practices. Plaintiffs assert the case involves BF Labs' uniform omission of facts material to class members' decision to pre-order from BF Labs and/or to request a refund, and BF Labs' uniform refusal and/or failure to provide refunds to class members who never received a product—even after the products became effectively obsolete due to the passage of time even after demands for refunds were made.

Plaintiffs allege there are numerous common issues of law and fact including, but not limited to, the following:

- Whether BF Labs violated the KCPA;

- Whether BF Labs committed conversion;

15

- Whether BF Labs were unjustly enriched;

- Whether the omissions of fact as alleged in Plaintiffs' Amended Complaint were material to a reasonable consumer;

- Whether a reasonable marketer in the pre-order sales industry would have disclosed such facts;

- Whether pre-order customers have a contractual, property, or other right in the mining equipment used by BF Labs prior to shipping.

Plaintiffs also contend that the damages of each class member (*i.e.*, either purchase price plus interest, interest only, and/or the number of Bitcoins mined using customer equipment) may be calculated using the same formula or method.

Because the Settlement, if approved, will fully and finally resolve the disputed issues for all members of the Settlement Class, the element of commonality is met. *See*, *e.g.*, *McClean*, 2012 WL 607217, at *3 (holding that the disputed issues "satisfy the commonality requirement because they are all based on [the employer's] system-wide policies which apply uniformly to all class members").

### 3.     Typicality

Rule 23(a)(3) requires that the "claims or defenses of the representative parties [be] typical of the claims or defenses of the class." "Rule 23(a)(3) requires a demonstration that there are other members of the class who have the same or similar grievances as the plaintiff." *Tate v. Weyerhaeuser Co.*, 723 F.2d 598, 608 (8th Cir. 1983). Each of the Settlement Class Representatives and all putative BF Labs Class Members allege the same injury from the same conduct or course of conduct and practices of BF Labs. Each class member asserts the same legal theories. Global resolution of this claim through the proposed settlement satisfies the element of typicality. *See*, *e.g.*, *McClean*, 2012 WL 607217, at *3 (typicality element satisfied where the

two class representatives were subject to the employer's disputed pay policy); *see also Alpern v. UtiliCorp United, Inc.*, 84 F.3d 1525, 1540 (8th Cir. 1996).

### 4.    Adequate Representative

The requirements of adequate class representatives and class counsel, as required by Rule 23(a)(4) is easily met here. Proposed Settlement Class Counsel are experienced and competent in complex litigation and have an established track record in complex class litigation. In turn, the Settlement Class Representatives have no interests antagonistic to the Classes and have demonstrated their allegiance to this litigation through their patience and participation in the settlement process on behalf of all putative class members. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625 (1997); *Carpe v. Aquila, Inc.*, 224 F.R.D. 454, 458 (W.D. Mo. 2004).

### 5.    Predominance and Superiority

Rule 23(b)(3) requires that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." This element of predominance is met where, "if the plaintiffs' general allegations are true, common evidence could suffice to make out a prima facie case for the class." *Luiken v. Domino's Pizza, LLC*, 705 F.3d 370, 377 (8th Cir. 2013).

Plaintiffs assert that common questions of law and fact predominate. All of the claims of the members of the BF Labs Settlement Class arise out of BF Labs' alleged unfair, deceptive or unconscionable acts and practices related to the marketing and sale of bitcoin mining devices. BF Labs' denial of this allegation presents a common question of law as to whether its practices complied with applicable laws. The proposed settlement resolves this dispute through an equitable formula, which calculates each BF Labs Settlement Class Member's settlement

payment based on each customer's payments to BF Labs and whether a class member received a product or refund in the past. The amount to be paid to each BF Labs Settlement Class Member under the proposed settlement, in full and final resolution of all claims in this case, presents common operative facts and calculations. Therefore, common questions of law and fact predominate over individualized inquiries.

