**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| KYLE ALEXANDER, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 14-CV-2159-KHV-JPO |
| | ) |
| BF LABS INC., et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM IN SUPPORT OF MOTION FOR RECONSIDERATION,**
**OR IN THE ALTERNATIVE,**
**MOTION FOR LEAVE TO AMEND**

Plaintiffs Kyle Alexander and Dylan Symington ("Plaintiffs") respectfully offer to the Court the following Memorandum in Support of Plaintiffs' Motion for Reconsideration, or in the alternative, Motion for Leave to Amend:

**I.     NATURE OF THE MATTER BEORE THE COURT**

On September 22, 2016, the Court overruled Plaintiffs' Motion for Preliminary Approval of Class Action Settlement.  (Doc. 156).  Plaintiffs are not seeking reconsideration of the proposed settlement.

On September 30, 2016, this Court also entered an order finding as moot Plaintiffs' Motion for Class Certification based on the reasoning provided in the order denying the proposed settlement.  (*See* Doc. 157).  Plaintiffs seek reconsideration of the Court's order [Doc. 157] denying as moot Plaintiffs' Motion for Class Certification [Doc. 137].

Alternatively, Plaintiffs seek leave to file an amended motion for class certification.

## II. APPLICABLE LAW

Motions to reconsider non-dispositive motions are governed by Local Rule 7.3(b), which states in pertinent part, "A motion to reconsider must be based on: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice." D. Kan. Rule 7.3(b). "A motion to reconsider is appropriate where the court has obviously misapprehended a party's position or the facts or applicable law[.]" *Comeau v. Rupp*, 810 F. Supp. 1172, 1174–75 (D. Kan. 1992).

## III. QUESTION PRESENTED

Whether the denial of the proposed settlement mooted Plaintiffs' Motion for Class Certification?

## IV. ARGUMENT

### (A) Plaintiffs' Motion for Class Certification was not mooted by the denial of the proposed class-action settlement

Plaintiffs' Motion for Class Certification contained six proposed class definitions and did not seek to prioritize any claims or benefits among class members. (Doc. 137, pp. 2-3). The negotiated class-action settlement proposed a single class definition, with settlement payments being prioritized based on various factors. (Doc. 150-1, pp. 10-13). It appears the Court might have overlooked the six proposed class definitions in Plaintiffs' Motion for Class Certification [Doc. 137] and, instead, denied class certification based on the Court's analysis of the class definition and payment prioritization in the proposed settlement.

The Court's order denying the proposed settlement did not moot Plaintiffs' Motion for Class Certification because the issue raised were materially different. For

2

example, in denying the proposed settlement, the Court explained that the proposed settlement contained three subclasses noted as d.1, d.2, and d.3 and settlement payments would be made on a priority basis, with d.1 having priority over d.2 and d.3. (Doc. 156, pp. 6-7). The Court determined that adequacy and typicality were not established in the proposed settlement because "no named plaintiff holds a claim which falls in the category of customers who have received refunds – the subclass labeled d.2" and because "the proposed settlement provides differing relief to different groups within the settlement class, it appears that the interests of the named representatives are not aligned with every member of the settlement class." (Doc. 156, p. 16).

Unlike the proposed settlement, however, Plaintiffs' Motion for Class Certification [Doc. 137] does not prioritize payments or benefits to any putative class members. Further, unlike the proposed settlement, Plaintiffs' Motion for Class Certification [Doc. 137] seeks the same relief for putative class members. For all putative class members, Plaintiffs seek to recover the purchase price, interest thereon, unjust enrichment to Defendants, costs of suit, attorneys' fees, and punitive damages. The fact that Defendants might be able introduce evidence to offset damages awarded to certain putative class members who have already been refunded the purchase price does not preclude such class members from recovering interest thereon, unjust enrichment to Defendants, costs of suit, attorneys' fees, and punitive damages like the rest of the putative class. More importantly, a potential offset against certain putative class members who have been refunded the purchase price does not change the fact that Plaintiffs seek the same relief for all putative class members. Plaintiffs' claims are typical of all putative class members they seek to represent and are based on the same legal theories. Plaintiffs suffered the same injuries as all putative class members they

seek to represent. There is no conflict between Plaintiffs and putative class members who have already been refunded the purchase price.

Regardless, even assuming Plaintiffs were not adequate to represent a settlement class that included customers who have been refunded the purchase price (or assuming Plaintiffs' claims were atypical), which is denied, this still would not moot Plaintiffs' Motion for Class Certification [Doc. 137]. Several of the proposed classes in Plaintiffs' Motion for Class Certification [Doc. 137] by definition exclude customers who have received refunds. (*See e.g.*, Doc. 137, p. 2) ("Alexander Count II – Unjust Enrichment: All persons who (1) pre-paid BFL for ASIC 65 NM generation products or ASIC 28 NM generation products between June 23, 2012 and July 17, 2014, and (2) as of November 23, 2015, have not received the product(s) ordered **and have not received a refund**.") (emphasis added); (*see also*, Doc. 137, pp. 2-3) ("Alexander Count III – Conversion: All persons who (1) pre-paid BFL for ASIC 65 NM generation products or ASIC 28 NM generation products between June 23, 2012 and July 17, 2014, (2) demanded or requested a refund, and (3) as of November 23, 2015, have not received the product(s) ordered **and have not received a refund**.") (emphasis added). Therefore, the denial of the proposed settlement (on the basis of including customers who have already received refunds) does not moot Plaintiffs' Motion for Class Certification, which proposed classes that by definition exclude customers who have already received a refund.

For the reasons stated above, Plaintiffs respectfully request this Court to reconsider its Order [Doc. 157] denying as moot Plaintiffs' Motion for Class Certification [Doc. 137].

4

**(B)    Alternatively, the Court should grant Plaintiffs' leave to file an amended motion for class certification**

Alternatively, Plaintiffs request leave of court to file an amended motion for class certification to state that Plaintiff Alexander only seeks to represent putative class members who have not received the product ordered and have not received a refund, and that Plaintiff Symington only seeks to represent putative class members who received the product ordered and have not received a refund.

**V.    CONCLUSION**

WHEREFORE, for the foregoing reasons, Plaintiffs request the Court to reconsider its order [Doc. 157] denying as moot Plaintiffs' Motion for Class Certification [Doc. 137], or in the alternative, to grant Plaintiffs leave to file an amended motion for class certification.

Respectfully submitted,

WOOD LAW FIRM, LLC


/s/ Ari N. Rodopoulos
NOAH K. WOOD                    KS #23238
ARI N. RODOPOULOS               KS #26585
1100 Main Street
Suite 1800
Kansas City, Missouri 64105-5171
(816) 256-3582
(816) 337-4243 (FAX)

ATTORNEYS FOR PLAINTIFFS

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 12th day of October, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to all counsel of record in this case.

/s/ Ari N. Rodopoulos
Attorney for Plaintiffs
