UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-60768-CIV-COHN/SELTZER

ADAM KARHU, on behalf of himself and all
others similarly situated,

       Plaintiff,

v.

VITAL PHARMACEUTICALS, INC. d/b/a VPX
SPORTS,

       Defendant.

_____/

**ORDER DISMISSING CASE**

       **THIS CAUSE** is before the Court *sua sponte*. On March 18, 2014, the Court

ordered Plaintiff Adam Karhu to show cause why this action should not be dismissed for

lack of subject-matter jurisdiction. DE 130. The Court has considered Karhu's Response

to Order to Show Cause [DE 132] and Defendant's Response to Plaintiff's Response to

Order to Show Cause [DE 138], and is otherwise advised in the premises. The Court

determines that it lacks subject-matter jurisdiction over Karhu's claims in light of its

recent denial of class certification, and accordingly will dismiss this action without

prejudice.

**I.  BACKGROUND**

       Defendant Vital Pharmaceuticals, Inc. ("VPX") is a Florida corporation that

manufactures and markets a dietary supplement called VPX Meltdown Fat Incinerator

("Meltdown"). DE 114 ¶¶ 1, 7. VPX advertises that consumers can use Meltdown to

"burn fat" and achieve rapid fat loss. Id. ¶ 1. Karhu, a New York resident who purchased

Meltdown, claims that the product is ineffective for its advertised purpose. Id. ¶¶ 1, 5–6.

On April 3, 2013, Karhu filed this lawsuit to recover damages based upon VPX's alleged false advertisements, and to enjoin any further misrepresentations. See generally DE 1. In the operative pleading, Karhu asserts the following claims: (1) breach of express warranty under the Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C. § 2301, et seq.; (2) breach of express warranty; (3) unjust enrichment; (4) violation of the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201, et seq.; and (5) violation of New York General Business Law § 349. DE 114 ¶¶ 34–109.

Karhu styled his case as a class action, purporting to sue on behalf of all persons in the United States who purchased Meltdown for purposes other than resale since April 4, 2008. DE 70 at 2; DE 114 ¶ 28. On March 3, 2014, however, the Court denied Karhu's Motion for Class Certification. DE 125. Karhu now maintains this suit only in his individual capacity, asserting his various claims to recover amounts he overpaid when he purchased a bottle of Meltdown for $23.34, DE 114 ¶ 25, and still seeking the attendant injunctive relief.

On March 18, 2014, the Court issued its Order to Show Cause, directing Karhu to explain why this action should not be dismissed for lack of subject-matter jurisdiction. DE 130. The Court noted that, upon denial of Karhu's Motion for Class Certification, Karhu's remaining individual claims did not appear to satisfy the criteria for subject-matter jurisdiction under the Class Action Fairness Act ("CAFA"). See 28 U.S.C. § 1332(d). Karhu also failed to satisfy the jurisdictional prerequisites for his MMWA claim or the requirements traditional diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). Accordingly, it seemed that any basis for subject-matter jurisdiction over Karhu's suit had evaporated. Karhu responded to the Order to Show Cause by arguing

that CAFA jurisdiction, once invoked, endures in perpetuity, notwithstanding the rejection of a plaintiff's proposed class. See DE 132.

## II.  DISCUSSION

The Court's denial of class certification raised the possibility that CAFA subject-matter jurisdiction over Karhu's action had expired. "Federal courts have limited jurisdiction and are obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." Gilmore v. Dir., U.S.D.O.L., 455 F. App'x 934, 935–36 (11th Cir. 2012) (per curiam) (internal quotation marks omitted). Upon a determination that a district court lacks subject-matter jurisdiction over an action, dismissal is the appropriate remedy. Fed. R. Civ. P. 12(h)(3).

Having reviewed the relevant authorities and the responses of the parties, the Court concludes that it indeed lacks a basis for further CAFA subject-matter jurisdiction over this action. The Court rejects Karhu's arguments that CAFA, once invoked, vests a court with subject-matter jurisdiction *ad infinitum*. Because the Court finds no alternative basis for original subject-matter jurisdiction, and declines to exercise supplemental jurisdiction over Karhu's state-law claims, it will dismiss this action.

