IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| KYLE ALEXANDER and DYLAN SYMINGTON, on behalf of themselves and all those similarly situated, | )<br>)<br>)<br>)<br>) |
| Plaintiffs, | ) CIVIL ACTION |
| v. | )<br>) No. 14-2159-KHV |
| BF LABS INC., d/b/a BUTTERFLY LABS, SONNY C. VLEISIDES and JEFF OWNBY, | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

**MEMORANDUM AND ORDER**

Plaintiffs Kyle Alexander and Dylan Symington bring this putative class action on behalf of all persons who prepaid BF Labs for bitcoin mining machines between September 3, 2012 and July 17, 2014.  Plaintiffs assert claims against BF Labs, Sonny C. Vleisides and Jeff Ownby under the Kansas Consumer Protection Act, K.S.A. § 50-626(b)(3) and K.S.A. § 50-627(a) ("KCPA").  Plaintiffs also bring unjust enrichment claims under Kansas common law.  In addition, against BF Labs, plaintiffs assert a common law claim of conversion.  On September 22, 2016, the Court overruled plaintiffs' motion for preliminary approval of settlement.  Doc. #156.  On September 30, 2016, based on the memorandum and order which denied approval of the settlement, the Court overruled plaintiffs' motion for class certification as moot.  Doc. #157.  This matter comes before the Court on plaintiffs' Motion For Reconsideration, Or In The Alternative, Motion For Leave to Amend (Doc. #158) filed October 12, 2016.

**Legal Standards**

The Court has considerable discretion in making class certification decisions.  DG ex rel.

Stricklin v. Devaughn, 594 F.3d 1188, 1194 (10th Cir. 2010). It must, however, conduct a rigorous analysis to determine whether the parties seeking certification have shown that the putative class satisfies the prerequisites of Rule 23. Wal-Mart Stores, Inc. v. Dukes, 131 S. Ct. 2541, 2550 (2011). Whether to certify a class is left to the broad discretion of the trial court. Id. at 2551-52; see Shook v. El Paso Cty., 386 F.3d 963, 967 (10th Cir. 2004). As the party seeking class certification, plaintiffs have the burden to prove that the requirements of Rule 23 are met. D. Kan. Rule 23.1(d); Shook, 386 F.3d at 968; see Dukes, 133 S. Ct. at 2553 (citing Gen. Tel. Co. v. Falcon, 457 U.S. 147, 159 (1982)).

Before final judgment, the Court has discretion under Rule 23(c)(1)(C) to decertify the class altogether, or to alter or amend its certification order. Fed. R. Civ. P. 23(c)(1)(C); Devaughn, 594 F.3d at 1201. Indeed, a class certification order is "inherently tentative," particularly before notice to potential class members. Falcon, 457 U.S. at 160.

D. Kan. Rule 7.3(b) governs motions to reconsider non-dispositive orders. D. Kan. Rule 7.3; Coffeyville Res. Refining & Mktg., LLC v. Liberty Surplus Ins., 748 F. Supp. 1261, 1264 (D. Kan. 2010). Under Rule 7.3(b), a motion seeking reconsideration generally must be based on an intervening change in controlling law, the availability of new evidence or the need to correct clear error or prevent manifest injustice. A motion to reconsider is available when the Court has misapprehended the facts, a party's position or the controlling law, but it is not appropriate to revisit issues already addressed or to advance arguments that could have been raised in prior briefing. See, e.g., Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000) (addressing motion under Rule 59(b)). Whether to grant a motion to reconsider is committed to the district court's discretion. In re Motor Fuel Temp. Sales Practices Litig., 707 F.Supp.2d 1145, 1166 (D. Kan. 2010).

**Analysis**

Plaintiffs ask the Court to reconsider the order denying plaintiffs' motion for class certification as moot. In short, plaintiffs argue that the Court denied class certification based on an analysis of the class definitions in the proposed settlement rather than the class definitions set out in the motion for class certification. See Doc. #159 at 2-3. In the alternative, plaintiffs seek leave to file an amended motion for class certification.

As noted, the Court overruled plaintiffs' motion for class certification based on the reasoning set out in the memorandum and order denying approval of the settlement. See Docs. #156, 157. The Court agrees that the term "moot" was inartful. The Court need not address the merits of plaintiffs' motion to reconsider, however, because the Court sustains plaintiffs' motion for leave to file an amended motion for class certification. In their amended motion, plaintiffs shall address (among other things) the obvious disconnect between the class which the amended complaint seeks to certify and the class which plaintiffs' motion to certify seeks to establish.

**IT IS THEREFORE ORDERED** that plaintiffs' Motion For Reconsideration, Or In The Alternative, Motion For Leave to Amend (Doc. #158) filed October 12, 2016 be and hereby is **SUSTAINED IN PART.** On or before November 18, 2016, plaintiffs may file an amended motion to certify a class.

Dated this 7th day of November, 2016 at Kansas City, Kansas.

s/ Kathryn H. Vratil
Kathryn H. Vratil
United States District Judge