IN THE TENTH JUDICIAL DISTRICT
DISTRICT COURT, JOHNSON COUNTY, KANSAS
CIVIL DEPARTMENT

STATE OF KANSAS, *EX REL.* )
STEPHEN M. HOWE, DISTRICT ATTORNEY )
TENTH JUDICIAL DISTRICT, )
                       Plaintiff )
    v. ) Case No. 15CV06002
        ) Division No. 4
BF LABS, INC., )
a/k/a BUTTERFLY LABS )
                Defendant. )

Pursuant to Chapter 60 of the Kansas Statutes Annotated

## JOURNAL ENTRY OF CONSENT JUDGMENT

**NOW** on this 25TH day of September, 2015, Plaintiff's Journal Entry of Consent Judgment comes before the Court pursuant to K.S.A. 50-632(b). The Plaintiff appears by and through Stephen M. Howe, District Attorney, and Emilie Burdette, Assistant District Attorney. Defendant appears through counsel Braden M. Perry.

**WHEREUPON** the parties advise the Court they have stipulated and agreed to the following:

1. Stephen M. Howe is the duly elected, qualified and acting District Attorney for the Tenth Judicial District of the State of Kansas.

2. The District Attorney's authority to bring this action is derived from the statutory and common law of the State of Kansas, specifically the Kansas Consumer Protection Act, K.S.A. 50-623 *et seq.*

3. Defendant BF Labs, Inc. also known as Butterfly Labs ("Defendant" or "Butterfly Labs") is registered as a corporate entity under the laws of the State of Wyoming. Defendant has been so organized since August of 2011.

4. In September of 2012, Defendant registered in Kansas as a foreign corporation.

1

5. Defendant has a principal place of business located at 10770 El Monte St., #101 in Leawood, Johnson County, Kansas.

6. All references to Defendant include acts performed individually, in concert, or by or through employees, agents, representatives, affiliates, assignees and successors.

7. Defendant is subject to the Court's jurisdiction under the Kansas Consumer Protection Act pursuant to K.S.A. 50-638.

8. Venue is proper in the Tenth Judicial District of Kansas, Johnson County, pursuant to K.S.A. 50-638.

9. At all times relevant to the allegations set forth herein and, in the ordinary course of business, Defendant engaged in consumer transactions as defined by K.S.A. 50-624(c), either individually or through employees, representatives, or agents.

10. At all times relevant to the allegations set forth herein and in the ordinary course of business, Defendant has acted as a "supplier" as defined by K.S.A. 50-624.

11. At all times relevant hereto, Defendant has held itself out as a developer, manufacturer and distributor of high speed encryption processors for use in bitcoin mining, research, telecommunication and security applications. Defendant has represented that these devices will assist individuals in "mining" for bitcoins.

12. Defendant has marketed and sold its hardware to the public, including to "consumers" through "consumer transactions" as defined in K.S.A. 50-624.

13. Defendant also offers cloud mining services to consumers.

14. Defendant operates the website www.butterflylabs.com and has primarily accepted orders through that website. Historically, Defendant has accepted payment through their website through various methods, including by wire

transfers of U.S. currency, payment via PayPal and through the transfer of bitcoins directly from customers or indirectly through independent, third-party bitcoin payment processors.

15. Prior to July of 2014, Defendant primarily operated on a "pre-order model" whereby consumers entered into consumer transactions, remitted funds to Defendant, and then claimed a place in line or in queue for receipt of their product when delivery became available. A portion of the consumer funds were then used to complete the development, and manufacture of the products.

