# APPENDIX A

**VARIATIONS IN CONSUMER PROTECTION STATUTES IN THE FIFTY STATES AND THE DISTRICT OF COLUMBIA**

| Jurisdiction | Scienter | Reliance | Damages | Statute of Limitations | Notice | Heightened Penalty for Elderly Victims | Class Action Prohibited By Statute |
|---|---|---|---|---|---|---|---|
| Alabama | Yes[1] | Unsettled[2] | The greater of actual damages or $100, or up to 3 times actual damages, and costs and attorneys fees.[3] | 1 year after discovery or 4 years after the injury.[4] | 15 days.[5] | No[6] | Yes[7] |
| Alaska | No[8] | No[9] | The greater of 3 times actual damages or $500 and any other relief the court considers necessary, including attorneys' fees[10] | 2 years after plaintiff discovered or should have discovered the injury[11] | Attorney general—after action is filed[12] | No[13] | No[14] |
| Arizona | Yes[15] | Yes[16] | Actual damages[17] and punitive damages in some instances[18]. | One year from when the fraud is discovered or with due diligence could have been discovered.[19] | Attorney general-after action is filed[20] | No[21] | No[22] |
| Arkansas | Yes[23] | Unsettled[24] | Actual damages and restitution.[25] | 5 years[26] | No[27] | Yes[28] | No[29] |
| California | No[30] | No[31] | Actual damages (at least $1000 in a class action), costs, attorneys' fees, and any other relief the court considers necessary, including punitives[32] | 3 years after the injury[33] | 30 days[34] | Yes[35] | No[36] |

| Jurisdiction | Scienter | Reliance | Damages | Statute of Limitations | Notice | Heightened Penalty for Elderly Victims | Class Action Prohibited By Statute |
|---|---|---|---|---|---|---|---|
| Colorado | Yes[37] | No[38] | Actual damages in class actions; up to treble actual damages, attorney fees, court costs[39] | 3 years after the transaction or the plaintiff discovered or should have discovered the violation[40] | No[41] | No[42] | Unclear[43] |
| Connecticut | No[44] | No[45] | Actual, punitives, attorney fees, and court costs[46] | Three years from date of occurrence of the violation.[47] | Attorney general[48] | No[49] | No[50] |
| Delaware | No[51] | No[52] | Attorney fees in some cases and other common law damages[53] | Three years.[54] Discovery rule does not apply.[55] | No[56] | No[57] | No[58] |
| DC | No[59] | Unsettled[60] | Treble actual damages, punitives, attorney fees, and other relief court deems proper[61] | Three years[62] | No[63] | No[64] | No[65] |
| Florida | No[66] | No[67] | Actual damages, attorney fees, court costs[68] | Four years[69] | No[70] | No[71] | No[72] |
| Georgia | No[73] | Yes[74] | Actual (treble and punitives if intentional), attorneys' fees, and costs.[75] | The later of 2 years after the plaintiff knew or should have known of the violation or 2 years after the termination of proceedings by the attorney general with respect to the violation[76] | 30 days[77] | No[78] | Yes[79] |

2

| Jurisdiction | Scienter | Reliance | Damages | Statute of Limitations | Notice | Heightened Penalty for Elderly Victims | Class Action Prohibited By Statute |
|---|---|---|---|---|---|---|---|
| Hawaii | No[80] | No[81] | The greater of treble actual damages or $1000, attorneys' fees, and costs.[82] The $1000 minimum does not apply in class actions.[83] | 4 years after accrual[84] | No[85] | Yes[86] | No[87] |
| Idaho | No[88] | Unsettled[89] | Actual damages, punitives, equitable relief,[90] attorney fees and costs[91] | 2 years after accrual[92] | No[93] | No[94] | No[95] |
| Illinois | Yes[96] | No[97] | Actual damages and any other damages the court deems[98] proper, including attorney's fees costs[99] | 3 years after accrual, or 4 years after the termination of proceedings by the attorney general with respect to the violation[100] | Attorney general— after the action is filed[101] | No[102] | No[103] |
| Indiana | Yes[104] | Yes[105] | Actual damages, fees and costs[106] | 2 years after the transaction[107] | The sooner of 6 months after discovery or 1 year after transaction[108] | No[109] | No[110] |
| Iowa | Yes[111] | No[112] | Not defined by statute: presumably actual damages | Fraud period is five years.[113] | No[114] | No[115] | No[116] |
| Kansas | Yes[117] | Unsettled[118] | Greater of actual damages[119] or $2000[120] | Three years.[121] The limitations period runs from date of transaction.[122] | No[123] | No[124] | No[125] |

3

| Jurisdiction | Scienter | Reliance | Damages | Statute of Limitations | Notice | Heightened Penalty for Elderly Victims | Class Action Prohibited By Statute |
|---|---|---|---|---|---|---|---|
| Kentucky | Yes[126] | Unsettled[127] | Actual damages and punitives[128] | The later of one year after any Attorney General action has been terminated or within two years after the violation.[129] | No[130] | No[131] | No[132] |
| Louisiana | No[133] | Unsettled[134] | Actual damages; if violation was knowingly committed, treble damages shall be awarded.[135] | One year from transaction or act.[136] The discovery rule does not apply.[137] | Yes[138] | No[139] | No[140] |
| Maine | No[141] | Unsettled[142] | Actual damages, restitution, and any other equitable relief.[143] | Six years.[144] | 30 days[145] | No[146] | No[147] |
| Maryland | Yes[148] | Unsettled[149] | Actual damages for injury or lose[150] and attorney fees.[151] | 3 years after the plaintiff discovered or should have discovered the violation[152] | No[153] | No[154] | No[155] |
| Massachusetts | No[156] | No[157] | The greater of actual damages or $25 (from double to treble if intentional or if defendant refused a demand in bad faith), attorneys' fees and costs.[158] | 4 years after the plaintiff discovered or should have discovered the violation[159] | 30 days[160] | No[161] | No[162] |

| Jurisdiction | Scienter | Reliance | Damages | Statute of Limitations | Notice | Heightened Penalty for Elderly Victims | Class Action Prohibited By Statute |
|---|---|---|---|---|---|---|---|
| Michigan | | Unsettled[163] | Actual damages and declaratory and equitable relief.[164] | No more than six years after the occurrence of the method, act, or practice nor more than one year after the last payment in a transaction involving the act, whichever is greater.[165] | No[166] | No[167] | No[168] |
| Minnesota | Yes[169] | Yes[170] | Actual damages[171] | 6 years after the transaction[172] | No[173] | No[174] | No[175] |
| Mississippi | No[176] | Unsettled[177] | Actual damages.[178] Prevailing defendants may recover fees if claim was frivolous or filed for purpose of delay.[179] | Three years.[180] | Before bringing a private action, "the plaintiff must have first made a reasonable attempt to resolve any claim through an informal dispute settlement program approved by the Attorney General.[181] | No[182] | Yes[183] |
| Missouri | No[184] | No[185] | Actual damages. Punitive damages may also be awarded, as well as attorney fees.[186] | Five years from actual discovery.[187] | No[188] | No[189] | No[190] |

