UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KYLE ALEXANDER AND            )
DYLAN SYMINGTON,              )
                              )
            Plaintiffs,       )
                              )
v.                            )   Case No. 14-2159-KHV
                              )
BF LABS INC., et al.,         )
                              )
            Defendants.       )

## SETTLEMENT-CONFERENCE ORDER

A settlement conference will be conducted in this case by U.S. Magistrate Judge James P. O'Hara on **March 24, 2017, at 9:00 a.m.**, in the U.S. Courthouse, Courtroom 223, 500 State Avenue, Kansas City, Kansas, in accordance with Fed. R. Civ. P. 16(a)(5) and D. Kan. Rule 16.3 and per the request of the presiding U.S. District Judge, Kathryn H. Vratil. The basic purpose of this conference—and all the requirements set out below—is to promote informal, candid, and ultimately productive discussions among the parties, counsel, and the court. Every aspect of this case bearing on its settlement value will be considered so that Judge O'Hara may effectively facilitate the parties' negotiations and privately express his views concerning the actual dollar settlement value or other reasonable disposition of the case, keeping in mind he will not preside at trial should the parties be unable to reach a settlement.

As with trial, it's essential that everyone be fully prepared for a settlement conference. Toward that end, by **March 14, 2017**, each party's lead trial counsel must submit to Judge O'Hara (but <u>not</u> to Judge Vratil), a settlement-conference statement with the following information: (1) the key factual and legal issues; (2) the most pertinent or compelling evidence anticipated to be offered at trial by each side on the key issues; (3) an evaluation of the probability of success of trial (i.e., 40%, 65%, etc.) on each of the key issues; (4) a detailed itemization and explanation of the damages or other relief requested; (5) the results of any jury-verdict research concerning similar cases; (6) the projected attorney work hours, attorneys' fees, and out-of-pocket expenses for each side to take the case to trial and, if successful at trial, to defend any appeal brought by an adverse party; (7) the estimated length of time associated with proceeding to trial and dealing with any appeals; (8) a recapitulation of the parties' prior negotiations, with the date and terms of each settlement offer and counteroffer; and (9) perhaps most importantly, a detailed explanation of why the case has not been settled to date, accompanied by specific suggestions concerning how the impasse can be remedied. The parties' settlement-conference statements must not exceed 5 single-spaced pages, and should not be filed. These statements may—but need not— be served on opposing counsel.

These settlement-conference statements should be submitted to Judge O'Hara as an attachment to an e-mail sent to *ksd_ohara_chambers@ksd.uscourts.gov*. Alternatively, the statements may be faxed to Judge O'Hara's chambers at (913)-735-2281.

The court respects counsel's role as an advocate for the legitimate interests of the client. But as a practical matter the settlement-conference statements will be useful to Judge O'Hara (and conducive to the mediation process) only if they're realistic and objective about the weaknesses and strengths in each party's case. Bear in mind that neither the settlement conference-statements nor communications during the settlement conference may be used by any party during the trial of the case. *See* Fed. R. Evid. 408; *see also* D. Kan. Rule 16.3(i) & (j) (discussing confidentiality of the mediation process).

The settlement-conference statements must include a notation that copies have been provided to the client and any aligned nonparty who has a direct financial stake in the outcome of the case, e.g., the defendant's liability insurance carrier(s), if applicable. Further, the statements must include the name, address, telephone number, employer, and job title of any representatives who will attend the conference.

If nonparties have an interest in the outcome of this case, such as primary and any excess-liability insurance carriers, subrogees, or lienholders, then counsel must immediately provide written notice to all such nonparties of the date, time, and place of the settlement conference, and inform them that their attendance is welcome.

Although D. Kan. Rule 16.3(c)(2) requires that a person with settlement authority for each party be present at the settlement conference, as discussed during the undersigned's telephone status conference with counsel on February 14, 2017, given the operative financial constraints, while the named plaintiffs and putative class representatives are welcome (indeed, strongly encouraged) to attend the settlement

conference in person, they are granted permission to participate by telephone. The same applies for defendants (defense counsel, however, presently expects to have at least one representative physically present).