For settlement purposes, superiority is likewise met because there would be little or no interest for class members to proceed with their own individual cases, each of which concerns a relatively small amount of money compared to the costs of litigation. Further, if pursed individually, each individual class member would be required to participate in expensive discovery in order to obtain the evidence necessary to survive summary judgment and/or a directed verdict. For many class members, the cost of a single deposition would exceed their actual damages.  The plan of distribution treats all class members equitably by providing payments based upon their payments to BF Labs and whether a customer received a product and/or a refund. The settlement provides class members with an ability to obtain predictable relief, whereas litigation carries with it great uncertainty, risk and costs, and provides no guarantee that the allegedly injured parties will obtain time relief at the conclusion of the litigation process. Settlement also would relieve judicial burdens that would be caused by individual adjudication across multiple trials.

Accordingly, there is no danger that individual variation, type, or magnitude of damage suffered by individual class members will affect predominance, as the Settlement Class Representatives have allegedly suffered the same type of damages—and seek the same type of relief—as all members of the proposed BF Labs Settlement Class.

C.     **The Proposed Notice Provides Adequate Notice to the Members of the Classes**

1.     **The Notice Satisfies Due Process**

As discussed, the Parties propose that BF Labs send, by electronic mail, a Notice (attached as *Exhibit A* to the Settlement Agreement) and a Claim Form (attached as *Exhibit E* to the Settlement Agreement) to each BF Labs Settlement Class Member.

The Parties propose that the Notice and Claim Form be sent electronically to all known and reasonably ascertainable Settlement Class Members based on BF Labs' records. The Settlement Agreement also provides that BF Labs will ensure that all Settlement Class Members receive notice, by taking all reasonable steps to trace the addresses for whom a Notice or Claim Form is returned as undeliverable, including tracking of all undelivered e-mail and performing additional address searches. BF Labs will then promptly re-mail the Notices and Claim Forms to Settlement Class Members for whom new addresses are found.

This notice plan is consistent with class certification notices approved by numerous state and federal courts and is, under the circumstances of this case, the best notice practicable. *See, e.g.*, *Evans v. Linden Research, Inc.*, 2014 WL 1724891 *1 (N.D. Cal., April 29, 2014); *Browning v. Yahoo! Inc.*, 2006 WL 3826714 (N.D. Cal., Dec. 27, 2006); *Chavez v. Netflix, Inc.*, 162 Cal. App.4th 43, 75 Cal. Rptr.3d 413, 427 (1st Dist. 2008); *see also* Newberg on Class Actions § 8:30 (5th Ed.) (observing that internet notice has advantages of lower cost, interactivity and ability to house and transmit large quantities of data); *Schlessinger v. Ticketmaster, Inc.*, Case No. BC 304565 (Super. Ct. Los Angeles Cty., Cal.). Here, the Plaintiffs and class members primarily communicated with the BF Labs over the internet via email or by phone. Class members received email confirmations of their orders as well as shipping

information.  Given the nature of the business and the manner in which the class communicated with BF Labs, notice via email is the best notice practicable.

   2.  **The Proposed Class Notice is Accurate, Informative and Easy to Understand**

   Under  Fed. R. Civ. P. 23(e),  class  members  are  entitled  to  notice  of  any  proposed settlement before it is ultimately approved by the Court. Under Rule 23(e) and the relevant due process considerations, adequate notice must be given to all absent class members and potential class members to enable them to make an intelligent choice as to whether to opt out of the class. *See*, *e.g.*, *Weinberger v. Great Northern Nekoosa Corp.*, 925 F.2d 518, 523 (1st Cir. 1991) (stating "the court's power to approve or reject a settlement under Rule 23(e) enables the court to ensure fairness for the class members" (quoting 3B Moore's Federal Practice ¶ 23.91 at 23-533 to 23-534)).

   Here, the proposed Notice provides clear and accurate information as to the nature and principal terms of the Settlement Agreement, including the monetary relief the settlement may provide  BF Labs  Settlement  Class  Members  (as  well  as  an  explanation  of  the  method  of allocating  and  paying  out  the  settlement  amount  to  BF Labs  Settlement  Class  Members),  the procedures  and  deadlines  for  opting  out  of  the  settlement  and  submitting  objections,  the consequences of taking or foregoing the various options available to BF Labs Settlement Class Members, and the date, time and place of the Final Approval hearing. *See Manual for Complex Litigation, Fourth*, at § 21.312 (2004) ("Manual Fourth"). Pursuant to Fed. R. Civ. P. 23(h), the proposed class notice also sets forth the maximum amount of attorneys' fees and lawsuit costs which may be sought by the BF Labs Settlement Class Representatives and Plaintiffs' Counsel.