### A.  No Basis for CAFA Jurisdiction Remains

In his pleadings, Karhu has asserted that CAFA, as expressed in 28 U.S.C. § 1332(d), vests the Court with subject-matter jurisdiction over this action. DE 114 ¶ 9. Section 1332(d) provides that a district court will have subject-matter jurisdiction over an action filed pursuant to Rule 23 of the Federal Rules of Civil Procedure, if it satisfies CAFA's other jurisdictional requirements, "before or after the entry of a class certification order by the court." 28 U.S.C. § 1332(d)(1)(B), (d)(2), (d)(5)(B), (d)(8). A "class certification order" is an order "approving the treatment of some or all aspects of

a civil action as a class action." Id. § 1332(d)(1)(C). In other words, a district court may

exercise CAFA jurisdiction over a putative class action prior to making a class

certification ruling—presuming the plaintiff has satisfied CAFA's other jurisdictional

prerequisites—or after granting certification in a class certification order.

Here, however, the Court has denied class certification, finding that Karhu cannot

maintain this action on behalf of his proposed class. See generally DE 125. In contrast

to the provisions of section 1332(d)(8), through which CAFA confers subject-matter

jurisdiction "before or after" the entry of an order granting class certification, the Court

has determined that there will be no class certification order. See DE 125 at 12–22;

28 U.S.C. § 1332(d)(1)(C). Accordingly, Karhu's claims fall outside the circumstances in

which subject-matter jurisdiction adheres under section 1332(d)(8), and CAFA subject-

matter jurisdiction no longer applies to Karhu's action.

**B. Karhu's Inclusion of Class Allegations Does Not Irrevocably
Vest the Court with Subject-Matter Jurisdiction Under CAFA**

In its Order to Show Cause, the Court directed Karhu to demonstrate why the

denial of class certification in this action should not result in a dismissal for lack of

subject-matter jurisdiction. Karhu responded that a denial of class certification does not

impact CAFA subject-matter jurisdiction. Having considered Karhu's response and the

authorities cited therein, the Court maintains its determination that its denial of class

certification resulted in an end to CAFA subject-matter jurisdiction in this case.

The federal courts are divided regarding the effect of a denial of class

certification on CAFA subject-matter jurisdiction. Some courts have held that a mid-

litigation denial of class certification does not destroy the CAFA jurisdiction that put the

suit in federal court at the outset. See, e.g., Cunningham Charter Corp. v. Learjet, Inc.,

4

592 F.3d 805, 806–07 (7th Cir. 2010). Others have held that a denial of class certification brings an end to CAFA subject-matter jurisdiction. See, e.g., Walewski v. Zenimax Media, Inc., 502 F. App'x 857, 862 (11th Cir. 2012) (per curiam); Avritt v. Reliastar Life Ins. Co., No. 07-1817, 2009 U.S. Dist. LEXIS 51524, at *3–8 (D. Minn. June 18, 2009). Describing this area of the law as "in flux" would not capture the extent of discordant outcomes presented by the relevant authorities. See Avritt, 2009 U.S. Dist. LEXIS 51524, at *3–7 (collecting cases).

Karhu contends that, within the Eleventh Circuit, "federal jurisdiction under [CAFA] does not depend on certification." DE 132 at 1. Karhu relies primarily on the Eleventh Circuit's decision in Vega v. T-Mobile USA, Inc., 564 F.3d 1256 (11th Cir. 2009). In Vega, the Eleventh Circuit addressed an appeal from a district court's certification of a class action. The appellate court determined that the district court's class-certification analysis contained "numerous flaws," and further that the proposed class was "not amenable to Rule 23 certification." Id. at 1260. With regard to the numerosity requirement of Rule 23, the Eleventh Circuit held that the district court abused its discretion by making a finding that numerosity was satisfied based upon little more than speculation. Id. at 1267–68. In a footnote to its discussion of numerosity, the appellate court noted that "[e]ven if it were later found that the narrowed . . . class numbers fewer than 100, . . . post-removal events (including non-certification . . . ) do not deprive federal courts of subject matter jurisdiction." Id. at 1268 n.12.