16. The Plaintiff alleges that Defendant, through agents and employees, committed certain acts and practices in violation of the Kansas Consumer Protection Act, K.S.A. 50-623, *et seq.*, including but not limited to the following:

   a. That Defendant engaged in misrepresentations of material fact regarding their pre-order model, including that hardware had not yet been fully developed and tested at the time orders were accepted. Further that Defendant failed to disclose that consumer funds may be utilized to enable this development and testing, deceptive acts in violation of K.S.A. 50-626.

   b. That Defendant made misrepresentations and failed to disclose material facts regarding its ability to timely deliver hardware pre-ordered by consumers, deceptive acts in violation of K.S.A. 50-626.

   d. That although Defendant BFL has made significant albeit delayed deliveries, Defendant has failed to timely fulfill all outstanding orders or make timely refunds depriving some consumers of a material benefit from the transactions they entered, unconscionable acts in violation of K.S.A. 50-627.

17. Defendant voluntarily agrees to this Consent Judgment without trial or adjudication of any issue of fact or law and without admitting any allegation contained herein. Defendant Butterfly Labs denies all violations alleged by Plaintiff and has agreed to this Consent Judgment solely to avoid the costs of

litigating said allegations. Defendant Butterfly Labs asserts that it has previously offered and paid millions of dollars in refunds to customers who requested them prior to the commencement of product manufacture. Defendant Butterfly Labs further asserts that it has voluntarily and at its own discretion, and prior to execution of this Consent Judgment, ceased the practice of accepting pre-orders for future products. Defendant Butterfly Labs asserts its belief that its pre-order model was fully disclosed to its customers and its customers were made clear that the pre-order funds may be used to complete the development, and manufacture of the products. Defendant Butterfly Labs strongly denies that it misled any consumer into completing any purchase transaction.

### Injunctive Terms

18. Defendant agrees to continue to refrain from and to be permanently enjoined from engaging in those acts and practices alleged to be deceptive and/or unconscionable as alleged.

19. Defendant agrees that its agents, employees, and representatives are also permanently enjoined from committing the acts or practices described above in any ongoing or future consumer transactions in Johnson County, Kansas.

20. Defendant agrees that engaging in such acts or similar acts after the date of this Consent Judgment shall constitute a violation of this Order and civil penalties may be imposed for each subsequent violation.

21. From the time of execution of this Consent Judgment, Defendant voluntarily agrees to the following injunctive terms:

    a. Defendant will continue to refrain from taking pre-orders from consumers for all products including future generation and current

generation products, as well as cloud mining services. Specifically Defendant will sell to consumers only hardware and other products that are readily available for shipment within 30 days of the date the consumer transaction is executed.

b. Defendant agrees that any failure to ship products or services within 30 days of the date the consumer transaction is executed shall result in a timely refund upon consumer request. The consumer shall be given the option to request a full refund or to agree to a firm extension of the shipment deadline, such extension not to exceed an additional 30 days from the originally-scheduled shipment date. Should a consumer elect to grant a shipment extension and if after the additional 30 days, shipment is not achieved, the consumer shall automatically receive a full refund. Defendant shall not offer the consumer the option to upgrade the order as a means of extending the permissible 30-day shipment allowance. Defendant agrees to make all refunds through the same payment mechanism as the consumer originally paid. In instances of bitcoin purchases, Defendant shall refund the U.S. Currency equivalent at the time the purchase was made.

c. Defendant agrees that should it determine at any time prior to the expiration of the permissible 30-day shipment allowance that it is unable to timely fulfill a consumer order, Defendant will immediately offer a refund to the consumer pursuant to the terms set forth in (b) above.

d. During the permissible 30-day period between order placement and shipment, Defendant agrees to be prohibited from utilizing hardware intended for shipment to an identifiable consumer for its own purposes or financial benefit, including but not limited to using the hardware to mine for bitcoins.

### Consumer Restitution

22. At the time of execution of this Judgment, Defendant has provided Plaintiff with a full accounting of all consumers who have outstanding orders for Defendant's mining hardware and/or cloud mining services. This accounting includes the following:

    a. All consumers regardless of their geographical location;

    b. All consumers regardless of their consent to an upgrade or any acquiescence or acceptance of delay at any time; and

      c. All consumers regardless of their status regarding Defendant's refund policy.