| Jurisdiction | Scienter | Reliance | Damages | Statute of Limitations | Notice | Heightened Penalty for Elderly Victims | Class Action Prohibited By Statute |
|---|---|---|---|---|---|---|---|
| Montana | No[191] | Unsettled[192] | Actual damages or $200 for individuals. The court may award up to three times the actual damages sustained and may provide such equitable relief as it considers necessary.[193] Attorney fees to prevailing party.[194] | Two years from discovery.[195] | No[196] | No[197] | Yes[198] |
| Nebraska | No[199] | Unsettled[200] | Actual damages, plus costs and attorney fees. The court may increase the award of damages to an amount which bears a reasonable relation to the actual damages not exceeding $1,000[201] | Four years from discovery.[202] | No[203] | No[204] | No[205] |
| Nevada | No[206] | Unsettled[207] | Actual damages[208] | Three years[209] | No[210] | No[211] | No[212] |

6

| Jurisdiction | Scienter | Reliance | Damages | Statute of Limitations | Notice | Heightened Penalty for Elderly Victims | Class Action Prohibited By Statute |
|---|---|---|---|---|---|---|---|
| New Hampshire | No[213] | Unsettled[214] | Actual damages or $1,000, whichever is greater, equitable relief, and attorney fees and costs. If act was willful or knowing, up to three times, but no less than two times actual damages may be awarded.[215] | Two years from transaction.[216] | No[217] | No[218] | No[219] |
| New Jersey | No[220] | No[221] | Treble actual damages, attorneys' fees, and costs[222] | Six years.[223] | Yes[224] | No[225] | No[226] |
| New Mexico | Yes[227] | No[228] | Actual damages or $100, whichever is greater.[229] Treble damages, if violation was willful.[230] Attorney fees and costs.[231] | Most analogous limitation period applies.[232] Fraud limitation period is four years.[233] | No[234] | No[235] | No[236] |
| New York | No[237] | No[238] | The greater of actual damages or $50 (treble actual damages, up to $1000, if committed knowingly or intentionally) and attorney's fees.[239] | 3 years after the violation[240] | No[241] | No[242] | No[243] |

7

| Jurisdiction | Scienter | Reliance | Damages | Statute of Limitations | Notice | Heightened Penalty for Elderly Victims | Class Action Prohibited By Statute |
|---|---|---|---|---|---|---|---|
| North Carolina | No[244] | No[245] | Treble damages.[246] Attorney fees available if violation was willful.[247] | | No[248] | No[249] | No[250] |
| North Dakota | No[251] | Unsettled[252] | Actual damages, plus treble damages if violation was knowingly committed; attorney fees may be recovered by prevailing plaintiff.[253] | Six years.[254] | No[255] | No[256] | No[257] |
| Ohio | No[258] | Unsettled[259] | The greater of $200 or treble actual damages if brought individually[260]; attorneys fees if knowing.[261] | The later of 2 years after the violation or 1 year after the termination of proceedings by the attorney general with respect to the violation[262] | Attorney general— after action is filed.[263] | No[264] | No[265] |
| Oklahoma | Yes[266] | Unsettled[267] | Actual damages, plus attorney fees and costs.[268] | Three years.[269] Two years for fraud claims.[270] | No[271] | No[272] | No[273] |
| Oregon | Yes[274] | Yes[275] | The greater of actual or $200 and punitive.[276] Prevailing party may get attorneys' fees, except class action defendants.[277] | 1 year from discovery[278] | Yes[279] | No[280] | No[281] |

8

| Jurisdiction | Scienter | Reliance | Damages | Statute of Limitations | Notice | Heightened Penalty for Elderly Victims | Class Action Prohibited By Statute |
|---|---|---|---|---|---|---|---|
| Pennsylvania | No[282] | Yes[283] | The greater of actual or $100. The court may award treble damages, attorneys' fees, and costs.[284] | 6 years[285] | No[286] | No[287] | No[288] |
| Rhode Island | No[289] | Unsettled[290] | Actual damages or two hundred dollars ($200), whichever is greater, punitive damages and such relief as it deems necessary or proper.[291] Attorney fees and costs.[292] | Ten years.[293] | No[294] | No[295] | No[296] |
| South Carolina | No[297] | Unsettled[298] | Actual (treble if intentional)[299] | Three years after discovery.[300] | No[301] | No[302] | Yes[303] |
| South Dakota | Yes[304] | Unsettled[305] | Actual[306] | 2 years after occurrence or discovery[307] | No[308] | No[309] | No[310] |
| Tennessee | No[311] | No[312] | Actual damages.[313] Court may award treble damages.[314] Attorney fees and costs may be awarded.[315] | One year from discovery but no more than four years from date of transaction.[316] | No[317] | No[318] | No[319] |
| Texas | No[320] | No[321] | Two times actual damage that does not exceed $1,000.[322] Attorney fees and costs.[323] | Two years from discovery.[324] | 60 days[325] | No[326] | No[327] |

9

| Jurisdiction | Scienter | Reliance | Damages | Statute of Limitations | Notice | Heightened Penalty for Elderly Victims | Class Action Prohibited By Statute |
|---|---|---|---|---|---|---|---|
| Utah | No[328] | Unsettled[329] | Declaratory and injunctive relief, actual damages or $2,000, whichever is greater, plus costs.[330] | Two years after the occurrence of the violation.[331] | No[332] | No[333] | No[334] |
| Vermont | No[335] | No[336] | Equitable relief and actual damages, plus exemplary damages not to exceed three times actual damages, plus attorney fees.[337] | | No[338] | No[339] | No[340] |
| Virginia | No[341] | Yes[342] | Actual damages or $100, whichever is greater.[343] | No limitations period prescribed in statute[344] but one year limitation period for personal actions not otherwise prescribed.[345] Two years for fraud.[346] | No[347] | No[348] | No[349] |
| Washington | No[350] | Yes[351] | Actual damages, plus attorney fees and costs. Treble damages up to $10,000.[352] | Four years after cause of action accrues.[353] Discovery rule applies.[354] | No[355] | No[356] | No[357] |