Regardless of whether the parties participate in the settlement conference in person or by telephone, a person with settlement authority must participate who's adequately familiar with the case so as to enable him or her to negotiate in good faith and settle the case. A person with <u>limited</u> settlement authority does <u>not</u> meet the requirement of this order. Trial counsel rarely satisfies the requirement of a person with settlement authority. For the plaintiff, a person with settlement authority is someone with the final authority to authorize dismissal of the case with prejudice, or to accept a settlement amount recommended by the mediator down to the defendant's last offer, in the representative's discretion. For the defendant, such a representative must have final authority to commit the defendant or its liability insurance carrier(s) to pay a settlement amount recommended by the mediator up to the plaintiff's prayer or up to the plaintiff's last demand, whichever is lower, in the representative's discretion, without having to call for additional authority. The purpose of these requirements is to have a representative available for each party who can settle the case during the course of the conference without consulting a superior.

If the defendant has liability insurance, consistent with the insurer's contractual and legal duty to exercise reasonable care and good faith in attempting to settle claims against its insured, the court expects a representative of the insurance company to participate at the settlement conference who has settlement authority for the lesser of the policy limits or the

plaintiff's most recent demand.  For example, if the plaintiff's most recent demand is $350,000 and the defendant has $500,000 of liability coverage, it's <u>not</u> acceptable for a representative of the insurance company to attend the conference who only has $100,000 of authority, regardless of whether another, more senior employee of the insurer supposedly will be available by telephone during the conference.  The court wants and expects the insurer's decision maker—i.e., the individual with the insurance company who assesses the value of the claim—to be able to participate and to hear all that is said that might bear on the settlement value of the case, so additional money can be offered to settle the case if discussions reveal that doing so is warranted.  Of course, the court is not dictating that the defendant in fact pay a particular amount to settle a case, just as the court would not dictate that the plaintiff agree to accept any particular amount.  However, the court is requiring the decision makers on both sides of the case be present and be able to make quick decisions about what to pay or take to settle the case.

The success or failure of any settlement conference is driven by the commitment made by the parties and counsel to a candid, good-faith participation in the conference.  It is the duty of each party and its counsel to fully analyze all issues pertaining to the settlement conference.  And it is the duty of the lawyer representing a party to notify the court and opposing counsel when the lawyer knows or has a reason to believe that his or her client does not intend to participate in good faith in the settlement conference, does not intend to have someone with settlement authority, or that issues have arisen or changed that would make good-faith settlement negotiations impossible.  Notification to the court need

not violate attorney-client confidences; the notice can be made in the form of a motion or a call to chambers.

Before the settlement conference, lead trial counsel must discuss settlement in detail with their clients. Further, before the conference, the parties should have had conducted serious settlement discussions, either directly or through counsel.

Counsel are encouraged to bring to the conference all portions of their files that would be helpful to Judge O'Hara or the parties during the course of the conference. This includes, but is not necessarily limited to, key exhibits expected to be used at trial, damage calculations, experts' reports, settlement brochures, photographs, etc.

Judge O'Hara usually will begin the settlement conference by meeting in the courtroom with all the attendees. Counsel should be prepared to give a brief 5-10 minute summary of their case. The summary should be as objective as possible. Counsel should resist making statements that are likely to polarize the parties. Judge O'Hara then typically will break and talk privately with the parties and their representatives.

The court tentatively has allotted 3 hours for this settlement conference. The conference, however, will continue until the court determines there is nothing further to be gained by continuing. There will be no specific break in the conference for meals.

The requirements of this order have been imposed to make certain, to the extent possible, that all possible avenues of settlement are reasonably explored <u>before</u> the settlement conference begins. The court intends to minimize the risk that the valuable

time, money, and resources of anyone involved in the mediation process is wasted unnecessarily.  Accordingly,

any material noncompliance with the requirements of this order may result in the imposition of sanctions against the responsible party, attorney, or other representative. Such sanctions may include, but are not limited to, an award of attorneys' fees or travel expenses, or both.

If counsel or the parties have any questions about this order, they may contact Judge O'Hara's courtroom deputy, Sarah Spegal, at (913)735-2280.

IT IS SO ORDERED.

Dated February 15, 2017, at Kansas City, Kansas.

s/ James P. O'Hara  
James P. O'Hara  
U.S. Magistrate Judge