Accordingly, the Notice complies with the standards of fairness, completeness, and neutrality required of a settlement class notice disseminated under authority of the Court. *See, e.g.*, 4 Newberg on Class Actions at §§ 8.21, 8.39; Manual Fourth at §§ 21.311–21.312.

### D.    Class Member Rights

The BF Labs Settlement Class Members' rights as set forth in the Settlement Agreement are summarized in the following narrative and set forth in the *Notice of Pendency of Class Action and Proposed Settlement* consistent with Federal Rule 23(c)(2).

### 1.    Opt Out Rights

Each BF Labs Settlement Class Member can elect not to be a part of the Settlement Class and not to be bound by the Agreement, if, within the time set by the Preliminary Approval Order the Settlement Class Member completes an individual, written, and signed notice of intention to opt out or request for exclusion. (*See* Settlement Agreement § 9.a).

The Settlement Agreement does not require the notice of intent to opt out or request for exclusion to be in a particular format. However, the notice of intent to opt out or request for exclusion must be in writing and must include the name, address, telephone number, and last four digits of the Social Security number of the Settlement Class Member seeking to opt out and a statement that the BF Labs Settlement Class Member is seeking exclusion. Further, any opt out request must be personally signed by each person and it must include a reference to *Alexander, et al. v. BF Labs Inc.*, Case No. 14-CV-2159-KHV-JPO. (*See* Settlement Agreement § 9.a). Plaintiffs believe that these requirements are necessary to ensure the validity of any opt-out decision and the effectiveness of that decision.

The opt-out procedure is described in detail in the *Notice of Pendency of Class Action and Proposed Settlement*. (*See Exhibit A* to Settlement Agreement). Any BF Labs Settlement Class Member who does not submit a timely notice of intention to opt out or request for

exclusion, and/or who otherwise fails to comply with all requirements for opting out, shall be bound by the Agreement and the Release entered as part of the final judgment in this action.

The parties have agreed that if more than 5% of the BF Labs Settlement Class Members opt out of the settlement, then BF Labs may rescind this Agreement. (*See* Settlement Agreement § 9.b).

### 2.      Objection Rights and Procedure

Any BF Labs Settlement Class Member who wishes to object to the proposed Settlement must do so within the time established by the Preliminary Approval Order by mailing or delivering a written objection to the Settlement ("Objection") to Plaintiffs' Counsel and Defense Counsel, at the addresses set forth in the Notice. The Objection must also be filed contemporaneously with the Court. (*See* Settlement Agreement § 9.d).

Each Objection must include: The name, address, and telephone number of the class member filing the objection; a statement of each objection asserted; a detailed description of the facts underlying each objection; if the objector is represented by counsel, a detailed description of the legal authorities supporting each objection; if the objector plans to utilize expert opinion and/or testimony as part of the objection(s), a written expert report from all proposed experts; if the objector plans to call a witness or present other evidence at the hearing, the objector must state the identity of the witness and identify any documents by attaching them to the objection and provide any other evidence that the objector intends to present; a statement of whether the objector intends to appear at the hearing; a copy of any exhibits which the objector may offer during the hearing; and a reference to *Alexander, et al. v. BF Labs Inc.*, Case No. 14-CV-2159-KHV-JPO. (*See* Settlement Agreement § 9.d).

The objection procedure is described in detail in the *Notice of Pendency of Class Action and Proposed Settlement*. (*See Exhibit A* to Settlement Agreement). The procedure is typical in

class actions and adequately protects the rights of BF Labs Settlement Class Members to voice an objection to the settlement and to bring it to the attention of the Court for consideration. The procedure is in accord with due process and longstanding merits approval protocol.