The issue before the Eleventh Circuit in Vega, however, was the propriety of the district court's grant of class certification. Id. at 1260. The Eleventh Circuit's footnoted discussion of the jurisdictional impact of a plaintiff's failure to satisfy the numerosity

requirement was unnecessary to its decision of the controversy before it, and is dicta. See Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 764 (11th Cir. 2010). "And dicta is not binding on anyone for any purpose." Edwards v. Prime Inc., 602 F.3d 1276, 1298 (11th Cir. 2010). The Eleventh Circuit's discussion in Vega regarding CAFA subject-matter jurisdiction after denial of class certification therefore does not bind this Court.

The Court is further unpersuaded by Karhu's reliance upon Vega because the Eleventh Circuit appears to have disclaimed its Vega dicta, at least as it relates to the impact of a denial of class certification. Specifically, in Walewski v. Zenimax Media, Inc., 502 F. App'x 857 (11th Cir. 2012) (per curiam), the Eleventh Circuit subsequently addressed a situation in which a district court had dismissed an action upon denial of class certification. The Eleventh Circuit wrote: "We affirm the dismissal on the grounds that absent certification as a class action, the district court lacks subject matter jurisdiction over Walewski's individual claim." Id. at 862.[1] Other courts within this district have reached similar conclusions. See Adelson v. U.S. Legal Support, Inc. (In re Motions to Certify Classes Against Court Reporting Firms for Charges Relating to World Indices), 715 F. Supp. 2d 1265, 1284–85 (S.D. Fla. 2010) (dismissing case for lack of subject-matter jurisdiction upon denial of class certification), aff'd, 439 F. App'x 849 (11th Cir. 2011); DWFII Corp. v. State Farm Mut. Auto. Ins. Co., No. 10-20116, DE 150 (S.D. Fla. Dec. 10, 2010) (same).

This Court is also of the opinion that the courts finding CAFA jurisdiction to disappear upon a definitive denial of class certification are correct as a legal matter. As

---

[1] The appellate court in Walewski further noted that, because the amount in controversy fell below $75,000 with regard to the plaintiff's individual claim, the plaintiff could not rely upon diversity jurisdiction as an alternative basis for subject-matter jurisdiction. 502 F. App'x at 862.

previously noted, CAFA provides that the courts shall have subject matter jurisdiction "before or after the entry of a class certification order." 28 U.S.C. § 1332(d)(8). The plain language of this section therefore vests a court with CAFA jurisdiction over the claims of a putative class (before the entry of a class certification order) or after the class has been certified. After a court has determined that there will be no class certification order, however, the action falls outside the scope of the circumstances enumerated under section 1332(d)(8) in which subject-matter jurisdiction exists.[2]

A number of courts holding that a denial of class certification does not impact subject-matter jurisdiction have treated the denial as a change in jurisdictional facts, such as a change in the citizenship of a party. See, e.g., Cunningham Charter Corp., 592 F.3d at 806–07. Because changes in the facts underlying subject-matter jurisdiction do not deprive a tribunal of jurisdiction once vested, those courts have determined that a denial of class certification also does not impact subject-matter jurisdiction. See id.; Mills v. Foremost Ins. Co., No. 06-00986, 2011 U.S. Dist. LEXIS 14385, at *6–12 (M.D. Fla. Jan. 31, 2011). This Court, however, does not view its denial of class certification as a shift in the jurisdictional facts underlying Karhu's suit. Instead, the denial is a legal conclusion that Karhu's action was, from the beginning, inappropriate for class