23. Since August 14, 2014, Defendant has attempted to contact all consumers who have not previously received delivery of their product or submitted a valid refund request. They have done so by e-mailing each consumer at the address provided at time of purchase (hereinafter "e-mail request"). In the e-mail request, Defendant required that each consumer elect to either receive a refund or receive delivery of their product. Consumers who did not respond were then sent a letter via postal mail attempting to ascertain each consumer's preference regarding delivery, with multiple additional email and telephone attempts to contact remaining non-responding consumers.

24. There are 1527 consumers who have requested but not yet received a refund (hereinafter "un-refunded consumers"). Defendant attests it is engaged in diligent and best efforts to satisfy these outstanding refund requests, and it shall continue those efforts until all un-refunded consumers have been refunded. Refunds shall be made through the same payment mechanism as the consumer originally paid. In instances of bitcoin purchases, Defendant shall refund the U.S. Currency equivalent at the time the purchase was made.

25. Defendant shall honor any request by an un-refunded consumer to receive delivery of product rather than a refund, provided such request is made before the consumer is issued a refund and equipment is or will become available to be shipped.

26. From the date of execution of this Judgment, Defendant agrees to communicate not less than every 30 days with un-refunded consumers to advise them of that

month's progress toward making refunds. When practical, Defendant shall advise consumers of a general timeframe of when they should expect to receive their refund. Defendant shall communicate these updates to consumers via its website by posting an update or a link to an update on its primary landing page.

27. Defendant has not been successful in contacting 30 consumers who have not received their products to date (hereinafter "non-responding consumers"). As such, Defendant has not been able to confirm a refund preference for the non-responding consumers.

28. Within 60 days of execution of this Judgment, Defendant agrees to begin shipping products to not less than 25% of the non-responding consumers with the entirety of the shipments to be sent no later than 180 days from the date of execution of this Judgment. Shipment shall be based on the terms under which Defendant initially began shipping to consumers in August 2014. Defendant shall provide the Plaintiff with evidence of shipment for each of these transactions.

29. Should any non-responding consumer contact Defendant prior to the date his or her product is shipped, that consumer shall be given the option to instead choose a full refund and their status shall become that of an un-refunded consumer.

30. A non-responding consumer who receives delivery may elect to return the product in its original condition with a request for a refund postmarked within 30 days of delivery. Defendant shall include an insert with the shipped product that clearly and conspicuously explains the return/refund request process. Should a consumer refuse delivery of product or the product is returned as undeliverable, the consumer shall be considered an un-refunded consumer. Defendant shall have no

obligation to make further refund or shipment to non-responding consumers who do not return the products and request a refund.

31. Within 5 days of execution of this agreement, Defendant shall send an email to all 30 non-responding consumers at their last known email address giving notice of impending delivery and including the terms of Paragraph 28, 29 and 30 above.

### Judgment in Favor of Plaintiff

32. Defendant agrees to entry of judgment and expenses in the amount of $100,000.00, payable in certified funds to the "Johnson County DA Investigative Fund" according to the following schedule:

    a. At execution of this agreement, Defendant shall deliver $60,000.00 to Plaintiff; and

    b. At such time as all un-refunded consumers have received refunds, Defendant shall deliver to Plaintiff the remaining $40,000.00.

33. Defendant acknowledges and agrees that pursuant to the United States Bankruptcy Code, specifically 11 U.S.C. 523(a)(2)(A) and (a)(7), and due to the nature of the conduct underlying this agreement and the alleged violations set forth herein, this judgment shall not be dischargeable in any bankruptcy court proceeding.

### Additional Terms

34. On a monthly basis, to the extent not already contractually obligated to be paid to secured creditors, Defendant shall designate no less than 65% of the gross margin from new consumer sales to be utilized for repayment of outstanding consumer restitution.

35. Defendant agrees that 100% of the net bitcoins Defendant BFL generates on a monthly basis from mining, after deduction of the costs of mining, shall be applied toward the repayment of outstanding consumer restitution to un-refunded consumers within the following month.

36. Defendant shall devote no less than 35% of the balance of its primary cash operating account as of the end of each calendar month to refunds for un-refunded consumers in the following calendar month.