10

| Jurisdiction | Scienter | Reliance | Damages | Statute of Limitations | Notice | Heightened Penalty for Elderly Victims | Class Action Prohibited By Statute |
|---|---|---|---|---|---|---|---|
| West Virginia | No[358] | No[359] | Actual damages or $200, whichever is greater, plus equitable relief.[360] | Two year limitations period for personal actions for which no limitation is otherwise prescribed.[361] | No[362] | No[363] | No[364] |
| Wisconsin | No[365] | Unsettled[366] | Actual damages.[367] | Three years from date of occurrence.[368] | No[369] | No[370] | No[371] |
| Wyoming | Yes[372] | Unsettled[373] | Actual damages.[374] | 1 year after notice, unless the allegedly deceptive act is "uncured"[375] | The sooner of (a) 1 year from discovery or (2) 2 years from transaction[376] | No[377] | No[378] |

---

[1] ALA. CODE § 8-19-13 (West, Westlaw through 2005 Sp. Sess.)

[2] Neither the statute nor case law indicates that reliance is required.

[3] ALA. CODE § 8-19-10(a) (West, Westlaw through 2005 Sp. Sess.)

[4] ALA. CODE § 8-19-14 (West, Westlaw through 2005 Sp. Sess.).

[5] ALA. CODE § 8-19-10(e) (West, Westlaw through 2005 Sp. Sess.).

[6] No heightened penalty for elderly victims is provided for in the statute.

[7] ALA. CODE § 8-19-10(f) (West, Westlaw through 2005 Sp. Sess.).

[8] *Odom v. Fairbanks Mem'l Hosp.,* 999 P.2d 123, 132 (Alaska 2000).

[9] *Odom v. Fairbanks Mem'l Hosp.,* 999 P.2d 123, 132 (Alaska 2000).

[10] ALASKA STAT. § 45.50.531(a) (West, Westlaw through 2004).

[11] ALASKA STAT. § 45.50.531(f) (West, Westlaw through 2004).

[12] § 45.50.531(c) (West, Westlaw through 2004).

[13] No heightened penalty for elderly victims is provided for in the statute.

11

[14] ALASKA STAT. § 45.50.531 (West, Westlaw through 2004).

[15] ARIZ. REV. STAT. ANN. § 441522 (West, Westlaw through 2005).

[16] *Peery v. Hansen,* 585 P.2d 574 (App. Div. 2 1978) (construing ARIZ. REV. STAT. ANN. § 44-1522)

[17] *Peery v. Hansen,* 585 P.2d 574 (App. Div. 2 1978)

[18] *Holeman v. Neils,* 803 F.Supp 237 (D. Ariz. 1992) (punitive damages allowed where conduct is wanton or reckless, shows spite or ill will, or where the conduct demonstrates reckless indifference).

[19] *Richards v. Powercraft Homes, Inc.*, 678 P.2d 427 (Ariz. 1984).

[20] ARIZ. REV. STAT. ANN. § 441526(B) (West, Westlaw through 2005).

[21] No heightened penalty for elderly victims is provided for in the statute.

[22] Class actions are not specifically allowed under the statute.

[23] ARK. CODE ANN. § 4-88-107 (West, Westlaw through 2005 Sess.); *Frelin v. Oakwood Homes Corp.,* No. Civ.-2001-53-3, 2002 WL 31863487, at * 5 (Ark. Cir. Nov. 25, 2002).

[24] Neither the statute nor case law indicates that reliance is required.

[25] ARK. CODE ANN. § 4-88-113(2)(A) (West, Westlaw through 2005 Sess.)

[26] ARK. CODE ANN. § 4-88-115 (West, Westlaw through 2005 Sess.)

[27] Notice is not a statutory requirement in this state.

[28] ARK. CODE ANN. § 4-88-202 (West, Westlaw through 2005 Sess.)

[29] Class actions are not specifically allowed under the statute.

[30] *Churchill Village, LLC v. Gen. Elec. Co.,* 169 F.Supp.2d 1119 (N.D. Ca. 2000).

[31] *Committee on Children's Television, Inc. v. General Foods Corp.,* 673 P.2d 660 (Cal. 1983) (construing Cal Bus. & Prof. Code § 17535).

[32] CAL. CIVIL CODE §§ 1780(a) & (d) (West, Westlaw through 2005); *Mass. Mutual Life Ins. Co. v. Superior Court,* 119 Cal. Rptr. 2d 190, 197 (Cal. Ct. App. 2002).

[33] CAL. CIVIL CODE § 1783 (West 1998).

[34] CAL. CIVIL CODE § 1782 (West 1998).

[35] CAL. CIVIL CODE § 1780(b) (West Supp. 2004).

[36] CAL. CIVIL CODE § 1781 (West 1998); *Mass. Mutual Life Ins. Co. v. Superior Court,* 119 Cal. Rptr. 2d 190, 197 (Cal. Ct. App. 2002).

[37] COLO. REV. STAT. ANN. § 6-1-105 (West 2002); *Rhino Linings USA, Inc. v. Rocky Mountain Rhino Lining, Inc.,* 62 P.3d 142, 147 (Cola 2003).

[38] *May Dept. Stores Co. v. State ex rel. Woodard,* 863 P.2d 967 (Colo. 1993).

[39] *Robinson v. Lynmar Racquet Club, Inc.,* 851 P.2d 274 (Colo. App. 1993).

[40] COLO. REV. STAT. ANN. § 6-1-115 (West 2002)

[41] Notice is not a statutory requirement in this state.

[42] No heightened penalty for elderly victims is provided for in the statute.

[43] *Compare id with* Colo. Rev. Stat. § 6-1-113(2)(a)

[44] Scienter is not a statutory requirement in Connecticut.

---

[45] *Hinchliffe v. American Motors Corp.,* 440 A.2d 810 (Conn. 1981) (construing Conn. Gen. Stat. §42-110a(3)).

[46] CONN. GEN. STAT. § 42-110(g)(a) (West, Westlaw through June 2005 Sp. Sess.)

[47] CONN. GEN. STAT. § 42-100(t).

[48] CONN. GEN. STAT. § 42-110(g)(9)(c) ("upon commencement of any action . . . the plaintiff shall mail a copy of the complaint to the attorney general").

[49] No heightened penalty for elderly victims is provided for in the statute.