      **E.**    **Appearance at the Fairness Hearing**

Any BF Labs Settlement Class Member who wishes to appear at the Fairness Hearing must file a Notice of Appearance in the Action and serve the Notice of Appearance, along with his Objection upon Plaintiffs' Counsel and Defense Counsel. (*See Exhibit A* to Settlement Agreement). BF Labs Settlement Class Members shall only be permitted to appear at the Fairness Hearing and to argue those matters set forth in a written objection filed in accordance with the Settlement Agreement and the *Order Preliminarily Approving Class Action Settlement*. As proposed, no BF Labs Settlement Class Member shall be permitted to raise matters at the Fairness Hearing that the Settlement Class Member could have raised in an Objection, but failed to do so, and all other objections to the settlement are deemed waived if not set forth in a written objection. All Notices of Appearance shall be filed with the Court within the time set forth in the *Order Preliminarily Approving Class Action Settlement* and as set forth in the approved notice or the Settlement Class member will be barred from appearing at the Fairness Hearing.

The right of a BF Labs Settlement Class member to appear through counsel is described in detail in the *Notice of Pendency of Class Action and Proposed Settlement*. (*See Exhibit A* to Settlement Agreement). This procedure provides the BF Labs Settlement Class Members the right and opportunity to appear and present argument at the Final Fairness Hearing. It affords due process to the BF Labs Settlement Class Members and should be approved as set forth in the Settlement Agreement and the proposed Preliminary Approval Order.

### F.   Procedure for Intervention

Any person may also seek to intervene in the lawsuit. (*See* Settlement Agreement § 9.e). All requests to intervene must be in compliance with the Federal Rules of Civil Procedure and applicable law. No person shall be permitted to intervene unless such person (i) has filed with the Clerk of the Court a request or motion seeking to intervene in the Action, together with appropriate suggestions in support of the request or motion to intervene and any supporting documentation, (ii) has served copies of such notice, statement, and documentation together with copies of any other papers or briefs that such person files with the Court, upon Plaintiffs' Counsel and Defense Counsel, and (iii) otherwise complies with the Settlement Agreement and *Notice of Pendency of Class Action and Proposed Settlement* for purposes of such hearing. All requests or motions to intervene shall be filed in Court within the time established in the Preliminary Approval Order or be deemed untimely and denied.

The possibility of intervention and the procedure for doing so is described in detail in the *Notice of Pendency of Class Action and Proposed Settlement*. (*See Exhibit A* to Settlement Agreement). The procedure complies with the Federal Rules of Civil Procedure and does permit, if properly and timely done, the Court to consider requests for intervention. The procedure provides sufficient opportunity and protection to the BF Labs Settlement Class Members to present a request for intervention to the Court for decision.

The Court should schedule a final fairness hearing to determine that final approval of the settlement is proper. The fairness hearing will provide a forum to explain, describe or challenge the terms and conditions of the settlement, including the fairness, adequacy, and reasonableness of the settlement. At that time, Plaintiffs' Counsel will be prepared to argue in support of their separately filed motion fees and expenses pursuant to Rule 23(h) as well as for the incentive awards to the Settlement Class Representatives.

24

Accordingly, the Parties request that the Court schedule the final fairness hearing for no earlier than sixty (60) days from the date of this motion.

## IV.   Conclusion

For the foregoing reasons, Plaintiffs respectfully request that this Court enter the Proposed Preliminary Approval Order, attached as *Exhibit B* to the Settlement Agreement, which, *inter alia*: (1) certifies the BF Labs Settlement Class for settlement purposes only; (2) grants Preliminary Approval of the Settlement; (3) appoints Noah Wood and Ari Rodopoulos of Wood Law Firm, LLC as Settlement Class Counsel; (4) appoints Plaintiffs Kyle Alexander and Dylan Symington as Class Representatives; (5) directs distribution of the proposed Notice to all BF Labs Settlement Class Members regarding settlement of the claims on a final and complete basis, in accordance with this Motion; and (6) sets a date for the final fairness hearing for no earlier than sixty (60) days from the date of this motion and the time period required by 28 U.S.C. § 1715, or as soon thereafter as practicable, after the Preliminary Approval Date.

Respectfully submitted,

/s/ Ari N. Rodopoulos
NOAH K. WOOD                               KS #23238
ARI N. RODOPOULOS                    KS #26585
WOOD LAW FIRM, LLC
1100 Main Street
Suite 1800
Kansas City, Missouri  64105-5171
(816) 256-3582
(816) 337-4243 (FAX)

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of April, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to all counsel of record in this case.

/s/ Ari N. Rodopoulos
Attorney for Plaintiffs