_____

[2] The Court acknowledges that, in some circumstances, a denial of a motion for class certification may not spell doom for the plaintiff's class allegations. For example, a plaintiff may be able to salvage a deficient proposed class through re-definition or the submission of additional evidence. See Davis v. Astrue, 250 F.R.D. 476, 492 (N.D. Cal. 2008) (denying motion for class certification with leave to renew upon submission of additional evidence). In such situations, a case in which class certification has been denied might still be considered to be in its pre-certification-order stage, and subject-matter jurisdiction still appropriate. See 28 U.S.C. § 1332(d)(8). Here, however, Karhu's claims and class definition are sufficiently problematic that his proposed class has no realistic chance of certification, even were the Court to allow further reasonable revisions to the pleadings or class definition. See generally DE 125 at 12–21.

treatment. See Jones v. Jeld-Wen, Inc., No. 07-22328, 2008 U.S. Dist. LEXIS 85145, at *9–11 (S.D. Fla. Oct. 1, 2008) (treating denial of class certification as legal conclusion, and not change in jurisdictional facts). Much as the Court should dismiss an action for lack of subject-matter jurisdiction upon a legal determination that the plaintiff has from the outset failed to satisfy section 1332(a)'s amount-in-controversy requirement, Goodin v. Fid. Nat'l Title Ins. Co., 491 F. App'x 139, 143 (11th Cir. 2012), cert. denied, 133 S. Ct. 2810 (U.S. 2013), or its diversity requirement, Laurent v. Herkert, 196 F. App'x 740, 743–44 (11th Cir. 2006), so too should the Court dismiss a putative class action upon a legal determination that the plaintiff may not maintain his suit on a class basis.

Karhu's claims also illustrate why prudential concerns call for dismissal when a court has denied class certification. Had Karhu asserted his individual state-law claims seeking to recover for overpayment on his $23.34 purchase in Florida's state courts, he could not have satisfied the amount-in-controversy requirements for Florida's circuit courts, the state's courts of general jurisdiction. See generally 12A Fla. Jur. 2d Courts and Judges §§ 150, 158 (Westlaw 2014).[3] Instead, Karhu's action likely would have been relegated to the small-claims court, which is well-equipped to handle such relatively minor disputes in an expedient, cost-effective manner. See Fla. Sm. Cl. R. 7.010(b).

As it stands, however, Karhu desires to move forward with a full-blown federal jury trial, which he estimates will last seven to ten days. See DE 17 at 3. This trial

---

[3] As discussed in more depth infra pp. 10–11, Karhu's sole federal claim, for breach of warranty under the MMWA, is not viable independent of CAFA jurisdiction, because Karhu cannot satisfy the MMWA's jurisdictional amount-in-controversy requirement.

regarding Karhu's alleged overpayment for a bottle of fat-burning pills would include

testimony from five expert witnesses, the CEO of the pills' manufacturer, VPX, and

Karhu himself, who would presumably travel from New York at an expense exceeding

any potential recovery. See DE 126 & 127. The trial would require the time and attention

of a panel of jurors for over a week, and would inflict substantial costs on the defense.

Finally, though the Court strives to provide an open and accessible forum for litigants to

resolve their disputes, it is not blind to considerations of judicial economy, and the

burdens imposed on the federal court system by unnecessary trials.

　　　The circumstances of this case therefore make clear why the mere inclusion of

class allegations into a pleading cannot form a basis for perpetual subject-matter

jurisdiction over an action. Although a court may review and reject subject-matter

jurisdiction alleged under other theories, such as traditional diversity or federal question

jurisdiction, Karhu's proposed approach would provide an easily abused means of

sidestepping traditional jurisdictional requirements, as long as the plaintiff had the

forethought to include class allegations in his complaint. The result would be cases such

as this one, where claims of little value with no business being in federal court

nevertheless proceed to a jury trial, inflicting immense costs and expenditures of time

along the way.

　　　In short, after it becomes clear that there will be no grant of class certification, the

exercise of subject-matter jurisdiction pursuant to 28 U.S.C. § 1332(d) is no longer

appropriate. This approach finds its basis in the plain language of section 1332(d), and

is also justified by prudential concerns and the need to avoid potential manipulation of

the judicial system. The Court accordingly determines that the continued exercise of

CAFA subject-matter jurisdiction over Karhu's claims is inappropriate in light of the denial of class certification, notwithstanding Karhu's objections.