37. Defendant shall withhold not less than 25% of the gross compensation paid to Sonny Vleisides, Jeff Ownby and Nasser Ghoseri for repayment of their outstanding shareholder loan balance on a monthly basis until the balance of said loan is fully paid.

38. Until all non-refunded consumers have been refunded: (i) no dividends, bonuses or incentives may be paid by Defendant to any shareholder with an outstanding loan unless 100% of the dividend, bonus or incentive (net of applicable taxes) is devoted to loan repayment, and (ii) no such shareholder may receive any salary increase unless 100% of such increase (net of applicable taxes) is devoted to loan repayment.

39. Compliance with this Consent Judgment does not relieve Defendant of any obligation imposed by applicable federal, state, or local law, nor shall the District Attorney be precluded from taking appropriate legal action to enforce civil or criminal statutes under his jurisdiction.

40. Defendant agrees to be permanently enjoined from entering into, forming, organizing or reorganizing into any partnership, corporation, sole proprietorship

or any other legal structures, for the purpose of avoiding compliance with the terms of this Consent Judgment.

41. This Consent Judgment shall not be construed as an approval or sanction by the District Attorney of the business practices of Defendant, nor as anything other than a settlement to avoid the expense and inconvenience of protracted litigation by the Defendant. Any failure by the District Attorney to take any action in response to any information submitted pursuant to the Consent Judgment shall not be construed as an approval of or sanction of any representations, acts or practices indicated by such.

42. Defendant acknowledges and agrees this Court has continuing jurisdiction over this matter pursuant to K.S.A. 50-632(b), and any breach of any of the terms or conditions set forth herein, may be treated as a violation of the Court's order and may be subject to further penalties under the law.

43. This Court shall also retain such jurisdiction for the purpose of enabling any of the parties to this Consent Judgment to apply to this Court at any time for such further orders and relief as may be necessary or appropriate for the modification or compliance of any provisions contained herein. This Court shall also retain jurisdiction should any violation of any term of this Consent Judgment be committed.

44. For enforceability purposes, Defendant agrees Plaintiff shall have continuing jurisdiction over this Judgment regardless of where any alleged violations of the terms set forth herein may occur after the date of execution of this Judgment. Defendant may not re-locate its principal place of business outside the boundaries

of Johnson County, Kansas for the purpose of avoiding compliance with the terms of this Judgment.

45. If any portion, provision or part of this Consent Judgment is held to be invalid, unenforceable, or void for any reason whatsoever, that portion shall be severed from the remainder and shall not affect the validity or enforceability of the remaining provisions, portions or parts.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the stipulations and agreements of the parties contained herein are found to be reasonable and are hereby adopted and approved as the findings of fact and conclusions of law of the Court.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that judgment is hereby entered against Defendant in favor of Plaintiff.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that this Court shall retain jurisdiction over the parties and subject matter of this action for the purpose of rendering any additional equitable relief, orders, decrees, or judgments as may be requested by the parties or may be deemed appropriate by the Court.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that pursuant to the Kansas Consumer Protection Act and the provisions of K.S.A. 50-632(b), the Court hereby approves the terms of the Consent Judgment and adopts the same as the Order of the Court.

IT IS SO ORDERED

/s/ GERALD T ELLIOTT
Dated: 10/01/15

Honorable Judge of the District Court

11

*Clerk of the District Court, Johnson County Kansas*
*10/02/15 09:44am MM*

Respectfully submitted and approved:

By: _____
Emilie Burdette, #22094
Assistant District Attorney
Johnson County Courthouse
P.O. Box 728
Olathe, KS 66051
(913) 715-3046

*Attorney for Plaintiff*

By: _____
Braden M. Perry, #21022
Kennyhertz Perry, LLC
420 Nichols Road, Suite 207
Kansas City, MO 64112
(816) 527-9445

*Attorney for Defendant*

By: _____
Sonny Vleisides

*On behalf of Defendant BFL Labs, Inc.*