[50] CONN. GEN. STAT. § 42-110(g)

[51] *Norman Gershman's Things To Wear, Inc. v. Mercedes-Benz of No. Am., Inc.,* 558 A.2d 106 (Del. Super. 1989)

[52] *Stephenson v. Capano Dev., Inc.,* 462 A.2d 1069 (Del. 1983) (construing Del. Code. Ann. tit. 6, § 2513(a)); *Pack & Process, Inc. v. Celotex Corp.,* 503 A.2d 646 (Del. Super. Ct. 1985) (construing Del. Code. Ann. tit. 6, § 2511 et. seq.).

[53] DEL. CODE ANN. tit.6 § 2533 (West, Westlaw through 2005).

[54] DEL. CODE ANN. tit. 10, § 8106 (West, Westlaw through 2005).

[55] *See Bradford, Inc. v. Travelers Indemnity Co.,* 301 A.2d 519, 525 (Del. Super. Ct. 1992).

[56] Notice is not a statutory requirement in this state.

[57] No heightened penalty for elderly victims is provided for in the statute.

[58] Class actions are not specifically allowed under the statute.

[59] Scienter is not a statutory requirement in Washington, D.C.

[60] Neither the statute nor case law indicates that reliance is required.

[61] D.C. CODE ANN. § 28-3905(k)(1) (West, Westlaw through Dec. 9, 2005)

[62] D.C. CODE ANN. § 12.301 (West, Westlaw through Dec. 9, 2005).

[63] Notice is not a statutory requirement in this state.

[64] No heightened penalty for elderly victims is provided for in the statute.

[65] Class actions are not specifically allowed under the statute.

[66] Scienter is not a statutory requirement in Florida.

[67] *Davis v. Powertel, Inc.,* 776 So.2d 971 (Fla. App. Dist. 1 2000).

[68] FLA. ST. ANN. § 501.211(2); FLA ST. ANN. § 501.2105(1) (West, Westlaw through 2005 Sess.)

[69] FLA. STAT. § 95.11 (West, Westlaw through 2005 Sess.)

[70] Notice is not a statutory requirement in this state.

[71] No heightened penalty for elderly victims is provided for in the statute.

[72] Class actions are not specifically allowed under the statute.

[73] *Marrale v. Gwinnett Place Ford,* 609 S.E.2d 659 (Ga. App. 2005).

[74] *Campbell v. Beak,* 568 S.E.2d 801, 805-06 (Ga. Ct. App. 2002).

[75] GA. CODE ANN. § 10-1-399(a), (c), & (d) (West, Westlaw through 2005 Sp. Sess.)

[76] GA. CODE ANN. § 10-1-401(a) (West, Westlaw through 2005 Sp. Sess.)

[77] GA. CODE ANN. § 10-1-399(b) (West, Westlaw through 2005 Sp. Sess.)

---

[78] No heightened penalty for elderly victims is provided for in the statute.

[79] GA. CODE ANN. § 10-1-399 (West, Westlaw through 2005 Sp. Sess.)

[80] HAW. REV. STAT. ANN. § 481A-3 (West, Westlaw through 2004 Sess.).

[81] HAW. REV. STAT. ANN. § 481A-3 (West, Westlaw through 2004 Sess.).

[82] HAW. REV. STAT. ANN. § 480-13(b) (West, Westlaw through 2004 Sess.).

[83] HAW. REV. STAT. ANN. § 480-13(c) (West, Westlaw through 2004 Sess.).

[84] HAW. REV. STAT. ANN. § 480-24 (West, Westlaw through 2004 Sess.).

[85] Notice is not a statutory requirement in this state.

[86] HAW. REV. STAT. ANN. § 480-13(b) (West, Westlaw through 2004 Sess.).

[87] Class actions are not specifically allowed under the statute.

[88] IDAHO CODE § 48-603 (West, Westlaw through 2005 Sess.).

[89] Neither the statute nor case law indicates that reliance is required.

[90] IDAHO CODE § 48-608(1) (West, Westlaw through 2005 Sess.).

[91] IDAHO CODE § 48-608(4) (West, Westlaw through 2005 Sess.).

[92] IDAHO CODE § 48-619 (West, Westlaw through 2005 Sess.).

[93] Notice is not a statutory requirement in this state.

[94] No heightened penalty for elderly victims is provided for in the statute.

[95] Class actions are not specifically allowed under the statute.

[96] *Avery v. State Farm Mut. Auto Ins. Co.,* 216 Ill. 2d 100 (Ill. 2005)

[97] *Capiccioni v. Brennan Naperville, Inc.,* 791 N.E.2d 553, 558 (Ill. App. Ct. 2003).

[98] 815 ILL. COMP. STAT. ANN. 505/10a(a) (West, Westlaw through 2005 Sess.)

[99] 815 ILL. COMP. STAT. ANN. 505/10a(c) (West, Westlaw through 2005 Sess.)

[100] 815 ILL. COMP. STAT. ANN. 505/10a(e) (West, Westlaw through 2005 Sess.); *Pucci v. Litwin,* 828 F.Supp. 1285, 1300 (N.D. Ill. 1993).

[101] 815 ILL. COMP. STAT. ANN. 505/10a(d) (West, Westlaw through 2005 Sess.)

[102] No heightened penalty for elderly victims is provided for in the statute.

[103] *Arenson v. Whitehall Convalescent and Nursing Home, Inc.,* 164 F.R.D. 659 (N.D. M. 1996).

[104] IND. CODE ANN. § 24-5-0.5-3 (West 2003) ("(a) The following acts or representations as to the subject matter of a consumer transaction, made either orally or in writing by a supplier, are deceptive acts: (1) the such subject of a consumer transaction has sponsorship, approval, performance, characteristics, accessories, uses, or benefits it does not have which the supplier knows or should reasonably know it does not have."); *McKinney v. State,* 693 N.E.2d 65, 69 (Ind. 1998).

[105] IND. CODE ANN. § 24-5-0.5-4 (West 2003)

[106] IND. CODE ANN. § 24-5-0.5-4(a) (West 2003)

[107] IND. CODE ANN. § 24-5-0.5-5(b) (West 2003); *A.J. 's Automotive Sales, Inc. v. Freet,* 725 N.E.2d 955, 964-65 (Ind. Ct. App. 2000).

[108] IND. CODE ANN. § 24-5-0.5-5(a) (West 2003); *Lehman v. Shroyer,* 721 N.E.2d 365, 367-68 (Ind. Ct. App. 1999).

[109] No heightened penalty for elderly victims is provided for in the statute.

14

[110] Class actions are not specifically allowed under the statute.

[111] *State ex rel. Miller v. Hydro Mag Ltd.,* 436 N.W.2d 617 (Iowa 1989).

[112] *Id*

[113] IOWA CODE § 614.1.4. (West, Westlaw through 2005).

[114] Notice is not a statutory requirement in this state.

[115] No heightened penalty for elderly victims is provided for in the statute.

[116] Class actions are not specifically allowed under the statute.

[117] KAN. STAT. ANN. § 50-626 (1994) ("(a) No supplier shall engage in any deceptive act or practice in connection with a consumer protection. (b) Deceptive acts and practices include, but are not limited to, the following, each of which is hereby declared to be a violation of this act, whether or not any consumer has in fact been misled: (1) Representations made knowingly or with reason to know that: (A) Property or services have sponsorship, approval, accessories, characteristics, ingredients, uses, benefits or quantities that they do not have...(F) property or services has uses, benefits, or characteristics unless the supplier relied upon and possesses a reasonable basis for making such representation;...(2) the willful use, in any oral or written representation, of exaggeration, falsehood, innuendo or ambiguity as to a material fact; (3) the willful failure to state a material fact, or the willful concealment, suppression or omission of a material fact"); *York v. Intrust Bank NA.,* 962 P.2d 405, 420 (Kan. 1998).

[118] Neither the statute nor case law indicates that reliance is required.

[119] KAN. STAT. ANN. § 50-634 (West, Westlaw through 2004 Sess.).

[120] KAN. STAT. ANN. § 50-636 (West, Westlaw through 2004 Sess.).

[121] KAN. STAT. ANN. § 60-512 (West, Westlaw through 2004 Sess.).

[122] *See Agristor Leasing v. Meuli,* 634 F. Supp. 1208, 1218 (D. Kan. 1986).

[123] Notice is not a statutory requirement in this state.

[124] No heightened penalty for elderly victims is provided for in the statute.

[125] KAN. STAT. ANN. § 50-634 (West, Westlaw through 2004 Sess.).

[126] *Sparks v. Re/Max Allstar Realty, Inc.,* 2000 WL 1675721 (Ky. App. 2000).

[127] Neither the statute nor case law indicates that reliance is required.

[128] KY. REV. STAT. § 367.220(3) (West, Westlaw through 2005 Sess.).

[129] KY. REV. STAT. § 367.220(5) (West, Westlaw through 2005 Sess.).

[130] Notice is not a statutory requirement in this state.

[131] No heightened penalty for elderly victims is provided for in the statute.

[132] Class actions are not specifically allowed under the statute.

[133] Scienter is not a statutory requirement in Louisiana.

[134] Neither the statute nor case law indicates that reliance is required.

[135] LA. REV. STAT. ANN. § 1409(A) (West, Westlaw through 2005 Sess.).

[136] LA. REV. STAT. ANN § 1409(E) (West, Westlaw through 2005 Sess.)

15

[137] *See Cason v. Texaco, Inc.,* 621 F.Supp. 1518 (M.D. La. 1985) (statute precluded a date of discovery tolling extension beyond one year).

[138] LA. REV. STAT. § 1409.B (West, Westlaw through 2005 Sess.) ("[u]pon commencement of any action .. . the plaintiff's attorney shall mail a copy of the petition to the attorney general and director").)

[139] No heightened penalty for elderly victims is provided for in the statute.

[140] *State ex rel Guste v. General Motors Corp.,* 370 So. 2d 477, 487 (La. 1979) (class action allowed where attorney general sought "restitution" rather than "damages" for the class through enforcement proceeding)).

[141] *State v. Weinschenk,* 2005 ME 28 (Me. 2005).

[142] Neither the statute nor case law indicates that reliance is required.

[143] REV. STAT. ANN. tit. *5, §* 213.1 (West, Westlaw through 2005 2nd Sp. Sess.).

[144] ME. REV. STAT. ANN tit. 14, § 752 (West, Westlaw through 2005 2nd Sp. Sess.).

[145] ME. REV. STAT. ANN tit. 5 § 213.1-A (West, Westlaw through 2005 2nd Sp. Sess.).

[146] No heightened penalty for elderly victims is provided for in the statute.

[147] Class actions are not specifically allowed under the statute.

[148] MD. CODE ANN., COM. LAW §13-301(9) (West, Westlaw through 2005 Sess.); *Luskin's, Inc. v. Consumer Protection Div.,* 726 A.2d 702, 717 (Md. 1999).

[149] Neither the statute nor case law indicates that reliance is required.

[150] MD. CODE ANN., COM. LAW § 13-408(a) (West, Westlaw through 2005 Sess.).

[151] MD. CODE ANN., COM. LAW § 13-408(b) (West, Westlaw through 2005 Sess.).

[152] *Sternberger v. Kettler Bros., Inc.,* 718 A.2d 619, 620-21 (Md. Ct. Spec. App. 1998).

[153] Notice is not a statutory requirement in this state.

[154] No heightened penalty for elderly victims is provided for in the statute.

[155] Class actions are not specifically allowed under the statute.

[156] Scienter is not a statutory requirement in Massachusetts.

[157] *Fraser Engineering Co., Inc. v. Desmond,* 524 N.E.2d 110, 113 (Mass. App. Ct. 1988).

[158] MASS. GEN LAWS ANN. ch. 93A, § 9(3) & (4) (West 1997).

[159] *Szymanski v. Boston Mutual Ins. Co.,* 778 N.E.2d 16, 19-20 (Mass. App. Ct. 2002).

[160] MASS. GEN LAWS ANN. ch. 93A, § 9(3) (West 1997).

[161] No heightened penalty for elderly victims is provided for in the statute.

[162] MASS. GEN LAWS ANN. ch. 93A, § 9(2) (West 1997).

[163] Neither the statute nor case law indicates that reliance is required.

[164] MICH. STAT. ANN. § 910-911 (West, Westlaw through 2005).

[165] MICH. COMP. LAWS § 19.418(11)(7) (West, Westlaw through 2005).

[166] Notice is not a statutory requirement in this state.

16

[167] No heightened penalty for elderly victims is provided for in the statute.

[168] *Dix v. Am. Bankers Life Assur. Co. of Fla,* 415 N.W.2d 206 (Mich. 1987).

[169] *Alsides v. Brown Institute, Ltd,* 592 N.W.2d 468 (Minn. App. 1999). [17°] *Flynn v. Am. Home Prod Corp.,* 627 N.W.2d 342 (Minn. App. 2001).

[170] *Flynn v. Am. Home Prod Corp.,* 627 N.W.2d 342 (Minn. App. 2001).

[171] MINN. STAT. ANN. § 325D.15 (West 1995).

[172] MINN. STAT. ANN. § 541.05 (West 1995).; *Klehr v. A.O. Smith Corp.,* 875 F. Supp. 1342, 1352-53 (D. Minn. 1995).

[173] Notice is not a statutory requirement in this state.

[174] No heightened penalty for elderly victims is provided for in the statute.

[175] Class actions are not specifically allowed under the statute.

[176] Scienter is not a statutory requirement in Mississippi.

[177] Neither the statute nor case law indicates that reliance is required.

[178] MISS. CODE ANN. § 75-24-15(1) (West, Westlaw through 2005 5th Extra. Sess.).

[179] MISS. CODE ANN. § 75-24-15(4) (West, Westlaw through 2005 5th Extra. Sess.)..

[180] MISS. CODE ANN. § 15-4-49 (West, Westlaw through 2005 5th Extra. Sess.).

[181] MISS. CODE ANN. § 75-24-15(2) (West, Westlaw through 2005 5th Extra. Sess.).

[182] No heightened penalty for elderly victims is provided for in the statute.

[183] MISS. CODE ANN. § 75-24-15(3) (West, Westlaw through 2005 5th Extra. Sess.).

[184] *State ex rel. Webster v. Areaco Inv. Co.,* 756 S.W.2d 633 (Mo. App. E.D. 1988).

[185] *Id.*

[186] MO. REV. STAT. § 407.025.1 (West, Westlaw through 2005 1st Extra. Sess.).

[187] *See Albert v. Grant Thornton,* 735 F. Supp. 1443, 1447-1448 (W.D. Mo. 1990).

[188] Notice is not a statutory requirement in this state.

[189] No heightened penalty for elderly victims is provided for in the statute.

[190] Class actions are not specifically allowed under the statute.

[191] Scienter is not a statutory requirement in Montana.

[192] Neither the statute nor case law indicates that reliance is required.

[193] MONT. CODE ANN. § 30-14-133(1) (West, Westlaw through 2005 Sess.).

[194] MONT. CODE ANN. § 30-14-133(3) (West, Westlaw through 2005 Sess.).

[195] MONT. CODE ANN. § 27-2-203 (West, Westlaw through 2005 Sess.)(fraud limitations period).

[196] Notice is not a statutory requirement in this state.

[197] No heightened penalty for elderly victims is provided for in the statute.

[198] MONT. CODE ANN. § 30-13-133(1) (West, Westlaw through 2005 Sess.)..

[199] Scienter is not a statutory requirement in Nebraska.

[200] Neither the statute nor case law indicates that reliance is required.

[201] NEB. REV. STAT. § 59-1609 (West, Westlaw through 2005 1st Sess.).

[202] NEB. REV. STAT. § 59-1612 (West, Westlaw through 2005 1st Sess.); *see also Frezell v. Iwerson,* 436 N.W.2d 194 (Neb. 1989) (discovery rule applies).

[203] Notice is not a statutory requirement in this state.

[204] No heightened penalty for elderly victims is provided for in the statute.

[205] Class actions are not specifically allowed under the statute.

[206] Scienter is not a statutory requirement in Nevada.

[207] Neither the statute nor case law indicates that reliance is required.

[208] NEV. REV. STAT. § 41.600 (West, Westlaw through 2004 21st Sp. Sess.).

[209] NEV. REV. STAT. § 11.190(3)(a) (West, Westlaw through 2004 21st Sp. Sess.) (for claims created by status).

[210] Notice is not a statutory requirement in this state.

[211] No heightened penalty for elderly victims is provided for in the statute.

[212] Class actions are not specifically allowed under the statute.

[213] Scienter is not a statutory requirement in New Hampshire.

[214] Neither the statute nor case law indicates that reliance is required.

[215] N.H. REV. STAT. ANN. § 358-A:10(1) (West, Westlaw through 2005 Sess.).

[216] N.H. REV. STAT. ANN. § 358-A:3 (IV-a) (West, Westlaw through 2005 Sess.).

[217] Notice is not a statutory requirement in this state.

[218] No heightened penalty for elderly victims is provided for in the statute.

[219] N.H. REV. STAT. ANN. § 358-A:10(a) (West, Westlaw through 2005 Sess.).

[220] *Gross v. TJH Auto Co., L.L.C.,* 2005 WL 2173703 (N.J. Super. App. 2005).

[221] *Fink v. Ricoh Corp.,* 839 A.2d 942, 958 (N.J. Super. Ct. Law Div. 2003).

[222] N.J. STAT. ANN. § 56:8-19 (West 2001).

[223] N.J. REV. STAT. § 2A:14-1 (West 2000).

[224] N.J. REV. STAT. § 56:8-20 (copy of complaint shall be sent to attorney general by person filing the claim within ten days of filing)

[225] No heightened penalty for elderly victims is provided for in the statute.

[226] Class actions are not specifically allowed under the statute.

[227] *Dellaira v. Farmers Ins. Exch.,* 2004 N.M.C.A. 132 (N.M. App. 2001).

[228] *Smoot v. Physicians Life Ins. Co.,* 87 P.3d 545 (N.M. App. 2003).

[229] N.M. STAT. ANN. § 57-12-10.B. (West, Westlaw through 2005 Sess.)

[230] N.M. STAT. ANN. § 57-12-10.E. (West, Westlaw through 2005 Sess.)

[231] N.M. STAT. Ann. § 57-12-10.C. (West, Westlaw through 2005 Sess.)

[232] *See Nez v. Forney,* 783 P.2d 471 (N.M. 1989).

[233] N.M. STAT. ANN. § 37.1-4. (West, Westlaw through 2005 Sess.)

[234] Notice is not a statutory requirement in this state.

[235] No heightened penalty for elderly victims is provided for in the statute.

[236] N.M. STAT. ANN § 57-12-10.E (West, Westlaw through 2005 Sess.)

[237] *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank N.A.,* 647 N.E.2d 741, 745 (N.Y. 1995).

[238] *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank N.A.,* 647 N.E.2d 741, 745 (N.Y. 1995).

[239] N.Y. GEN. Bus. LAW § 349(h) (McKinney 1988).

[240] *Gaidon v. Guardian Life Ins. Co of Am.,* 750 N.E.2d 1078, 1082 (N.Y. 2001)

[241] Notice is not a statutory requirement in this state.

[242] No heightened penalty for elderly victims is provided for in the statute.

[243] *Carnegie v. H&R Block, Inc., 703* N.Y.S.2d 27, 29 (N.Y. App. Div. 2000)

[244] *Excel Staffing Serv. Inc. v. HPP Reidsville, Inc.,* 2005 WL 1802322 (N.C. App. 2005).

[245] *Cullen v. Valley Forge Life Ins. Co.,* 589 S.E.2d 423, 431 (N.C. Ct. App. 2003).

[246] N.C. GEN. STAT. § 75-16 (West, Westlaw through 2005 Sess.).

[247] N.C. GEN. STAT. § 75-16.1 (West, Westlaw through 2005 Sess.).

[248] Notice is not a statutory requirement in this state.

[249] No heightened penalty for elderly victims is provided for in the statute.

[250] Class actions are not specifically allowed under the statute.

[251] Scienter is not a statutory requirement in North Dakota.

[252] Neither the statute nor case law indicates that reliance is required.

[253] N.D. CENT. CODE § 51-15-09 (West, Westlaw through 2005 Sess.).

[254] N.D. CENT. CODE § 29-01-16.2 (West, Westlaw through 2005 Sess.).

[255] Notice is not a statutory requirement in this state.

[256] No heightened penalty for elderly victims is provided for in the statute.

[257] Class actions are not specifically allowed under the statute.

[258] *Estep v. Johnson,* 704 N.E.2d 58 (Ohio App. 10 Dist. Franklin, 1998).

[259] Neither the statute nor case law indicates that reliance is required.

[260] OHIO REV. CODE ANN. § 1345.09(b) (West, Westlaw through 2005).

[261] OHIO REV. CODE ANN. § 1345.09(f)(2) (West, Westlaw through 2005).

55363727.1

[262] OHIO REV. CODE ANN. § 1345.10(c) (West, Westlaw through 2005).

[263] OHIO REV. CODE ANN. § 1345.09(e) (West, Westlaw through 2005).

[264] No heightened penalty for elderly victims is provided for in the statute.

[265] OHIO REV. CODE ANN. § 1345.09(b) (West, Westlaw through 2005).; *Pyles v. Johnson,* 758 N.E.2d 1182, 1190 (Ohio Ct. App. 2001).

[266] OKLA. STAT. ANN. tit. 15, § 753 (West, Westlaw through Ch. 1 2005 Extra. Sess.). ("A person engages in a practice which is declared to be unlawful under the Oklahoma Consumer Protection Act, Section 751 et seq. of this title, when in the course of a person's business, the person:...(5) Makes a false representation, knowingly or with reason to know, as to the characteristics, ingredients, uses, benefits, alteration, or quantities of the subject of a consumer transaction or a false representation as to the sponsorship, approval, status, affiliation or connection of a person therewith....");

[267] Neither the statute nor case law indicates that reliance is required.

[268] OKLA. STAT. tit. 15, § 761.1a (West, Westlaw through Ch. 1 2005 Extra. Sess.)

[269] OKLA. STAT. tit. 12, § 95.2 (West, Westlaw through Ch. 1 2005 Extra. Sess.) (statutory claim).

[270] OKLA. STAT. tit. 12, § 95.3 (West, Westlaw through Ch. 1 2005 Extra. Sess.)

[271] Notice is not a statutory requirement in this state.

[272] No heightened penalty for elderly victims is provided for in the statute.

[273] Class actions are not specifically allowed under the statute.

[274] OR. REV. STAT. § 646.638(1) (West, Westlaw through 2005 Sess.) ("(1) [A]ny person who suffers an ascertainable loss of money or property, real or personal, as a result of willful use or employment by another person of a method, act or practice declared unlawful by ORS 646.608 or 646.648, may bring an individual action in an appropriate court...."); *Adamson v. WorldCom Communications,* 78 P.3d 577, 583 (Or. Ct. App. 2003).

[275] *Sanders v. Francis,* 561 P.2d 1003 (Or. 1977) (holding that whether a showing of reliance is required depends on the unlawful practice alleged under Or. Rev. Stat. §646.638(1)).

[276] OR. REV. STAT. § 646.638(1) (West, Westlaw through 2005 Sess.).

[277] OR. REV. STAT. § 646.638(3) & (4) (West, Westlaw through 2005 Sess.).

[278] OR. REV. STAT. § 646.638(6) (West, Westlaw through 2005 Sess.); *Adamson v. WorldCom Communications,* 78 P.3d 577, 584 (Or. Ct. App. 2003).

[279] OR. REV. STAT. § 646.638(2) (West, Westlaw through 2005 Sess.) (party bringing action shall mail copy to attorney general; no judgment can be entered until proof of mailing is filed)

[280] No heightened penalty for elderly victims is provided for in the statute.

[281] Class actions are not specifically allowed under the statute.

[282] Scienter is not a statutory requirement in Pennsylvania.

[283] 73 PA. CODE § 201-9.2 (1996); *Weinberg v. Sun Co., Inc.,* 777 A.2d 442, 446 (Pa. 2001).

[284] 73 PA. CODE § 201-9.2 (1996)

---

[285] 42 PA. CONS. STAT. ANN. § 5527 (West 2004); *Keller v. Volkswagon of Am., Inc.,* 733 A.2d 642, 646 (Pa. Super. Ct. 1999).

[286] Notice is not a statutory requirement in this state.

[287] No heightened penalty for elderly victims is provided for in the statute.

[288] Class actions are not specifically allowed under the statute.

[289] Scienter is not a statutory requirement in Rhode Island.

[290] Neither the statute nor case law indicates that reliance is required.

[291] RI. GEN. LAWS § 6-13.1-5.2(a) (West, Westlaw through 2004 Sess.).

[292] RI. Gen. Laws § 6-13.1-5.2(c) (West, Westlaw through 2004 Sess.).

[293] RI. Gen. Laws § 9-1-13(West, Westlaw through 2004 Sess.).

[294] Notice is not a statutory requirement in this state.

[295] No heightened penalty for elderly victims is provided for in the statute.

[296] Class actions are not specifically allowed under the statute.

[297] *Inman v. Ken Hyatt Chrysler Plymouth, Inc.,* 363 S.E.2d 691 (S.C. 1988).

[298] Neither the statute nor case law indicates that reliance is required.

[299] S.C. CODE ANN. § 39-5-140 (West, Westlaw through 2005 Sess.).

[300] S.C. CODE ANN. § 39-5-150 (West, Westlaw through 2005 Sess.).

[301] Notice is not a statutory requirement in this state.

[302] No heightened penalty for elderly victims is provided for in the statute.

[303] S.C. CODE ANN. § 39-5-140(c) (West, Westlaw through 2005 Sess.).

[304] S.D. CODIFIED LAWS § 37-24-6 (Michie 2003) ("It is a deceptive act or practice for any person to: (1) knowingly and intentionally act, use, or employ any deceptive act or practice, fraud, false pretense, false promises, or misrepresentation or to conceal, suppress, or omit any material fact in connection with the sale or advertisement of any merchandise, regardless of whether any person has in fact been misled, deceived, or damaged thereby....")

[305] Neither the statute nor case law indicates that reliance is required.

[306] S.D. CODIFIED LAWS § 37-24-31 (Michie 2003); *Wyman v. Terry Schulte Chevrolet, Inc.,* 584 N.W.2d 103, 107 (S.D. 1998).

[307] S.D. CODIFIED LAWS § 37-24-33 (Michie 2003).

[308] Notice is not a statutory requirement in this state.

[309] No heightened penalty for elderly victims is provided for in the statute.

[310] Class actions are not specifically allowed under the statute.

[311] Scienter is not a statutory requirement in Tennessee.

[312] *Smith v. Scott Lewis Chevrolet, Inc.,* 843 S.W.2d 9 (Tenn. App. 1992).

[313] TENN. CODE ANN. § 47-18-109(a)(1) (West, Westlaw through 2005 Sess.).

[314] TENN. CODE ANN. § 47-18-109(a)(3) (West, Westlaw through 2005 Sess.).

21

[315] TENN. CODE ANN. § 47-18-109(r)(1) (West, Westlaw through 2005 Sess.).

[316] TENN. CODE ANN § 47-18-110 (West, Westlaw through 2005 Sess.).

[317] Notice is not a statutory requirement in this state.

[318] No heightened penalty for elderly victims is provided for in the statute.

[319] Class actions are not specifically allowed under the statute.

[320] *Barnett v. Coppell North Texas Court, Ltd,* 123 S.W.3d 804, 821 (Tex. App. 2003); *Century 21 Real Estate Corp;. v. Hometown Real Estate Co.,* 890 S.W.2d 118, 127 (Tex. App. 1994).

[321] *Monsanto Co. v. Altman,* 2004 WL 350991 (Tex. App.—Amarillo 2004).

[322] TEX. BUS. & COM. CODE ANN. § 17.50(b)(1) (Vernon 2002).

[323] TEX. BUS. & COM. CODE ANN. § 17.50(d) (Vernon 2002).

[324] TEX. BUS. & COM. CODE ANN. § 17.565 (Vernon 2002).

[325] TEX. BUS. & COM. CODE ANN. § 17.505 (Vernon 2002).

[326] No heightened penalty for elderly victims is provided for in the statute.

[327] Class actions are not specifically allowed under the statute.

[328] Scienter is not a statutory requirement in Utah.

[329] Neither the statute nor case law indicates that reliance is required.

[330] UTAH CODE ANN. § 13-11-19 (West, Westlaw through 2005 Sess.).

[331] UTAH CODE ANN. § 13-11-19(8) (West, Westlaw through 2005 Seas.)..

[332] Notice is not a statutory requirement in this state.

[333] No heightened penalty for elderly victims is provided for in the statute.

[334] UTAH CODE ANN. § 13-11-20 (West, Westlaw through 2005 Sess.)..

[335] *Carter v. Gugliuzzi,* 716 A.2d 17 (Vt. 1998).

[336] *Winey v. William E. Dailey, Inc.,* 636 A.2d 744 (Vt. 1993).

[337] VT. STAT. ANN. tit 9 § 2461 (West, Westlaw through 2005 Sess.).

[338] Notice is not a statutory requirement in this state.

[339] No heightened penalty for elderly victims is provided for in the statute.

[340] Class actions are not specifically allowed under the statute.

[341] Scienter is not a statutory requirement in Virginia.

[342] *Key v. Lewis Aquatech Pool Supply, Inc.,* 58 Va. Cir. 334 (Va. Cir. 2002).

[343] VA. CODE ANN. § 59.1-204 (West, Westlaw through 2005 Sess.).

[344] VA. CODE ANN. § 59.1-204.1(West, Westlaw through 2005 Sess.).

[345] VA. CODE ANN. § 8.01-240 (West, Westlaw through 2005 Sess.).

[346] VA. CODE ANN. § 8.01-243A (West, Westlaw through 2005 Sess.).

[347] Notice is not a statutory requirement in this state.

[348] No heightened penalty for elderly victims is provided for in the statute.

[349] Class actions are not specifically allowed under the statute.

[350] *Tallmadge v. Aurora Chrysler Plymouth, Inc.,* 605 P.2d 1275 (Wash. App. Div. 1 1979) (construing Wash. Rev. Code § 19.86.020).

[351] *Nuttall v. Dowell,* 639 P.2d 832 (Wash. App. 1982).

[352] WASH. REV. CODE § 19.86.090 (West, Westlaw through 2006 2nd Sess.).

[353] WASH REV. CODE § 19.86.120 (West, Westlaw through 2006 2nd Sess.).

[354] WASH REV. CODE § 4.16.080(4) (West, Westlaw through 2006 2nd Sess.).

[355] Notice is not a statutory requirement in this state.

[356] No heightened penalty for elderly victims is provided for in the statute.

[357] Class actions are not specifically allowed under the statute.

[358] Scienter is not a statutory requirement in West Virginia.

[359] Neither the statute nor case law indicates that reliance is required.

[360] W. VA. CODE § 46A6-106(1) (West, Westlaw through 2005 Sess.).

[361] W.VA. CODE § 55-2-12 (West, Westlaw through 2005 Sess.).

[362] Notice is not a statutory requirement in this state.

[363] No heightened penalty for elderly victims is provided for in the statute.

[364] Class actions are not specifically allowed under the statute.

[365] Scienter is not a statutory requirement in Wisconsin.

[366] Neither the statute nor case law indicates that reliance is required.

[367] Wis. STAT. § 100.18(11)(b)(2) (West, Westlaw through 2005 Sess.).

[368] WIS. STAT. § 100.18(11)(b)(3) (West, Westlaw through 2005 Sess..

[369] Notice is not a statutory requirement in this state.

[370] No heightened penalty for elderly victims is provided for in the statute.

[371] Class actions are not specifically allowed under the statute.

[372] WYO. STAT. ANN. § 40-12-105 (Michie 2003); *Big-O Tires, Inc. v. Santini,* 838 P.2d 1169, 1177 (Wyo. 1992).

[373] Neither the statute nor case law indicates that reliance is required.

[374] WYO. STAT. § 40-12-108(a) (Michie 2003).

[375] WYO. STAT. ANN. § 40-12-109 (1Vfichie 2003).

[376] WYO. STAT. ANN. § 40-12-109 (Michie 2003).

[377] No heightened penalty for elderly victims is provided for in the statute.

23

---

[378] WYO. STAT. ANN. § 40-12-108 (Michie 2003)

55363727.1