## C. No Alternative Basis for Subject-Matter Jurisdiction Remains

Having dispensed with section 1332(d) CAFA jurisdiction, the Court turns to the remaining potential bases for subject-matter jurisdiction over this action. In his operative pleading, Karhu also alleges federal question jurisdiction pursuant to 28 U.S.C. § 1331, presumably arising from his MMWA claim. DE 114 ¶ 8. Because Karhu cannot satisfy the MMWA's amount-in-controversy requirement, however, this claim does not provide a basis for subject-matter jurisdiction. Nor will the Court exercise supplemental jurisdiction over Karhu's remaining state-law claims.

The MMWA has a jurisdictional amount-in-controversy requirement of $50,000. 15 U.S.C. § 2310(d)(3)(B). Here, Karhu's individual claims for damages arising from overpayment when he purchased of a bottle of Meltdown for $23.34 fall far short of this jurisdictional threshold. See DE 114 ¶¶ 25, 47, 58, 72, 90–93, 108. Nor does Karhu's request for injunctive relief appreciably increase the amount in controversy. The value of proposed injunctive relief is assessed from the plaintiff's perspective. Ericsson GE Mobile Commc'ns, Inc. v. Motorola Commc'ns & Elecs., Inc., 120 F.3d 216, 218–19 (11th Cir. 1997). Moreover, where the value of injunctive relief is overly speculative or immeasurable, it does not factor into the amount in controversy. Leonard v. Enter. Rent a Car, 279 F.3d 967, 973 (11th Cir. 2002). Here, the future value to Karhu of an injunction preventing VPX from advertising Meltdown—a product Karhu already believes to be ineffective for fat loss—as a "fat burner" can be characterized as both *de minimis* and immeasurable. Karhu therefore cannot premise subject-matter jurisdiction upon his MMWA claim. See Carter v. Killingsworth, 477 F. App'x 647, 648 (11th Cir.

2012) (per curiam) (affirming dismissal for lack of subject-matter jurisdiction where plaintiff could not satisfy MMWA amount-in-controversy requirement).[4]

Further, the Court declines to exercise supplemental jurisdiction over Karhu's remaining state-law claims. Where no federal claims persist prior to trial, and no independent basis for original subject-matter jurisdiction exists over any state-law claims, the Eleventh Circuit encourages dismissal of the remaining state-law claims pursuant to 28 U.S.C. § 1367(c)(3). Raney v. Allstate Ins. Co., 370 F.3d 1086, 1089 (11th Cir. 2004) (per curiam). The Court believes that dismissal is the correct resolution of Karhu's state-law claims for the additional reason that the claims, with an amount in controversy approximating $23.34, do not warrant the substantial motion practice and trial that remain outstanding in this action.

III.  **CONCLUSION**

In sum, the Court determines that its denial of Karhu's motion for class certification has resulted in the absence of CAFA subject-matter jurisdiction under 28 U.S.C. § 1332(d). The Court rejects Karhu's contention that, once a plaintiff has invoked CAFA jurisdiction, such jurisdiction exists in perpetuity. Because no alternative basis for this Court's original subject-matter jurisdiction exists, and because the Court declines to exercise supplemental jurisdiction over Karhu's remaining state-law claims, the Court will dismiss this action without prejudice for lack of subject-matter jurisdiction.

It is accordingly **ORDERED AND ADJUDGED** that this action is **DISMISSED without prejudice** for lack of subject-matter jurisdiction. The Clerk of Court is directed to **CLOSE** this case and **DENY** any pending motions as moot.

---

[4] Karhu similarly would not be able to satisfy the $75,000 amount-in-controversy requirement of traditional diversity jurisdiction. See 28 U.S.C. § 1332(a).

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County,

Florida, this 27th day of March, 2014.

JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF